UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARC S. KIRSCHNER,                                        :
as Trustee of the Refco Private Actions Trust,             :

                    Plaintiff,                             :

            v.                                             :

PHILLIP R. BENNETT, SANTO C. MAGGIO,                       :
ROBERT C. TROSTEN, MAYER, BROWN,                           :
ROWE & MAW LLP, GRANT THORNTON LLP,                        :
and ERNST & YOUNG US LLP,                                  :

                    Defendants.                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



## NOTICE OF REMOVAL

Defendants Grant Thornton LLP ("Grant Thornton"), Mayer Brown LLP ("Mayer

Brown"), and Mayer Brown International LLP ("Mayer Brown UK")[1] (collectively,

"Defendants") hereby remove the above-captioned matter from the Supreme Court of the State

of New York, County of New York, to the United States District Court for the Southern District

of New York. This Court has original subject matter jurisdiction over the case pursuant to 28

U.S.C. § 1334, and thus removal is proper under 28 U.S.C. § 1452. In support of the removal,

Defendants state as follows:

I.      **The Refco Bankruptcy and the Complaint**

        1.      On October 17, 2005, Refco Inc. and certain of its affiliates, including Refco

Capital Markets, Inc. ("RCM"), each filed voluntary petitions for reorganization pursuant to

---

[1] The defendant alleged in the Complaint as "Mayer, Brown, Rowe & Maw LLP" is actually two limited liability partnerships both formerly named "Mayer, Brown, Rowe & Maw LLP" – one established in Illinois and the other incorporated in England and Wales. Effective September 1, 2007, the two entities were renamed. "Mayer Brown LLP" is the new name of the Illinois limited liability partnership, and "Mayer Brown International LLP" is the new name of the UK limited liability partnership.

Exhibit A

Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. *In re Refco Inc., et al.,* Case No. 05-60006 (RDD). Although the Bankruptcy Court has recently confirmed a plan of liquidation for the majority of Refco debtors (the "Plan"), the bankruptcy cases remain pending before Judge Robert D. Drain.

2.      Among other things, the Plan created a series of trusts to litigate claims raised in and associated with the bankruptcy, provided for the appointment of various trustees, and provided for the debtors' bankruptcy estates to continue after the confirmation. The Private Actions Trust was created by the Plan to pursue causes of action held by certain creditors and equity holders of the debtors. In the Plan, the Bankruptcy Court retained jurisdiction over all matters arising out of and related to the Chapter 11 cases, including, among other things, jurisdiction to hear and determine causes of action by or on behalf of the Private Actions Trustee.

3.      On August 27, 2007, Plaintiff Marc S. Kirschner, as Trustee of the Refco Private Actions Trust, filed a Complaint in the Supreme Court of the State of New York, County of New York, Index No. 602896/07 ("New York Trustee Action"). Defendant Grant Thornton was served with a copy of the Summons and Complaint on or about August 28, 2007. A true and correct copy of that Summons and Complaint is attached as Exhibit A.

4.      The Trustee's Complaint asserts a series of claims relating to an alleged fraud involving debtors Refco Inc. and RCM. Specifically, the Complaint asserts claims for Fraud (Count One), Breach of Fiduciary Duty (Count Two), Conversion (Count Three), Aiding and Abetting Fraud (Count Four), Aiding and Abetting Breach of Fiduciary Duty (Count Five), and Aiding and Abetting Conversion (Count 6). In addition to Grant Thornton, the defendants in the New York Trustee Action include Mayer Brown, Mayer Brown UK, and Ernst & Young US LLP, as well as three former Refco executives. The New York Trustee Action seeks

compensatory damages, punitive damages, costs, attorneys' fees, and prejudgment and post-judgment interest.

## II.     Grounds For Removal

5.     This Court has original jurisdiction over the New York Trustee Action pursuant to the "related to" jurisdiction provision of 28 U.S.C. § 1334(b), which provides that "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

6.     The New York Trustee Action is "related to" the Refco bankruptcy because (i) it is at least conceivable that the action will impact the bankruptcy and (ii) the subject of the action has a substantial nexus to the bankruptcy. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("[t]he test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate"); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 318 (S.D.N.Y. 2003), *aff'd, California Pub. Empl. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004).

7.     The New York Trustee Action conceivably could affect the estate and the bankruptcy proceeding in several ways, including:

(a) The outcome of this lawsuit will impact distributions to and relative compensation for creditors of the estate, some of whom may receive proceeds from this litigation through the Private Actions Trust.

(b) Defendant Grant Thornton has outstanding claims against Refco and RCM, including claims for contribution, that remain pending in the bankruptcy. The question whether

these claims will be allowed has been adjourned without date so that the claims can be liquidated in the first instance in various litigation matters pending against Grant Thornton. Grant Thornton intends to raise these claims in the above-captioned matter either as offsets or as third-party claims. The amount of these claims and whether they will ultimately be allowed will have a direct impact on distributions from the bankruptcy estate.

