UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Private Actions Trust,<br><br>Plaintiff,<br><br>-vs-<br><br>PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER, BROWN, ROWE & MAW, LLP, GRANT THORNTON LLP, and ERNST & YOUNG U.S. LLP,<br><br>Defendants. | Case No. 07 CV 8165 (GEL) |

## DECLARATION OF MARC S. KIRSCHNER IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO NEW YORK STATE COURT

Pursuant to 28 U.S.C. § 1746, Marc S. Kirschner declares as follows:

Background

1. I have personal knowledge of the matters set forth herein and make this declaration in support of Plaintiff's motion to remand the New York State Action to New York State Supreme Court.

2. I am an attorney admitted to practice law in the State of New York. I was formerly a partner with the law firm of Jones, Day, Reavis & Pogue, where I was the head of the Bankruptcy and Restructuring group in the New York office.

3. I was appointed, effective December 26, 2006, Trustee of the Non-Estate Refco Private Actions Trust (the "PAT").

4. On August 27, 2007, in my capacity as Trustee of the PAT, I filed a lawsuit on behalf of the PAT against certain Refco insiders and three Refco professionals and advisors--Grant Thornton LLP, Mayer, Brown, Rowe & Maw, LLP[1], and Ernst & Young U.S. LLP--who actively assisted and were complicit in the fraud, conversion and breaches of fiduciary duty perpetuated by the Refco insiders whereby Refco customer assets were misappropriated (the "New York State Action").

The Creation and Mechanics of the Non-Estate Private Actions Trust

5. On October 17, 2005, Refco Inc. and over 20 of its subsidiaries filed for protection under Chapter 11 of Title 11 of the United States Code.

6. On December 15, 2006, approximately fourteen months after the Refco Chapter 11 cases were filed, the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Refco Plan") was confirmed by the United States Bankruptcy Court for

---

[1] While the New York State Action Complaint named Mayer, Brown, Rowe, & Maw, LLP as a defendant, around the time the New York State Action was filed, Mayer Brown changed its name to Mayer Brown LLP and Mayer Brown International LLP.

1

the Southern District of New York (the "Bankruptcy Court"). A true and correct copy of the Refco Plan, without exhibits, is attached hereto as Exhibit A.

7. As a means of coordinating the claims that certain Refco creditors and shareholders had against third parties, the Refco Plan provided for the establishment of the PAT and the appointment of a Private Actions Trustee to pursue "certain claims and causes of action against third-parties owned by Holders of Claims or Interests against RCM or the Debtors and which claims, even after contribution, are not assets of the [Refco] Estates." Refco Plan at § 1.146; *see also id.* at § 5.8(a).

8. The mechanics of the PAT are fully described in the Refco Non-Estate Private Actions Trust Agreement (the "PAT Agreement"). A true and correct copy of the PAT Agreement, which is an exhibit to the Refco Plan, is attached hereto as Exhibit B.

9. Pursuant to Article 1.2(a) of the PAT Agreement, the only assets transferred to the Private Actions Trustee are "Non-Estate Refco Claims" belonging to non-debtor parties. "Non-Estate Refco Claims" are defined as "causes of action against: (i) all current and former officers, directors or employees of the Refco Entities; (ii) all persons or entities that conducted transactions with the Refco Entities; and (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity." *See* Refco Plan at ¶ 1.126.

10. The Refco Plan became effective on December 26, 2006.

11. The establishment of the PAT was effective December 26, 2006.

12. In order to join the PAT, creditors or shareholders with independent claims against Refco insiders and third-parties, including third party professionals, were required to assign their Non-Estate Refco Claims to the PAT. Only those creditors and shareholders who voluntarily assigned their claims to the PAT became beneficiaries of the PAT.

13. The Refco Debtors never had any interest in or rights to the claims which were transferred to the PAT, and any recoveries on the claims transferred to the PAT will be distributed directly to beneficiaries of the PAT. *See* Refco Plan, at § 1.146 (quoted above) makes this clear. The amount these beneficiaries receive from the PAT will have no impact on the amount, if any, that these PAT beneficiaries receive by virtue of their separate status as creditors or shareholders of the Refco estates.

14. The Refco Plan also provided for the establishment of a separate Refco Litigation Trust to pursue estate claims and the irrevocable transfer of such claims to the Litigation Trust. *See* Refco Plan at §1.48 & § 5.7(a) ("The Litigation Trust shall be established for the pursuit of . . . all Litigation Claims of the [Refco] Debtors, RCM or their Estates"); *see also* Refco Plan at § 5.7(b) (describing transfer of Refco estate claims to the Litigation Trust). The establishment of the Litigation Trust and my appointment as Trustee of the Litigation Trust were effective on December 26, 2006.

15. The PAT and Litigation Trusts are distinct entities, with different claims, different beneficiaries, and different distribution mechanisms. I serve as Trustee of the PAT and the Litigation Trust in separate and independent capacities.

16. Grant Thornton filed a proof of claim against the Refco Debtors asserting that it was owed $242,804.23 in pre-petition fees. Subsequently, Grant Thornton amended its proof of claim, presumably to assert claims for additional fees and expenses incurred in connection with Grant Thornton's defense of the various actions brought against it. A true and correct copy of Grant Thornton's proofs of claim against Refco Inc. are attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on October 17, 2007 in New York, New York.

_____
Marc S. Kirschner
As Trustee of the Refco Non-Estate
Private Actions Trust