**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC S. KIRSCHNER, <br> as Trustee of the Refco Private Actions Trust, <br><br> Plaintiff, <br><br> -vs- <br><br> PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER, BROWN, ROWE & MAW, LLP, GRANT THORNTON LLP, and ERNST & YOUNG U.S. LLP, <br><br> Defendants. | ) <br> ) <br> ) <br> )     Case No. 07 CV 8165 (GEL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>**DECLARATION OF ROBERT C. JUMAN**</u>
<u>**IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**</u>
<u>**TO NEW YORK STATE COURT**</u>

Pursuant to 28 U.S.C. § 1746, Robert C. Juman declares as follows:

1.      I am a member of the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Plaintiff Marc S. Kirschner, as Trustee of the Non-Estate Refco Private Actions Trust, in the above-captioned matter.

2.      On August 27, 2007, Plaintiff filed his Complaint in the New York State Supreme Court (the "New York State Action").  A true and correct copy of the New York State Action Complaint (the "Complaint") is attached hereto as Exhibit A.

3.      The Complaint alleges state law claims for fraud, breach of fiduciary duty, conversion, and aiding and abetting fraud, breach of fiduciary duty, and conversion.

4.      On September 17, 2007, defendants Mayer Brown LLP, Mayer Brown International LLP, and Grant Thornton LLP (the "Defendants")[1] filed a notice of removal under 28 U.S.C. § 1452 on the purported ground that this Court has jurisdiction over the New York State Action pursuant to 28 U.S.C. § 1334(b) as the New York State Action is "related to" the Refco Bankruptcy proceeding. A true and correct copy of the Defendants' Notice of Removal is attached hereto as Exhibit B.

5.      If the above-captioned action were to be remanded to state court, it would be assigned to the Commercial Division of the New York State Supreme Court (the "Commercial Division"). *See Uniform Rules for N.Y.S. Trial Courts at § 202.70 - Rules of the Commercial Division of the Supreme Court*, at (a), (b)(1) (assigning actions seeking monetary damages of over $75,000 and involving principal claims for breach of fiduciary duty and fraud arising out of business dealings to the Commercial Division).  The Commercial Division was established as a means of improving the efficiency and judicial treatment of complex commercial disputes.  The Commercial Division makes

---

[1]  Phillip R. Bennett, Santo C. Maggio, Robert C. Trosten, and Ernst & Young U.S. LLP do not seek to have the New York State Action removed.  Further, while the Complaint named Mayer, Brown, Rowe, & Maw, LLP as a defendant, around the time the Complaint was filed, Mayer Brown changed its name to Mayer Brown LLP and Mayer Brown International LLP.

use of "vigorous and efficient case management" and has pioneered the use of electronic case management technologies. *See* "History of the Commercial Division" website, at http://www.nycourts.gov/courts/comdiv/history.shtml (last visited October 16, 2007), a true and correct copy attached hereto as Exhibit C. In addition, the seven judges assigned to the Commercial Division are experienced in commercial disputes. *See id*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on October 17, 2007 in New York, New York.

/s/ Robert C. Juman_____

Robert C. Juman