PLAN EXHIBIT G
PRIVATE ACTIONS TRUST AGREEMENT

This Exhibit is subject to all of the provisions of the Plan, including, without limitation section 12.5, under which the Plan Proponents have reserved the right to alter, amend, or modify the Plan, including any Exhibits thereto, under section 1127(a) of the Bankruptcy Code at any time prior to the Effective Date.

REFCO NON-ESTATE PRIVATE ACTIONS TRUST AGREEMENT

## TABLE OF CONTENTS

ARTICLE 1 ESTABLISHMENT OF THE PRIVATE ACTIONS TRUST ..................... 3
  1.1   Establishment of Private Actions Trust and Appointment of Original Trustee.. 3
  1.2   Transfer of Assets and Rights to the Private Actions Trustee ........................... 3
  1.3   Title to Non-Estate Refco Claim ................................................................... 5
  1.4   Nature and Purpose of the Private Actions Trust ........................................... 5
  1.5   Incorporation of Plan ..................................................................................... 6
  1.6   Funding of the Private Actions Trust.............................................................. 7
  1.7   Appointment as Representative in Lieu of Assignment. .................................. 7
ARTICLE 2 PRIVATE ACTIONS TRUST INTERESTS ............................................ 7
  2.1   Allocation of Private Actions Trust Interests.................................................. 7
  2.2   Interests Beneficial Only................................................................................ 7
  2.3   Evidence of Beneficial Interests..................................................................... 8
  2.4   Securities Law Registration. .......................................................................... 8
  2.5   Transfer and Exchange .................................................................................. 8
  2.6   Access to the Trust Register by the Private Actions Trust Beneficiaries .......... 9
  2.7   Absolute Owners ........................................................................................... 9
  2.8   Issuance of Certificates Upon Transfer .......................................................... 9
  2.9   Mutilated, Defaced, Lost, Stolen or Destroyed Certificates ........................... 10
  2.10  Cash-Out Option........................................................................................... 10
  2.11  Private Actions Trust Beneficiary's Trust Interest......................................... 11
ARTICLE 3 THE PRIVATE ACTIONS TRUSTEE .................................................... 11
  3.1   Private Actions Trust Proceeds ..................................................................... 11
  3.2   Collection of Income ..................................................................................... 11
  3.3   Payment of Private Actions Trust Expenses .................................................. 11
  3.4   Distributions ................................................................................................. 12
  3.5   Tenure, Removal, and Replacement of the Private Actions Trustee................ 12
  3.6   Acceptance of Appointment by Successor Private Actions Trustee ................ 13
  3.7   Regular Meetings of the Private Actions Trustee and the Private Actions Trust
       Committee. .................................................................................................... 13
  3.8   Special Meetings of the Private Actions Trustee and the Private Actions Trust
       Committee. .................................................................................................... 14
  3.9   Notice of, and Waiver of Notice for, Private Actions Trustee and Private
       Actions Trust Committee Meetings................................................................ 14
  3.10  Manner of Acting.......................................................................................... 14
  3.11  Role of the Private Actions Trustee................................................................ 15
  3.12  Authority of Private Actions Trustee.............................................................. 15
  3.13  Limitation of Private Actions Trustee's Authority.......................................... 18
  3.14  Books and Records ....................................................................................... 18
  3.15  Inquiries into Trustee's Authority ................................................................. 19
  3.16  Compliance with Laws ................................................................................. 19
  3.17  Compensation of the Private Actions Trustee................................................. 19
  3.18  Reliance by Private Actions Trustee............................................................... 20
  3.19  Investment and Safekeeping of Private Actions Trust Assets.......................... 20

3.20   Standard of Care; Exculpation. ................................................. 21
ARTICLE 4 PRIVATE ACTIONS TRUST COMMITTEE ............................ 21
4.1   Private Actions Trust Committee. ........................................... 21
4.2   Authority of the Private Actions Trust Committee. ................ 22
4.3   Regular Meetings of the Private Actions Trust Committee. ........... 22
4.4   Special Meetings of the Private Actions Trust Committee. ............ 22
4.5   Manner of Acting ................................................................... 22
4.6   Private Actions Trust Committee's Action Without a Meeting ...... 23
4.7   Tenure, Removal, and Replacement of the Members of the Private Actions
      Trust Committee ..................................................................... 23
4.8   Compensation of the Private Actions Trust Committee. ................ 25
4.9   Standard of Care; Exculpation. ............................................... 25
ARTICLE 5 TAX MATTERS ..................................................................... 25
5.1   Federal Income Tax Reporting. ............................................... 25
5.2   Allocations of Private Actions Trust Taxable Income .................... 26
ARTICLE 6 DISTRIBUTIONS .................................................................... 27
6.1   Annual Distribution; Withholding ........................................... 27
6.2   Manner of Payment or Distribution ......................................... 28
6.3   Delivery of Private Actions Trust Distributions ......................... 29
6.4   Cash Distributions. .................................................................. 29
ARTICLE 7 INDEMNIFICATION ............................................................... 29
7.1   Indemnification of Private Actions Trustee and the Private Actions Trust
      Committee ............................................................................. 29
ARTICLE 8 REPORTS TO PRIVATE ACTIONS TRUST BENEFICIARIES ............. 30
8.1   Reports. .................................................................................. 30
ARTICLE 9 TERM; TERMINATION OF THE PRIVATE ACTIONS TRUST ............ 31
9.1   Term; Termination of the Private Actions Trust ......................... 31
9.2   Continuance of Trust for Winding Up ...................................... 31
ARTICLE 10 AMENDMENT AND WAIVER .................................................. 32
10.1  Amendment and Waiver. ......................................................... 32
ARTICLE 11 MISCELLANEOUS PROVISIONS ............................................. 33
11.1  Intention of Parties to Establish the Private Actions Trust ........... 33
11.2  Reimbursement of Trust Costs ................................................. 33
11.3  Laws as to Construction ......................................................... 33
11.4  Jurisdiction ........................................................................... 33
11.5  Dispute Resolution. ................................................................ 34
11.6  Severability .......................................................................... 34
11.7  Notices. ................................................................................ 34
11.8  Fiscal Year ........................................................................... 35
11.9  Headings. .............................................................................. 35
11.10 Counterparts ......................................................................... 35
11.11 Confidentiality. ..................................................................... 36
11.12 Entire Agreement ................................................................... 36

This Refco Non-Estate Private Actions Trust Agreement (the "Private Actions Trust Agreement"), dated as of December 26, 2006, by and between those creditors of RCM or the Debtors and the equity interest holders of Refco Inc. (collectively, "Grantors") that have executed a Private Actions Assignment and Acknowledgement (each, an "Assignment Agreement" and, collectively, the "Assignment Agreements"), and Marc S. Kirschner, as the trustee (the "Original Trustee"), is executed in order to establish a liquidating trust in connection with the Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries of the United States Bankruptcy Code, including, without limitation, any supplement to such Plan and the exhibits and schedules thereto (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan"). Capitalized terms used in this Private Actions Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

W I T N E S S E T H

WHEREAS, RCM and certain of the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, on October 17, 2005, with the Bankruptcy Court, and certain other Debtors filed petitions with the Bankruptcy Court thereafter;

WHEREAS, the Creditors' Committee was appointed by the United States Trustee in the Chapter 11 Cases of the Debtors on October 28, 2005, and was reconstituted on March 29 and July 21, 2006;

WHEREAS, pursuant to the Bankruptcy Court's March 22, 2006, Order Authorizing Appointment of Chapter 11 Trustee for Estate of Refco Capital Markets, Ltd., Case No. 05-60018, the U.S. Trustee on April 10, 2006, filed a Notice appointing Marc S. Kirschner as the Chapter 11 trustee for RCM (the "RCM Trustee"), which Notice and appointment was approved by Bankruptcy Court Order dated April 13, 2006, as amended by Orders entered on April 19, 2006, and April 24, 2006;

WHEREAS, on August 3, 2006, the U.S. Trustee filed Notices of Bifurcation of Official Committee of Unsecured Creditors by Further Reconstitution And Amended Appointment, further reconstituting the Creditors' Committee and establishing the Additional Committee;

WHEREAS, on October 6, 2006, RCM and the Debtors filed the initial Plan and related Disclosure Statement, and on October 25, 2006, RCM and the Debtors filed a revised Plan and the related Disclosure Statement;

WHEREAS, on October 20, 2006, the Bankruptcy Court entered an order approving the revised Disclosure Statement;

WHEREAS, on December 4, 2006, RCM and the Debtors filed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries;

WHEREAS, on December 15, 2006, the Bankruptcy Court entered the

1

Confirmation Order approving the Plan;

WHEREAS, this Private Actions Trust is created pursuant to, and to effectuate certain provisions of, the Plan and to hold certain creditors' and equity interest holders' non-estate causes of action against third parties that are related to the Debtors, which shall exclude contract claims against third-parties, but include, without limitation, causes of action against the following parties: (i) all current and former officers, directors, or employees of the Debtors; (ii) all persons or entities that conducted transactions with the Debtors; (iii) all persons or entities that provided services to the Debtors, including, without limitation, all attorneys, accountants, financial advisors, and parties providing services to the Debtors in connection with the public issuance of debt or equity including, without limitation, all underwriters; and (iv) certain confidential causes of action against the parties identified on Schedule A attached hereto (collectively, the "Non-Estate Refco Claims") (which Non-Estate Refco Claims, prior to the transfer to the Private Actions Trust, are owned by certain creditors and equity interest holders of Refco Inc. and its subsidiaries);

WHEREAS, each Grantor that owns, including by assignment of litigation rights, Non-Estate Refco Claims, shall have the option to assign its Non-Estate Refco Claims to the Private Actions Trust for settlement, prosecution as a class action or for prosecution on other terms;

WHEREAS, each Grantor making an assignment shall reasonably cooperate with the Private Actions Trustee and the Private Actions Trust Committee in the investigation and prosecution of any assigned Non-Estate Refco Claims;

WHEREAS, this Private Actions Trust is established for the benefit of the Grantors who elect to assign their Non-Estate Refco Claims to the Private Actions Trust (the "Private Actions Trust Beneficiaries") and the Private Actions Trust Beneficiaries have a beneficial interest in the Private Actions Trust (the "Private Actions Trust Interest");

WHEREAS, the Private Actions Trust is organized for the primary purpose of liquidating and distributing assets transferred to the Private Actions Trustee (as defined below) with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Private Actions Trust;

WHEREAS, this Private Actions Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d); and

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Grantors and the Original Trustee agree as follows:

2

ARTICLE 1

ESTABLISHMENT OF THE PRIVATE ACTIONS TRUST

1.1    Establishment of Private Actions Trust and Appointment of Original Trustee.

(a)    Pursuant to the Plan, the Grantors and the Original Trustee hereby establish a trust which shall be known as the "Refco Private Actions Trust" on behalf of the Private Actions Trust Beneficiaries.

