PLAN EXHIBIT M
PRIVATE ACTIONS TRUST ELECTION

**This Exhibit is subject to all of the provisions of the Plan, including, without limitation section 12.5, under which the Plan Proponents have reserved the right to alter, amend, or modify the Plan, including any Exhibits thereto, under section 1127(a) of the Bankruptcy Code at any time prior to the Effective Date.**

**THE ELECTION DEADLINE IS
5:00 P.M. (EASTERN TIME) ON JANUARY \_\_\_, 2007**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re:                                  :   Chapter 11
                                        :
Refco Inc., et al.,                     :   Case No. 05-60006 (RDD)
                                        :
              Debtors.                  :   (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Private Actions Trust Election for
Holders of Certain Subordinated Claims**

      Refco Inc. ("Refco") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] along with Marc S. Kirschner, the Chapter 11 Trustee of the Estate of Refco Capital Markets, Ltd. ("RCM"), the Official Committee of Unsecured Creditors of Refco Inc., et al., and the Additional Committee of Unsecured Creditors of Refco Inc., et al., are offering the holders as of December 8, 2006 (the "Record Date") of claims subordinated pursuant to section 510(b) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") arising from the rescission of a purchase or sale of any such common stock or rights relating to the common stock of Refco Inc., or any claim for damages arising from the purchase or sale of common stock of Refco Inc. or any claim for reimbursement, contribution, or indemnification arising from or relating to any such claims (collectively, the "Old Equity Interests") an opportunity to receive a distribution of certain trust interests pursuant to the terms of the Modified Joint Chapter 11 Plan Of

---

[1] The following entities are Debtors in these chapter 11 cases: Bersec International LLC; Kroeck & Associates, LLC; Lind-Waldock Securities LLC; Marshall Metals, LLC; New Refco Group Ltd., LLC; Refco Administration, LLC; Refco Capital Holdings, LLC; Refco Capital LLC; Refco Capital Management, LLC.; Refco Capital Trading LLC; Refco Commodity Management, Inc.; Refco Finance Inc.; Refco Financial, LLC; Refco Fixed Assets Management, LLC; Refco F/X Associates, LLC; Refco Global Capital Management LLC; Refco Global Finance Limited; Refco Global Futures, LLC; Refco Global Holdings, LLC; Refco Group Ltd., LLC; Refco Inc.; Refco Information Services, LLC; Refco Managed Futures, LLC; Refco Mortgage Securities, LLC; Refco Regulated Companies, LLC; Summit Management, LLC; and Westminster-Refco Management LLC. Refco Capital Markets, Ltd. is a debtor in these chapter 11 cases, but not a debtor-in-possession.

Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as may be amended, supplemented or otherwise modified, the "Plan").[2]

The Plan provides that holders of Allowed Old Equity Interests that elect (the "Private Actions Trust Election") (i) to contribute their Non-Estate Refco Claims (as defined below) to the trust established on the Effective Date pursuant to section 5.8 of the Plan to hold such Non-Estate Refco Claims (the "Private Actions Trust") and (ii) to assign (or cause to be assigned) their allocable share of any proceeds of Class Action Claims (as defined below) to the Private Actions Trust will receive (a) their Pro Rata share of the Tranche B Litigation Trust Interests (as defined below) and (b) an equivalent number of interests in the Private Actions Trust.  Attached is the Private Actions Trust Election form for holders of Old Equity Interests.  The distributions that will be received by holders of Allowed Old Equity Interests who make the Private Actions Trust Election are derived from the recoveries generated by the Litigation Trust and the Private Actions Trust, each as summarized below and discussed more fully in the Plan.

"Non-Estate Refco Claims" are defined in Section 1.126 of the Plan to mean non-estate causes of action arising from any matter involving any Refco Entity including, without limitation, causes of action against: (i) all current and former officers, directors or employees of the Refco Entities; (ii) all persons or entities that conducted transactions with the Refco Entities; and (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity, including, without limitation, all underwriters; *provided*, *however*, Non-Estate Refco Claims shall exclude (i) contract claims against third parties and (ii) Class Action Claims (although making the Private Actions Trust Election will cause your allocable share of proceeds from such Class Action Claims to be assigned to the Private Actions Trust).

