UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re                                                           :    Chapter 11
                                                                :    Case No. 05-60006 (RDD)
REFCO INC., et al.,                                             :
                                                                :    (Jointly Administered)
                                    Debtors.                    :
                                                                :
------------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER
SUBORDINATING AND RECLASSIFYING PROOFS
OF CLAIM FILED BY PACIFIC INVESTMENT MANAGEMENT
COMPANY LLC AND RH CAPITAL ASSOCIATES LLC, INDIVIDUALLY AND
AS LEAD PLAINTIFFS, AGAINST VARIOUS DEBTOR ENTITIES, INCLUDING RCM**

The Plan Administrators,[1] Pacific Investment Management Company LLC on its own

behalf ("PIMCO"), RH Capital Associates LLC on its own behalf ("RH Capital"), and RH

Capital and PIMCO as lead plaintiffs in *In re Refco Inc. Securities Litigation*, Case No. 05 Civ.

8626 (GEL) ("Lead Plaintiffs") (the Lead Plaintiffs, RH Capital and PIMCO collectively, the

"Section 510 Claimants") (the Section 510 Claimants together with the Plan Administrators, the

"Parties"), after good faith, arms' length negotiations have agreed to submit this stipulation and

agreed order (the "Stipulation and Order"), resolving the classification of, (i) proofs of claim

numbers 13077, 13078, 13083, 13085, and 13086, each asserted by PIMCO in the amount of

$17,648,885.00, (ii) proof of claim number 13082, asserted by RH Capital in the amount of

$15,549,567.02, and (iii) proofs of claim numbers 13076, 13079, 13080, 13081, 13084 (the

"Class Claims"), asserted by Lead Plaintiffs on behalf of the members of the purported class (the

"Securities Litigation Class") in an unstated, unliquidated amount (all of the foregoing, the

---

[1]       Pursuant to the Plan, Confirmation Order and applicable agreements, RJM, LLC has been appointed as plan administrator to the Reorganized Debtors (the "Refco Plan Administrator") and Marc S. Kirschner has been appointed as plan administrator to Refco Capital Markets, Ltd. ("RCM") (the "RCM Plan Administrator" and together with the Refco Plan Administrator, the "Plan Administrators").

"Section 510 Claims"), and resolving certain issues relating to the eventual allowance or disallowance, in whole or in part, of the Section 510 Claims, and agree as follows:

WHEREAS on October 17, 2005, Refco Inc. and several of its affiliates (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS by order entered December 15, 2006, this Court confirmed the *Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries* (the "Plan"), and on December 26, 2006, the conditions to consummate the Plan as set forth in its Article IX were satisfied or waived and the Plan became effective; and

WHEREAS by Order dated February 8, 2006, the Section 510 Claimants were appointed lead plaintiffs in the action styled *In re Refco Inc. Securities Litigation*, Case No. 05 Civ. 8626 (GEL), in the United States District Court for the Southern District of New York (the "Securities Litigation"); and

WHEREAS on or about April 3, 2006, the Section 510 Claimants filed a consolidated complaint in the Securities Litigation, alleging violations of federal securities laws by Refco, Inc. and certain of its affiliates, on behalf of themselves and all persons who purchased or acquired certain securities of Refco, Inc. and its affiliates, between August 5, 2004 and October 17, 2005;[2] and

WHEREAS on or about July 15, 2006, the Section 510 Claimants filed the Section 510 Claims against certain Debtors; and

---

[2]    The complaint was amended on May 5, 2006.

WHEREAS the Section 510 Claimants asserted in the Section 510 Claims that the basis for such claims consists of the allegations and claims described in the Securities Litigation and the Debtors' alleged violations of federal securities laws; and

WHEREAS PIMCO's claim numbers 13077, 13078, 13083, 13085, and 13086 are based upon the purchase of debt securities issued by one or more of the Debtors; and

WHEREAS RH Capital's and Lead Plaintiffs' claim numbers 13082, 13076, 13079, 13080, 13081, and 13084 are based upon the purchase of the common stock of Refco Inc. and certain debt securities issued by one or more of the Debtors; and

WHEREAS pursuant to section 1.128 of the Plan, the Section 510 Claims are "Old Equity Interests" to the extent they assert damages relating to the purchase of the common stock of Refco Inc., and pursuant to section 1.224 of the Plan, the Section 510 Claims are "Subordinated Claims" to the extent they assert damages relating to the purchase of the debt securities of any of the Debtors; and

WHEREAS on March 13, 2007, the Plan Administrators filed *Plan Administrators' Objection to Proofs of Claim Filed by Pacific Investment Management Company LLC and RH Capital Associates LLC, Directly and as Lead Plaintiffs, Against Various Debtor Entities, Including RCM* [Docket No. 4617] (the "Objection"), seeking entry of an order (i) reclassifying and subordinating the Section 510 Claims to the level of RCM Subordinated Claims Class 9 ("Class RCM 9"), Contributing Debtors Subordinated Claims Class 7 ("Class CD 7"), and Contributing Debtors Old Equity Interests Class 8 ("Class CD 8") and (ii) expunging all Duplicate Claims; and

WHEREAS (i) the Plan does not provide for any distribution or retention of property in respect of RCM Subordinated Claims or Contributing Debtors Subordinated Claims, and (ii)

section 5.25 of the Plan provides that holders of Allowed Class 8 Old Equity Interests shall only receive a distribution from the estates if they made a "Private Actions Trust Election," and the Section 510 Claimants did not make a Private Actions Trust Election; and

WHEREAS as a result of the foregoing, the Section 510 Claimants are not entitled to any distribution from the Debtors' estates in respect of the Section 510 Claims, so long as the Section 510 Claims are classified entirely in Class RCM 9, Class CD 7 and/or Class CD 8;

WHEREAS the Parties consent to entry of this Stipulation as an Order in this proceeding and acknowledge that they have agreed to stay further proceedings and deadlines in respect of the Section 510 Claims and the Objection, without prejudice to any of the Parties until such time as the Bankruptcy Court grants or denies approval of this Stipulation.

