EXECUTION VERSION

## AMENDMENT TO SETTLEMENT AGREEMENT

This **AMENDMENT** (this "*Amendment*") is made and entered into as of August 14, 2006, among (i) Refco Capital Markets, Ltd., acting by and through Marc S. Kirschner in his capacity as trustee of RCM in its Chapter 11 case and (ii) those customers and other creditors of Refco Capital Markets Ltd. party to the Settlement Agreement dated as of June 29, 2006 (the "*Settlement Agreement*") among Refco Capital Markets, Ltd. and such creditors. Terms defined in the Settlement Agreement have the same meanings herein as specified therein.

**WHEREAS,** the parties hereto wish to amend the Settlement Agreement as provided herein;

**NOW, THEREFORE,** the parties hereto hereby agree as follows:

§1.    **Amendments.**    The Settlement Agreement is hereby amended in the following respects:

(a)    The Settlement Agreement is amended, to correct certain typographical errors, by deleting the words "MCG Parties" wherever those words appear and by substituting therefore the defined term "MCG Members".

(b)    Subsection (a) of §3 of the Settlement Agreement is amended by deleting the words "each of the parties hereto" in clause (v) and by substituting therefore the words "each of the parties to this Agreement that is also".

(c)    Subsection (a) of §3 of the Settlement Agreement is further amended by adding at the end of the subsection the following:--

(viii)    Nothing contained in this Agreement shall preclude any creditor of the RCM estate from, except as provided in clauses (ii) and (v), (A) seeking to characterize a prepetition claim held by it against the RCM estate as a Securities Customer Claim or an FX/Unsecured Claim regardless of whether or not the claim is listed on the Houlihan Claims Schedule and regardless of how the claim, if listed, is characterized on the Houlihan Claims Schedule, (B) disputing the amount of its claim as listed on the Houlihan Claims Schedule or (C) asserting the amount of its claim as listed on such creditor's proof of claim.

(d)    Subsection (f) of §7 of the Settlement Agreement is amended by deleting in the first sentence of the subsection the words "and the administration of customer property under §§ 503(b)(3)(D), 507(a)(2) and 752(a)" and by substituting therefore the words "under §§ 503(b)(3)(D) and 503(b)(4)".

2

(e)    Subsection (b) of §8 of the Settlement Agreement is amended by deleting the last sentence of the subsection and by substituting therefore the following sentence:--

The value or amount of any asset referred to in this subsection shall not include an asset for which the date for determining the value or amount of the asset has not yet occurred under subsection (c).

(f)    Subsection (d) of Section 10 is amended by adding the following sentence:--

If, in connection with the RCM Trustee seeking approval from the Bankrutpcy Court for the distribution of a security in kind, the value of the security is put at issue, any presumption of value contained in §3(b) shall not apply.

(g)    Section 11 is amended by deleting the words "or supported".

(h)    As a result of the RCM Trustee completing his due diligence investigation of the characterization of the claims of Banco Uno, S.A. Nicaragua, Exhibit A to the Settlement Agreement is amended by adding Banco Uno, S.A. Nicaragua as a Joinder Party solely for purposes of §§3(a)(ii) and 14(b)(iv)(4) of the Settlement Agreement. The addition shall not increase the amounts of substantial contribution claims contemplated by §7(f) of the Settlement Agreement.

(i)    Exhibit E to the Settlement Agreement is amended, in order to correct certain typographical errors contained in part (a) thereof, by deleting the Exhibit E attached to the Settlement Agreement and by substituting therefore the Exhibit E attached hereto.

(j)    Exhibit G to the Settlement Agreement, setting forth the list of the names of the members of the Portfolio Management Advisory Committee, is amended by adding to the list the name of Markwood Investments Ltd.

§2.    **Settlement Agreement Approval Order**. The parties hereto acknowledge and agree that the form of Proposed Revised Order attached hereto satisfies the requirements of §14(b)(iv) of the Settlement Agreement.

§3.    **Joinder**. The signatories to this Amendment who are not signatories to the Settlement Agreement are joining in this Amendment as signatories to the Settlement Agreement as amended by this Amendment.

§4.    **Effective Time**. This Amendment shall become effective when it has been signed by or on behalf of the Super Majority inclusive of the parties joining the Settlement Agreement pursuant to §3 of this Amendment.

§5.    **Savings Clause**. Except as provided in this Amendment, the Settlement Agreement shall continue in full force and effect. The Settlement Agreement and this Amendment shall be read and construed together as a single agreement.

3

**IN WITNESS WHEREOF,** each of the parties hereto has caused this Amendment to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

*[Remainder of page intentionally left blank]*

THE RCM TRUSTEE

By: _____

Name: Marc S. Kirschner
Title: Chapter 11 Trustee of Refco Capital Markets, Ltd.

Marc S. Kirschner (MSK3631)
1120 Park Avenue, 18A
New York, NY 10128
Telephone: (212) 860-7577

BUSDOCS/1574571

CLEARY GOTTLIEB STEEN
 & HAMILTON LLP

By: _____
Thomas J. Moloney (TM-9775)
Neil P. Forrest (NF-8162)
Jason P. Gottlieb (JG-8398)
One Liberty Plaza
New York, New York 10006-1470
(212) 225-2000

*Attorneys for Inter Financial Services, Ltd.*

BUSDOCS/1574571

CAPITAL MANAGEMENT SELECT FUND
LTD.

By:    Vytenis Rasutis
Title:    Director

*Address for notices:*

DICKSTEIN SHAPIRO LLP

Daniel M. Litt (DL-9227; admitted pro hac vice)
Paul B. Bran (PB-5659; admitted pro hac vice)
1825 Eye Street, N.W.
Washington, DC 20006-5403
Tel: (202) 420-3144
Fax: (202)-420-2201

*Attorneys for Capital Management Select Fund Ltd.*

BU$DOCS/1574571

COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD, P.A.
  A Professional Corporation

By: _____
Joshua Angel (JA-3288)
Laurence May, Esq. (LM-9714)
Seth F. Kornbluth, Esq. (SK-4911)
460 Park Avenue
New York, NY 10022-1906
(212) 752-8000

*Attorneys for Global Management Worldwide
Limited; Arbat Equity Arbitrage Fund Limited;
Russian Investors Securities Limited; and
Garden Rind Fund Limited*

PILLSBURY WINTHROP SHAW
  PITTMAN LLP

By: _____
Rick B. Antonoff (RA-4158)
C. Nicole Gladden (CG-3707)
1540 Broadway
New York, New York 10036
(212) 858-1000

*Attorneys for RB Securities Limited*

BUSDOCS/1574571

AKIN GUMP STRAUSS HAUER
  & FELD LLP

By: _____

Fred S. Hodara (FH-7497)
Andrew J. Rossman (AR-0596)
590 Madison Avenue
New York, NY 10022
(212) 872-1000

*Attorneys for VR Global Partners, L.P.; Paton
Holdings Ltd.; VR Capital Group Ltd.; and VR
Argentina Recovery Fund, Ltd.*

HOGAN & HARTSON L.L.P.

