EXECUTION COPY

## THIRD AMENDMENT TO SETTLEMENT AGREEMENT

This **THIRD AMENDMENT** (this "*Amendment*") is made and entered into as of August 30, 2006, among (i) Refco Capital Markets, Ltd., acting by and through Marc S. Kirschner in his capacity as trustee of RCM in its Chapter 11 case and (ii) those customers and other creditors of Refco Capital Markets Ltd. party to the Settlement Agreement dated as of June 29, 2006, as amended by an Amendment to Settlement Agreement dated as of August 14, 2006, and a Second Amendment to Settlement Agreement dated as of August 22, 2006 (as amended, the "*Settlement Agreement*"), among Refco Capital Markets, Ltd. and such creditors. Terms defined in the Settlement Agreement have the same meanings herein as specified therein.

**WHEREAS**, the parties hereto wish further to amend the Settlement Agreement as provided herein;

**NOW, THEREFORE,** the parties hereto hereby agree as follows:

§1.    **Amendments**.  The Settlement Agreement is hereby amended in the following respects:

(a)    Subsection (f) of §7 of the Settlement Agreement is amended by deleting the subsection in its entirety and by substituting therefor the following new subsection (f):--

(f)    *Certain Fees and Expenses of the MCG Members and Joinder Parties.* The reasonable attorneys' fees and expenses of the MCG Members and the Joinder Parties in connection with litigating the Conversion Motion through the filing of the motion to compel an election of a Chapter 11 trustee for RCM, not to exceed the amounts set forth on Exhibit D, shall be allowed administrative expenses in the RCM Case, attributable as substantial contributions to the RCM estate under §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.  If on the Subsequent Effective Date the RCM Case has not been converted to a Chapter 7 case to be administrated under Subchapter III of Chapter 7, the reasonable attorneys' fees and expenses shall be entitled to such administrative status and shall be payable pursuant to §5(a) or 6(a) on the Subsequent Effective Date.  However, if on the Subsequent Effective Date the RCM Case has been converted to a Chapter 7 case to be administrated under Subchapter III of Chapter 7, the reasonable attorneys' fees and expenses shall be entitled to administrative status only in the RCM Case, subordinate to the allowed administrative claims in the Chapter 7 case, and, unless the Bankruptcy Court orders otherwise, shall be payable pursuant to §5(a) or 6(a) on the later to occur of the Subsequent Effective Date and such date as the RCM Trustee shall have determined that there are or will be sufficient funds to pay all of the allowed administrative claims in the Chapter 7 case from the amounts reserved or available pursuant to § § 5(a), 6(a) and 6(e).  The RCM Trustee confirms that his initial review of the details of the attorneys' fees and expenses indicates that the overall fees and expenses are reasonable, but his initial

2

determination of their reasonableness is subject to his final review in the exercise of his fiduciary duties.

(b)    Subsection (a) of §12 of the Settlement Agreement is amended by deleting "August 31, 2006" wherever that date appears in clause (i) or (ii) of such subsection and by substituting therefor "September 15, 2006".

(c)    Subsection (a) of §12 of the Settlement Agreement is further amended by deleting "October 15, 2006" contained in clause (iii) of such subsection and by substituting therefor "October 17, 2006".

(d)    Subsection (a) of §12 of the Settlement Agreement is further amended by deleting "November 15, 2006" contained in clause (iv) of such subsection and by substituting therefor "December 15, 2006".

(e)    Subsection (a) of §12 of the Settlement Agreement is further amended by (i) deleting the word "or" at the end of clause (iv) of such subsection, (ii) deleting the period at the end of clause (v) of such subsection and by substituting therefor a semi-colon followed by the word "or", and (iii) adding the following new clause (vi):--

(vi)    by October 31, 2006, the Bankruptcy Court shall not have entered an order or orders in the RCM Case determining that the treatment of Assets in Place referred to in clauses (A) through (E) of §14(b)(iv) is fully enforceable against other parties in interest in the Cases, as well as among the parties to this Agreement, subject to any rights of the appellants to the Bankruptcy Court's order approving the SPhinX Settlement to claim, as a final result of their appeals if successful, that the proceeds of the SPhinX Settlement are not Assets in Place.

(f)    Subsection (b) of §14 of the Settlement Agreement is amended by deleting "August 31, 2006" appearing in the fourth line of such subsection and by substituting therefor "September 15, 2006".

(g)    Subsection (b) of §14 of the Settlement Agreement is further amended by deleting the words "against other parties in interest in the Cases" appearing in the first full paragraph following the end of clause (iv) of such subsection and by substituting therefor the words "among the parties to this Agreement".

(h)    Subsection (e) of §14 of the Settlement Agreement is amended by (i) renumbering clauses (ii) and (iii) as clauses (iii) and (iv) respectively and by inserting after clause (i) the following new clause:--

(ii)    by October 31, 2006, the Bankruptcy Court shall have entered an order or orders in the RCM Case or, if the RCM Case has been converted to a Chapter 7 case to be administered under Subchapter III of Chapter 7, in the Chapter 7 case determining that the treatment of Assets in Place referred to in clauses (A) through (E) of §14(b)(iv) is fully enforceable against other parties in interest in the Cases, as well as among the

3

parties to this Agreement, subject to any rights of the appellants to the Bankruptcy Court's order approving the SPhinX Settlement to claim, as a final result of their appeals if successful, that the proceeds of the SPhinX Settlement are not Assets in Place.