(c) Certain individual defendants may pursue claims for contribution from the estate or its insurers for any judgment against them. These claims too would potentially diminish the estate and the amount available for creditors. *See Beightol v. UBS Painewebber (In re Global Crossing, Ltd. Sec. Litig.)*, 311 B.R. 345, 349 (S.D.N.Y. 2003) (relatedness jurisdiction exists in action for which corporate insiders may seek contribution); *New York City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.)*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (same).

8.    The New York Trustee Action also has a substantial connection to the bankruptcy for several reasons, including:

(a) The Private Action Trust is a creature of the bankruptcy plan and is part of its implementation. Thus, claims by the Trust are connected to the bankruptcy and are "not independent of the reorganization." *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 229 (2d Cir. 2002); *see also In re Resorts Int'l, Inc. v. Price Waterhouse & Co., LLP,* 372 F.3d 154, 167 (3d Cir. 2004) ("Matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus" to the bankruptcy case to support "related to" jurisdiction.).

(b)  The Plan specifies the assignment mechanism that allows creditors to assign their claims to the trust.  Thus, disputes about the validity of claims in this action will necessitate interpretation of the Plan.

(c)  The very Plan documents that created the Trust and conferred the Trustee's powers also provided for jurisdiction in the Bankruptcy Court for the claims asserted by the Trustee.

9.    Accordingly, the New York Trustee Action may properly be removed under 28 U.S.C. § 1452, which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a); *see also* Fed. R. Bank. P. 9027.

10.    The lawsuit filed by the Trustee is a "non-core" proceeding under 28 U.S.C. § 157(b)(2).  Defendants do not consent to entry of final orders or judgments by the Bankruptcy Court in this proceeding.

11.    This notice is being filed within thirty days of the date on which Defendant Grant Thornton received, through service or otherwise, a copy of the initial pleading.  Therefore, it is timely for purposes of 28 U.S.C. 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(3)(A).

12.     As required by 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b) and (c), a copy of this notice will be served on counsel for Plaintiff and filed with the Clerk of the Court for the Supreme Court of the State of New York, New York County.

Respectfully submitted,


By: _____

David E. Mollón (DM-5624)
Ruth A. Braun (RB-2410)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193

Of counsel:
    Bradley E. Lerman
    Linda T. Coberly
    Catherine W. Joyce
    WINSTON & STRAWN LLP
    35 W. Wacker Drive
    Chicago, IL 60601-9703

*Attorneys for Grant Thornton LLP*


By: _____

Thomas G. Ward (TW-6255)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005

Of counsel:
    John K. Villa
    Michael S. Sundermeyer
    WILLIAMS & CONNOLLY LLP
    725 12th Street, N.W.
    Washington, D.C. 20005

*Attorneys for Mayer Brown LLP*

6

By: *Anthony Candido*

Joel M. Cohen (JC-9162)
Anthony M. Candido (AC-9458)
Timothy Casey (TC-3857)
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019

*Attorneys for the*
*UK Limited Liability Partnership*
*Mayer Brown International LLP*

## CERTIFICATE OF SERVICE

I, Ruth Braun, an attorney, do hereby certify that on September 17, 2006, I caused a true and correct copy of the foregoing Notice of Removal as well as the Civil Cover Sheet, Explanation of Relatedness and Grant Thornton LLP's 7.1 Disclosure Statement to be served upon the counsel of record as follows:

Richard I. Werder, Jr.
Michael B. Carlinsky
Susheel Kirpalani
Sascha N. Rand
Robert C. Juman
Quinn Emanuel Urquhart
Oliver & Hedges, LLP
51 Madison Avenue
New York, NY 10010

*Attorneys for Plaintiff*
(by hand)

Jeffrey T. Golenbock
Adam C. Silverstein
Golenbock Eiseman Assor
Bell & Peskoe LLP
437 Madison Avenue, 35th Floor
New York, NY 10022-7302

*Attorneys for Defendant*
*Phillip R. Bennett*
(by overnight mail)

Christopher Harris
Latham & Watkins
885 Third Avenue
New York NY 10022

*Attorneys for Defendant*
*Ernst & Young US LLP*
(by overnight mail)

Scott E. Hershman
Stephen R. Blacklocks
Richard Soto
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Defendant Santo C. Maggio*
(by overnight mail)

Barbara Moses
Rachel Korenblat
Morvillo, Abramowitz, Grand, Iason,
Anello & Bohrer, P.C.,
565 Fifth Avenue
New York, New York 10017

*Attorneys for Defendant Robert Trosten*
(by overnight mail)

Ruth Braun