(b)    The Original Trustee is hereby appointed as trustee of the Private Actions Trust effective as of the Effective Date of the Plan (the "Effective Date") and agrees to accept and hold the assets of the Private Actions Trust in trust for the Private Actions Trust Beneficiaries subject to the terms of the Plan and this Private Actions Trust. The Original Trustee and each successor trustee serving from time to time hereunder (the "Private Actions Trustee") shall have all the rights, powers and duties set forth herein.

1.2    Transfer of Assets and Rights to the Private Actions Trustee.

(a)    As of the Effective Date, each Grantor hereby transfers, assigns, and delivers (i) to the Private Actions Trustee, without recourse, all of such Grantor's right, title, and interest in and to Non-Estate Refco Claims free and clear of any and all Liens, Claims, encumbrances or interests of any kind in such property of any other Person or entity and (ii) to the Private Actions Trustee and the Private Actions Trust Committee, without waiver, all of such Grantor's right, title and interest in and to any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Non-Estate Refco Claims (collectively, "Privileges"), which shall vest in the Private Actions Trustee and the Private Actions Trust Committee, in trust, and, consistent with section 1123(b)(3)(B), for the benefit of the Private Actions Trust Beneficiaries.

(b)    On or as promptly as practicable after the Effective Date, Private Actions Trust Beneficiaries shall (i) deliver or cause to be delivered to the Private Actions Trustee any and all documents in connection with the Non-Estate Refco Claims (including those maintained in electronic format and original documents) whether held by the Private Actions Trust Beneficiaries, its employees, agents, advisors, attorneys, accountants or any other professionals hired by the Private Actions Trust Beneficiaries and (ii) provide access to such employees of the Private Actions Trust Beneficiaries, its agents, advisors, attorneys, accountants or any other professionals hired by the Private Actions Trust Beneficiaries with knowledge of matters relevant to the Non-Estate Refco Claims. Upon the reasonable request of the Private Actions Trustee, Private Actions Trust Beneficiaries shall provide the Private Actions Trustee with a list of all documents in connection with the Non-Estate Refco Claims known to it but not held by it or any of its employees, agents, advisors, attorneys, accountants or any other professionals. Such

3

list shall contain a description of each document, to the extent feasible, as well as the name of the entity or Person holding such document.

(c)    At any time and from time to time on and after the Effective Date, Private Actions Trust Beneficiaries agree (i) at the reasonable request of the Private Actions Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed), (ii) to take, or cause to be taken, all such further actions as the Private Actions Trustee may reasonably request in order to evidence or effectuate the transfer of the Non-Estate Refco Claims and the Privileges to the Private Actions Trustee (and, in the case of the Privileges, the Private Actions Trust Committee) and the consummation of the transactions contemplated hereby and by the Plan and to otherwise carry out the intent of the parties hereunder and under the Plan and (iii) to cooperate with the Private Actions Trustee in the prosecution of the Non-Estate Refco Claims.

(d)    Each Private Actions Trust Beneficiary shall reasonably cooperate with the Private Actions Trustee (at the Private Actions Trustee's expense, including, without limitation, reasonable attorneys fees incurred) in the investigation and prosecution of any Non-Estate Refco Claims.  Any Private Actions Trust Beneficiary making a request for prosecution of a Non-Estate Refco Claim shall be deemed to consent to the Private Actions Trust being entitled to all benefits of such Non-Estate Refco Claim, provided that the Private Actions Trust agrees in advance to pay all costs and expenses of such prosecution.

(e)    No earlier than 90 days after the Private Actions Trust is established, any Private Action Trust Beneficiary may formally request in writing that the Private Actions Trustee commence litigation with respect to a specific Non-Estate Refco Claim.  If, within 90 days of such request, the Private Actions Trustee has not confirmed its then-present intention to pursue such Non-Estate Refco Claim, such Non-Estate Refco Claim shall be re-assigned to the Private Actions Trust Beneficiary whom may thereafter pursue such Non-Estate Refco Claim privately.  If, within 180 days of confirming its intention to pursue a specific Non-Estate Refco Claim, the Private Actions Trustee does not commence litigation of such Non-Estate Refco Claim or enter into active settlement discussions with respect to such Non-Estate Refco Claim, such Non-Estate Refco Claim shall be re-assigned to the Private Actions Trust Beneficiary whom may thereafter pursue such Non-Estate Refco Claim privately.  The Private Actions Trustee shall be entitled to one 90-day extension of either the foregoing 90-day period or the 180-day period if the Private Actions Trust Committee confirms in writing within the applicable period that the Private Actions Trustee is actively researching whether to pursue such Non-Estate Refco Claim.

(f)    Notwithstanding the time periods set forth in Section 1.2(e), the Private Action Trustee must, upon written request of a Private Actions Trust Beneficiary, advise such requesting Private Actions Trust Beneficiary whether the Private Actions Trustee intends to pursue any such Non-Estate Refco Claim or re-assign such Non-Estate Refco Claim to such Private Actions Trust Beneficiary no later than 30 days before the expiration of any applicable statute of limitations for any such Non-Estate Refco Claim.

Such 30-day period will apply only upon written notification by the Private Actions Trust Beneficiary to the Private Actions Trustee and Private Actions Trust Committee setting forth the specific date that any such statute of limitations will expire with respect to a specific Non-Estate Refco Claim.

(g)    If the Private Actions Trust is unable or unwilling to prosecute any Non-Estate Refco Claim, then the Private Actions Trust shall re-assign such Non-Estate Refco Claim to the appropriate Private Actions Trust Beneficiary.

(h)    The Private Actions Trustee shall communicate and coordinate with the Litigation Trustee to maximize the overall recovery to the Private Actions Trust Beneficiaries.  To the extent there is a settlement or court ruling involving the contemporaneous release or resolution of the claims of both the Private Actions Trustee and the Litigation Trustee, the proceeds of any such settlement or resolution (except for proceeds of litigation that are exclusively Litigation Trust Proceeds or Private Actions Trust Proceeds)  presumptively will be shared equally by each of the Private Actions Trust and Litigation Trust subject to any party-in-interest's right to request from the Bankruptcy Court a different allocation as between the Private Actions Trust and Litigation Trust, in which case the challenging party shall have the burden of rebutting such presumption.

1.3    Title to Non-Estate Refco Claim.

(a)    The transfer of the Non-Estate Refco Claims to the Private Actions Trustee shall be made for the ratable benefit of the Private Actions Trust Beneficiaries to the extent such Private Actions Trust Beneficiaries are entitled to Private Actions Trust Interests under the Plan.  In this regard, the Non-Estate Refco Claims will be treated for tax purposes as being a transfer by the Private Actions Trust Beneficiaries to the Private Actions Trustee in exchange for Private Actions Trust Interests for the ratable benefit of the Private Actions Trust Beneficiaries, in accordance with the Plan.  Upon the transfer of the Non-Estate Refco Claims, the Private Actions Trustee shall succeed to all of the Grantors' right, title and interest in and to the Non-Estate Refco Claims and the Grantors will have no further interest in or with respect to the Non-Estate Refco Claims or this Private Actions Trust.

(b)    For all federal income tax purposes, all parties (including, without limitation, the Private Actions Trustee and the Private Actions Trust Beneficiaries) shall treat the transfer of Non-Estate Refco Claims to the Private Actions Trust in accordance with the terms of the Plan, as a transfer of the Non-Estate Refco Claims to the Private Actions Trust Beneficiaries followed by a transfer by such Private Actions Trust Beneficiaries to the Private Actions Trustee, and the Private Actions Trust Beneficiaries of the Private Actions Trust shall be treated as the grantors and owners hereof.

1.4    Nature and Purpose of the Private Actions Trust.

(a)    Purpose.  The Private Actions Trust is organized and established as a trust pursuant to which the Private Actions Trustee, subject to the terms and conditions

contained herein and in the Plan, is to (i) hold the assets of the Private Actions Trust and dispose of the same in accordance with this Private Actions Trust and the Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) oversee and direct the expeditious but orderly liquidation of the assets of the Private Actions Trust. Accordingly, the primary purpose of this Private Actions Trust is to liquidate the assets transferred to the Private Actions Trustee with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the assets of the Private Actions Trust, and consistent with, the liquidating purpose of the Private Actions Trust.

(b)     Actions of the Private Actions Trustee.  The Private Actions Trustee, upon direction of the Private Actions Trust Committee, except as set forth in Section 3.12 herein, and the exercise of their collective reasonable business judgment, shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the Private Actions Trust, make timely distributions and not unduly prolong the duration of the Private Actions Trust.  The liquidation of the Non-Estate Refco Claims may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action, or otherwise.   The Private Actions Trustee, subject to the approval of the Private Actions Trust Committee, except as set forth in Section 3.12 herein, shall have the absolute right to pursue, settle and compromise or not pursue any and all Non-Estate Refco Claims as it determines is in the best interests of the Private Actions Trust Beneficiaries, and consistent with the purposes of the Private Actions Trust, and the Private Actions Trustee shall have no liability for the outcome of any such decision except for any damages caused by recklessness, gross negligence, willful misconduct, or knowing violation of law.

(c)     Relationship.  This Private Actions Trust is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Private Actions Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Private Actions Trustee, the Private Actions Trust Committee (or any of its members or ex officio members), or the Private Actions Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Private Actions Trust Beneficiaries to the Private Actions Trustee and the Private Actions Trust Committee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Private Actions Trust.