<u>IF YOU MAKE THE PRIVATE ACTIONS TRUST ELECTION, YOU WILL BE CONTRIBUTING YOUR NON-ESTATE REFCO CLAIMS AND ASSIGNING YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST</u>.

"Class Actions Claims" are defined in Section 1.41 of the Plan to mean (i) claims for violation of securities laws arising under and pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 that currently are being asserted in the class action styled *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, 06-Civ. 643 (GEL) (S.D.N.Y.), (ii) claims asserted in the securities class action entitled *In re Refco Inc. Securities Litigation*, Case No. 05 Civ. 8626 (GEL) (S.D.N.Y.), and (iii) other claims currently being asserted in certified class actions relating to the Debtors and RCM, if any.

---

[2]     Unless defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

"Tranche B Litigation Trust Interests" are defined in Section 1.226 of the Plan to mean interests in the Litigation Trust consisting of 3% of the first $500 million of total proceeds from the Litigation Trust and the Private Actions Trust (net of certain costs as set forth in the Plan, the "Combined Recoveries"), 7.5% of the Combined Recoveries greater than $500 million and 15% of the Combined Recoveries greater than $1 billion.

The following briefly describes the Debtors' chapter 11 cases and the applicable Plan provisions giving rise to the Private Actions Trust Election and the distributions associated with such election. For further details concerning the Debtors' chapter 11 cases and the Private Actions Trust Election, please refer to the provisions of the Plan referenced herein.

### The Chapter 11 Cases

On October 17, 2005 (the "Petition Date") and thereafter, each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York for reorganization relief under chapter 11 of the Bankruptcy Code.

On September 14, 2006, the Debtors filed the Plan and the Disclosure Statement With Respect To Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as amended, the "Disclosure Statement"). On October 20, 2006, the Court entered an order approving the Disclosure Statement.

### Litigation Trust

Section 5.7 of the Plan provides for the establishment of a trust (the "Litigation Trust") on the Effective Date for the purpose of pursuing any and all Litigation Claims (as defined in section 1.113 of the Plan) of the Debtors, RCM or their Estates (including claims being pursued by the Committees on behalf of the Debtors), which will be contributed (i) by the Debtors, RCM and their Estates and (ii) by Holders of RCM Related Claims, to the extent of any election or deemed election to exchange and subordinate such Claims in accordance with section 6.6(c) of the Plan (all such Claims collectively, the "Contributed Claims").

As provided by Plan section 5.7(c), the Litigation Trust will be structured in a manner that provides for a Tranche A and a Tranche B. All Contributed Claims Recoveries, whether applicable to Tranche A or Tranche B, will be distributed Pro Rata according to the beneficial interests in Tranche A and Tranche B.

### Tranche A Litigation Trust Interests

Section 5.7(c)(i) of the Plan provides that the Beneficiaries of Tranche A Litigation Trust Interests will be the RCM Estate, Holders of Allowed Contributing Debtors General Unsecured Claims and Holders of Allowed FXA General Unsecured Claims and such Beneficiaries shall share the Tranche A Litigation Trust Interests Pro Rata based on (x) in the case of the RCM Estate, the aggregate amount of Allowed RCM Implied Deficiency Claims and the Allowed RCM FX/Unsecured Claims and (y) in the

case of Holders of Contributing Debtors General Unsecured Claims and the Holders of FXA General Unsecured Claims, the amount of each such Holder's Allowed Claim.