NOW THEREFORE in consideration of the foregoing, the Parties agree and stipulate as follows:

IT IS HEREBY ORDERED that proof of claim number 13083, filed by PIMCO against RCM, be treated as a subordinated claim and placed in Class RCM 9; further

IT IS HEREBY ORDERED that proofs of claim numbers 13077, 13078, 13085, and 13086, filed by PIMCO against various Debtors other than RCM, be treated as subordinated claims and placed in Class CD 7; further

IT IS HEREBY ORDERED that proof of claim number 13079, filed by Lead Plaintiffs against RCM, be (i) treated as a subordinated claim and placed in Class RCM 9 to the extent that the claim is based upon the purchase of debt securities of RCM and (ii) be treated as an Old Equity Interest and placed in Class CD 8 to the extent the claim is based upon the purchase of common stock in Refco, Inc.; further

IT IS HEREBY ORDERED that proofs of claim numbers 13076, 13080, 13081, and 13084, filed by Lead Plaintiffs against various Debtors other than RCM, be (i) treated as subordinated claims and placed in Class CD 7 to the extent that the claims are based upon the purchase of debt securities of one or more of the Debtors other than RCM, and (ii) treated as an Old Equity Interest and placed in Class CD 8 to the extent the claims are based upon the purchase of common stock in Refco, Inc.; further

IT IS HEREBY ORDERED that proof of claim number 13082, filed by RH Capital against Refco, Inc., be (i) treated as a subordinated claim and placed in Class CD 7 to the extent that the claim is based upon the purchase of debt securities of Refco, Inc. and (ii) treated as an Old Equity Interest and placed in Class CD 8 to the extent the claim is based upon the purchase of common stock in Refco, Inc.; further

IT IS HEREBY ORDERED that notwithstanding the foregoing, in the event a final non-appealable order is entered certifying the Securities Litigation Class, the PIMCO and RH Capital Claims shall be disallowed and expunged as being duplicative of the Lead Plaintiffs Claims;[3] further

IT IS HEREBY ORDERED that nothing in this Order shall be interpreted to modify or limit Section 6.4 of the Plan or shall constitute a determination with respect to the effect of Section 6.4 of the Plan on the Section 510 Claims, and all parties reserve their rights with respect thereto; further

IT IS HEREBY ORDERED that nothing in this Stipulation and Order is intended to constitute an adjudication of the amount or validity of the Section 510 Claims; further

---

[3]     In the event a final, non-appealable order denying certification of the Securities Litigation Class is entered, without prejudice to the rights of PIMCO and RH Capital with respect to the PIMCO and RH Capital Claims, the Class Claims shall be deemed withdrawn with prejudice.

IT IS HEREBY ORDERED that nothing contained in or omitted from this Stipulation and Order is, or should be construed as, a limitation, restriction, admission or waiver, express or implied, of any rights, defenses and remedies of any person or entity in connection with the Securities Litigation, including but not limited to the rights of Lead Plaintiffs and the members of the putative class as against any non-Debtor defendant in the Securities Litigation; further

IT IS HEREBY ORDERED that nothing contained in this Stipulation and Order shall affect or impact any claims or equity interests held by Lead Plaintiffs or any member of the Securities Litigation Class other than the Section 510 Claims; further

IT IS HEREBY ORDERED that this Stipulation contains the entire agreement of the Parties hereto with respect to the subject matter hereof and supersedes any other agreement, discussions or understandings; further

IT IS HEREBY ORDERED that each of the signatories represents and warrants that such signatory is duly authorized to execute this Stipulation on behalf of the signatory's respective principal and to bind such principal to all of the terms and conditions of this agreement; further

IT IS HEREBY ORDERED that the Plan Administrators are authorized to take any and all actions necessary or desirable to perform their obligations and transactions contemplated by this Stipulation and Order; further

IT IS HEREBY ORDERED that this Court shall retain jurisdiction to hear any disputes regarding this Stipulation and Order.

Dated: September 18, 2007
     New York, New York

| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | LOWENSTEIN SANDLER PC |
|---|---|
| By:    /s/ Robert M. Novick<br>    Robert M. Novick (RN-4037)<br>    Jeffrey R. Gleit (JG-8710)<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br><br>Counsel for the Plan Administrator, the RCM Plan Administrator and the RCM Trustee | By:    /s/ Ira M. Levee<br>    Michael S. Etkin (ME-0570)<br>    Ira M. Levee (IL-9958)<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br><br>Counsel for RH Capital Associates, LLC and Pacific Investment Management Company LLC, Individually and as Lead Plaintiffs |
| | |

SO ORDERED:

/s/Robert D. Drain
United States Bankruptcy Judge

Dated: October 19, 2007
     New York, New York