By: _____
Ira S. Greene (IG-2315)
Scott A. Golden (SG-6663)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Premier Bank International N.V. and
Banco de Hipotecario de Inversion Turistica de
Venezuela as trustee of Fideicomiso Federal Forex
Investment*

SHUTTS & BOWEN LLP *(By Larry Glick w/permission)*

By: *Robert Fracasso*
Robert Fracasso (RF-2538)
Peter E. Shapiro (PES-4795)
201 South Biscayne Boulevard
1500 Miami Center
(305) 379-9102

LARRY I. GLICK, P.C.
Larry I. Glick (LG-8665)
1305 Franklin Avenue, Suite 180
Garden City, New York 11530
(516) 739-1111

*As attorneys for IDC Financial S.A.;*
*Investment & Development Finance Corp.;*
*Oslo International S.A.; Alfredo Skinner–Klee*
*and Alexandra Sol de Skinner–Klee; Ernesto*
*Ruiz Sinibaldi; Christian Klose Pieters and*
*Aida Margarita Rosales de Klose; Ballery*
*Holdings; and Bilston International Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: _____

*As attorneys for GTC Bank Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: _____

*As attorneys for Banco Reformador S.A. and*
*Transcom Bank (Barbados) Ltd.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: *Larry I. Glick*
     LARRY I. GLICK (LG-8665)
*As attorneys for Banco Uno S.A.- Panama;*
*Banco Uno S.A.- El Salvador; Banco Uno,*
*S.A. Nicaragua; and Banco Uno S.A.-*
*Guatemala*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: *Larry I. Glick*
     LARRY I. GLICK (LG-8665)
*As attorneys for INS-Bancredito Valores*
*Puesto de Bolsa, S.A. and Servicios*
*Generales Bursatiles, S.A. de C.V.*

BUSDOCS/1574571

HOLLAND & KNIGHT LLP

By: *Sandra E. Mayerson* /BCP

Sandra E. Mayerson (SM-8119)
Arthur E. Rosenberg (AR-0513)
Peter A. Zisser (PZ-9634)
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Turisol Casa de Cambio C.A.;*
*Heptagon Financial Services, Inc., f/k/a*
*Interfin Capital Inc.; Sud America de Seguros C.A.;*
*Sul America Compania de Segurose del*
*Ecuador C.A.; Latina de Seguros, f/k/a*
*Generali Peru Compania de Seguros y*
*Reseguros; Heptagon Financial Planners,*
*Ltd.; and Brook Financial Services Ltd.*

BUSDOCS/1574571

CHADBOURNE & PARKE LLP

By: _Joseph H. Smolinsky_

Joseph H. Smolinsky (JS-8408)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Markwood Investments Ltd.*

BUSDOCS/1574571

FOLEY & LARDNER LLP

By: _____

Robert A. Scher (RS 2910)
Dorit S. Heimer (DH 7511)
Emily R. Sausen (ES 9097)
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
Fax: (212) 682-2329

FOLEY & LARDNER LLP
Scott E. Early (pro hac vice)
Salvatore A. Barbatano (pro hac vice)
Geoffrey S. Goodman (pro hac vice)
321 North Clark Street, Suite 2800
Chicago, IL 60610
Phone: (312) 832-4500
Fax: (312) 832-4700

*Attorneys for Leuthold Funds, Inc. and Leuthold*
*Industrial Metals Fund, L.P.*

BROWN RUDNICK BERLACK ISRAELS LLP

By: _____

Andrew Dash (AD 7913 )
Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

BROWN RUDNICK BERLACK ISRAELS LLP
William R. Baldiga
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Hain Capital Group, LLC; Wayzata*
*Investment Partners; and Contrarian Capital*
*Management*

BUSDOCS/1574571

KATTEN MUCHIN ROSENMAN LLP

By: _____
Jeff J. Friedman (JF-7661)
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Lyxor/Estlander & Ronnlund
Fund Ltd.; Lyxor/Beach Discretionary Fund
Ltd.; and Société Générale S.A.*

CHADBOURNE & PARKE LLP

By: _Christy Rivera_
Howard Seife (HS 7995)
Christy L. Rivera (CR 8895)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Carlos Sevilleja; Cosmorex, Ltd.;*
*and Creative Finance Limited*

FAEGRE & BENSON LLP

By: _____
Michael B. Fisco (#175341)
Stephen M. Mertz (#212131)
Abby E. Wilkinson (#0313981)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Cargill Financial Services
Corporation; Cargill Global Funding PLC;
Cargill, Incorporated; and Cargill Meat Solutions
Corporation (formerly Excel Corporation)*

BUSDOCS/1574571

WHITE & CASE LLP

By: _____

Sam J. Alberts
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3616
Facsimile: (202) 639-9355

*Attorneys for RR Investment Company Limited*


WHITE & CASE LLP

By: _____

Sam J. Alberts
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3616
Facsimile: (202) 639-9355

*Attorneys for Rovida Holdings Limited*

BUSDOC8/1574571

EVEREST ASSET MANAGEMENT INC.

By:    Peter Lamoureux
Title:  President

*Address for notices:*

HENDERSON & LYMAN

Douglas E. Arend
175 West Jackson Boulevard
Suite 240
Chicago, IL 60604
Tel: (312) 986-6960
Fax: (312) 986-6960

*Attorneys for Everest Asset Management Inc.*

BUSDOCS/1574571

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Robert A. Johnson (RJ 6553)
590 Madison Avenue
New York, NY 10022-2524
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Attorneys for Reserve Invest (Cyprus) Ltd.*

## JOINDER OF ROGERS FUNDS TO AMENDMENT TO SETTLEMENT AGREEMENT

ROGERS RAW MATERIALS FUND, L.P. and ROGERS INTERNATIONAL RAW MATERIALS FUND, L.P. (the "Rogers Funds") hereby confirm that all references to the Settlement Agreement in the Joinder of Rogers Funds to Settlement Agreement dated as of July 2006, between the Funds and the RCM Trustee shall be to the Settlement Agreement as amended by the foregoing Amendment.

SIDLEY AUSTIN LLP

By: _____

Guy Neal
Brian Krakauer
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8041
Fax: (202) 736-8711

*Attorneys for Rogers Raw Materials*
*Fund, L.P. and Rogers International*
*Raw Materials Fund, L.P.*

ANNEX 1 TO AMENDMENT

REVISED EXHIBIT E

**Exhibit E to Settlement Agreement**





ANNEX 2 TO AMENDMENT

## PROPOSED REVISED FORM OF ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- x
                                  :

In re:                           :      **Chapter 11 Case**
                                    :

**REFCO INC.,** *et al.*,           :      **No. 05-60006 (RDD)**
                                    :

               **Debtors.**     :      **(Jointly Administered)**
                                    :

------------------------------------------------- x

### ORDER APPROVING SETTLEMENT AGREEMENT AMONG REFCO CAPITAL MARKETS LTD. AND CERTAIN SECURITIES CUSTOMERS AND CREDITORS

       This matter is before the Court on the Motion (the "**Motion**")[1] of Marc S. Kirschner as

Chapter 11 Trustee (the "**RCM Trustee**") of Refco Capital Markets, Ltd. ("**RCM**"), for

Approval of an Agreement Among Securities Customers and General Unsecured Creditors of

Refco Capital Markets, Ltd. pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") and sections 105(a) and 363 of chapter 11 of title 11 of the

United States Code (the "**Bankruptcy Code**").