(i)    Subsection (c) of §14 of the Settlement Agreement is amended by deleting renumbered clause (iii) (former clause (ii)) of such subsection and by substituting therefor the following new clause (iii):--

(iii)    by January 15, 2007, any one of the following events shall have occurred:

(A)    the provisions of this Agreement shall have been incorporated in all material respects into a joint plan of reorganization of some or all of the Debtors including RCM or (if so permitted by the Bankruptcy Court) of RCM alone, the plan shall have been confirmed by an order entered by the Bankruptcy Court, and the "Effective Date" under and as defined in the plan shall have occurred;

(B)    the RCM Case shall have been converted to a Chapter 7 case to be administered under Subchapter III of Chapter 7 but (1) prior to or concurrently with the conversion, the provisions of this Agreement shall have been incorporated in all material respects into a settlement agreement between the RCM Trustee, acting on behalf of the RCM estate, and the other Debtors (which settlement agreement may have been incorporated into a joint plan of reorganization of some or all of the other Debtors), (2) subsequent to the conversion, the settlement agreement shall have been approved by an order entered by the Bankruptcy Court, and the settlement agreement shall have become effective in accordance with its terms (and the terms of any such joint plan of reorganization for some or all of the other Debtors), and (3) the date of November 30, 2006, shall have passed; or

(C)    if neither the foregoing clause (A) nor the foregoing clause (B) is applicable, or if the foregoing clause (B) was applicable but the RCM Trustee is no longer bound by the settlement agreement referred to in clause (B), the RCM Case shall have been converted to a Chapter 7 case to be administered under Subchapter III of Chapter 7; and

§2.    **Settlement Agreement Approval Order**.  The parties hereto acknowledge and agree that the form of Proposed Revised Order attached hereto satisfies the requirements of §14(b)(iv) of the Settlement Agreement.

§3.    **Joinder**.  The signatories to this Amendment who are not signatories to the Settlement Agreement are joining in this Amendment as signatories to the Settlement Agreement as amended by this Amendment.

§4.    **Effective Time**.  This Amendment shall become effective when it has been signed by or on behalf of the Super Majority inclusive of the parties joining the Settlement Agreement pursuant to §3 of this Amendment.

4

§5.    <u>Savings Clause</u>.    Except as provided in this Amendment, the Settlement Agreement shall continue in full force and effect.    The Settlement Agreement and this Amendment shall be read and construed together as a single agreement.

**IN WITNESS WHEREOF,** each of the parties hereto has caused this Amendment to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

*[Remainder of page intentionally left blank]*

THE RCM TRUSTEE


By: _____

Name: Marc S. Kirschner

Title: Chapter 11 Trustee of Refco Capital Markets, Ltd.

Marc S. Kirschner (MSK3631)

1120 Park Avenue, 18A

New York, NY 10128

Telephone: (212) 860-7577

BUSDOCS/1580001.6

CLEARY GOTTLIEB STEEN
& HAMILTON LLP

By: *Thomas J. Moloney*

Thomas J. Moloney (TM-9775)
Neil P. Forrest (NF-8162)
Jason P. Gottlieb (JG-8398)
One Liberty Plaza
New York, New York 10006-1470
(212) 225-2000

*Attorneys for Inter Financial Services, Ltd.*

RU80006/n830001.9

CAPITAL MANAGEMENT SELECT FUND
LTD.

By:     Vytenis Rasotis
Title:  Director

*Address for notices:*

DICKSTEIN SHAPIRO LLP

Daniel M. Litt (DL-9227; admitted pro hac vice)
Paul B. Bran (PB-5659; admitted pro hac vice)
1825 Eye Street, N.W.
Washington, DC 20006-5403
Tel: (202) 420-3144
Fax: (202)-420-2201

*Attorneys for Capital Management Select Fund Ltd.*

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By:_____
Joshua Angel (JA-3288)
Laurence May, Esq. (LM-9714)
Seth F. Kornbluth, Esq. (SK-4911)
460 Park Avenue
New York, NY 10022-1906
(212) 752-8000

*Attorneys for Global Management Worldwide
Limited; Arbat Equity Arbitrage Fund Limited;
Russian Investors Securities Limited; and
Garden Rind Fund Limited*

PILLSBURY WINTHROP SHAW
  PITTMAN LLP

By: _____  8/1/06
Rick B. Antonoff (RA-4158)
C. Nicole Gladden (CG-3707)
1540 Broadway
New York, New York 10036
(212) 858-1000

*Attorneys for RB Securities Limited*

SHUTTS & BOWEN LLP

By: _____

Robert Fracasso (RF-2538)
Peter E. Shapiro (PES-4795)
201 South Biscayne Boulevard
1500 Miami Center
(305) 379-9102

LARRY I. GLICK, P.C.
Larry I. Glick (LG-8665)
1305 Franklin Avenue, Suite 180
Garden City, New York 11530
(516) 739-1111

*As attorneys for IDC Financial S.A.;
Investment & Development Finance Corp.;
Oslo International S.A.; Alfredo Skinner–Klee
and Alexandra Sol de Skinner-Klee; Ernesto
Ruiz Sinibaldi; Christian Klose Pieters and
Aida Margarita Rosales de Klose; Ballery
Holdings; and Bilston International Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: _____

*As attorneys for Altima Capital
Management, Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: _____

*As attorneys for Banco Uno S.A.- Panama;
Banco Uno S.A.- El Salvador; Banco Uno,
S.A. Nicaragua; and Banco Uno S.A.-
Guatemala*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By: _____

*As attorneys for INS-Bancredito Valores
Puesto de Bolsa, S.A. and Servicios
Generales Bursatiles, S.A. de C.V.*

MIADOCS 1160472 1

HOLLAND & KNIGHT LLP

By _____
Sandra E. Mayerson (SM-8119)
Arthur E. Rosenberg (AR-0513)
Peter A. Zisser (PZ-9634)
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Turisol Casa de Cambio C.A.;*
*Heptagon Financial Services, Inc., f/k/a*
*Interfin Capital Inc.; Sud America de Seguros C.A.;*
*Sul America Compania de Segurose del*
*Ecuador C.A.; Latina de Seguros, f/k/a*
*Generali Peru Compania de Seguros y*
*Reseguros; Heptagon Financial Planners,*
*Ltd.; and Brook Financial Services Ltd.*

BUSDOCS/1580001.9

AKIN GUMP STRAUSS HAUER
  & FELD LLP

By: _____
Fred S. Hodara (FH-7497)
Andrew J. Rossman (AR-0596)
590 Madison Avenue
New York, NY 10022
(212) 872-1000

*Attorneys for VR Global Partners, L.P.; Paton*
*Holdings Ltd.; VR Capital Group Ltd.; and VR*
*Argentina Recovery Fund, Ltd.*

HOGAN & HARTSON L.L.P.