1.5     Incorporation of Plan.

The Plan and the Confirmation Order are each hereby incorporated into this Private Actions Trust Agreement and made a part hereof by this reference; provided, however, to the extent that there is conflict between the provisions of this Private Actions Trust Agreement, the provisions of the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this Private Actions Trust Agreement.

1.6    Funding of the Private Actions Trust.

On or after the Effective Date, upon the determination of the Private Actions Trustee, subject to the approval of the Private Actions Trust Committee, the Private Actions Trust shall be funded from (i) a loan made by the Litigation Trust, on terms and conditions acceptable to the Litigation Trustee and the Litigation Trust Committee, secured by the assets of the Private Actions Trust or (ii) reserves maintained from the proceeds of Non-Estate Refco Claims and Class Actions Claims in accordance with Section 6.1. Any failure or inability of the Private Actions Trust to obtain funding will not affect the enforceability of the Private Actions Trust.

1.7    Appointment as Representative in Lieu of Assignment.

To the extent that any Non-Estate Refco Claims cannot be transferred to the Private Actions Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Non-Estate Refco Claims shall be deemed to have been retained by the Grantor, as applicable, and the Private Actions Trustee shall be deemed to have been designated as a representative of such Grantor to enforce and pursue such Non-Estate Refco Claims on behalf of such Grantor. Notwithstanding the foregoing, all net proceeds of the Non-Estate Refco Claims shall be transferred to the Private Actions Trust Beneficiaries consistent with the provisions of the Plan and this Private Actions Trust Agreement.


ARTICLE 2

PRIVATE ACTIONS TRUST INTERESTS

2.1    Allocation of Private Actions Trust Interests.

The allocation and Distribution of the Private Actions Trust Interests shall be accomplished in a manner determined by the Private Actions Trustee, subject to the approval of the Private Actions Trust Committee, in all events consistent with the Plan. In no event shall the number of Private Actions Trust Interests distributed exceed the number of such interests issuable pursuant to the Plan.

2.2    Interests Beneficial Only.

The ownership of a Private Actions Trust Interest shall not entitle any Private Actions Trust Beneficiary to any title in or to the assets of the Private Actions Trust as such (which title shall be vested in the Private Actions Trustee) or to any right to call for a partition or division of the assets of the Private Actions Trust or to require an accounting.

2.3     Evidence of Beneficial Interests.

The Private Actions Trust Interests may be represented either by book entries on the books and records of the Private Actions Trust or by certificates, in either definitive or global form, as shall be determined by the Private Actions Trustee upon consultation with and subject to the approval of the Private Actions Trust Committee.  In the event certificates are created, the Private Actions Trustee shall cause to be placed on such certificate such legends as it deems are required or appropriate under tax laws or regulations in connection with tax withholding pursuant to Section 6.1, under securities laws or regulations in connection with registration or reporting requirements, if any, or otherwise.  Any Person to whom a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Private Actions Trust Agreement and the Plan.  In the event certificates are issued, the form of such certificates shall be determined by the Private Actions Trustee subject to approval of the Private Actions Trust Committee.

2.4     Securities Law Registration.

The issuance of Private Actions Trust Interests under the Plan shall be exempt from registration under any of the following, as applicable: section 1145 of the Bankruptcy Code, sections 3(a)(7), 3(a)(10) or 4(2) of the Securities Act of 1933, as amended and applicable state and local laws requiring registration of securities.  If the Private Actions Trustee determines, with the advice of counsel, that the Private Actions Trust is required to comply with registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), or the Investment Company Act of 1940, as amended (the "Investment Company Act"), then the Private Actions Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file periodic reports with the Securities and Exchange Commission (the "SEC").  Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Private Actions Trust Committee and the Private Actions Trustee from amending this Private Actions Trust Agreement to make such changes as are deemed necessary or appropriate by the Private Actions Trustee, with the advice of counsel, to ensure that the Private Actions Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act.

2.5     Transfer and Exchange.

(a)     No transfer, assignment, pledge, hypothecation or other disposition of a Private Actions Trust Interest may be effected until either (i) the Private Actions Trustee and the Private Actions Trust Committee have received such legal advice or other information that they, in their sole discretion, deem necessary or appropriate to assure that any such disposition shall not require the Private Actions Trust to comply with the registration and reporting requirements of the Exchange Act or the Investment Company Act or (ii) the Private Actions Trustee and the Private Actions Trust Committee have determined to register and/or make periodic reports in order to enable such disposition to be made.  In the event that any such disposition is allowed, the Private Actions Trust Committee and the Private Actions Trustee may add such restrictions upon transfer and

other terms to this Private Actions Trust Agreement as are deemed necessary or appropriate by the Private Actions Trustee, with the advice of counsel, to permit or facilitate such disposition under applicable securities and other laws.

(b)    The Private Actions Trustee shall appoint a registrar, which may be the Private Actions Trustee (the "Registrar") for the purpose of recording ownership of the Private Actions Trust Interests as herein provided.  The Registrar, if other than the Private Actions Trustee, may be an institution acceptable to the Private Actions Trust Committee.  For its services hereunder, the Registrar, unless it is the Private Actions Trustee, shall be entitled to receive reasonable compensation from the Private Actions Trust as a cost administering the Private Actions Trust.

(c)    The Private Actions Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by them from time to time, a registry of the Private Actions Trust Beneficiaries of the Private Actions Trust (the "Trust Register") which shall be maintained pursuant to such reasonable regulations as the Private Actions Trustee and the Registrar may prescribe.

2.6    Access to the Trust Register by the Private Actions Trust Beneficiaries.

Private Actions Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Private Actions Trustee, and in accordance with the reasonable regulations prescribed by the Registrar and the Private Actions Trustee, to inspect and, at the sole expense of the Private Actions Trust Beneficiary seeking the same, make copies of the Trust Register, in each case for a purpose reasonably related to such Private Actions Trust Beneficiary's interest in the Private Actions Trust.

2.7    Absolute Owners.

The Private Actions Trustee may deem and treat the Private Actions Trust Beneficiary of record in the Trust Register as the absolute owner of such Private Actions Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever and the Private Actions Trustee shall not be charged with having received notice of any claim or demand to such Private Actions Trust Interests or the interest therein of any other Person.

2.8    Issuance of Certificates Upon Transfer.

In the event certificates representing Private Actions Trust Interests are created, subject to the conditions of Section 2.5(a), whenever any certificate shall be presented for transfer or exchange, the Private Actions Trustee shall cause the Registrar to issue, authenticate and deliver in exchange therefor, the certificate for the Private Actions Trust Interest(s) that the person presenting such certificates shall be entitled to receive.

2.9    <u>Mutilated, Defaced, Lost, Stolen or Destroyed Certificates</u>.

In the event certificates representing Private Actions Trust Interests are created, if a Private Actions Trust Beneficiary claims that his/her certificate (the "<u>Original Certificate</u>") has been mutilated, defaced, lost, stolen or destroyed, the Private Actions Trustee shall issue, and the Registrar shall authenticate, a replacement certificate if such Private Actions Trust Beneficiary submits a notarized affidavit certifying that (i) he/she is the true, lawful, present and sole owner of the Original Certificate, (ii) he/she has diligently searched all of his/her financial and other records and the Original Certificate is nowhere to be found, (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the Private Actions Trust Beneficiary or on his/her behalf, (iv) no other Person or other entity has any right, title, claim, equity or interest in, to, or respecting the Original Certificate and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the Private Actions Trust Beneficiary will cause the recovered Original Certificate to be returned to the Private Actions Trustee, or his or her successor, for cancellation.  In addition, such Private Actions Trust Beneficiary will indemnify, and if required by the Private Actions Trustee or the Registrar, provide a bond or other security sufficient in the reasonable judgment of the Private Actions Trustee, the Registrar or any authenticating agent, from any loss which any of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any entity or Person of the right to payment under the Original Certificate.  Such Private Actions Trust Beneficiary shall pay reasonable charges established by the Private Actions Trustee and the Registrar for the purpose of reimbursing the Private Actions Trust and the Registrar for the expenses incident thereto, including any tax or other governmental charges.  The Private Actions Trustee shall incur no liability to anyone by reason of anything done or omitted to be done by it in good faith under the provisions of this <u>Section 2.9</u>.  All Private Actions Trust Interests shall be held and owned upon the express condition that the provisions of this <u>Section 2.9</u> are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto.  Any duplicate certificate issued pursuant to this <u>Section 2.9</u> shall constitute original interests in the Private Actions Trust and shall be entitled in the manner provided herein to equal and proportionate benefits with all other Private Actions Trust Interests issued hereunder in any monies or property at the time held by the Private Actions Trustee for the benefit of the Private Actions Trust Beneficiaries.  The Private Actions Trustee and the Registrar shall not treat the Original Certificate as outstanding.

2.10    <u>Cash-Out Option</u>.

In the event that the Litigation Trustee negotiates with one or more third parties to obtain one or more offers to purchase Litigation Trust Interests from the Litigation Trust Beneficiaries, the Private Actions Trustee may, subject to the approval of the Private Actions Trustee, likewise participate in such negotiations and obtain similar

offers for the benefit of the Private Actions Trust Beneficiaries, which may be accepted at the option of each Private Actions Trust Beneficiary.

    2.11   <u>Private Actions Trust Beneficiary's Trust Interest</u>.

    A Private Actions Trust Beneficiary's interest in the Private Actions Trust shall be calculated to represent its Pro Rata share of Tranche A Litigation Trust Interests in the Litigation Trust adjusted upwards to take into account any holders of Tranche A Litigation Trust Interests that are not Grantors.

ARTICLE 3

THE PRIVATE ACTIONS TRUSTEE

    3.1   <u>Private Actions Trust Proceeds</u>.

    All of the proceeds and avails of the prosecution, compromise and settlement of Non-Estate Refco Claims shall be added to the assets of the Private Actions Trust (collectively, the "<u>Private Actions Trust Proceeds</u>") and held as a part thereof (and which title shall be vested in the Private Actions Trustee).