### Tranche B Litigation Trust Interests

As provided by section 5.25 of the Plan, the Tranche A Litigation Trust Interests Beneficiaries will be deemed to have transferred to each Holder of an Allowed Class 8 Old Equity Interest who has made a Private Actions Trust Election a Pro Rata share of the Tranche B Litigation Trust Interests. Section 5.7(c)(ii) of the Plan specifically provides that such Tranche B Litigation Trust Beneficiaries will share the Tranche B Litigation Trust Interests Pro Rata based on the number of shares held by the Holders of such Interests or the number of shares previously held to the extent that the Holder has asserted a Claim related to such shares.

### Private Actions Trust

As further detailed in section 5.8 of the Plan, on the Effective Date the Private Actions Trust will be established on the terms set forth in the Private Actions Trust Agreement attached as Exhibit G to the Plan. The Private Actions Trust will hold certain claims and causes of action against third parties owned by Holders of Claims or Interests against RCM or the Debtors and which claims, even after contribution, are not assets of the Estates. Beneficiaries of the Private Actions Trust will be Holders of Contributing Debtors General Unsecured Claims, FXA General Unsecured Claims, RCM Securities Customer Claims, RCM FX/Unsecured Claims and those Old Equity Interests that make the Private Actions Trust Election, who shall be given interests in the Private Actions Trust to the same extent as in the Litigation Trust.

Furthermore, to the extent that any Non-Estate Refco Claims cannot be transferred to the Private Actions Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Non-Estate Refco Claims will be deemed to have been retained by the grantor, as applicable, and the Private Actions Trustee shall be deemed to have been designated as a representative of such grantor to enforce and pursue such Non-Estate Refco Claims on behalf of such grantor. Notwithstanding the foregoing, all net proceeds of such Non-Estate Refco Claims will be transferred to the Private Actions Trust Beneficiaries consistent with the other provisions of the Plan and the Private Actions Trust Agreement.

**PLEASE COMPLETE THIS PRIVATE ACTIONS TRUST ELECTION FORM IF YOU WISH TO TRANSFER YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST IN EXCHANGE FOR (i) A PRO RATA SHARE OF TRANCHE B LITIGATION TRUST INTERESTS AND (ii) AN EQUIVALENT NUMBER OF INTERESTS IN THE PRIVATE ACTIONS TRUST.**

<u>**ANY HOLDER OF OLD EQUITY INTERESTS WHO DOES NOT WISH TO PARTICIPATE IN THE PRIVATE ACTIONS TRUST ELECTION OR**</u>

**OTHERWISE FAILS TO TIMELY AND PROPERLY COMPLETE THIS PRIVATE ACTIONS TRUST ELECTION FORM WILL RECEIVE NO DISTRIBUTION UNDER THE PLAN, BUT WILL RETAIN THE RIGHT TO PURSUE NON-ESTATE REFCO CLAIMS AND CLASS ACTION CLAIMS.**

**DO NOT MAKE THE PRIVATE ACTIONS TRUST ELECTION IF YOU WISH TO RETAIN YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF PROCEEDS OF CLASS ACTION CLAIMS.**

**HOLDERS WHO HAVE MADE THE PRIVATE ACTIONS TRUST ELECTION WILL HAVE NO GOVERNANCE OR OVERSIGHT RIGHTS WITH RESPECT TO THE PRIVATE ACTIONS TRUST OR THE LITIGATION TRUST.**

The enclosed Plan contains information to assist you in deciding whether to make the Private Actions Trust Election. Your rights are more specifically set forth in the Plan, and in the event of inconsistency between the Plan and the summary provided herein, the Plan shall control. **Please review the Plan carefully before you decide whether or not to make the Private Actions Trust Election. Information concerning the Private Actions Trust Election is set forth in Sections 5.7, 5.8 and 5.25 of the Plan.** You also may wish to seek legal, financial or tax advice prior to deciding whether to make such election.

**Questions.** If you have any questions about the Private Actions Trust Election or if you do not have a copy of the Plan, please contact Financial Balloting Group, 757 Third Avenue, Third Floor, New York, New York 10017, telephone (646) 282-1800.