       This Order shall constitute the findings of fact and conclusions of law under Bankruptcy

Rule 7052.[2]

       Based upon the Court's review and consideration of (a) the Motion, (b) the terms,

conditions and other provisions of the proposed settlement, which is embodied by that certain

settlement agreement annexed hereto as <u>Annex A</u> as amended by the amendment to settlement

agreement annexed hereto as <u>Annex B</u> (the settlement agreement, as so amended, being herein

called the "**Settlement Agreement**"), (c) all unresolved objections to the Motion, and (d) the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

matters reflected in the record, including all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at the hearing held on the Motion (the "**Hearing**"); and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Hearing:

It is hereby FOUND AND DETERMINED THAT:

A.     On December 12, 2005, certain creditors of RCM (the "**MCG Members**") brought a motion (the "**Conversion Motion**") against RCM alleging, among other things, that (a) RCM is a "stockbroker" as defined in Section 101(53)(A) of the Bankruptcy Code, (b) the MCG Members are "customers" of RCM as defined in Section 741(2) of the Bankruptcy Code, (c) under Section 109(d) of the Bankruptcy Code RCM was not eligible to be a debtor under Chapter 11, (d) under Section 1112 of the Bankruptcy Code RCM's case must be converted to Chapter 7 and administered under Subchapter III of Chapter 7, and (e) the MCG Members are entitled under Section 752 of the Bankruptcy Code to enforce their claims as customers to "customer property" as defined in Section 741(4) of the Bankruptcy Code;

B.     Certain other creditors of RCM (the "**Joinder Parties**") subsequently joined with the MCG Members in the Conversion Motion;

C.     The Bankruptcy Court entered certain procedural orders expediting discovery and the trial of the issues raised by the Conversion Motion;

D.     The MCG Members and the Joinder Parties prosecuted the Conversion Motion while the Debtors, the Official Committee of Unsecured Creditors and various objecting parties, including foreign exchange and metals customers of RCM, actively opposed the Conversion Motion;

E.     The litigation of the Conversion Motion included expedited discovery (interrogatories, document production and approximately 30 depositions taken), expedited

briefing, and a five-day evidentiary trial that began on February 14, 2006, and concluded with final arguments on March 14, 2006;

F.    After final arguments were concluded before the Bankruptcy Court on the Conversion Motion on March 14, 2006, the Bankruptcy Court issued a preliminary ruling finding that (a) RCM met the Bankruptcy Code's definition of a stockbroker, (b) at least one of the MCG Members met the requirements of the Bankruptcy Code to be a customer and (c) the Bankruptcy Court required the appointment of a Chapter 11 trustee of RCM . However, at the request of the MCG Members, the Joinder Parties and certain other parties, the Bankrutpcy Court agreed to defer acting on the Conversion Motion while various parties in the RCM Case attempted to fashion a settlement of the priority and other issues raised by the Conversion Motion;

G.    On March 22, 2006, the Bankruptcy Court entered an order requiring the appointment of a Chapter 11 trustee for RCM;

H.    The MCG Members and the Joinder Parties prepared and filed an application on April 5, 2006, with the Bankruptcy Court requesting it to establish procedures in order to conduct an immediate creditor election of a Chapter 11 trustee for RCM;

I.    On April 10, 2006, the U.S. Trustee filed a notice with the Bankruptcy Court that the U.S. Trustee had appointed Marc S. Kirschner as the Chapter 11 trustee for RCM, subject to further order of the Bankruptcy Court;

J.    On April 13, 2006, the Bankruptcy Court entered an order authorizing Marc S. Kirschner to act as the Chapter 11 trustee of RCM in the RCM Case;

K.    There are pending before the Bankruptcy Court various adversary proceedings, contested matters and other actions against the RCM estate seeking a determination of whether certain property held by or on behalf of RCM constitutes property of the RCM estate, which actions have been stayed by the Bankruptcy Court's "Order Staying 'Estate Property Issue'

Proceedings" dated November 28, 2005 (Docket No. 634), as modified to the date hereof (such actions being referred to in such order, and being hereinafter referred to, as the "**Stayed Proceedings**");

      L.     The RCM Trustee and the other parties to the Settlement Agreement negotiated among each other with a view to avoiding protracted litigation and expense relating to the issues raised by the Conversion Motion and the Stayed Proceedings, including whether the RCM Case must be converted to a Chapter 7 case administered under Subchapter III of Chapter 7, who is a customer of RCM, what constitutes customer property, how to value and administer customer property and other financial assets of the RCM estate, what other assets might or might not constitute property of the RCM estate and how to address certain other claims by, on behalf of or against the RCM estate in the context of administering and liquidating the property of the RCM estate;

      M.     In order to resolve the issues raised by the Conversion Motion and the Stayed Proceedings, the parties to the Settlement Agreement reached an agreement in principle embodied in a term sheet read into the record *in camera* before the Bankruptcy Court on May 16, 2006;

      N.     After further negotiations following the May 16, 2006, *in camera* proceeding, the parties to the Settlement Agreement have reached the agreements among them embodied in the Settlement Agreement, and the RCM Trustee now seeks approval of the Settlement Agreement by the Bankruptcy Court pursuant to Rule 9019 of the Bankruptcy Rules and Sections 105(a) and 363 of the Bankruptcy Code;

      O.     The Court has jurisdiction over this proceeding.  Venue is proper.  Approval of the settlement arrangements embodied in the Settlement Agreement is a core proceeding.

P.     Notice of the Motion and order approving the Settlement Agreement was proper and has been provided, served and published in accordance with the Court's order dated June 30, 2006. No further notice is necessary.

Q.     The terms, conditions and other provisions of the settlement embodied in the Settlement Agreement and entry into the Settlement Agreement are consistent with the RCM Trustee's fiduciary duties.

R.     The Settlement Agreement is the product of arm's-length and good faith negotiations among the Settling Parties.

S.     The relief sought in the Motion and the settlement arrangements embodied in the Settlement Agreement are fair and reasonable and in the best interests of RCM, its estate, and all creditors and parties in interest in the Cases.

T.     The following treatment of the property and assets of RCM under the Settlement Agreement is a fair and reasonable compromise of the issues raised in the Conversion Motion and Stayed Proceedings and, subject to paragraph 3 of this Order, is fully enforceable against other parties in interest in the Cases as a settlement under Bankruptcy Rule 9019 and Bankruptcy Code sections 105(a) and 363, and pursuant to this order:

(i)     The sum of (1) $97.4 million of the Assets in Place, plus (2) interest from March 6, 2006, on $97.4 million calculated at the Invested Cash Rate from March 6, 2006, plus (3) the Leuthold Claimed Metals (subject to §5(c) of the Settlement Agreement) are the exclusive property and assets segregated for and available to the holders of the allowed FX/Unsecured Claims;

(ii)    all other Assets in Place are either "customer property", within the meaning of Section 741(4) of the Bankruptcy Code, of the holders of the allowed Securities Customer Claims, or constitute the pro rata entitlement of the holders of the allowed Securities Customer Claims to general RCM estate property based on the deficiency claims of the holders of the allowed Securities Customer Claims;

(iii)    the Assets in Place referred to in the foregoing clause (ii) are collectively the exclusive property and assets segregated for distribution solely to the holders of the allowed Securities Customer Claims, subject to treatment of the Advance Amounts; and

(iv)    the amount of the Assets in Place that constitute the pro rata entitlement of the holders of the allowed Securities Customer Claims based on the deficiency claims of the holders of the allowed Securities Customer Clams (as distinguished from the claims of the holders of the allowed Securities Customer Claims to assets as customer property) is the sum of $99.5 million, plus interest from March 6, 2006, accruing on such amount calculated at the Invested Cash Rate.

U.    The MCG Members and Joinder Parties identified on Exhibit A to the Settlement Agreement made a substantial contribution by their prosecution of the Conversion Motion in the RCM bankruptcy proceedings and in seeking to compel the election of a Chapter 11 trustee for RCM.

V.    Good and sufficient cause exists for the relief sought in the Motion and that the Settlement Agreement should be approved in its entirety.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.    The Motion is GRANTED in its entirety.