By: _____
Ira S. Greene (IG-2315)
Scott A. Golden (SG-6663)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Premier Bank International N.V. and
Banco de Hipotecario de Inversion Turistica de
Venezuela as trustee of Fideicomiso Federal Forex
Investment*

BUSDOCS/1580001.3

CHADBOURNE & PARKE LLP

By: _____
Joseph H. Smolinsky (JS-8408)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Markwood Investments Ltd.*

FOLEY & LARDNER LLP

By: _Salvatore A. Barbatano (par)_

Robert A. Soher (RS 2910)
Dorit S. Heimer (DH 7511)
Emily R. Sausen (ES 9097)
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
Fax: (212) 682-2329

FOLEY & LARDNER LLP
Scott E. Early (pro hac vice)
Salvatore A. Barbatano (pro hac vice)
Geoffrey S. Goodman (pro hac vice)
321 North Clark Street, Suite 2800
Chicago, IL 60610
Phone: (312) 832-4500
Fax: (312) 832-4700

*Attorneys for Leuthold Funds, Inc. and Leuthold
Industrial Metals Fund, L.P.*

BROWN RUDNICK BERLACK ISRAELS LLP

By:_____
Andrew Dash (AD 7913 )
Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

BROWN RUDNICK BERLACK ISRAELS LLP
William R. Baldiga
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Hain Capital Group, LLC; Wayzata
Investment Partners; and Contrarian Capital
Management*

KATTEN MUCHIN ROSENMAN LLP

By: _____
Jeff J. Friedman (JF-7661)
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Lyxor/Estlander & Ronnlund*
*Fund Ltd.; Lyxor/Beach Discretionary Fund*
*Ltd.; and Société Générale S.A.*

CHADBOURNE & PARKE LLP

By: _Chris Rivera_____
Howard Seife (HS 7995)
Christy L. Rivera (CR 8895)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Carlos Sevilleja; Cosmorex, Ltd.;*
*and Creative Finance Limited*

FAEGRE & BENSON LLP

By: _____
Michael B. Fisco (#173341)
Stephen M. Mertz (#212131)
Abby E. Wilkinson (#0313981)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Cargill Financial Services
Corporation; Cargill Global Funding PLC;
Cargill, Incorporated; and Cargill Meat Solutions
Corporation (formerly Excel Corporation)*

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Robert A. Johnson (RJ 6553)
590 Madison Avenue
New York, NY 10022-2524
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Attorneys for Reserve Invest (Cyprus) Ltd.*

BUSDOCS/1580001.6

BLANK ROME LLP

By:

Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Grand Trading Limited*

BLANK ROME LLP

By:

Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Armajaro Commodities, Ltd.*

EVEREST ASSET MANAGEMENT INC.

By: Peter Lamoureux
Title: President

Address for notices:
HENDERSON & LYMAN
Douglas E. Arend
175 West Jackson Boulevard
Suite 240
Chicago, IL 60604
Tel: (312) 986-6960
Fax: (312) 986-6960

Attorneys for Everest Asset Management Inc.

SUBDOC#1890001.8

WHITE & CASE LLP

By: _____
Sam J. Alberts
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3616
Facsimile: (202) 639-9355

*Attorneys for RR Investment Company Limited*

WHITE & CASE LLP

By: _____
Sam J. Alberts
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3616
Facsimile: (202) 639-9355

*Attorneys for Rovida Holdings Limited*

Aug 31 06 07:04p    dames Giddens                413   298   5312          p.2

HUGHES HUBBARD & REED LLP

By: _James W. Giddens_
James W. Giddens (JG-0235)
James B. Kobak, Jr. (JK-1218)
Christopher K. Kiplok (CK-5039)
Jeffrey S. Margolin (JM-4853)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for Mrs. Josefina Franco Siller*

NUSDOC SIISOOO1 A

PAGE 2/2 * RCVD AT 8/31/2006 4:19:49 PM [Eastern Daylight Time] * SVR:HHRFAX/2 * DNIS:6961 * CSID:413 298 6312 * DURATION (mm-ss):00-58

## JOINDER OF ROGERS FUNDS TO THIRD AMENDMENT
## TO SETTLEMENT AGREEMENT

ROGERS RAW MATERIALS FUND, L.P. and ROGERS INTERNATIONAL RAW MATERIALS FUND, L.P. (the "Rogers Funds") hereby confirm that all references to the Settlement Agreement in the Joinder of Rogers Funds to Settlement Agreement dated as of July 20, 2006 (the "Joinder"), between the Funds and the RCM Trustee (as defined in the Joinder) shall be to the Settlement Agreement as amended by the foregoing Third Amendment.

SIDLEY AUSTIN LLP

By: _____

Guy S. Neal
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8041
Fax: (202) 736-8711

Bryan Krakauer
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7515
Fax: (312) 853-7036

*Attorneys for Rogers Raw Materials Fund, L.P. and*
*Rogers International Raw Materials Fund, L.P.*

EXECUTION VERSION

### FOURTH AMENDMENT TO SETTLEMENT AGREEMENT

This **FOURTH AMENDMENT** (this "*Amendment*") is made and entered into as of October 11, 2006, among (i) Refco Capital Markets, Ltd., acting by and through Marc S. Kirschner in his capacity as trustee of RCM in its Chapter 11 case and (ii) those customers and other creditors of Refco Capital Markets Ltd. party to the Settlement Agreement dated as of June 29, 2006, as amended by an Amendment to Settlement Agreement dated as of August 14, 2006, a Second Amendment to Settlement Agreement dated as of August 22, 2006, and a Third Amendment to Settlement Agreement dated as of August 30, 2006 (as amended, the "*Settlement Agreement*"), among Refco Capital Markets, Ltd. and such creditors. Terms defined in the Settlement Agreement have the same meanings herein as specified therein.