    3.2   <u>Collection of Income</u>.

    The Private Actions Trustee shall collect all income earned with respect to the assets of the Private Actions Trust, which shall thereupon be added to the assets of the Private Actions Trust and held as a part thereof (and which title shall be vested in the Private Actions Trustee).

    3.3   <u>Payment of Private Actions Trust Expenses</u>.

    (a)   The Private Actions Trustee shall maintain a private actions expense fund (the "<u>Private Actions Expense Fund</u>") and expend the assets of the Private Actions Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Private Actions Trust during liquidation, (ii) to pay reasonable administrative costs (including but not limited to, the costs and expenses of the Private Actions Trustee (including reasonable fees, costs, and expenses of professionals) and the members of the Private Actions Trust Committee (but excluding the fees of professionals retained by such members), any taxes imposed on the Private Actions Trust or fees and expenses in connection with, arising out of or related to the Non-Estate Refco Claims, and (iii) to satisfy other liabilities incurred or assumed by the Private Actions Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Private Actions Trust Agreement.

    (b)   The Private Actions Trustee may retain from the Private Actions Trust Proceeds and add to the Private Actions Expense Fund, at any time and from time to time, such amounts as the Private Actions Trustee deems reasonable and appropriate to

ensure that the Private Actions Expense Fund will be adequate to meet the expenses and liabilities described in subsection (a) of this Section.

(c)    Notwithstanding any other provision of this Private Actions Trust to the contrary, the Private Actions Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Private Actions Trust unless it shall have sufficient funds in the Private Actions Expense Fund for that purpose.

3.4    Distributions.

The Private Actions Trustee shall distribute the net distributable assets of the Private Actions Trust to the Private Actions Trust Beneficiaries in accordance with the provisions of Article 6.

3.5    Tenure, Removal, and Replacement of the Private Actions Trustee.

(a)    Each Private Actions Trustee will serve until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, Disability (as defined in Section 3.17(c)(ii)), or death (if applicable).

(b)    The Private Actions Trustee may resign by giving not less than ninety (90) days' prior written notice to the Private Actions Trust Committee. Such resignation will become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment. If a successor trustee is not appointed or does not accept his or her appointment within ninety (90) days following delivery of notice of resignation, the Private Actions Trustee may file a motion with the Bankruptcy Court, upon notice and hearing, for the appointment of a successor trustee;

(c)    Subject to Section 3.17(b), the Private Actions Trustee may be removed for any reason by vote of the majority of the members of the Private Actions Trust Committee;

(d)    In the event of a vacancy in the position of the Private Actions Trustee (whether by removal, resignation, Disability or death, if applicable), the vacancy will be filled by the appointment of a successor trustee by (i) majority vote and resolution of the Private Actions Trust Committee and by the acceptance of the Private Actions Trust by the successor trustee in accordance with Section 3.6 or (ii) an order of the Bankruptcy Court after an opportunity for a hearing (provided, however, that only the Private Actions Trust Committee shall have standing to seek such an order, except as provided in Section 3.5(b)). If a successor trustee is appointed by resolution, as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee, the Private Actions Trust Committee shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; provided that the filing of such notice shall not

12

be a condition precedent to the vesting in the successor Private Actions Trustee of all the estates, properties, rights, powers, trusts, and duties of his or her predecessor;

> (e)    Immediately upon the appointment of any successor trustee, all rights, powers, duties, authority, and privileges of the predecessor Private Actions Trustee hereunder will be vested in and undertaken by the successor trustee without any further act; and the successor trustee will not be liable personally for any act or omission of the predecessor Private Actions Trustee;

> (f)    Upon the appointment of a successor trustee, the predecessor Private Actions Trustee (or the duly appointed legal representative of a deceased Private Actions Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Private Actions Trustee, all the estates, properties, rights, powers and trusts of such predecessor Private Actions Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the Private Actions Trust, the Non-Estate Refco Claims, or the Private Actions Trust Interests then in his or her possession and held hereunder; and

> (g)    During any period in which there is a vacancy in the position of Private Actions Trustee, the Private Actions Trust Committee shall appoint one of its members to serve as interim Private Actions Trustee, (the "Interim Trustee").  The Interim Trustee shall be subject to all the terms and conditions applicable to a Private Actions Trustee hereunder.  Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Private Actions Trust Committee merely by his or her appointment as Interim Trustee.

> 3.6    Acceptance of Appointment by Successor Private Actions Trustee.

> Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Private Actions Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of his or her predecessor in the Private Actions Trust hereunder with like effect as if originally named herein.

> 3.7    Regular Meetings of the Private Actions Trustee and the Private Actions Trust Committee.

> Meetings of the Private Actions Trustee and the Private Actions Trust Committee are to be held with such frequency and at such place as the Private Actions Trustee and the Private Actions Trust Committee may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly.

3.8 <u>Special Meetings of the Private Actions Trustee and the Private Actions Trust Committee</u>.

Special meetings of the Private Actions Trustee and the Private Actions Trust Committee may be held whenever and wherever called for either by the Private Actions Trustee or at least two members of the Private Actions Trust Committee.

3.9 <u>Notice of, and Waiver of Notice for, Private Actions Trustee and Private Actions Trust Committee Meetings</u>.

Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting will be given to the Private Actions Trustee and the members of the Private Actions Trust Committee in person or by telephone, or via mail, electronic mail, or facsimile transmission. Notice to the Private Actions Trustee and the members of the Private Actions Trust Committee of any such special meeting will be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten (10) calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail or facsimile transmission, the same is transmitted at least one business day prior to the convening of the meeting, or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the Private Actions Trustee and the members of the Private Actions Trust Committee or to an adult member of his/her office staff or household, at least one business day prior to the convening of the meeting. The Private Actions Trustee and any member of the Private Actions Trust Committee may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, as provided by law. Except as provided in the next sentence below, the waiver must be in writing, signed by the Private Actions Trustee or the applicable member or members of the Private Actions Trust Committee entitled to the notice, and filed with the minutes or records of the Private Actions Trust. The attendance of the Private Actions Trustee or a member of the Private Actions Trust Committee at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

3.10 <u>Manner of Acting</u>.

The Private Actions Trustee or any member of the Private Actions Trust Committee may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. The Private Actions Trustee or any member of the Private Actions Trust Committee participating in a meeting by this means is deemed to be present in person at the meeting.

3.11    <u>Role of the Private Actions Trustee</u>.

(a)    In furtherance of and consistent with the purpose of the Private Actions Trust and the Plan, the Private Actions Trustee, subject to the terms and conditions contained herein and in the Plan, shall have the power to (i) prosecute, compromise and settle, abandon or dismiss for the benefit of the Private Actions Trust Beneficiaries all claims, rights and causes of action transferred to the Private Actions Trustee (whether such suits are brought in the name of the Private Actions Trustee or otherwise), and (ii) to otherwise perform the functions and take the actions provided or permitted in the Plan or in this Private Actions Trust Agreement.  In all circumstances, the Private Actions Trustee shall act in the best interests of all the Private Actions Trust Beneficiaries of the Private Actions Trust and in furtherance of the purpose of the Private Actions Trust.

(b)    The Private Actions Trustee may not provide a release of a Non-Estate Refco Claim to a third-party if two members of the Private Actions Trust Committee oppose such release.

3.12    <u>Authority of Private Actions Trustee</u>.

Subject to any limitations contained herein (including, without limitation, <u>Article 4</u> hereof) or in the Plan, the Private Actions Trustee shall have the following powers and authorities:

(a)    hold legal title to any and all rights of the holders of the Private Actions Trust Interests in or arising from the Non-Estate Refco Claims, including, without limitation, collecting, receiving any and all money and other property belonging to the Private Actions Trust and, upon subject to the approval of the Private Actions Trust Committee, the right to vote any claim or interest relating to a Non-Estate Refco Claim in a case under the Bankruptcy Code and receive any distribution therein;

(b)    in consultation with and subject to the approval of the Private Actions Trust Committee, perform the duties, exercise the powers, and assert the rights analogous to those of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims, defenses, offsets and privileges; <u>provided</u>, <u>however</u>, that the Private Actions Trustee shall not be required to consult with or obtain approval of the Private Actions Trust Committee, to the extent such matters are limited to a claim or cause of action against a person or entity where the amount demanded from such person or entity, in the aggregate, is less than or equal to $100,000 or such other amount as may be approved by a majority of the members of the Private Actions Trust Committee (a "<u>De Minimis Claim or Cause of Action</u>");

(c)    in consultation with and subject to the approval of the Private Actions Trust Committee, protect and enforce the rights to the Non-Estate Refco Claims by any method deemed appropriate including, without limitation, by judicial proceedings

or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(d)    in consultation with and subject to the approval of the Private Actions Trust Committee, obtain reasonable insurance coverage with respect to the liabilities and obligations of the Private Actions Trustee and the Private Actions Trust Committee under this Private Actions Trust (in the form of an errors and omissions policy or otherwise);

(e)    in consultation with and subject to the approval of the Private Actions Trust Committee, obtain insurance coverage with respect to real and personal property that may become assets of the Private Actions Trust, if any;

(f)    in consultation with and subject to the approval of the Private Actions Trust Committee, retain and approve compensation arrangements of such counsel and other professionals, including, without limitation, any professionals previously retained by the Grantors, as the Private Actions Trustee shall select to assist the Private Actions Trustee in his or her duties, on such terms as the Private Actions Trustee and Private Actions Trust Committee deem reasonable and appropriate, without Bankruptcy Court approval; subject to the foregoing, the Private Actions Trustee may commit the Private Actions Trust to and shall pay such counsel and other professionals reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(g)    in consultation with and subject to the approval of the Private Actions Trust Committee, retain and approve compensation arrangements of an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Private Actions Trust as may be required by the SEC and applicable securities laws and as may be reasonable and appropriate in the Private Actions Trustee's discretion and to prepare and file any tax returns, informational returns, or periodic or current reports as required by applicable securities laws, for the Private Actions Trust as may be required;  subject to the foregoing, the Private Actions Trustee may commit the Private Actions Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(h)    in consultation with and subject to the approval of the Private Actions Trust Committee, retain and approve compensation arrangements of such third parties to assist the Private Actions Trustee in carrying out his or her powers and duties under this Private Actions Trust; subject to the foregoing, the Private Actions Trustee may commit the Private Actions Trust to and shall pay all such persons or entities reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred, as well as commit the Private Actions Trust to indemnify any such parties in connection with the performance of services (provided that such indemnity shall not cover any losses, costs, damages, expenses or liabilities that result from the recklessness, gross negligence, willful misconduct, or knowing violation of law by such party);