> **PRIVATE ACTIONS TRUST ELECTION DEADLINE**
>
> **THE DEADLINE TO MAKE THE PRIVATE ACTIONS TRUST ELECTION IS 5:00 P.M., EASTERN TIME, ON JANUARY \_\_\_, 2007.**
>
> Your Private Actions Trust Election must be sent to Financial Balloting Group, 757 Third Avenue, Third Floor, New York, New York 10017 so as to be received by the deadline of 5:00 p.m. Eastern Time on January \_\_\_, 2007. If your Private Actions Trust Election is not received by Financial Balloting Group by the deadline of 5:00 p.m., Eastern Time, on January \_\_\_, 2007, your Private Actions Trust Election will not count and your Private Actions Trust Election will not be effective.

**Item. 1**  **In accordance with Section 1.149 of the Plan, you may make a Private Actions Trust Election, thereby indicating that you elect to assign and contribute your Non-Estate Refco Claims, and the proceeds of any Class Action Claims, to the Private Actions Trust. If you make a Private Actions Trust Election, you shall receive a distribution pursuant to sections 5.7, 5.8 and 5.25 of the Plan, which distribution shall consist of (i) a Pro Rata share of the Tranche B Litigation Trust Interests and (ii) and an equivalent number of interests in the Private Actions Trust.**

**On the Effective Date, each holder of a Class 8 Old Equity Interest that has not made a Private Actions Trust Election prior to the Private Actions Trust Election Deadline shall not be entitled, nor shall such holder receive or retain, any property or interest in property on account of such Class 8 Old Equity Interest under the Plan.**

**You should read and consider carefully the matters described in the Plan as a whole, including respecting the Class 8 Old Equity Interests and the Private Actions Trust and consider consulting with your legal, business, financial and tax consultants before deciding whether to make the Private Actions Trust Election.**

> ☐ **PRIVATE ACTIONS TRUST ELECTION**
> (Check the box only if you wish to make the Private Actions Trust Election)
>
> Amount of section 510(b) claim asserted in Refco Inc. chapter 11 case, net of payments or offsets: _____
>
> Number of shares owned which gave rise to this claim: _____

**Item 2.**     **Other Old Equity Interests Held.**  You must make your Private Actions Trust Election for all your Old Equity Interests.  You may not split your Private Actions Trust Election.  By returning this Private Actions Trust Election form, you certify that you have made the same decision respecting the Private Actions Trust Election regarding all of your Class 8 Old Equity Interests in or against the Debtors.

**Item 3.**     **Certification.**  By returning this Private Actions Trust Election Form, I:

1. certify that: (i) as of the Record Date, I was the holder of the section 510(b) claim described in Item 1 above; (ii) I have full power and authority to make this Private Actions Trust Election with respect to my Class 8 Old Equity Interests in or against the Debtors; (iii) I hereby assign and contribute my Non-Estate Refco Claims, and the proceeds of any Class Action Claims, to the Private Actions Trust; and (iv) I have received and reviewed a copy of the Plan (including the exhibits thereto);

2. agree to provide proof of my authority to make this Private Actions Trust Election, if required or requested by the Financial Balloting Group, the Debtors or the Bankruptcy Court; and

3. certify that I have considered carefully and have consulted with such legal, business, financial and tax consultants as I considered necessary before deciding on whether or not to make the Private Actions Trust Election (or have chosen to forego such consultation) and that I understand that if I make the Private Actions Trust Election that I cannot withdraw or revoke my Election and that I cannot further trade my Old Equity Interests.