2.    Except as provided in paragraph 3, the Settlement Agreement among RCM, acting by and through the RCM Trustee, and those securities customers and other creditors who are signatories (including by joinder) to the Settlement Agreement (collectively, the "**Settling Parties**"), and each and every term, condition and other provision therein, is approved in its entirety pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 105(a) and 363.

3.    All objections that have not been withdrawn, resolved, waived or settled are overruled on the merits. The RCM Trustee is ordered to reserve (a) the amount of $1,809,971.82 until Adversary Complaint Number 0601318 brought by Living Water Fund, L.P., ABBA Funds, L.P. and RJ Trading, LLC and entitlement to such funds are resolved, and (b) the securities, or an

amount equal to the full current value of the securities, referred to in paragraph 8 of the limited objection of Bencorp Casa de Bolsa, C.A. until Bencorp Casa de Bolsa, C.A.'s entitlement to the securities or the value thereof, as set forth in its proof of claim, is resolved. By separate order, the Court will establish the procedures for resolving these two disputed matters with a view to resolving them promptly.

4.    The Settling Parties are authorized and directed to implement the Settlement Agreement in accordance with its terms, conditions and other provisions.

5.    Prosecution of the Conversion Motion shall be stayed. The MCG Members and Joinder Parties are directed to defer further action on the Conversion Motion, except as provided in the Settlement Agreement.

6.    Subject to paragraph 3, the Order Staying 'Estate Property Issue Proceedings' dated November 28, 2005 (Docket No. 634), as modified or amended, shall continue to be in effect. Subject to paragraph 3, the Stayed Proceedings shall continue to be stayed. The Settling Parties are directed to defer prosecution of the Stayed Proceedings, except as provided in the Settlement Agreement.

7.    The reasonable attorneys' fees and expenses of the MCG Members and the Joinder Parties, identified on Exhibit A to the Settlement Agreement, in connection with litigating the Conversion Motion through the filing of the motion to compel an election of a Chapter 11 trustee for RCM, not to exceed the amounts set forth on Exhibit D to the Settlement Agreement, shall be allowed administrative expenses, attributable as substantial contributions to the RCM estate under §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, and shall be payable on the Subsequent Effective Date regardless of whether RCM remains in chapter 11 or has been converted to a chapter 7 case. This Order does not make any determination as to the

amount of attorneys' fees and expenses that are reasonable, and the Court reserves its making of that determination for a later date.

       8.     In accordance with the Settlement Agreement, the Leuthold Claimed Metals or the proceeds of any Metals Sale as contemplated in the Settlement Agreement, together with any interest actually earned on the proceeds after the Metals Sale, shall be distributed exclusively to Leuthold as an allowed claim concurrently with the initial distributions to the holders of allowed FX/Unsecured Claims under the Settlement Agreement, and shall reduce the Leuthold Remaining Claim as set forth in the Settlement Agreement.

       9.     The Rogers Funds Claims shall be allowed claims as provided in a separate order of the Court approving the settlement of the Rogers Funds Claims.

       10.    The status of the MCG Members and the Joinder Parties, identified on <u>Exhibit A</u> to the Settlement Agreement, as holders of Securities Customer Claims, as determined by the Trustee and as provided in the Settlement Agreement, is confirmed.

       11.    Neither this Order nor the Settlement Agreement (a) except to the extent set forth in paragraphs 7, 8 and 9, allows the amount of any claim, (b) affects in any way the right of any party in interest in any of the Cases to prosecute or defend any claim to recover property that, but for such recovery, would constitute Additional Property under the Settlement Agreement, (c) modifies the requirement in the Court's previously issued order dated June 9, 2006, approving the SPhinX Settlement that there be no distribution of the proceeds of the SPhinX Settlement until all appeals therefrom have been exhausted, or (d) limits or impairs any right of JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>") as an oversecured creditor in the event that JPMorgan's secured claim against the RCM estate is allowed but the SPhinX Settlement is reversed on appeal or the proceeds of the SPhinX Settlement otherwise become unavailable or are insufficient to satisfy JPMorgan's allowed secured claim.

12.    In connection with the Settlement Agreement, the RCM Trustee is authorized to (a) set aside reserves from amounts otherwise distributable under the Settlement Agreement for actual or anticipated administrative, priority and prepetition claims (whether Securities Customer Claims or FX/General Unsecured Claims) at the time such claim is disputed or disallowed, (b) allocate to separate accounts cash or other property to be distributed to holders of allowed Securities Customer Claims or allowed FX/General Unsecured Claims pending distribution, (c) make distributions as set forth in the Settlement Agreement as soon as practicable from and after the Subsequent Effective Date at such times and in such amounts (net of reserves) as the RCM Trustee deems appropriate and consistent with his fiduciary duties, (d) implement the Metals Sale through any recognized market at which sales of metals of that type are regularly conducted, (e) propose procedures to make distributions of securities in kind, subject to approval by the Court, and (f) in the RCM Trustee's sole judgment, act in any manner that would be consistent with, or omit from acting in any manner that would be inconsistent with his fiduciary duties.

13.    The RCM Trustee is not authorized to make distributions of financial assets in kind, except by procedures implemented by the RCM Trustee and approved by the Court.

14.    The determination of value of any securities as set forth in the Settlement Agreement by a valuation expert, engaged by the RCM Trustee with the approval of the Court, shall be binding and conclusive on all Settling Parties and all other parties in interest in the Cases to the extent provided in the Settlement Agreement.

15.    In the event the RCM chapter 11 case is converted to a liquidating case under subchapter III of chapter 7, all the terms, conditions and other provisions of the Settlement Agreement approved by this order shall, in all events, be final, valid, binding and enforceable

upon any trustee appointed in the chapter 7, the Settling Parties, and all other parties in interest in the Cases regardless of such conversion.

16.    The Settlement Agreement, including any term, condition or other provision therein, may not be waived, modified, amended or supplemented, except as provided in the Settlement Agreement.  No such term, condition or other provision that is waived, modified, amended or supplemented shall in any significant respect adversely affect a material economic entitlement of an entity not a party to the Settlement Agreement without the consent of that entity or further order of the Court.

17.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2006
        New York, New York

                                    _____
                                    Hon. Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE

EXECUTION VERSION

## SECOND AMENDMENT TO SETTLEMENT AGREEMENT

This **SECOND AMENDMENT** (this "*Amendment*") is made and entered into as of August 22, 2006, among (i) Refco Capital Markets, Ltd., acting by and through Marc S. Kirschner in his capacity as trustee of RCM in its Chapter 11 case and (ii) those customers and other creditors of Refco Capital Markets Ltd. party to the Settlement Agreement dated as of June 29, 2006, as amended by an Amendment to Settlement Agreement dated as of August 14, 2006 (as amended, the "*Settlement Agreement*"), among Refco Capital Markets, Ltd. and such creditors. Terms defined in the Settlement Agreement have the same meanings herein as specified therein.

**WHEREAS**, the parties hereto wish further to amend the Settlement Agreement as provided herein;

**NOW, THEREFORE,** the parties hereto hereby agree as follows:

**§1.    Amendments.** The Settlement Agreement is hereby amended in the following respects:

(a)    Subsection (b) of §3 of the Settlement Agreement is amended by deleting clause (B) of the last sentence of the subsection and by substituting therefore the following:--

(B) unless and until there has been an objection by the RCM Trustee or a holder of a Securities Customer Claim and, after notice and a hearing, a determination of a different value by Final Order of the Bankruptcy Court.