**WHEREAS,** the parties hereto wish further to amend the Settlement Agreement as provided herein;

**NOW, THEREFORE,** the parties hereto hereby agree as follows:

**§1.** **Amendments**. The Settlement Agreement is hereby amended in the following respects:

(a)     Section 1 of the Settlement Agreement is amended by adding the following new definitions in proper alphabetical order: --

"*Initial Approval Order*" means the Bankruptcy Court's order entitled "Order Approving Settlement Agreement Among Refco Capital Markets Ltd and Certain Securities Customers and Creditors" dated September 15, 2006, in the RCM Case contemplated by §14(b)(iv)(Docket No. 2863).

"*Inter-Debtor Settlement*" means a joint plan of reorganization of some or all of the Debtors including RCM, or a settlement agreement between the RCM Trustee, acting on behalf of the RCM estate, and some or all of the other Debtors (which settlement agreement may have been incorporated into a joint plan of reorganization of some or all of the other Debtors). The term includes the Amended Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries filed on October 6, 2006, with the Bankruptcy Court.

"*Specified Constructive Trust Claims*" means those claims expressly reserved in paragraph 12 of the Initial Approval Order.

(b)     Subsection (d) of §5 of the Settlement Agreement is amended by deleting subsection (d) and by substituting therefor the following new subsections (d) and (e): --

2

(d)    *Balance of Distributions.*  Subject to §5(e), the balance to be applied towards payment of the allowed Securities Customer Claims.

(e)    *Adjustment for Certain Administrative and Priority Claims Paid by Other Debtors in Connection With an Inter-Debtor Settlement.*  If, in connection with an Inter-Debtor Settlement that has been approved by the Bankruptcy Court and has become effective, any of the other Debtors pays all or any portion of the allowed administrative and priority claims of the RCM estate that would otherwise have been subject to the reserve for the first $60 million of distributions of Assets in Place as provided in the second sentence of §5(a), then the amount so paid by the other Debtor shall be considered to have been reserved within the first $60 million of Assets in Place for purposes of the third sentence of §5(a). If, as a result of the payment by the other Debtor, the amount of Additional Property that the RCM estate would have otherwise received under the Inter-Debtor Settlement is reduced, an amount of the Assets in Place equal to the amount of such reduction (not to exceed $60 million in the aggregate for all such amounts) shall be treated as Additional Property and distributed pursuant to §§6(b) through (d) before any further distributions are made pursuant to §5(d). The RCM Trustee shall establish appropriate reserves of Assets in Place to assure that there will be sufficient Assets in Place to make any distributions treated as Additional Property under this subsection.

(c)    Section 10 of the Settlement Agreement is amended by adding at the end of the section the following new subsections (e) and (f): --

(e)    *Distributions of Proceeds of the BAWAG Settlement.*  This Agreement does not prevent the RCM Trustee from (i) relinquishing a distribution of a share of the proceeds of the BAWAG Settlement allocable to the RCM estate and that distribution would have been distributed to a creditor of the RCM estate if the creditor fails to accept the release contemplated by the BAWAG Settlement in order to receive the distribution or (ii) distributing the balance of the proceeds of the BAWAG Settlement allocable to the RCM estate to the creditors of the RCM estate who do accept the release. For purposes of this paragraph,  the term *"BAWAG Settlement"* means the settlement stipulation among, *inter alia*, the Creditors' Committee, Bawag P.S.K. Fur Arbeit Und Wirtschaft Und Osterreichische Postsparkasse Arktiengesellschaft, and the Debtors as approved by the Bankruptcy Court by an order entered on July 6, 2006.

(f)    *Distributions Contemplated by an Inter-Debtor Settlement.*  In the event that an Inter-Debtor Settlement Agreement is approved by the Bankruptcy Court and becomes effective, and the Inter-Debtor Settlement provides for or permits any action referred to in this subsection, then this Agreement does not prevent the RCM Trustee:

(i)    from withholding, relinquishing or equitably reallocating among other creditors of the RCM estate a distribution of Additional Property otherwise to be made to any creditor of the RCM estate who fails to provide a release, subordination, waiver or assignment of claims required from that creditor under the Inter-Debtor Settlement for that creditor to receive the distribution, if the distribution was or would have been funded by a payment from another Debtor

3

under the Inter-Debtor Settlement or from a private litigation trust established under the Inter-Debtor Settlement;

(ii)    contributing Additional Property consisting of avoidance claims or other causes of action (other than claims, rights of action, suits, or proceedings held by the RCM estate pursuant to §§ 547, 550 and 749 of the Bankruptcy Code) to a litigation trust established under the Inter-Debtor Settlement in return for allocable interests in or an allocable share of recoveries by the litigation trust constituting Additional Property;

(iii)    as a result of the contribution of the Additional Property to the litigation trust, permitting Additional Property (including the interests in or share of recoveries by the litigation trust) to be distributed to creditors of the RCM estate directly by the trustee or trustees of the litigation trust as if distributed as Additional Property by the RCM Trustee under this Agreement; or

(iv)    making a larger distribution, exclusive of interests in or recoveries by the litigation trust, to members of convenience classes of RCM creditors that do not receive interests in or recoveries by the litigation trust so long as the aggregate amount of distributions to members of all RCM convenience classes do not exceed the sum of $2 million.

(d)    Subsection (a) of §12 of the Settlement Agreement is amended by deleting the word "or" appearing at the end of clause (v) of such subsection, by deleting clause (vi) of such subsection, and by substituting therefor the following new clauses (vi) and (vii):--

(vi)    by October 31, 2006, the Bankruptcy Court shall not have entered an order or orders in the RCM Case determining that the treatment of Assets in Place referred to in clauses (A) through (E) of §14(b)(iv) is fully enforceable against other parties in interest in the Cases, as well as among the parties to this Agreement, subject to any rights of (A) the appellants to the Bankruptcy Court's order approving the SPhinX Settlement to claim, as a final result of their appeals if successful, that the proceeds of the SPhinX Settlement are not Assets in Place and (B) the holders of Specified Constructive Trust Claims to claim that the assets reserved for them in paragraph 12 of the Initial Approval Order are not Assets in Place; or

(vii)    by December 15, 2006, the Bankruptcy Court shall not have entered an order or orders in the RCM Case determining that the assets reserved for the holders of Specified Constructive Trust Claims in paragraph 12 of the Initial Approval Order are Assets in Place.