(i)     in consultation with and subject to the approval of the Private Actions Trust Committee, waive any privilege (including the Privileges) or any defense on behalf of the Private Actions Trust or, with respect to the Non-Estate Refco Claims, or the Grantors, as applicable; provided, however, that the Private Actions Trustee shall not be required to consult with or obtain approval of the Private Actions Trust Committee, to the extent such matters are limited to a De Minimis Claim or Cause of Action, and such waiver shall be effectively limited to such matters;

(j)     in consultation with and subject to the approval of the Private Actions Trust Committee, compromise, adjust, arbitrate, sue on or defend, pursue, prosecute abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, all causes of action in favor of or against the Private Actions Trust, including the right to opt into or out of any settlement of Class Action Claims the proceeds of which have been assigned to the Private Actions Trustee; provided, however, that the Private Actions Trustee shall not be required to consult with or obtain approval of the Private Actions Trust Committee, to the extent such matters involve De Minimis Claims or Causes of Action;

(k)     in consultation with and subject to the approval of the Private Actions Trust Committee, avoid and recover transfers of the Grantors' property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(l)     invest any moneys held as part of the Private Actions Trust in accordance with the terms of Section 3.19 hereof, limited, however, to such investments that are consistent with the Private Actions Trust's status as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc 94-45, 1994-2 C.B. 684;

(m)     in consultation with and subject to the approval of the Private Actions Trust Committee, request any appropriate tax determination with respect to the Private Actions Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(n)     subject to applicable securities laws, if any, establish and maintain a website for the purpose of providing notice of Private Actions Trust activities in lieu of sending written notice to holders of Private Actions Trust Interests, subject to providing notice of such website to such holders;

(o)     in consultation with the Private Actions Trust Committee, seek the examination of any entity, subject to the provisions of Bankruptcy Rule 2004, to the extent applicable, or any other applicable law or rule;

(p)     in consultation with and subject to the approval of the Private Actions Trust Committee, incur indebtedness and grant security interests in the assets of the Private Actions Trust in order to obtain funding for the Private Actions Trust from the Litigation Trust; and

17

(q)     take or refrain from taking any and all other actions that the Private Actions Trustee, upon consultation with and subject to the approval of the Private Actions Trust Committee, reasonably deems necessary or convenient for the continuation, protection and maximization of the Non-Estate Refco Claims or to carry out the purposes hereof; provided, however, that the Private Actions Trustee shall not be required to (i) obtain approval of the Private Actions Trust Committee, to the extent such actions are limited to a De Minimis Claim or Cause of Action or (ii) consult with or obtain approval of the Private Actions Trust Committee, to the extent such actions are purely ministerial in nature.

3.13    Limitation of Private Actions Trustee's Authority.

(a)     Notwithstanding anything herein to the contrary, the Private Actions Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the orderly liquidation of the assets of the Private Actions Trust as are required or contemplated by applicable law, the Plan and this Private Actions Trust or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Private Actions Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

(b)     The Private Actions Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an entity that is treated as a partnership for federal income tax purposes, unless such stock, membership interest, or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the assets of the Private Actions Trust.

3.14    Books and Records.

(a)     The Private Actions Trustee shall maintain books and records relating to the assets of the Private Actions Trust and income of the Private Actions Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Private Actions Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting and securities law requirements of the Private Actions Trust.  Nothing in this Private Actions Trust requires the Private Actions Trustee to file any accounting or seek approval of any court with respect to the administration of the Private Actions Trust, or as a condition for managing any payment or distribution out of the assets of the Private Actions Trust.

(b)     The Private Actions Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Private Actions Trustee, to inspect and, at the sole expense of such Private Actions Trust Beneficiary seeking the same, make copies of the books and records relating to the

Private Actions Trust on any business day and as often as may be reasonably be desired, in each case for a purpose reasonably related to such Private Actions Trust Beneficiary's interest in the Private Actions Trust.

        3.15   <u>Inquiries into Trustee's Authority</u>.

        Except as otherwise set forth in the Private Actions Trust or in the Plan, no Person dealing with the Private Actions Trust shall be obligated to inquire into the authority of the Private Actions Trustee in connection with the protection, conservation or disposition of the Non-Estate Refco Claims.

        3.16   <u>Compliance with Laws</u>.

        Any and all distributions of assets of the Private Actions Trust and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

        3.17   <u>Compensation of the Private Actions Trustee</u>.

        (a)   The Original Trustee shall be compensated for his services, and reimbursed for his expenses, in accordance with <u>Schedule B</u> attached hereto, as a cost of administering the Private Actions Trust.  In the event a successor trustee is appointed, such successor shall be compensated for his or her services, and reimbursed for his or her expenses, as cost of administering the Private Actions Trust, in accordance with and pursuant to the terms of, a separate agreement to be negotiated and executed by the Private Actions Trust Committee, which agreement shall not be subject to any third-party notice or approval.

        (b)   In the event that the Private Actions Trustee's appointment terminates by reason of (i) the death of the Private Actions Trustee, (ii) the removal of the Private Actions Trustee by the Private Actions Trust Committee pursuant to <u>Section 3.5(c)</u> by reason of the Private Actions Trustee's Disability or (iii) the removal of the Private Actions Trustee pursuant to <u>Section 3.5(c)</u> by the Private Actions Trust Committee without Cause, the Private Actions Trustee, or his or her estate, as applicable, shall be entitled to payment of any earned but unpaid portion of compensation, any earned but unpaid bonus, and any un-reimbursed business expenses incurred prior to such death, Disability or effective date of removal.

        (c)   For purposes of <u>Section 3.17(b)</u>, the following terms shall have the following meanings:

        (i)   "<u>Cause</u>" shall mean (a) commission of any act of fraud or dishonesty in connection with his or her appointment by the Private Actions Trust Committee; (b) commission of misconduct that adversely affects, as determined in good faith by the Private Actions Trust Committee, the assets held by the Private Actions Trustee for the benefit of the Private Actions Trust Beneficiaries; (c) engaging in conduct constituting a misdemeanor involving moral turpitude or a felony or the indictment of the

Private Actions Trustee for a felony; or (d) continued failure to perform his or her substantial job functions, after written notice has been delivered by the Private Actions Trust Committee to the Private Actions Trustee if such failure is not cured within 10 days of such notice; provided, however, that the Private Actions Trust Committee may not deliver any such notice in respect of any failure to perform that is the result of absence from duties or incapacity due to a Disability.

(ii)    "Disability" of the Private Actions Trustee shall have occurred if, as a result of the Private Actions Trustee's incapacity due to physical or mental illness as determined by a physician selected by the Private Actions Trustee, and reasonably acceptable to the Private Actions Trust Committee, the Private Actions Trustee shall have been substantially unable to perform his or her duties hereunder for three consecutive months, or for an aggregate of 180 days during any period of twelve consecutive months.

3.18    Reliance by Private Actions Trustee.

Except as otherwise provided herein:

(a)    The Private Actions Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Private Actions Trustee to be genuine and to have been signed or presented by the proper party or parties; and

(b)    Persons dealing with the Private Actions Trustee shall look only to the  assets of the Private Actions Trust to satisfy any liability incurred by the Private Actions Trustee to such Person in carrying out the terms of this Private Actions Trust, and neither the Private Actions Trustee nor any member of the Private Actions Trust Committee shall have any personal obligation to satisfy any such liability.

3.19    Investment and Safekeeping of Private Actions Trust Assets.

The Private Actions Trustee shall invest all assets transferred to the Private Actions Trust (other than Non-Estate Refco Claims), all Private Actions Trust Proceeds, the Private Actions Expense Fund and all income earned by the Private Actions Trust (pending periodic Distributions in accordance with the provisions of the Plan) only in cash, cash equivalents, U.S. Treasury securities, money market investments, and similar investments; provided, however, that (a) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the United States Internal Revenue Service (the "IRS") , whether set forth in IRS rulings, other IRS pronouncements or otherwise, (b) the Private Actions Trustee may retain any Private Actions Trust Proceeds received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets in Cash; and (c) under no

circumstances, shall the Private Actions Trustee segregate the assets of the Private Actions Trust on the basis of classification of the holders of Private Actions Trust Interests, other than with respect to Distributions to be made on account of Disputed Claims in accordance with the provisions of the Plan.

3.20    Standard of Care; Exculpation.

Neither the Private Actions Trustee nor any of his or her duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Private Actions Trustee in good faith, other than acts or omissions resulting from the Private Actions Trustee's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Private Actions Trustee may, in connection with the performance of his or her functions, and in his or her sole and absolute discretion, consult with his or her attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, the Private Actions Trustee shall be under no obligation to consult with his or her attorneys, accountants, financial advisors or agents, and his or her good faith determination not to do so shall not result in the imposition of liability on the Private Actions Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.


ARTICLE 4

PRIVATE ACTIONS TRUST COMMITTEE


4.1    Private Actions Trust Committee.

A private actions trust committee (the "Private Actions Trust Committee") shall be established and shall initially consist of, as set forth on Schedule C attached hereto, five (5) Persons, including a representative from VR and four representatives of Holders of Claims against RCM that are Private Action Trust Beneficiaries, which do not assert Claims against any Contributing Debtor based on guarantees or other direct contractual undertakings.  The members of the Private Actions Trust Committee may be the same individual(s) as those serving as members of any comparable committee under the Litigation Trust.  Members of the Private Actions Trust Committee shall have the right to direct and remove the Private Actions Trustee, and shall have such other rights to operate and manage the Private Actions Trust as are not inconsistent with the terms hereof.  No Holder of Tranche A Private Actions Trust Interests (except to the extent such Holder is a member of the Private Actions Trust Committee) and no Holder of Tranche B Private Actions Trust Interests shall have any consultation or approval rights whatsoever in respect of management and operation of the Private Actions Trust.