Date: _____, 200__      Signature:_____
                                  Name of Holder:_____
                                                 (Print or Type)
                                  Social Security or Federal Tax I.D. No:_____
                                  Name of Person Signing:_____
                                                         (If Other than Holder)
                                  Title (if corporation, partnership, or LLC):_____
                                  Street Address:_____
                                  City, State, Zip Code:_____
                                  Telephone Number:_____

**THE DEADLINE FOR YOUR NOMINEE TO MAKE THE PRIVATE ACTIONS TRUST ELECTION IS 5:00 P.M. (EASTERN TIME) ON JANUARY ___, 2007**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re:                                      :     Chapter 11
                                            :
Refco Inc., et al.,                         :     Case No. 05-60006 (RDD)
                                            :
        Debtors.                            :     (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Private Actions Trust Election for
Holders of Old Common Stock of Refco Inc.**

Refco Inc. ("Refco") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] along with Marc S. Kirschner, the Chapter 11 Trustee of the Estate of Refco Capital Markets, Ltd. ("RCM"), the Official Committee of Unsecured Creditors of Refco Inc., et al., and the Additional Committee of Unsecured Creditors of Refco Inc., et al., are offering the holders of the common stock of Refco Inc. outstanding immediately prior to the Petition Date, including treasury stock and all options, warrants, calls, rights, participation rights, puts, awards, commitments, or any other agreements of any character to acquire such common stock (collectively, the "Old Equity Interests") an opportunity to receive a distribution of certain trust interests pursuant to the terms of the Modified Joint Chapter

---

[1] The following entities are Debtors in these chapter 11 cases: Bersec International LLC; Kroeck & Associates, LLC; Lind-Waldock Securities LLC; Marshall Metals, LLC; New Refco Group Ltd., LLC; Refco Administration, LLC; Refco Capital Holdings, LLC; Refco Capital LLC; Refco Capital Management, LLC.; Refco Capital Trading LLC; Refco Commodity Management, Inc.; Refco Finance Inc.; Refco Financial, LLC; Refco Fixed Assets Management, LLC; Refco F/X Associates, LLC; Refco Global Capital Management LLC; Refco Global Finance Limited; Refco Global Futures, LLC; Refco Global Holdings, LLC; Refco Group Ltd., LLC; Refco Inc.; Refco Information Services, LLC; Refco Managed Futures, LLC; Refco Mortgage Securities, LLC; Refco Regulated Companies, LLC; Summit Management, LLC; and Westminster-Refco Management LLC. Refco Capital Markets, Ltd. is a debtor in these chapter 11 cases, but not a debtor-in-possession.

Old Equity Interests

11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as may be amended, supplemented or otherwise modified, the "Plan").[2]

The Plan provides that holders of Allowed Old Equity Interests that elect (the "Private Actions Trust Election") (i) to contribute their Non-Estate Refco Claims (as defined below) to the trust established on the Effective Date pursuant to section 5.8 of the Plan to hold such Non-Estate Refco Claims (the "Private Actions Trust") and (ii) to assign (or cause to be assigned) their allocable share of any proceeds of Class Action Claims (as defined below) to the Private Actions Trust will receive (a) their Pro Rata share of the Tranche B Litigation Trust Interests (as defined below) and (b) an equivalent number of interests in the Private Actions Trust.  Attached is the Private Actions Trust Election form for holders of Old Equity Interests.  The distributions that will be received by holders of Allowed Old Equity Interests who make the Private Actions Trust Election are derived from the recoveries generated by the Litigation Trust and the Private Actions Trust, each as summarized below and discussed more fully in the Plan.

"Non-Estate Refco Claims" are defined in Section 1.126 of the Plan to mean non-estate causes of action arising from any matter involving any Refco Entity including, without limitation, causes of action against: (i) all current and former officers, directors or employees of the Refco Entities; (ii) all persons or entities that conducted transactions with the Refco Entities; and (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity, including, without limitation, all underwriters; *provided*, *however*, Non-Estate Refco Claims shall exclude (i) contract claims against third parties and (ii) Class Action Claims (although making the Private Actions Trust Election will cause your allocable share of proceeds from such Class Action Claims to be assigned to the Private Actions Trust).