(b)    Subsection (c) of §3 of the Settlement Agreement is amended by adding at the end of the subsection the following new sentence:--

However, an insider or affiliate whose net equity claim relates to a security described in, and whose value would otherwise be presumptively determined under, clause (i) of §3(b) shall be entitled to the presumption of value for the security to the extent provided in §3(b).

(c)    Subsection (b) of §14 of the Settlement Agreement is amended by (i) deleting the word "and" at the end of clause (iv)(C) of such subsection, (ii) deleting the period at the end of clause (iv)(D) of such subsection and by substituting therefor a semi-colon followed by the word "and", and (iii) adding the following new clause:--

(E)    all of the Assets in Place, other than the Assets in Place referred to in the foregoing clauses (A) and (D), constitute "customer property" within the meaning of § 741(4) of the Bankruptcy Code.

2

    (d)    Section 22 of the Settlement Agreement is amended by adding after the first sentence the following new sentence:--

    The RCM Trustee shall not unreasonably withhold or delay his acceptance of the counterpart.

    (e)    As a result of the RCM Trustee completing his due diligence investigation of the characterization of the claims of Mrs. Josefina Franco Siller, Exhibit A to the Settlement Agreement is amended by adding Mrs. Josefina Franco Siller as a Joinder Party solely for purposes of §§3(a)(ii) and 14(b)(iv)(4) of the Settlement Agreement. The addition shall not increase the amounts of substantial contribution claims contemplated by §7(f) of the Settlement Agreement.

    §2.    **Settlement Agreement Approval Order.** The parties hereto acknowledge and agree that the form of Proposed Revised Order attached hereto satisfies the requirements of §14(b)(iv) of the Settlement Agreement.

    §3.    **Joinder.** The signatories to this Amendment who are not signatories to the Settlement Agreement are joining in this Amendment as signatories to the Settlement Agreement as amended by this Amendment with all rights and duties as all other signatories.

    §4.    **Effective Time.** This Amendment shall become effective when it has been signed by or on behalf of the Super Majority inclusive of the parties joining the Settlement Agreement pursuant to §3 of this Amendment. However, if at the hearing before the Bankruptcy Court seeking entry of the order required by §14(b)(iv) of the Settlement Agreement as amended by this Amendment, there is objection to §1(e) of this Amendment by a person not a party to the Settlement Agreement or this Amendment, then the effectiveness of §1(e) shall be further conditioned upon the entry of an order of the Bankruptcy Court, subsequent to the order required by such §14(b)(iv), confirming the RCM Trustee's determination of Mrs. Josefina Franco Siller as a holder of Securities Customer Claims.

    §5.    **Savings Clause.** Except as provided in this Amendment, the Settlement Agreement shall continue in full force and effect. The Settlement Agreement and this Amendment shall be read and construed together as a single agreement.

    **IN WITNESS WHEREOF,** each of the parties hereto has caused this Amendment to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

*[Remainder of page intentionally left blank]*

THE RCM TRUSTEE


By: _____
Name: Marc S. Kirschner
Title: Chapter 11 Trustee of Refco Capital Markets, Ltd.

Marc S. Kirschner (MSK3631)
1120 Park Avenue, 18A
New York, NY 10128
Telephone: (212) 860-7577

CLEARY GOTTLIEB STEEN
  & HAMILTON LLP

By: _____
Thomas J. Moloney (TM-9775)
Neil P. Forrest (NF-8162)
Jason P. Gottlieb (JG-8398)
One Liberty Plaza
New York, New York 10006-1470
(212) 225-2000

*Attorneys for Inter Financial Services, Ltd.*

CAPITAL MANAGEMENT SELECT FUND
LTD.

By:     Vytenis Rasutis
Title:  Director

*Address for notices:*

DICKSTEIN SHAPIRO LLP

Daniel M. Litt (DL-9227; admitted pro hac vice)
Paul B. Bran (PB-5659; admitted pro hac vice)
1825 Eye Street, N.W.
Washington, DC 20006-5403
Tel: (202) 420-3144
Fax: (202)-420-2201

*Attorneys for Capital Management Select Fund Ltd.*

BUSDOCS/1576419.3

COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD, P.A.
  A Professional Corporation

By:
Joshua Angel (JA-3288)
Laurence May, Esq. (LM-9714)
Seth F. Kornbluth, Esq. (SK-4911)
460 Park Avenue
New York, NY 10022-1906
(212) 752-8000

*Attorneys for Global Management Worldwide
Limited; Arbat Equity Arbitrage Fund Limited;
Russian Investors Securities Limited; and
Garden Rind Fund Limited*

PILLSBURY WINTHROP SHAW
PITTMAN LLP

By: _____

Rick B. Antonoff (RA-4158)
C. Nicole Gladden (CG-3707)
1540 Broadway
New York, New York 10036
(212) 858-1000

*Attorneys for RB Securities Limited*

SHUTTS & BOWEN LLP *(By Larry Glick w/permission)*

By: *Robert Fracasso*

Robert Fracasso (RF-2538)
Peter E. Shapiro (PES-4795)
201 South Biscayne Boulevard
1500 Miami Center
(305) 379-9102

LARRY I. GLICK, P.C.
Larry I. Glick (LG-8665)
1305 Franklin Avenue, Suite 180
Garden City, New York 11530
(516) 739-1111

*As attorneys for IDC Financial S.A.;*
*Investment & Development Finance Corp.;*
*Oslo International S.A.; Alfredo Skinner–Klee*
*and Alexandra Sol de Skinner–Klee; Ernesto*
*Ruiz Sinibaldi; Christian Klose Pieters and*
*Aida Margarita Rosales de Klose; Ballery*
*Holdings; and Bilston International Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: *Larry I. Glick (LG-8665)*

*As attorneys for GTC Bank Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: *Larry I. Glick (LG-8665)*

*As attorneys for Banco Reformador S.A. and*
*Transcom Bank (Barbados) Ltd.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: *Larry I. Glick (LG-8665)*

*As attorneys for Banco Uno S.A.- Panama;*
*Banco Uno S.A.- El Salvador; Banco Uno,*
*S.A. Nicaragua; and Banco Uno S.A.-*
*Guatemala*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: *Larry I. Glick (LG-8665)*

*As attorneys for INS-Bancredito Valores*
*Puesto de Bolsa, S.A. and Servicios*
*Generales Bursatiles, S.A. de C.V.*

HOLLAND & KNIGHT LLP

By: _Sandra E. Mayerson /BEP_

Sandra E. Mayerson (SM-8119)
Arthur E. Rosenberg (AR-0513)
Peter A. Zisser (PZ-9634)
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Turisol Casa de Cambio C.A.;
Heptagon Financial Services, Inc., f/k/a
Interfin Capital Inc.; Sud America de Seguros C.A.;
Sul America Compania de Segurose del
Ecuador C.A.; Latina de Seguros, f/k/a
Generali Peru Compania de Seguros y
Reseguros; Heptagon Financial Planners,
Ltd.; and Brook Financial Services Ltd.*

BUSDOCS/1578419:3

AKIN GUMP STRAUSS HAUER
    & FELD LLP

By:_____

Fred S. Hodara (FH-7497)
Andrew J. Rossman (AR-0596)
590 Madison Avenue
New York, NY 10022
(212) 872-1000

*Attorneys for VR Global Partners, L.P.; Paton
Holdings Ltd.; VR Capital Group Ltd.; and VR
Argentina Recovery Fund, Ltd.*

HOGAN & HARTSON L.L.P.