(e)    Subsection (c) of §14 of the Settlement Agreement is amended by deleting clause (ii) of such subsection and by substituting therefor the following new clause (ii):--

(ii)    by October 31, 2006, the Bankruptcy Court shall have entered an order or orders in the RCM Case or, if the RCM Case has been converted to a Chapter 7 case to be

4

administered under Subchapter III of Chapter 7, in the Chapter 7 case determining that the treatment of Assets in Place referred to in clauses (A) through (E) of §14(b)(iv) is fully enforceable against other parties in interest in the Cases, as well as among the parties to this Agreement, subject to any rights of (A) the appellants to the Bankruptcy Court's order approving the SPhinX Settlement to claim, as a final result of their appeals if successful, that the proceeds of the SPhinX Settlement are not Assets in Place and (B) the holders of Specified Constructive Trust Claims to claim that the assets reserved for them in paragraph 12 of the Initial Approval Order are not Assets in Place;

(f)    Subsection (c) of §14 of the Settlement Agreement is further amended by deleting clauses (iii)(B) and (C) of such subsection and by substituting therefor the following new clauses (iii)(B) and (C):

(B)    the RCM Case shall have been converted to a Chapter 7 case to be administered under Subchapter III of Chapter 7 but (1) prior to or concurrently with the conversion, the provisions of this Agreement shall have been incorporated in all material respects into an Inter-Debtor Settlement, (2) the Inter-Debtor Settlement shall have been approved by an order entered by the Bankruptcy Court, and the Inter-Debtor Settlement shall have become effective in accordance with its terms, and (3) the date of November 30, 2006, shall have passed; or

(C)    if neither the foregoing clause (A) nor the foregoing clause (B) is applicable, or if the foregoing clause (B) was applicable but the RCM Trustee is no longer bound by the Inter-Debtor Settlement referred to in clause (B), the RCM Case shall have been converted to a Chapter 7 case to be administered under Subchapter III of Chapter 7; and

§2.    **"Quiet Title" Approval Order**.  The parties hereto acknowledge and agree that the order attached hereto satisfies the requirements of §14(c)(ii) of the Settlement Agreement as amended by this Amendment.

§3.    **Joinder**.  Any signatories to this Amendment who are not signatories to the Settlement Agreement are joining in this Amendment as signatories to the Settlement Agreement as amended by this Amendment.

§4.    **Effective Time**.  This Amendment shall become effective when it has been signed by or on behalf of the Super Majority inclusive of any parties joining the Settlement Agreement pursuant to §3 of this Amendment.  However, those provisions of this Amendment for which the signatures of a 95% Super Majority are required under §16(c) of the Settlement Agreement shall not be effective until this Amendment has been signed by the RCM Trustee and by or on behalf of those parties representing the 95% Super Majority.

§5.    **Savings Clause**.  Except as provided in this Amendment, the Settlement Agreement shall continue in full force and effect.  The Settlement Agreement and this Amendment shall be read and construed together as a single agreement.

5

**IN WITNESS WHEREOF,** each of the parties hereto has caused this Amendment to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

*[Remainder of page intentionally left blank]*

THE RCM TRUSTEE

By: _____
Name: Marc S. Kirschner
Title: Chapter 11 Trustee of Refco Capital Markets, Ltd.

Marc S. Kirschner (MSK3631)
1120 Park Avenue, 18A
New York, NY 10128
Telephone: (212) 860-7577

BUSDOCS/1588893.6

CLEARY GOTTLIEB STEEN
   & HAMILTON LLP

By: _Tom Moloney_ MG
Thomas J. Moloney (TM-9775)
Neil P. Forrest (NF-8162)
Jason P. Gottlieb (JG-8398)
One Liberty Plaza
New York, New York 10006-1470
(212) 225-2000

*Attorneys for Inter Financial Services, Ltd.*

12 OKT 2006 18:33                                                                    c 2

CAPITAL MANAGEMENT SELECT FUND
LTD.

By:     Vytenis Rasutis
Title:  Director

*Address for notices:*

DICKSTEIN SHAPIRO LLP

Daniel M. Litt (DL-9227; admitted pro hac vice)
Paul B. Bran (PB-5659; admitted pro hac vice)
1825 Eye Street, N.W.
Washington, DC 20006-5403
Tel: (202) 420-3144
Fax: (202)-420-2201

*Attorneys for Capital Management Select Fund Ltd.*

BUSDOCS/1588893.6

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By: _____

Joshua Angel (JA-3288)
Laurence May, Esq. (LM-9714)
Seth F. Kornbluth, Esq. (SK-4911)
460 Park Avenue
New York, NY 10022-1906
(212) 752-8000

*Attorneys for Global Management Worldwide
Limited; Arbat Equity Arbitrage Fund Limited;
Russian Investors Securities Limited; and
Garden Rind Fund Limited*

PILLSBURY WINTHROP SHAW
PITTMAN LLP

By _____  10/11/06
Rick B. Antonoff (RA-4158)
C. Nicole Gladden (CG-3707)
1540 Broadway
New York, New York 10036
(212) 858-1000

*Attorneys for RB Securities Limited*

SHUTTS & BOWEN LLP *(By LG w/permission)*

By: *Robert Fracasso*

Robert Fracasso (RF-2538)/
Peter E. Shapiro (PES-4795)
201 South Biscayne Boulevard
1500 Miami Center
(305) 379-9102

LARRY I. GLICK, P.C.
Larry I. Glick (LG-8665)
1305 Franklin Avenue, Suite 180
Garden City, New York 11530
(516) 739-1111

*As attorneys for IDC Financial S.A.;
Investment & Development Finance Corp.;
Oslo International S.A.; Alfredo Skinner–Klee
and Alexandra Sol de Skinner-Klee; Ernesto
Ruiz Sinibaldi; Christian Klose Pieters and
Aida Margarita Rosales de Klose; Ballery
Holdings; and Bilston International Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By:_____

*As attorneys for Altima Capital
Management, Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By:_____