21

4.2     Authority of the Private Actions Trust Committee.

The Private Actions Trust Committee shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Private Actions Trustee and shall have the authority to remove the Private Actions Trustee in accordance with Section 3.5(c) herein.  The Private Actions Trustee shall consult with and provide information to the Private Actions Trust Committee in accordance with and pursuant to the terms of this Private Actions Trust and the Plan.  The Private Actions Trust Committee shall have the authority to select and engage such Persons, and select and engage such professional advisors, including, without limitation, any professional previously retained by the Grantors, the Committees,  RCM or the Debtors, as the Private Actions Trust Committee deems necessary and desirable to assist the Private Actions Trust Committee in fulfilling its obligations under this Private Actions Trust and the Plan, and the Private Actions Trust shall pay the reasonable fees of such Persons (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Private Actions Trust.

4.3     Regular Meetings of the Private Actions Trust Committee.

Meetings of the  Private Actions Trust Committee are to be held with such frequency and at such place as the Private Actions Trustee and members of the Private Actions Trust Committee may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly.

4.4     Special Meetings of the Private Actions Trust Committee.

Special meetings of the Private Actions Trust Committee may be held whenever and wherever called for by the Private Actions Trustee or any two members of the Private Actions Trust Committee.

4.5     Manner of Acting.

(a)     A majority of the total number of members of the Private Actions Trust Committee then in office shall constitute a quorum for the transaction of business at any meeting of the Private Actions Trust Committee.  The affirmative vote of a majority of the members of the Private Actions Trust Committee present and entitled to vote at a meeting at which a quorum is present shall be the act of the Private Actions Trust Committee except as otherwise required by law or as provided in this Private Actions Trust.  Any or all of the members of the Private Actions Trust Committee may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  Any member of the Private Actions Trust Committee participating in a meeting by this means is deemed to be present in person at the meeting.  Voting may, if approved by the majority of its members at a meeting, be conducted by

electronic mail or individual communications by the Private Actions Trustee and each member of the Private Actions Trust Committee.

(b)     Any member of the Private Actions Trust Committee who is present and entitled to vote at a meeting of the Private Actions Trust Committee when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Private Actions Trust Committee, unless: (i) such member of the Private Actions Trust Committee objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Private Actions Trust Committee before its adjournment.  The right of dissent or abstention is not available to any member of the Private Actions Trust Committee who votes in favor of the action taken.

(c)     Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Private Actions Trust Committee shall report to the Private Actions Trust Committee any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a Private Actions Trust Beneficiary).  A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum);  the vote or action with respect to such matter or issue shall be undertaken only by members of the Private Actions Trust Committee who are not "conflicted members."

4.6     <u>Private Actions Trust Committee's Action Without a Meeting</u>.

Any action required or permitted to be taken by the Private Actions Trust Committee at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Private Actions Trust Committee as evidenced by one or more written consents describing the action taken, signed by all members of the Private Actions Trust Committee and recorded in the minutes or other transcript of proceedings of the Private Actions Trust Committee.

4.7     <u>Tenure, Removal, and Replacement of the Members of the Private Actions Trust Committee</u>.

The authority of the members of the Private Actions Trust Committee will be effective as of the Effective Date and will remain and continue in full force and effect until the Private Actions Trust is terminated in accordance with <u>Section 11.1</u> hereof.  The service of the members of the Private Actions Trust Committee will be subject to the following:

(a)    The members of the Private Actions Trust Committee will serve until death or resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below.

(b)    A member of the Private Actions Trust Committee may resign at any time by providing a written notice of resignation to the remaining members of the Private Actions Trust Committee.  Such resignation will be effective upon the date received by the Private Actions Trust Committee or such later date specified in the written notice.

(c)    A member of the Private Actions Trust Committee may be removed by the majority vote of the other members of the Private Actions Trust Committee, a written resolution of which shall be delivered to the removed Private Actions Trust Committee member; provided, however, that such removal may only be made for Cause.  For purposes of this Section 4.7(c), "Cause" shall be defined as:  (a) commission of any act of fraud or dishonesty in connection with his or her appointment to serve on the Private Actions Trust Committee; (b) commission of misconduct that adversely affects, as determined in good faith by a majority of the remaining members of the Private Actions Trust Committee, the assets held by the Private Actions Trustee for the benefit of the Private Actions Trust Beneficiaries; (c) engaging in conduct constituting a misdemeanor involving moral turpitude or a felony or the indictment of such member for a felony; or (d) continued failure to perform his or her substantial job functions, after written notice has been delivered by the Private Actions Trust Committee to such member if such failure is not cured within 10 days of such notice.

(d)    In the event of a vacancy on the Private Actions Trust Committee (whether by removal, death or resignation), a new member may be appointed to fill such position by a majority of the remaining members of the Private Actions Trust Committee. Any such appointment of a new member cannot alter the structure or power of the Private Actions Trust Committee as set forth in Section 4.1.  In the event that there are no remaining members of the Private Actions Trust Committee, appointments to fill such vacancies that would have been made by a majority of the remaining members of the Private Actions Trust Committee shall be made upon an order entered after an opportunity for a hearing by the Bankruptcy Court, upon motion of the Private Actions Trustee.  The appointment of a successor member of the Private Actions Trust Committee will be evidenced by the filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor member of the Private Actions Trust Committee.

(e)    Immediately upon the appointment of any successor member of the Private Actions Trust Committee, all rights, powers, duties, authority, and privileges of the predecessor member of the Private Actions Trust Committee hereunder will be vested in and undertaken by the successor member of the Private Actions Trust Committee without any further act; and the successor member of the Private Actions Trust Committee will not be liable personally for any act or omission of the predecessor member of the Private Actions Trust Committee.

4.8    Compensation of the Private Actions Trust Committee.

Each member of the Private Actions Trust Committee shall be paid by the Private Actions Trust the amount of $20,000 annually (in addition to reasonable out-of-pocket expenses reimbursable hereunder) as compensation for its services hereunder (all such duties or services are referred to herein as the "Duties").   Additionally, except as set forth herein, all reasonable and documented out-of-pocket fees and expenses incurred by members of the Private Actions Trust Committee in connection with the performance of the Duties shall be reimbursed, without duplication, by the Private Actions Trust upon demand for payment thereof.  Any and all fees payable to a member of the Private Actions Trust Committee hereunder shall be offset by any comparable fees paid to such member in its capacity as a member of the Litigation Trust Committee; any and all expenses payable hereunder shall be without duplication to the extent reimbursed by the Litigation Trust.

4.9    Standard of Care; Exculpation.

None of the Private Actions Trust Committee, its members, designees or professionals, or any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, agent or representative of the Private Actions Trust Committee, nor shall the Private Actions Trust Committee or any of its members be liable for any act or omission taken or omitted to be taken by the Private Actions Trust Committee in good faith, other than acts or omissions resulting from the Private Actions Trust Committee's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Private Actions Trust Committee and each of its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons.  Notwithstanding such authority, neither the Private Actions Trust Committee nor any of its members shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Private Actions Trust Committee or, as applicable, its members or designees, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

ARTICLE 5

TAX MATTERS

5.1    Federal Income Tax Reporting.

(a)    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Private Actions Trustee of a private letter ruling if the Private Actions Trustee (or the Grantors) so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Private Actions Trustee), the Private Actions Trustee shall file returns for the Private

Actions Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and in accordance with this Article 6. The Private Actions Trustee shall also annually send to each Private Actions Trust Beneficiary a separate statement setting forth such Private Actions Trust Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct all such holders to report such items on their federal income tax returns.

(b)     As soon as practicable after the Effective Date, but in no event later than sixty (60) days thereafter, (i) the Private Actions Trustee, in consultation with the Private Actions Trust Committee, will determine the fair market value as of the Effective Date of all assets transferred to the Private Actions Trustee, and such determined fair market value shall be used by the Private Actions Trustee, the Private Actions Trust Committee, and the Private Action Trust Beneficiaries for all federal income tax purposes, and (ii) the Private Actions Trustee shall apprise the Private Actions Trust Beneficiaries, in writing of such valuation. The Private Actions Trustee shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Private Actions Trust that are required by any governmental unit and pay taxes, if any, properly payable by the Private Actions Trust.

(c)     The Private Actions Trustee may request an expedited determination of taxes of the Private Actions Trust under section 505(b) of the Bankruptcy Code or any analogous law, to the extent applicable, for all returns filed for, or on behalf of, the Private Actions Trust for all taxable periods through the dissolution of the Private Actions Trust.

(d)     For federal income tax purposes, the Grantors, Private Actions Trustee and Private Actions Trust Beneficiaries will treat the transfer of assets to the Private Actions Trustee and issuance of Private Actions Trust Interests as a deemed transfer by the Grantors of the assets to the Private Actions Trust Beneficiaries, followed by a deemed transfer of such assets by the Private Actions Trust Beneficiaries to the Private Actions Trustee in exchange for beneficial interests in the Private Actions Trust.

(e)     For federal income tax purposes, the Private Actions Trust Beneficiaries will be treated as the grantors, deemed owners and beneficiaries of the Private Actions Trust.

5.2     Allocations of Private Actions Trust Taxable Income.

(a)     Allocations of Private Actions Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restrictions on distributions described in the Plan) if, immediately prior to such deemed distribution, the Private Actions Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the Private Actions Trust Beneficiaries, taking into account all prior and concurrent distributions from the Private Actions Trust (including all distributions held in escrow pending the resolution of Disputed Claims). Similarly, taxable loss of the Private Actions Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Non-Estate Refco

Claims.  The tax book value of the Non-Estate Refco Claims for this purposes shall equal their fair market value on the Effective Date, adjusted in either case in accordance with tax accounting principles prescribed by the United States Internal Revenue Code, the regulations and other applicable administrative and judicial authorities and pronouncements.