IF YOU MAKE THE PRIVATE ACTIONS TRUST ELECTION, YOU WILL BE CONTRIBUTING YOUR NON-ESTATE REFCO CLAIMS AND ASSIGNING YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST.

"Class Actions Claims" are defined in Section 1.41 of the Plan to mean (i) claims for violation of securities laws arising under and pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 that currently are being asserted in the class action styled *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, 06-Civ. 643 (GEL) (S.D.N.Y.), (ii) claims asserted in the securities class action entitled *In re Refco Inc. Securities Litigation*, Case No. 05 Civ. 8626 (GEL) (S.D.N.Y.), and (iii) other claims currently being asserted in certified class actions relating to the Debtors and RCM, if any.

---

[2]  Unless defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

"Tranche B Litigation Trust Interests" are defined in Section 1.226 of the Plan to mean interests in the Litigation Trust consisting of 3% of the first $500 million of total proceeds from the Litigation Trust and the Private Actions Trust (net of certain costs as set forth in the Plan, the "Combined Recoveries"), 7.5% of the Combined Recoveries greater than $500 million and 15% of the Combined Recoveries greater than $1 billion.

The following briefly describes the Debtors' chapter 11 cases and the applicable Plan provisions giving rise to the Private Actions Trust Election and the distributions associated with such election. For further details concerning the Debtors' chapter 11 cases and the Private Actions Trust Election, please refer to the provisions of the Plan referenced herein.

### The Chapter 11 Cases

On October 17, 2005 (the "Petition Date") and thereafter, each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York for reorganization relief under chapter 11 of the Bankruptcy Code.

On September 14, 2006, the Debtors filed the Plan and the Disclosure Statement With Respect To Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as amended, the "Disclosure Statement"). On October 20, 2006, the Court entered an order approving the Disclosure Statement.

### Litigation Trust

Section 5.7 of the Plan provides for the establishment of a trust (the "Litigation Trust") on the Effective Date for the purpose of pursuing any and all Litigation Claims (as defined in section 1.113 of the Plan) of the Debtors, RCM or their Estates (including claims being pursued by the Committees on behalf of the Debtors), which will be contributed (i) by the Debtors, RCM and their Estates and (ii) by Holders of RCM Related Claims, to the extent of any election or deemed election to exchange and subordinate such Claims in accordance with section 6.6(c) of the Plan (all such Claims collectively, the "Contributed Claims").

As provided by Plan section 5.7(c), the Litigation Trust will be structured in a manner that provides for a Tranche A and a Tranche B. All Contributed Claims Recoveries, whether applicable to Tranche A or Tranche B, will be distributed Pro Rata according to the beneficial interests in Tranche A and Tranche B.

### Tranche A Litigation Trust Interests

Section 5.7(c)(i) of the Plan provides that the Beneficiaries of Tranche A Litigation Trust Interests will be the RCM Estate, Holders of Allowed Contributing Debtors General Unsecured Claims and Holders of Allowed FXA General Unsecured Claims and such Beneficiaries shall share the Tranche A Litigation Trust Interests Pro Rata based on (x) in the case of the RCM Estate, the aggregate amount of Allowed RCM Implied Deficiency Claims and the Allowed RCM FX/Unsecured Claims and (y) in the

case of Holders of Contributing Debtors General Unsecured Claims and the Holders of FXA General Unsecured Claims, the amount of each such Holder's Allowed Claim.

### Tranche B Litigation Trust Interests

As provided by section 5.25 of the Plan, the Tranche A Litigation Trust Interests Beneficiaries will be deemed to have transferred to each Holder of an Allowed Class 8 Old Equity Interest who has made a Private Actions Trust Election a Pro Rata share of the Tranche B Litigation Trust Interests. Section 5.7(c)(ii) of the Plan specifically provides that such Tranche B Litigation Trust Beneficiaries will share the Tranche B Litigation Trust Interests Pro Rata based on the number of shares held by the Holders of such Interests or the number of shares previously held to the extent that the Holder has asserted a Claim related to such shares.