By: _____
Ira S. Greene (IG-2315)
Scott A. Golden (SG-6663)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Premier Bank International N.V. and*
*Banco de Hipotecario de Inversion Turistica de*
*Venezuela as trustee of Fideicomiso Federal Forex*
*Investment*

CHADBOURNE & PARKE LLP

By: *Joseph H Smolinsky*
Joseph H. Smolinsky (JS-8408)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Markwood Investments Ltd.*

FOLEY & LARDNER LLP

By: _[signature]_

Robert A. Scher (RS 2910)
Dorit S. Heimer (DH 7511)
Emily R. Sausen (ES 9097)
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
Fax: (212) 682-2329

FOLEY & LARDNER LLP
Scott E. Early (pro hac vice)
Salvatore A. Barbatano (pro hac vice)
Geoffrey S. Goodman (pro hac vice)
321 North Clark Street, Suite 2800
Chicago, IL 60610
Phone: (312) 832-4500
Fax: (312) 832-4700

*Attorneys for Leuthold Funds, Inc. and Leuthold Industrial Metals Fund, L.P.*

BUSDOCS/1576419.3

BROWN RUDNICK BERLACK ISRAELS LLP

By:_____
Andrew Dash (AD 7913 )
Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

BROWN RUDNICK BERLACK ISRAELS LLP
William R. Baldiga
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Hain Capital Group, LLC; Wayzata
Investment Partners; and Contrarian Capital
Management*

KATTEN MUCHIN ROSENMAN LLP

By: _____  MP
Jeff J. Friedman (JF-7661)
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Lyxor/Estlander & Ronnlund*
*Fund Ltd.; Lyxor/Beach Discretionary Fund*
*Ltd.; and Société Générale S.A.*

BUSDOCS/1578419.3

CHADBOURNE & PARKE LLP

By: _Christy Rivera_

Howard Seife (HS 7995)
Christy L. Rivera (CR 8895)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Carlos Sevilleja; Cosmorex, Ltd.;*
*and Creative Finance Limited*

FAEGRE & BENSON LLP

By: _____

Michael B. Fisco (#175341)
Stephen M. Mertz (#212131)
Abby E. Wilkinson (#0313981)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Cargill Financial Services*
*Corporation; Cargill Global Funding PLC;*
*Cargill, Incorporated; and Cargill Meat Solutions*
*Corporation (formerly Excel Corporation)*

BUSDOCS/1578419.3

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Robert A. Johnson (RJ 6553)
590 Madison Avenue
New York, NY 10022-2524
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Attorneys for Reserve Invest (Cyprus) Ltd.*

BLANK ROME LLP

By: _____
Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Grand Trading Limited*

BLANK ROME LLP

By: _____
Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Armajaro Commodities, Ltd.*

EVEREST ASSET MANAGEMENT INC.

_____

By: Peter Lamoureux
Title: President

*Address for notices:*
HENDERSON & LYMAN
Douglas E. Arend
175 West Jackson Boulevard
Suite 240
Chicago, IL 60604
Tel: (312) 986-6960
Fax: (312) 986-6960

*Attorneys for Everest Asset Management Inc.*

WHITE & CASE LLP                        WHITE & CASE LLP

By: _____                    By: _____
Sam J. Alberts                          Sam J. Alberts
701 Thirteenth Street, NW               701 Thirteenth Street, NW
Washington, DC 20005                    Washington, DC 20005
Telephone: (202) 626-3616               Telephone: (202) 626-3616
Facsimile: (202) 639-9355               Facsimile: (202) 639-9355

*Attorneys for RR Investment Company Limited*     *Attorneys for Rovida Holdings Limited*

## JOINDER OF ROGERS FUNDS TO SECOND AMENDMENT
## TO SETTLEMENT AGREEMENT

ROGERS RAW MATERIALS FUND, L.P. and ROGERS INTERNATIONAL RAW
MATERIALS FUND, L.P. (the "Rogers Funds") hereby confirm that all references to the
Settlement Agreement in the Joinder of Rogers Funds to Settlement Agreement dated as of July
20, 2006, between the Funds and the RCM Trustee shall be to the Settlement Agreement as
amended by the foregoing Second Amendment.

SIDLEY AUSTIN LLP

By: _____

Guy Neal
Brian Krakauer
1501 K Street, N.W.
Washington, D.C. 20005 Tel: (202) 736-8041
Fax: (202) 736-8711

*Attorneys for Rogers Raw Materials*
*Fund, L.P. and Rogers International*
*Raw Materials Fund, L.P.*

BUSDOCS/1578419.3

ANNEX 1 TO AMENDMENT

REVISED FORM OF PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------ x
                                                        :
In re:                                                  :     Chapter 11 Case
                                                        :
REFCO INC., *et al.*,                                   :     No. 05-60006 (RDD)
                                                        :
                    Debtors.                            :     (Jointly Administered)
                                                        :
------------------------------------------------------ x

### ORDER APPROVING SETTLEMENT AGREEMENT AMONG REFCO CAPITAL MARKETS LTD. AND CERTAIN SECURITIES CUSTOMERS AND CREDITORS

This matter is before the Court on the Motion (the "**Motion**")[1] of Marc S. Kirschner as

Chapter 11 Trustee (the "**RCM Trustee**") of Refco Capital Markets, Ltd. ("**RCM**"), for

Approval of an Agreement Among Securities Customers and General Unsecured Creditors of

Refco Capital Markets, Ltd. pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") and sections 105(a) and 363 of chapter 11 of title 11 of the

United States Code (the "**Bankruptcy Code**").

This Order shall constitute the findings of fact and conclusions of law under Bankruptcy

Rule 7052.[2]

Based upon the Court's review and consideration of (a) the Motion, (b) the terms,

conditions and other provisions of the proposed settlement, which is embodied by that certain

Settlement Agreement dated as of June 29, 2006, annexed hereto as Annex A as amended by the

Amendment to Settlement Agreement dated as of August 14, 2006 (the "**First Amendment**"),

annexed hereto as Annex B and as further amended by the Second Amendment to Settlement

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

Agreement dated as of August 22, 2006 (the **"Second Amendment"**), annexed hereto as <u>Annex</u> <u>C</u> (the Settlement Agreement, as amended by the First Amendment and the Second Amendment, being herein called the **"Settlement Agreement"**), (c) all unresolved objections to the Motion, and (d) the matters reflected in the record, including all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at the hearing held on the Motion (the **"Hearing"**); and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Hearing:

It is hereby FOUND AND DETERMINED THAT:

A.    On December 12, 2005, certain creditors of RCM (the **"MCG Members"**) brought a motion (the **"Conversion Motion"**) against RCM alleging, among other things, that (a) RCM is a "stockbroker" as defined in Section 101(53)(A) of the Bankruptcy Code, (b) the MCG Members are "customers" of RCM as defined in Section 741(2) of the Bankruptcy Code, (c) under Section 109(d) of the Bankruptcy Code RCM was not eligible to be a debtor under Chapter 11, (d) under Section 1112 of the Bankruptcy Code RCM's case must be converted to Chapter 7 and administered under Subchapter III of Chapter 7, and (e) the MCG Members are entitled under Section 752 of the Bankruptcy Code to enforce their claims as customers to "customer property" as defined in Section 741(4) of the Bankruptcy Code;

B.    Certain other creditors of RCM (the **"Joinder Parties"**) subsequently joined with the MCG Members in the Conversion Motion;

C.    The Bankruptcy Court entered certain procedural orders expediting discovery and the trial of the issues raised by the Conversion Motion;

D.    The MCG Members and the Joinder Parties prosecuted the Conversion Motion while the Debtors, the Official Committee of Unsecured Creditors and various objecting parties,

including foreign exchange and metals customers of RCM, actively opposed the Conversion Motion;