*As attorneys for Banco Uno S.A.- Panama;
Banco Uno S.A.- El Salvador; Banco Uno,
S.A. Nicaragua; and Banco Uno S.A.-
Guatemala*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By:_____

*As attorneys for INS-Bancredito Valores
Puesto de Bolsa, S.A. and Servicios
Generales Bursatiles, S.A. de C.V.*

HOLLAND & KNIGHT LLP

By: _Sandra E. Mayerson_

Sandra B. Mayerson (SM-8119)
Arthur E. Rosenberg (AR-0513)
Peter A. Zisser (PZ-9634)
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Turisol Casa de Cambio C.A.;*
*Heptagon Financial Services, Inc., f/k/a*
*Interfin Capital Inc.; Sud America de Seguros C.A.;*
*Sul America Compañia de Seguros del*
*Ecuador C.A.; Latina Seguros y Reaseguros S.A.,*
*f/k/a Generali Peru Compañia de Seguros y*
*Reseguros; Heptagon Financial Planners,*
*Ltd.; and Brooke Financial Services Ltd.*

AKIN GUMP STRAUSS HAUER
& FELD LLP

By:_____

Fred S. Hodara (FH-7497)
Andrew J. Rossman (AR-0596)
590 Madison Avenue
New York, NY 10022
(212) 872-1000

*Attorneys for VR Global Partners, L.P.; Paton
Holdings Ltd.; VR Capital Group Ltd.; and VR
Argentina Recovery Fund, Ltd.*

13    DeltaView comparison of iManageDeskSite://IMANDMS/BUSDOCS/1588893/5 and
iManageDeskSite://iManDMS/BUSDOCS/1588893/6. Performed on 10/11/2006.

HOGAN & HARTSON L.L.P.

By: _____
Ira S. Greene (IG-2315)
Scott A. Golden (SG-6663)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Premier Bank International N.V. and
Banco de Hipotecario de Inversion Turistica de
Venezuela as trustee of Fideicomiso Federal Forex
Investment*

CHADBOURNE & PARKE LLP

By: _Joseph Smolinsky_

Joseph H. Smolinsky (JS-8408)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Markwood Investments Ltd.*

FOLEY & LARDNER LLP

By: _Salvatore A. Barbatano /GSE_

Robert A. Scher (RS 2910)
Dorit S. Heimer (DH 7511)
Emily R. Sausen (ES 9097)
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
Fax: (212) 682-2329

FOLEY & LARDNER LLP
Scott E. Early (pro hac vice)
Salvatore A. Barbatano (pro hac vice)
Geoffrey S. Goodman (pro hac vice)
321 North Clark Street, Suite 2800
Chicago, IL 60610
Phone: (312) 832-4500
Fax: (312) 832-4700

*Attorneys for Leuthold Funds, Inc. and Leuthold
Industrial Metals Fund, L.P.*

BROWN RUDNICK BERLACK ISRAELS LLP

By: _____
Andrew Dash (AD 7913 )
Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

BROWN RUDNICK BERLACK ISRAELS LLP
William R. Baldiga
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Hain Capital Group, LLC; Wayzata
Investment Partners; and Contrarian Capital
Management*

KATTEN MUCHIN ROSENMAN LLP

By: _____

Jeff J. Friedman (JF-7661)
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Lyxor/Estlander & Ronnlund
Fund Ltd.; Lyxor/Beach Discretionary Fund
Ltd.; and Société Générale S.A.*

CHADBOURNE & PARKE LLP

By: _Christy Rivera_
Howard Seife (HS 7995)
Christy L. Rivera (CR 8895)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Carlos Sevilleja; Cosmorex, Ltd.;
and Creative Finance Limited*

FAEGRE & BENSON LLP

By: _____
Michael B. Fisco (#175341)
Stephen M. Mertz (#211131)
Abby E. Wilkinson (#0313981)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Cargill Financial Services*
*Corporation; Cargill Global Funding PLC;*
*Cargill, Incorporated; and Cargill Meat Solutions*
*Corporation (formerly Excel Corporation)*

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Robert A. Johnson (RJ 6553)
590 Madison Avenue
New York, NY 10022-2524
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Attorneys for Reserve Invest (Cyprus) Ltd.*

BLANK ROME LLP

By:

Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Grand Trading Limited*

BLANK ROME LLP

By:

Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Armajaro Commodities, Ltd.*

EVEREST ASSET MANAGEMENT INC.

By: Peter Lamoureux
Title: President

*Address for notices:*
HENDERSON & LYMAN
Douglas E. Arend
175 West Jackson Boulevard
Suite 240
Chicago, IL 60604
Tel: (312) 986-6960
Fax: (312) 986-6960

*Attorneys for Everest Asset Management Inc.*

WHITE & CASE LLP

By: _____
Sam J. Alberts
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3616
Facsimile: (202) 639-9355

*Attorneys for RR Investment Company Limited*

WHITE & CASE LLP

By: _____
Sam J. Alberts
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3616
Facsimile: (202) 639-9355

*Attorneys for Rovida Holdings Limited*

HUGHES HUBBARD & REED LLP

By: *James W. Giddens*

James W. Giddens (JG-0235)
James B. Kobak, Jr. (JK-1218)
Christopher K. Kiplok (CK-5039)
Jeffrey S. Margolin (JM-4853)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for Mrs. Josefina Franco Siller*

ROGERS RAW MATERIALS FUND, L.P.

By:   Beeland Management Company, LLC , a General
Partner

By: _____
Name: Guy S. Neal
Title: Counsel

Beeland Management Company, LLC
Attention: Tom Price
141 West Jackson Blvd.
Suite 1340A
Chicago, IL 60604

ROGERS    INTERNATIONAL    RAW    MATERIALS
FUND, L.P.