(b)    To the extent of any transfers of Private Actions Trust Interests in accordance with Section 2.5(a) herein, the Private Actions Trustee shall promptly establish a standard convention for allocating and apportioning taxable income and loss between a transferor and its transferee and shall not be required to so allocate and apportion based on the actual Private Actions Trust activities prior and subsequent to the date of any transfer.  The Private Actions Trustee shall notify the Private Actions Trust Beneficiaries of the convention adopted promptly after such adoption.  The Private Actions Trustee shall use his or her discretion to establish a fair and equitable convention to apply and may, but is not required to, adopt a monthly, quarterly or similar record date convention.

## ARTICLE 6

## DISTRIBUTIONS

6.1    Annual Distribution; Withholding.

The Private Actions Trustee shall distribute at least annually to the Private Actions Trust Beneficiaries all net cash income plus all net cash proceeds from the liquidation of assets; provided, however, that the Private Actions Trust may retain such amounts (i) as are reasonably necessary to maintain reserves for distributions to holders of Disputed Claims that may be entitled to Private Actions Trust Interests upon allowance of such claims, (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Private Actions Trust during liquidation, (iii) to pay or reserve for reasonable administrative expenses (including the costs and expenses of the Private Actions Trust, the Private Actions Trustee and the Private Actions Trust Committee and the fees, costs and expenses of all professionals retained by the Private Actions Trustee, and any taxes imposed on the Private Actions Trust or in respect of the assets of the Private Actions Trust), and (iii) to satisfy other liabilities incurred or assumed by the Private Actions Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Private Actions Trust.  All such distributions shall be pro rata based on the number of Private Actions Trust Interests held by a Private Actions Trust Beneficiary compared with the aggregate number of Private Actions Trust Interests outstanding, subject to the terms of the Plan and this Private Actions Trust.  The Private Actions Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Private Actions Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

6.2    <u>Manner of Payment or Distribution</u>.

(a)    All distributions made by the Private Actions Trustee to holders of Private Actions Trust Interests shall be payable to the holders of Private Actions Trust Interests of record as of the 20th day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such day shall be the following Business Day.  If the distribution shall be in Cash, the Private Actions Trustee shall distribute such Cash by wire, check, or such other method as the Private Actions Trustee deems appropriate under the circumstances.

(b)    Any net recoveries on Non-Estate Refco Claims shall first be used to repay the funding (including any fees, costs, or interest incurred in connection therewith) described in <u>Section 3.12(p)</u> and then such proceeds shall be distributed to the Private Actions Trust Beneficiaries.

(c)    All distributions shall be apportioned by the Private Actions Trustee as distributable either to Tranche A Private Actions Trust Interests or Tranche B Private Actions Trust Interests.

(d)    All net recoveries on Non-Estate Refco Claims, whether distributable to Tranche A Private Actions Trust Interests or Tranche B Private Actions Trust Interests, shall be distributed Pro Rata to Holders of the beneficial interests in such Tranche.

(e)    Beneficiaries of Tranche A Private Actions Trust Interests shall consist of Grantors to the extent of their election to participate in the Private Actions Trust as Holders of RCM Securities Customer Claims, Holders of RCM FX/Unsecured Claims, Holders of Contributing Debtors General Unsecured Claims (excluding Secured Lender Claims or Senior Subordinated Note Claims), and Holders of FXA General Unsecured Claims (excluding FXA Convenience Class Claims) and such Private Actions Trust Beneficiaries shall share the Tranche A Private Actions Trust Interests Pro Rata based on (x) in the case of Holders of RCM Securities Customer Claims and RCM FX/Unsecured Claims, the aggregate amount of Allowed RCM Implied Deficiency Claims and the Allowed RCM FX/Unsecured Claims and (y) in the case of Holders of Contributing Debtors General Unsecured Claims and the Holders of FXA General Unsecured Claims, the amount of each such Holder's Allowed Claim.

(f)    Beneficiaries of Tranche B Private Actions Trust Interests shall consist of those Holders of Old Equity Interests that have elected to contribute their Non-Estate Refco Claims and their rights to proceeds of Class Actions Claims to the Private Actions Trust ("<u>Participating Old Equity Interest Holders</u>") in exchange for a portion of the Litigation Trust and Private Actions Trust, and such Private Actions Trust Beneficiaries shall share the Tranche B Private Actions Trust Interests Pro Rata based on (x) in the case of Holders of common stock of Refco Inc., the aggregate amount of common stock of Refco Inc. held by Participating Old Equity Interest Holders and (y) in the case of Holders of Claims arising from rescission of a purchase or sale of common stock of Refco Inc. or rights relating to such common stock, or any Claim for damages

28

arising from the purchase or sale of common stock of Refco Inc. or any Claim for
reimbursement, contribution, or indemnification arising from or relating to any such
Claims, the aggregate amount of common stock of Refco Inc. held or previously held by
such Holders.  Notwithstanding the contribution of Non-Estate Refco Claims and the
rights to proceeds of Class Action Claims, the right of any Participating Old Equity
Interest Holder to seek equitable subordination or disallowance of the Old Equity
Interests of any other Participating Old Equity Interest Holder pursuant to section 510(c)
of the Bankruptcy Code shall be preserved and retained to assert at any time, at its own
expense, prior to the final distribution of the Private Actions Trust.

      6.3    <u>Delivery of Private Actions Trust Distributions</u>.

      All distributions under this Private Actions Trust to any holder of Private
Actions Trust Interests shall be made at the address of such holder as set forth in the
Trust Register or at such other address or in such other manner as such holder of Private
Actions Trust Interests shall have specified for payment purposes in a written notice to
the Private Actions Trustee and the Registrar at least 20 days prior to such distribution
date.  In the event that any distribution to any holder is returned as undeliverable, the
Private Actions Trustee shall be entitled to rely on the most current information available
from the Plan Administrator or the RCM Trustee, as applicable, to determine the current
address of such holder, but no distribution to such holder shall be made unless and until
the Private Actions Trustee has determined the then current address of such holder, at
which time such distribution shall be made to such holder without interest; <u>provided</u>,
<u>however</u>, that such undeliverable or unclaimed distributions shall be deemed unclaimed
property at the expiration of one year from the date of distribution.  The Private Actions
Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of
all other Private Actions Trust Beneficiaries.

      6.4    <u>Cash Distributions</u>.

      No Cash distributions shall be required to be made to any Private Actions
Trust Beneficiary in an amount less than $100.00.  Any funds so withheld and not
distributed shall be held in reserve and distributed in subsequent distributions.
Notwithstanding the foregoing, all cash shall be distributed in the final distribution of the
Private Actions Trust.

ARTICLE 7

INDEMNIFICATION

      7.1    <u>Indemnification of Private Actions Trustee and the Private Actions Trust
Committee</u>.

      (a)    To the fullest extent permitted by law, the Private Actions Trust, to
the extent of its assets legally available for that purpose, shall indemnify and hold
harmless the Private Actions Trustee and each of the members of the Private Actions

29

Trust Committee and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys and other professionals (collectively, the "Indemnified Persons") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does or refrains from doing for the business or affairs of the Private Actions Trust, except to the extent that the loss, cost, damage, expense or liability resulted primarily from the Indemnified Person's recklessness, gross negligence, willful misconduct, or knowing violation of law.  To the extent reasonable, the Private Actions Trust shall pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Private Actions Trust.

(b)     Any Indemnified Person may waive the benefits of indemnification under this Section 7.1, but only by an instrument in writing executed by such Indemnified Person.

(c)     The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Section 7.1 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Private Actions Trust Agreement or any other agreement or instrument to which that Person is a party.


ARTICLE 8

REPORTS TO PRIVATE ACTIONS TRUST BENEFICIARIES

8.1     Reports.

(a)     The Private Actions Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than annually, financial statements of the Private Actions Trust, to be delivered to the Effective Beneficiaries together with annual income tax reporting of the Private Actions Trust.  To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with U.S. generally accepted accounting principles.  The materiality and scope of audit determinations shall be established between the Private Actions Trustee (in consultation with the Private Actions Trust Committee) and the appointed auditors with a view toward safeguarding the value of the assets of the Private Actions Trustee, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b)      Within ten (10) Business Days after the end of the relevant report preparation period the Private Actions Trustee shall cause any information reported pursuant to Section 8.1(a) to be mailed to such Private Actions Trust Beneficiaries and to be filed with the Bankruptcy Court.

(c)      Any report required to be distributed by the Private Actions Trustee under Section 8.1(a) hereof shall also be distributed to the Persons listed in Section 11.6 hereof within ten Business Days of his or her distribution to the Private Actions Trust Beneficiaries under Section 8.1(a) hereof.  The Private Actions Trustee may post any report required to be provided under this Section 8.1 on a web site maintained by the Private Actions Trustee in lieu of actual notice to the Private Actions Trust Beneficiaries  (unless otherwise required by law) subject to providing notice to the Persons listed in Section 11.6 herein.


ARTICLE 9

TERM; TERMINATION OF THE PRIVATE ACTIONS TRUST

9.1      Term; Termination of the Private Actions Trust.

(a)      The Private Actions Trust shall have an initial term of five (5) years, provided that if reasonably necessary to realize maximum value with respect to the assets in the Private Actions Trust and following Bankruptcy Court approval, the term of the Private Actions Trust may be extended for one or more one (1) year terms.

(b)      The Private Actions Trust may be terminated earlier than its scheduled termination if (i) the Bankruptcy Court has entered a Final Order closing all of or the last of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code and the RCM Case to the extent the RCM Case was converted to chapter 7; and (ii) the Private Actions Trustee has administered all assets of the Private Actions Trust and performed all other duties required by the Plan and the Private Actions Trust.

(c)      Notwithstanding the foregoing, the Bankruptcy Court upon motion by the Private Actions Trustee or the Private Actions Trust Committee, on notice with an opportunity for a hearing, at least three (3) months before the expiration of the original term or any extended term, may extend, for a fixed period, the term of the Private Actions Trust if it is necessary to facilitate or complete the liquidation of the assets of the Private Actions Trust.  The Bankruptcy Court may approve multiple extensions of the term of the Private Actions Trust.