### Private Actions Trust

As further detailed in section 5.8 of the Plan, on the Effective Date the Private Actions Trust will be established on the terms set forth in the Private Actions Trust Agreement attached as Exhibit G to the Plan. The Private Actions Trust will hold certain claims and causes of action against third parties owned by Holders of Claims or Interests against RCM or the Debtors and which claims, even after contribution, are not assets of the Estates. Beneficiaries of the Private Actions Trust will be Holders of Contributing Debtors General Unsecured Claims, FXA General Unsecured Claims, RCM Securities Customer Claims, RCM FX/Unsecured Claims and those Old Equity Interests that make the Private Actions Trust Election, who shall be given interests in the Private Actions Trust to the same extent as in the Litigation Trust.

Furthermore, to the extent that any Non-Estate Refco Claims cannot be transferred to the Private Actions Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Non-Estate Refco Claims will be deemed to have been retained by the grantor, as applicable, and the Private Actions Trustee shall be deemed to have been designated as a representative of such grantor to enforce and pursue such Non-Estate Refco Claims on behalf of such grantor. Notwithstanding the foregoing, all net proceeds of such Non-Estate Refco Claims will be transferred to the Private Actions Trust Beneficiaries consistent with the other provisions of the Plan and the Private Actions Trust Agreement.

**PLEASE COMPLETE THIS PRIVATE ACTIONS TRUST ELECTION FORM (OR OTHERWISE FOLLOW THE DIRECTIONS OF YOUR BANK, BROKERAGE FIRM OR OTHER NOMINEE (THE "NOMINEE")) IF YOU WISH TO TRANSFER YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST IN EXCHANGE FOR (i) A PRO RATA SHARE OF TRANCHE B LITIGATION TRUST INTERESTS AND (ii) AN EQUIVALENT NUMBER OF INTERESTS IN THE PRIVATE ACTIONS TRUST.**

**ANY HOLDER OF OLD EQUITY INTERESTS WHO DOES NOT WISH TO PARTICIPATE IN THE PRIVATE ACTIONS TRUST ELECTION OR OTHERWISE FAILS TO TIMELY AND PROPERLY INSTRUCT ITS NOMINEE WILL RECEIVE NO DISTRIBUTION UNDER THE PLAN, BUT WILL RETAIN THE RIGHT TO PURSUE NON-ESTATE REFCO CLAIMS AND CLASS ACTION CLAIMS. YOUR NOMINEE MUST PROPERLY EFFECT ANY PRIVATE ACTIONS TRUST ELECTION ON YOUR BEHALF.**

**DO NOT MAKE THE PRIVATE ACTIONS TRUST ELECTION IF YOU WISH TO RETAIN YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF PROCEEDS OF CLASS ACTION CLAIMS.**

**HOLDERS WHO HAVE MADE THE PRIVATE ACTIONS TRUST ELECTION WILL HAVE NO GOVERNANCE OR OVERSIGHT RIGHTS WITH RESPECT TO THE PRIVATE ACTIONS TRUST OR THE LITIGATION TRUST.**

The enclosed Plan contains information to assist you in deciding whether to make the Private Actions Trust Election. You rights are more specifically set forth in the Plan, and in the event of inconsistency between the Plan and the summary provided herein, the Plan shall control. **Please review the Plan carefully before you decide whether or not to make the Private Actions Trust Election. Information concerning the Private Actions Trust Election is set forth in Sections 5.7, 5.8 and 5.25 of the Plan.** You also may wish to seek legal, financial or tax advice prior to deciding whether to make such election.

**Questions.** If you have any questions about the Private Actions Trust Election or if you do not have a copy of the Plan, please contact Financial Balloting Group, 757 Third Avenue, Third Floor, New York, New York 10017, telephone (646) 282-1800.