      E.     The litigation of the Conversion Motion included expedited discovery (interrogatories, document production and approximately 30 depositions taken), expedited briefing, and a five-day evidentiary trial that began on February 14, 2006, and concluded with final arguments on March 14, 2006;

      F.     After final arguments were concluded before the Bankruptcy Court on the Conversion Motion on March 14, 2006, the Bankruptcy Court issued a preliminary ruling finding that (a) RCM met the Bankruptcy Code's definition of a stockbroker, (b) at least one of the MCG Members met the requirements of the Bankruptcy Code to be a customer and (c) the Bankruptcy Court required the appointment of a Chapter 11 trustee of RCM . However, at the request of the MCG Members, the Joinder Parties and certain other parties, the Bankruptcy Court agreed to defer acting on the Conversion Motion while various parties in the RCM Case attempted to fashion a settlement of the priority and other issues raised by the Conversion Motion;

      G.     On March 22, 2006, the Bankruptcy Court entered an order requiring the appointment of a Chapter 11 trustee for RCM;

      H.     The MCG Members and the Joinder Parties prepared and filed an application on April 5, 2006, with the Bankruptcy Court requesting it to establish procedures in order to conduct an immediate creditor election of a Chapter 11 trustee for RCM;

      I.     On April 10, 2006, the U.S. Trustee filed a notice with the Bankruptcy Court that the U.S. Trustee had appointed Marc S. Kirschner as the Chapter 11 trustee for RCM, subject to further order of the Bankruptcy Court;

      J.     On April 13, 2006, the Bankruptcy Court entered an order authorizing Marc S. Kirschner to act as the Chapter 11 trustee of RCM in the RCM Case;

K.     There are pending before the Bankruptcy Court various adversary proceedings, contested matters and other actions against the RCM estate seeking a determination of whether certain property held by or on behalf of RCM constitutes property of the RCM estate, which actions have been stayed by the Bankruptcy Court's "Order Staying 'Estate Property Issue' Proceedings" dated November 28, 2005 (Docket No. 634), as modified to the date hereof (such actions being referred to in such order, and being hereinafter referred to, as the "**Stayed Proceedings**");

L.     The RCM Trustee and the other parties to the Settlement Agreement negotiated among each other with a view to avoiding protracted litigation and expense relating to the issues raised by the Conversion Motion and the Stayed Proceedings, including whether the RCM Case must be converted to a Chapter 7 case administered under Subchapter III of Chapter 7, who is a customer of RCM, what constitutes customer property, how to value and administer customer property and other financial assets of the RCM estate, what other assets might or might not constitute property of the RCM estate and how to address certain other claims by, on behalf of or against the RCM estate in the context of administering and liquidating the property of the RCM estate;

M.     In order to resolve the issues raised by the Conversion Motion and the Stayed Proceedings, the parties to the Settlement Agreement reached an agreement in principle embodied in a term sheet read into the record *in camera* before the Bankruptcy Court on May 16, 2006;

N.     After further negotiations following the May 16, 2006, *in camera* proceeding, the parties to the Settlement Agreement have reached the agreements among them embodied in the Settlement Agreement, and the RCM Trustee now seeks approval of the Settlement Agreement

by the Bankruptcy Court pursuant to Rule 9019 of the Bankruptcy Rules and Sections 105(a) and 363 of the Bankruptcy Code;

O.     The Court has jurisdiction over this proceeding. Venue is proper. Approval of the settlement arrangements embodied in the Settlement Agreement is a core proceeding.

P.     Notice of the Motion and order approving the Settlement Agreement was proper and has been provided, served and published in accordance with the Court's order dated June 30, 2006. No further notice is necessary.

Q.     The terms, conditions and other provisions of the settlement embodied in the Settlement Agreement and entry into the Settlement Agreement are consistent with the RCM Trustee's fiduciary duties.

R.     The Settlement Agreement is the product of arm's-length and good faith negotiations among the Settling Parties.

S.     The relief sought in the Motion and the settlement arrangements embodied in the Settlement Agreement are fair and reasonable and in the best interests of RCM, its estate, and all creditors and parties in interest in the RCM Case.

T.     The following treatment of the property and assets of RCM under the Settlement Agreement is a fair and reasonable compromise of the issues raised in the Conversion Motion and Stayed Proceedings and, subject to paragraphs 11(d) and 12 of this Order, is fully enforceable against other parties in interest in the Cases as a settlement under Bankruptcy Rule 9019 and Bankruptcy Code sections 105(a) and 363, and pursuant to this order:

(i)     The sum of (1) $97.4 million of the Assets in Place, plus (2) interest from March 6, 2006, on $97.4 million calculated at the Invested Cash Rate from March 6, 2006, plus (3) the Leuthold Claimed Metals (subject to §5(c) of the Settlement Agreement) are the exclusive property and assets segregated for and available to the holders of the allowed FX/Unsecured Claims;

    (ii)    all other Assets in Place are either "customer property", within the meaning of Section 741(4) of the Bankruptcy Code, of the holders of the allowed Securities Customer Claims, or constitute the pro rata entitlement of the holders of the allowed Securities Customer Claims to general RCM estate property based on the deficiency claims of the holders of the allowed Securities Customer Claims;

    (iii)    the Assets in Place referred to in the foregoing clause (ii) are collectively the exclusive property and assets segregated for distribution solely to the holders of the allowed Securities Customer Claims, subject to treatment of the Advance Amounts;

    (iv)    the amount of the Assets in Place that constitute the pro rata entitlement of the holders of the allowed Securities Customer Claims based on the deficiency claims of the holders of the allowed Securities Customer Clams (as distinguished from the claims of the holders of the allowed Securities Customer Claims to assets as customer property) is the sum of $99.5 million, plus interest from March 6, 2006, accruing on such amount calculated at the Invested Cash Rate; and

    (v)    all of the Assets in Place, other than the Assets in Place referred to in the foregoing clauses (i) and (iv), constitute "customer property" within the meaning of Section 741(4) of the Bankruptcy Code.

U.    The MCG Members and Joinder Parties identified on Exhibit A to the Settlement Agreement made a substantial contribution by their prosecution of the Conversion Motion in the RCM bankruptcy proceedings and in seeking to compel the election of a Chapter 11 trustee for RCM (with the reasonableness of the amounts of their substantial contribution claims to be determined at a later date as provided in paragraph 7).

V.    Good and sufficient cause exists for the relief sought in the Motion and that the Settlement Agreement should be approved in its entirety.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.    The Motion is GRANTED in its entirety, with all references therein to the original Settlement Agreement dated as of June 29, 2006, being to the Settlement Agreement inclusive of the First and Second Amendments..

2.      Except as provided in paragraphs 11(d) and 12, the Settlement Agreement among RCM, acting by and through the RCM Trustee, and those securities customers and other creditors who are signatories (including by joinder) to the Settlement Agreement (collectively, the "**Settling Parties**"), and each and every term, condition and other provision therein, is approved in its entirety pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 105(a) and 363.

3.      All objections that have not been withdrawn, resolved, waived or settled are overruled on the merits.

4.      The Settling Parties are authorized and directed to implement the Settlement Agreement in accordance with its terms, conditions and other provisions.

5.      Prosecution of the Conversion Motion shall be stayed. The MCG Members and Joinder Parties are directed to defer further action on the Conversion Motion, except as provided in the Settlement Agreement.