By:   Beeland Management Company, LLC , a General
Partner

By: _____
Name: Guy S. Neal
Title: counsel

Beeland Management Company, LLC
Attention: Tom Price
141 West Jackson Blvd.
Suite 1340A
Chicago, IL 60604

EXECUTION COPY

## FIFTH AMENDMENT TO SETTLEMENT AGREEMENT

This **FIFTH AMENDMENT** (this *"Amendment"*) is made and entered into as of December 6, 2006, among (i) Refco Capital Markets, Ltd., acting by and through Marc S. Kirschner in his capacity as trustee of RCM in its Chapter 11 case and (ii) those customers and other creditors of Refco Capital Markets Ltd. party to the Settlement Agreement dated as of June 29, 2006, as amended by an Amendment to Settlement Agreement dated as of August 14, 2006, a Second Amendment to Settlement Agreement dated as of August 22, 2006, a Third Amendment to Settlement Agreement dated as of August 30, 2006, and a Fourth Amendment to Settlement Agreement dated as of October 11, 2006 (as amended, the *"Settlement Agreement"*), among Refco Capital Markets, Ltd. and such creditors. Terms defined in the Settlement Agreement have the same meanings herein as specified therein.

**WHEREAS,** the parties hereto wish further to amend the Settlement Agreement as provided herein;

**NOW, THEREFORE,** the parties hereto hereby agree as follows:

§1.    **Amendments**. The Settlement Agreement is hereby amended in the following respects:

(a)    Section 1 of the Settlement Agreement is amended by deleting the words "the Amended Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries filed on October 6, 2006" appearing in the second sentence of the definition of the term "Inter-Debtor Settlement" and by substituting therefor the words "the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries dated December 4, 2006".

(b)    Section 1 is further amended by adding in proper alphabetical order the following new definition:

*"Specified Administrative Claims"* means allowed administrative claims accrued against the RCM estate from the Filing Date to the Subsequent Effective Date. The term does not include (a) allowed administrative claims paid prior to August 31, 2006, (b) rent and other ordinary operating expenses of RCM, (c) the fees and commissions of the RCM Trustee, (d) the repayment of the Advance Amounts or (e) the reasonable fees and expenses of JPMorgan Chase Bank, N.A. agreed to be paid by the RCM estate as part of the Settlement Agreement and Mutual Release dated November 20, 2006, between RCM and JPMorgan Chase Bank, N.A.

(c)    Section 5 is amended by deleting subsection (a) and by substituting therefor the following new subsection (a): --

2

(a)  *Administrative and Priority Claims.*  First, to pay the allowed administrative and priority claims of the RCM estate. The RCM Trustee shall be entitled to reserve $60 million for the payment of Specified Administrative Claims, with any unused amounts reserved to be applied towards the allowed Securities Customer Claims. If the Specified Administrative Claims exceed the amounts reserved and are not otherwise paid as provided in §6(a) or (e), they shall be paid before there are any further distributions under subsection (d) of this Section.

(d)  Section 5 is further amended by deleting the first sentence of subsection (e) and by substituting therefor the following new sentence: --

If, in connection with an Inter-Debtor Settlement that has been approved by the Bankruptcy Court and has become effective, any of the other Debtors pays all or any portion of the Specified Administrative Claims that would otherwise have been subject to the $60 million reserve from Assets in Place as provided in the second sentence of §5(a), then the amount so paid by the other Debtor shall be considered to have been included in the reserve for purposes of the third sentence of §5(a).

(e)  Section 6 is amended by deleting the words "§6(e)" appearing in subsection (a) and by substituting therefor the words "§5(a) or 6(e)".

(f)  Section 10 is amended by adding at the end of clause (ii) of subsection (f), before the semi-colon, the following new words: --

or, to the extent and upon the terms provided in the Inter-Debtor Settlement, causing or permitting interests in or recoveries by the litigation trust to be transferred to or for the benefit of certain holders of equity interests in Refco, Inc. in exchange for any settlement and other consideration contained in the Inter-Debtor Settlement.

**§2.  Joinder.**  Any signatories to this Amendment who are not signatories to the Settlement Agreement are joining in this Amendment as signatories to the Settlement Agreement as amended by this Amendment.

**§3.  Effective Time.**  This Amendment shall become effective when it has been signed by the RCM Trustee and by or on behalf of the Super Majority required under §16 of the Settlement Agreement.

**§4.  Savings Clause.**  Except as provided in this Amendment, the Settlement Agreement shall continue in full force and effect.  The Settlement Agreement and this Amendment shall be read and construed together as a single agreement.

**IN WITNESS WHEREOF,** each of the parties hereto has caused this Amendment to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

*[Remainder of page intentionally left blank]*

THE RCM TRUSTEE


By: *Marc S. Kirschner/am*
Name: Marc S. Kirschner
Title: Chapter 11 Trustee of Refco Capital Markets, Ltd.

Marc S. Kirschner (MSK3631)
1120 Park Avenue, 18A
New York, NY 10128
Telephone: (212) 860-7577

CLEARY GOTTLIEB STEEN
  & HAMILTON LLP

By:

Thomas J. Moloney (TM-9775)
Jason P. Gottlieb (JG-8398)
Jane Kim (JK-2677)
One Liberty Plaza
New York, New York 10006-1470
(212) 225-2000

*Attorneys for Inter Financial Services, Ltd.*

PAUL BRAN

CAPITAL MANAGEMENT SELECT FUND
LTD.

By:     Vytenis Rasutis
Title:  Director

*Address for notices:*

DICKSTEIN SHAPIRO LLP

Daniel M. Litt (DL-9227; admitted pro hac vice)
Paul B. Bran (PB-5659; admitted pro hac vice)
1825 Eye Street, N.W.
Washington, DC 20006-5403
Tel: (202) 420-3144
Fax: (202)-420-2201

*Attorneys for Capital Management Select Fund Ltd.*

COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD, P.A.
  A Professional Corporation

By: _____

Joshua Angel (JA-3288)
Laurence May, Esq. (LM-9714)
Seth F. Kornbluth, Esq. (SK-4911)
460 Park Avenue
New York, NY 10022-1906
(212) 752-8000

*Attorneys for Global Management Worldwide
Limited; Arbat Equity Arbitrage Fund Limited;
Russian Investors Securities Limited; and
Garden Ring Fund Limited*

SHUTTS & BOWEN LLP *LG (w/permission)*

By: *Robert Fracasso*
Robert Fracasso (RF-2538)
Peter E. Shapiro (PES-4795)
201 South Biscayne Boulevard
1500 Miami Center
(305) 379-9102

LARRY I. GLICK, P.C.
Larry I. Glick (LG-8665)
1305 Franklin Avenue, Suite 180
Garden City, New York 11530
(516) 739-1111

*As attorneys for IDC Financial S.A.;*
*Investment & Development Finance Corp.;*
*Oslo International S.A.; Alfredo Skinner–Klee*
*and Alexandra Sol de Skinner-Klee; Ernesto*
*Ruiz Sinibaldi; Christian Klose Pieters and*
*Aida Margarita Rosales de Klose; Ballery*
*Holdings; and Bilston International Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By:_____

*As attorneys for Altima Capital*
*Management, Inc.*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By:_____

*As attorneys for Banco Uno S.A.- Panama;*
*Banco Uno S.A.- El Salvador; Banco Uno,*
*S.A. Nicaragua; and Banco Uno S.A.-*
*Guatemala*

SHUTTS & BOWEN LLP and
LARRY I. GLICK, P.C.

By:_____

*As attorneys for INS-Bancredito Valores*
*Puesto de Bolsa, S.A. and Servicios*
*Generales Bursatiles, S.A. de C.V.*

HOLLAND & KNIGHT LLP

By
Sandra E. Mayerson (SM-8119)
Arthur E. Rosenberg (AR-0513)
Peter A. Zisser (PZ-9634)
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Turisol Casa de Cambio C.A.;*
*Heptagon Financial Services, Inc., f/k/a*
*Interfin Capital Inc.; Sud America de Seguros C.A.;*
*Sul America Compañía de Seguros del*
*Ecuador C.A.; Latina Seguros y Reaseguros S.A.,*
*f/k/a Generali Peru Compañía de Seguros y*
*Reseguros; Heptagon Financial Planners,*
*Ltd.; and Brooke Financial Services Ltd.*

AKIN GUMP STRAUSS HAUER
& FELD LLP

By: _____
Fred S. Hodara (FH-7497)
Andrew J. Rossman (AR-0596)
590 Madison Avenue
New York, NY 10022
(212) 872-1000

*Attorneys for VR Global Partners, L.P.; Paton*
*Holdings Ltd.; VR Capital Group Ltd.; and VR*
*Argentina Recovery Fund, Ltd.*

HOGAN & HARTSON L.L.P.

By: _____
Ira S. Greene (IG-2315)
Scott A. Golden (SG-6663)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Premier Bank International N.V. and
Banco de Hipotecario de Inversion Turistica de
Venezuela as trustee of Fideicomiso Federal Forex
Investment*

CHADBOURNE & PARKE LLP

By: _____
Joseph H. Smolinsky (JS-8408)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Markwood Investments Ltd.*

FOLEY & LARDNER LLP

By: _____
Robert A. Scher (RS 2910)
Dorit S. Heimer (DH 7511)
Emily R. Sausen (ES 9097)
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
Fax: (212) 682-2329

FOLEY & LARDNER LLP
Scott E. Early (pro hac vice)
Salvatore A. Barbatano (pro hac vice)
Geoffrey S. Goodman (pro hac vice)
321 North Clark Street, Suite 2800
Chicago, IL 60610
Phone: (312) 832-4500
Fax: (312) 832-4700

*Attorneys for Leuthold Funds, Inc. and Leuthold Industrial Metals Fund, L.P.*

BROWN RUDNICK BERLACK ISRAELS LLP

By: _____
Andrew Dash (AD 7913 )
Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

BROWN RUDNICK BERLACK ISRAELS LLP
William R. Baldiga
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Hain Capital Group, LLC; Wayzata
Investment Partners; and Contrarian Capital
Management*

KATTEN MUCHIN ROSENMAN LLP

By: _____

Jeff J. Friedman (JF-7661)
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Lyxor/Estlander & Ronnlund
Fund Ltd.; Lyxor/Beach Discretionary Fund
Ltd.; and Société Générale S.A.*

CHADBOURNE & PARKE LLP

By: _Christy Rivera_
Howard Seife (HS 7995)
Christy L. Rivera (CR 8895)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-5100
Fax: (212) 408-5369

*Attorneys for Carlos Sevilleja; Cosmorex, Ltd.;*
*and Creative Finance Limited*

FAEGRE & BENSON LLP

By:

Michael B. Fisco (#175341)
Stephen M. Mertz (#212131)
Abby E. Wilkinson (#0313981)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Cargill Financial Services
Corporation; Cargill Global Funding PLC;
Cargill, Incorporated; and Cargill Meat Solutions
Corporation (formerly Excel Corporation)*

AKIN GUMP STRAUSS HAUER & FELD LLP

By:

Robert A. Johnson (RJ 6553)
590 Madison Avenue
New York, NY 10022-2524
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Attorneys for Reserve Invest (Cyprus) Ltd.*

BLANK ROME LLP

By: _____
Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Grand Trading Limited*

BLANK ROME LLP

By: _____
Michael Z. Brownstein (MB 9379)
Edward J. LoBello (EL 3337)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

*Attorneys for Armajaro Commodities, Ltd.*

12/08/06  FRI 13:26 FAX 1 641 472 7320        EVEREST ASSET                                    ☑001

EVEREST ASSET MANAGEMENT INC.

By: Peter Lamoureux
Title: President

*Address for notices:*
HENDERSON & LYMAN
Douglas E. Arend
175 West Jackson Boulevard
Suite 240
Chicago, IL 60604
Tel: (312) 986-6960
Fax: (312) 986-6960

*Attorneys for Everest Asset Management Inc.*

HUGHES HUBBARD & REED LLP

By: *James W. Giddens*
James W. Giddens (JG-0235)
James B. Kobak, Jr. (JK-1218)
Christopher K. Kiplok (CK-5039)
Jeffrey S. Margolin (JM-4853)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for Mrs. Josefina Franco Siller*

SIDLEY AUSTIN LLP

By: *Guy S Neal*

Guy S. Neal (*pro hac vice* granted)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Rogers Raw Materials Fund, L.P. and*
*Rogers International Raw Materials Fund, L.P.*