9.2      Continuance of Trust for Winding Up.

After the termination of the Private Actions Trust and for the purpose of liquidating and winding up the affairs of the Private Actions Trust, the Private Actions Trustee shall continue to act as such until his or her duties have been fully performed. Prior to the final distribution of all of the remaining assets of the Private Actions Trust

and upon approval of the Private Actions Trust Committee, the Private Actions Trustee shall be entitled to reserve from such assets any and all amounts required to provide for his or her own costs and expenses, in accordance with Section 3.17 herein, until such time as the winding up of the Private Actions Trust is completed.  Upon termination of the Private Actions Trust, the Private Actions Trustee shall retain for a period of two years, as a cost of administering the Private Actions Trust, the books, records, Private Actions Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Private Actions Trustee.  At the Private Actions Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and winding up of the affairs of the Private Actions Trust.  Except as otherwise specifically provided herein, upon the termination of the Private Actions Trust, the Private Actions Trustee shall have no further duties or obligations hereunder.

## ARTICLE 10

## AMENDMENT AND WAIVER

10.1    Amendment and Waiver.

(a)    The Private Actions Trustee, with the prior approval of the majority of the members of the Private Actions Trust Committee, may amend, supplement or waive any provision of, this Private Actions Trust Agreement, without notice to or the consent of any Private Actions Trust Beneficiary or the approval of the Bankruptcy Court:  (i) to cure any ambiguity, omission, defect or inconsistency in this Private Actions Trust Agreement provided that such amendments, supplements or waivers shall not adversely affect the distributions to be made under this Private Actions Trust Agreement to any of the Private Actions Trust Beneficiaries, or adversely affect the U.S. federal income tax status of the Private Actions Trust as a "liquidating trust"; (ii) to comply with any requirements in connection with the U.S. Federal income tax status of the Private Actions Trust as a "liquidating trust"; (iii) to comply with any requirements in connection with maintaining that the Private Actions Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act; (iv) to make the Private Actions Trust a reporting entity and, in such event, to comply with or seek relief from any requirements in connection with satisfying the registration or reporting requirements of the Exchange Act or the Investment Company Act; and (v) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Private Actions Trust Agreement and the Plan.

(b)    Any substantive provision of this Private Actions Trust Agreement may be amended or waived by the Private Actions Trustee with the prior approval of two-thirds vote of the members of the Private Actions Trust Committee, subject to the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; provided, however, that no change may be made to this Private Actions Trust Agreement that would adversely affect the distributions to be made under this Private Actions Trust Agreement to any of the Private Actions Trust Beneficiaries, or adversely affect the U.S.

Federal income tax status of the Private Actions Trust as a "liquidating trust." Notwithstanding this Section 10.1, any amendments to this Private Actions Trust Agreement shall not be inconsistent with the purpose and intention of the Private Actions Trust to liquidate in an expeditious but orderly manner the Non-Estate Refco Claims in accordance with Treasury Regulation Section 301.7701-4(d).

## ARTICLE 11

## MISCELLANEOUS PROVISIONS

11.1    Intention of Parties to Establish the Private Actions Trust.

This Private Actions Trust is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Private Actions Trust may be amended in accordance with Section 12.1 to comply with such federal income tax laws, which amendments may apply retroactively.

11.2    Reimbursement of Trust Costs.

If the Private Actions Trustee, the Private Actions Trust Committee or the Private Actions Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Private Actions Trust or the enforcement thereof, the Private Actions Trustee, the Private Actions Trust Committee or the Private Actions Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.  To the extent that the Private Actions Trust has advanced such amounts, the Private Actions Trust may recover such amounts from the non-prevailing party.

11.3    Laws as to Construction.

THIS PRIVATE ACTIONS TRUST AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO WHETHER ANY CONFLICTS OF LAW WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

11.4    Jurisdiction.

Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Private Actions Trust and to decide any claims or disputes which may arise or result from, or be connected with, this Private Actions Trust, any breach or default hereunder, or the

transactions contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties, including the Private Actions Trust Beneficiaries hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

  11.5 <u>Dispute Resolution</u>.

    In the event of any unresolved dispute between the Litigation Trustee and the Litigation Trust Committee, such dispute shall be resolved by the Bankruptcy Court upon motion by the Litigation Trustee or the Litigation Trust Committee, which motion shall be filed under seal, to the extent permitted by the Bankruptcy Court, unless otherwise agreed by the Litigation Trustee and a majority of the members of the Litigation Trust Committee.

  11.6 <u>Severability</u>.

    If any provision of this Private Actions Trust or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Private Actions Trust, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Private Actions Trust shall be valid and enforced to the fullest extent permitted by law.

  11.7 <u>Notices</u>.

    All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

    If to the Private Actions Trustee, to:

    Marc S. Kirschner
    1120 Park Ave
    Suite 18 A
    New York, New York 10128
    Facsimile:  212 996 4849
    E-mail: msk18a@yahoo.com

    With a copy to:

Susheel Kirpalani
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Facsimile: (212) 530-5219
E-mail: skirpalani@milbank.com


If to the Private Actions Trust Committee, to:

Refco Private Actions Trust Committee
c/o Ira S. Greene, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022
Facsimile: (212) 918-3100
E-mail: isgreene@hhlaw.com


If to the Grantors, to the persons identified on the applicable Assignment Agreements.


All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, facsimile number or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

   11.8    Fiscal Year.

   The fiscal year of the Private Actions Trust will begin on the first day of January and end on the last day of December of each year.

   11.9    Headings.

   The section headings contained in this Private Actions Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Private Actions Trust Agreement or of any term or provision hereof.

   11.10    Counterparts.

   This Private Actions Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

11.11   <u>Confidentiality</u>.

The Private Actions Trustee and each successor trustee and each member of the Private Actions Trust Committee and each successor member of the Private Actions Trust Committee (each a "<u>Covered Person</u>") shall, during the period that they serve in such capacity under this Private Actions Trust and following either the termination of this Private Actions Trust or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Private Actions Trust relates or of which it has become aware in its capacity (the "<u>Information</u>"), except to the extent disclosure is required by applicable law, order, regulation or legal process.  In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Private Actions Trust Committee reasonably promptly (unless prohibited by law) so that the Private Actions Trust Committee may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section (and if the Private Actions Trust Committee seeks such an order, the relevant Covered Person will provide cooperation as the Private Actions Trust Committee shall reasonably request).  In the event that no such protective order or other remedy is obtained, or that the Private Actions Trust Committee waives compliance with the terms of this Section and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Private Actions Trust Committee written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

11.12   <u>Entire Agreement</u>.

This Private Actions Trust Agreement (including the Recitals), the Assignment Agreements, the Plan, and the Confirmation Order constitute the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Private Actions Trust Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Private Actions Trust Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Private Actions Trust Agreement.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Private Actions Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**THOSE GRANTORS EXECUTING ASSIGNMENTS AND ACKNOWLEDGEMENTS**

**- and -**

**PRIVATE ACTIONS TRUSTEE**:

_____

By:
Title:

37

**SCHEDULE A**

**SCHEDULE OF CERTAIN CONFIDENTIAL NON-ESTATE REFCO CLAIMS**

**SCHEDULE B**

**COMPENSATION TERMS OF ORIGINAL TRUSTEE**
**(INCLUSIVE OF COMPENSATION FOR SERVING AS LITIGATION TRUSTEE)**

The Original Trustee shall receive reasonable compensation for serving as Litigation Trustee and Private Actions Trustee, and reimbursement of reasonable out-of-pocket costs, in accordance with the following contingency-based schedule:

- The following percentage of aggregate net recoveries of the Litigation Trust and Private Actions Trust, which, for the avoidance of doubt, shall be calculated after all costs of litigation and collection, including attorneys' fees, experts, and consultants --

  - 0.5% of the first $100,000,000 of net recoveries

  - 1.0% of net recoveries in excess of $100,000,000 but less than or equal to $250,000,000

  - 2.0% of net recoveries in excess of $250,000,000 but less than or equal to $400,000,000

  - 2.5% of net recoveries in excess of $400,000,000

- Reimbursement of reasonable out-of-pocket expenses (excluding overhead for office space and secretarial assistance) on a monthly basis. Significant costs may be advanced from the assets of the Litigation Trust with the approval of the Litigation Trust Committee.

- Any and all net recoveries actually received by the Litigation Trust, whether by judgment or settlement, during the tenure of the Original Trustee or the Applicable Period (as defined below) following the Original Trustee's termination in accordance with Section 3.17(b) of the Litigation Trust Agreement (a "Qualifying Termination") shall be deemed earned and unpaid compensation or bonus for purposes of such section. Any such actual recoveries shall also include any deferred payment recovery from defendant(s) or putative defendant(s) that is agreed to in writing within the Applicable Period by such defendant(s) or putative defendant(s), even if not paid or payable until after the Applicable Period, provided that such deferred payment recovery is in fact realized by the Litigation Trust (collectively, "Qualifying Recoveries"); provided, however, that the Original Trustee will only receive his or her percentage of Qualifying Recoveries as, if, and when such deferred payment is actually received by the Litigation Trust.

  - "Applicable Period" shall mean a minimum period of six (6) months after a Qualifying Termination, and if the Litigation Trustee has worked for more than six (6) months in that position, such period shall increase by one day for each day the Litigation Trustee works as Litigation

B

Trustee after the initial six (6) months up to a maximum period of twenty-four (24) months; <u>provided</u>, <u>however</u>, that any fees payable to the Original Trustee on account of Qualifying Recoveries occurring after twelve (12) months following a Qualifying Termination shall be reduced by fifty percent (50%) of the calculation set forth above.

- The compensation of the Original Trustee shall be payable in connection with each distribution made to the Litigation Trust Beneficiaries  and the Private Action Litigation Trust Beneficiaries and shall be allocated in the same proportion to the Litigation Trust and the Private Actions Trust as the proceeds are allocated to such trusts.

C

**SCHEDULE C**

**LIST OF INITIAL MEMBERS OF THE PRIVATE ACTIONS TRUST COMMITTEE**

- VR Global Partners, L.P.

- Premier Bank International, N.V.

- Lyxor/Beach Discretionary Fund Ltd.

- Capital Management Select Fund, Ltd.

- Abadi & Co.