> **PRIVATE ACTIONS TRUST ELECTION DEADLINE**
>
> **THE DEADLINE FOR YOUR NOMINEE TO MAKE THE PRIVATE ACTIONS TRUST ELECTION IS 5:00 P.M., EASTERN TIME, ON JANUARY \_\_\_, 2007.**
>
> Your Private Actions Trust Election must be sent to the Nominee that sent you this election form sufficiently far enough in advance so that the Nominee can effectuate your Private Actions Trust Election by the deadline of 5:00 p.m. Eastern Time on January \_\_\_, 2007. You should follow the directions provided by your Nominee.
>
> If your Private Actions Trust Election is not received by the Nominee that sent you the Private Actions Trust Election in sufficient time for the Nominee to electronically deliver your Old Equity Interests to the account established for that purpose to effectuate your Private Actions Trust Election, by the deadline of 5:00 p.m., Eastern Time, on January \_\_\_, 2007, your Private Actions Trust Election will not count and your Private Actions Trust Election will not be effective.

**Item. 1** In accordance with Section 1.149 of the Plan, you may make a Private Actions Trust Election, thereby indicating that you elect to assign and contribute your Non-Estate Refco Claims, and the proceeds of any Class Action Claims, to the Private Actions Trust. If you make a Private Actions Trust Election, you shall receive a distribution pursuant to sections 5.7, 5.8 and 5.25 of the Plan, which distribution shall consist of (i) a Pro Rata share of the Tranche B Litigation Trust Interests and (ii) and an equivalent number of interests in the Private Actions Trust.

On the Effective Date, each holder of a Class 8 Old Equity Interest that has not made a Private Actions Trust Election prior to the Private Actions Trust Election Deadline shall not be entitled, nor shall such holder receive or retain, any property or interest in property on account of such Class 8 Old Equity Interest under the Plan.

You should read and consider carefully the matters described in the Plan as a whole, including respecting the Class 8 Old Equity Interests and the Private Actions Trust and consider consulting with your legal, business, financial and tax consultants before deciding whether to make the Private Actions Trust Election.

> ☐ **PRIVATE ACTIONS TRUST ELECTION**
> (Check the box only if you wish to make the Private Actions Trust Election)

**Item 2.**     **Other Old Equity Interests Held.**  You must make your Private Actions Trust Election for all your Old Equity Interests.  You may not split your Private Actions Trust Election.  By returning this Private Actions Trust Election form, you certify that you have made the same decision respecting the Private Actions Trust Election regarding all of your Class 8 Old Equity Interests in or against the Debtors.

**Item 3.**     **Certification.**  By returning this Private Actions Trust Election Form, I:

1.  certify that: (i) I have full power and authority to make this Private Actions Trust Election with respect to my Class 8 Old Equity Interests in or against the Debtors; (ii) I hereby authorize my Nominee to treat this Private Actions Trust Election Form as a direction to electronically deliver my Old Equity Interests to the account established for that purpose; (iii) I hereby assign and contribute my Non-Estate Refco Claims, and the proceeds of any Class Action Claims, to the Private Actions Trust; and (iv) I have received and reviewed a copy of the Plan (including the exhibits thereto);

2.  agree to provide proof of my authority to make this Private Actions Trust Election, if required or requested by the Nominee, Financial Balloting Group, the Debtors or the Bankruptcy Court; and

3.  certify that I have considered carefully and have consulted with such legal, business, financial and tax consultants as I considered necessary before deciding on whether or not to make the Private Actions Trust Election (or have chosen to forego such consultation) and that I understand that if I make the Private Actions Trust Election that I cannot withdraw or revoke my Election and that I cannot further trade my Old Equity Interests.

Date: _____, 200__     Signature:_____
                                 Name of Holder:_____
                                              (Print or Type)
                                 Social Security or Federal Tax I.D. No:_____
                                 Name of Person Signing:_____
                                              (If Other than Holder)
                                 Title (if corporation, partnership, or LLC):_____
                                 Street Address:_____
                                 City, State, Zip Code:_____
                                 Telephone Number:_____