6.      Subject to paragraph 12, the Order Staying 'Estate Property Issue Proceedings' dated November 28, 2005 (Docket No. 634), as modified or amended, shall continue to be in effect. Subject to paragraph 12, the Stayed Proceedings shall continue to be stayed. The Settling Parties are directed to defer prosecution of the Stayed Proceedings, except as provided in the Settlement Agreement.

7.      The reasonable attorneys' fees and expenses of the MCG Members and the Joinder Parties, identified on Exhibit A to the Settlement Agreement, in connection with litigating the Conversion Motion through the filing of the motion to compel an election of a Chapter 11 trustee for RCM, not to exceed the amounts set forth on Exhibit D to the Settlement Agreement, shall be allowed administrative expenses, attributable as substantial contributions to the RCM estate under §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, and shall be

payable on the Subsequent Effective Date regardless of whether RCM remains in chapter 11 or has been converted to a chapter 7 case. This Order does not make any determination as to the amount of attorneys' fees and expenses that are reasonable, and the Court reserves its making of that determination for a later date in connection with the fee application dated August 9, 2006, filed by the MCG Members and Joinder Parties.

8.    In accordance with the Settlement Agreement, the Leuthold Claimed Metals or the proceeds of any Metals Sale as contemplated in the Settlement Agreement, together with any interest actually earned on the proceeds after the Metals Sale, shall be distributed exclusively to Leuthold as an allowed claim concurrently with the initial distributions to the holders of allowed FX/Unsecured Claims under the Settlement Agreement, and shall reduce the Leuthold Remaining Claim as set forth in the Settlement Agreement.

9.    The Rogers Funds Claims shall be allowed claims as provided in a separate order of the Court approving the settlement of the Rogers Funds Claims.

10.    The status of the MCG Members and the Joinder Parties, identified on Exhibit A to the Settlement Agreement, as holders of Securities Customer Claims, as determined by the Trustee and as provided in the Settlement Agreement, is confirmed.

11.    Neither this Order nor the Settlement Agreement (a) except to the extent set forth in paragraphs 8, 9 and 10, allows the amount of any claim, (b) affects in any way the right of any party in interest in any of the Cases to prosecute or defend any claim to recover property that, but for such recovery, would constitute Additional Property under the Settlement Agreement, (c) modifies the requirement in the Court's previously issued order dated June 9, 2006 (the "**SPhinX Settlement Order**"), approving the SPhinX Settlement that there be no distribution of the proceeds of the SPhinX Settlement until all appeals from the SPhinX Settlement Order have been exhausted, (d) permits the proceeds of the SPhinX Settlement to be included in Assets in Place to

the extent that, after all appeals from the SPhinX Settlement Order have been exhausted, it is determined, as a final result of such appeals from the SPhinX Settlement Order, that the RCM estate is not entitled to the proceeds, or (e) limits or impairs any right of JPMorgan Chase Bank, N.A. (**"JPMorgan"**) as an oversecured creditor in the event that JPMorgan's secured claim against the RCM estate is allowed but the SPhinX Settlement is reversed on appeal or the proceeds of the SPhinX Settlement otherwise become unavailable or are insufficient to satisfy JPMorgan's allowed secured claim.

12.    The RCM Trustee is ordered to reserve each amount or other asset, otherwise included in Assets in Place, set forth in the table below and claimed by the person indicated in the table opposite such amount or other asset. Such amount or other asset may not be included in Assets in Place under the Settlement Agreement unless and until it is determined by the Court that the person claiming the amount or other asset is not entitled thereto.

| Amount or Asset | Claimant |
| --- | --- |
| The securities (or an amount equal to the full current value of the securities) referred to in paragraph 8 of the limited objection of the claimant | Bencorp Casa de Bolsa, C.A. |
| $921,252.22 | Emerging Strategies Fund, L.P. |
| $100,510.21 | Debick Partners LLC |
| $1,809,971.82 or, if applicable, such larger amount as is turned over to the RCM Trustee by FIMAT as provided below | Living Water Fund, L.P., ABBA Funds, L.P and RJ Trading, LLC |
| $8,942,277.00 | Claimants comprised in the Ad Hoc Refco F/X Customer Committee, and FXCM Capital Markets, L.L.C. and FXCM Trading, L.C.C. |
| $1,072,044.83 | Makor Issues & Rights Ltd. |

To the extent that FIMAT Alternative Strategies, Inc. or FIMAT USA, Inc. (individually and collectively, **"FIMAT"**) is holding funds claimed by both RCM and any of Living Water Fund, L.P., ABBA Funds, L.P and RJ Trading, LLC, FIMAT is directed to turn over the funds to the

RCM Trustee for the purpose of the RCM Trustee funding the reserve applicable to the amount claimed by Living Water Fund, L.P., ABBA Funds, L.P and RJ Trading, LLC, and FIMAT shall have no liability to any of the RCM Trustee, Living Water Fund, L.P., ABBA Funds, L.P and RJ Trading, LLC for complying with such turnover order. Unless and until it is determined that Bencorp Casa de Bolsa, C.A. is not entitled to the amount or other asset claimed by it, this Order does not modify paragraph 12 of the Court's previously issued order dated March 31, 2006, providing that the property claimed by Bencorp Casa de Bolsa, C.A. shall not be treated as a "Miscellaneous Asset" under and defined in such order and shall not be the subject of a "Miscellaneous Asset Sale" as defined in such order. By separate order, the Court will establish the procedures for resolving the disputed matters referred to in this paragraph with a view to resolving them promptly.

13.     In connection with the Settlement Agreement, the RCM Trustee is authorized to (a) set aside reserves from amounts otherwise distributable under the Settlement Agreement for actual or anticipated administrative, priority and prepetition claims (whether Securities Customer Claims or FX/General Unsecured Claims) at the time such claim is disputed or disallowed, (b) allocate to separate accounts cash or other property to be distributed to holders of allowed Securities Customer Claims or allowed FX/General Unsecured Claims pending distribution, (c) make distributions as set forth in the Settlement Agreement as soon as practicable from and after the Subsequent Effective Date at such times and in such amounts (net of reserves) as the RCM Trustee deems appropriate and consistent with his fiduciary duties, (d) implement the Metals Sale through any recognized market at which sales of metals of that type are regularly conducted, (e) propose procedures to make distributions of securities in kind, subject to approval by the Court, and (f) in the RCM Trustee's sole judgment, act in any manner that would be

consistent with, or omit from acting in any manner that would be inconsistent with his fiduciary duties.

14.     The RCM Trustee is not authorized to make distributions of financial assets in kind, except by procedures implemented by the RCM Trustee and approved by the Court.

15.     The determination of value of any securities as set forth in the Settlement Agreement by a valuation expert, engaged by the RCM Trustee with the approval of the Court, shall be binding and conclusive on all Settling Parties and all other parties in interest in the Cases to the extent provided in the Settlement Agreement.

16.     In the event the RCM chapter 11 case is converted to a liquidating case under subchapter III of chapter 7, all the terms, conditions and other provisions of the Settlement Agreement approved by this order shall, in all events, be final, valid, binding and enforceable upon any trustee appointed in the chapter 7, the Settling Parties, and all other parties in interest in the Cases regardless of such conversion.

17.     The Settlement Agreement, including any term, condition or other provision therein, may not be waived, modified, amended or supplemented, except as provided in the Settlement Agreement. No such term, condition or other provision that is waived, modified, amended or supplemented shall in any significant respect adversely affect a material economic entitlement of an entity not a party to the Settlement Agreement without the consent of that entity or further order of the Court.

18.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2006
          New York, New York

                                        _____
                                        Hon. Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE