PLAN EXHIBIT F
LITIGATION TRUST AGREEMENT

**This Exhibit is subject to all of the provisions of the Plan, including, without limitation section 12.5, under which the Plan Proponents have reserved the right to alter, amend, or modify the Plan, including any Exhibits thereto, under section 1127(a) of the Bankruptcy Code at any time prior to the Effective Date.**

REFCO LITIGATION TRUST AGREEMENT

## TABLE OF CONTENTS

ARTICLE 1 ESTABLISHMENT OF THE LITIGATION TRUST ................................. 2
    1.1    Establishment of Litigation Trust and Appointment of Original Trustee. .......... 2
    1.2    Transfer of Assets and Rights to the Litigation Trustee. ................................... 3
    1.3    Title to Contributed Claims. ............................................................................... 4
    1.4    Nature and Purpose of the Litigation Trust. ...................................................... 4
    1.5    Incorporation of Plan. ......................................................................................... 5
    1.6    Funding of the Litigation Trust. ......................................................................... 5
    1.7    Appointment as Representative. .......................................................................... 6
ARTICLE 2 LITIGATION TRUST INTERESTS ....................................................... 6
    2.1    Allocation of Litigation Trust Interests. ............................................................ 6
    2.2    Interests Beneficial Only. ................................................................................... 6
    2.3    Evidence of Beneficial Interests. ........................................................................ 7
    2.4    Securities Law Registration. ............................................................................... 7
    2.5    Transfer and Exchange. ...................................................................................... 7
    2.6    Access to the Trust Register by the Litigation Trust Beneficiaries. ................... 8
    2.7    Absolute Owners. ............................................................................................... 8
    2.8    Issuance of Certificates Upon Transfer. ............................................................ 8
    2.9    Mutilated, Defaced, Lost, Stolen or Destroyed Certificates. ............................. 9
    2.10   Cash-Out Option. ............................................................................................... 9
ARTICLE 3 THE LITIGATION TRUSTEE .............................................................. 10
    3.1    Litigation Trust Proceeds. ................................................................................. 10
    3.2    Collection of Income. ....................................................................................... 10
    3.3    Payment of Litigation Trust Expenses. ............................................................ 10
    3.4    Distributions. .................................................................................................... 11
    3.5    Tenure, Removal, and Replacement of the Litigation Trustee. ....................... 11
    3.6    Acceptance of Appointment by Successor Litigation Trustee. ........................ 12
    3.7    Regular Meetings of the Litigation Trustee and the Litigation Trust Committee.
                 ............................................................................................................... 12
    3.8    Special Meetings of the Litigation Trustee and the Litigation Trust Committee.
                 ............................................................................................................... 12
    3.9    Notice of, and Waiver of Notice for, Litigation Trustee and Litigation Trust
                 Committee Meetings. ....................................................................................... 12
    3.10   Manner of Acting. ............................................................................................ 13
    3.11   Role of the Litigation Trustee. ......................................................................... 13
    3.12   Authority of Litigation Trustee. ....................................................................... 14
    3.13   Limitation of Litigation Trustee's Authority. .................................................. 16
    3.14   Books and Records. .......................................................................................... 17
    3.15   Inquiries into Trustee's Authority. ................................................................... 17
    3.16   Compliance with Laws. .................................................................................... 17
    3.17   Compensation of the Litigation Trustee. ......................................................... 18
    3.18   Reliance by Litigation Trustee. ........................................................................ 19
    3.19   Investment and Safekeeping of Litigation Trust Assets. ................................. 19
    3.20   Standard of Care; Exculpation. ........................................................................ 19

ARTICLE 4 LITIGATION TRUST COMMITTEE ............................................... 20
    4.1    Litigation Trust Committee. ........................................................... 20
    4.2    Authority of the Litigation Trust Committee. ................................. 20
    4.3    Regular Meetings of the Litigation Trust Committee. ..................... 21
    4.4    Special Meetings of the Litigation Trust Committee. ...................... 21
    4.5    Manner of Acting. ......................................................................... 21
    4.6    Litigation Trust Committee's Action Without a Meeting. ................ 22
    4.7    Tenure, Removal, and Replacement of the Members of the Litigation Trust Committee. ................................................................................... 22
    4.8    Compensation of the Litigation Trust Committee. .......................... 23
    4.9    Standard of Care; Exculpation. ..................................................... 23
ARTICLE 5 TAX MATTERS ................................................................................ 24
    5.1    Federal Income Tax Reporting. ..................................................... 24
    5.2    Allocations of Litigation Trust Taxable Income. ........................... 25
ARTICLE 6 DISTRIBUTIONS ............................................................................. 26
    6.1    Annual Distribution; Withholding. ................................................ 26
    6.2    Manner of Payment or Distribution. ............................................. 26
    6.3    Delivery of Litigation Trust Distributions. .................................... 28
    6.4    Cash Distributions. ....................................................................... 28
ARTICLE 7 INDEMNIFICATION ....................................................................... 28
    7.1    Indemnification of Litigation Trustee and the Litigation Trust Committee. .... 28
ARTICLE 8 NET LITIGATION TRUST RECOVERY ......................................... 29
    8.1    No Effect on Mutuality. ................................................................ 29
    8.2    Section 502(h). ............................................................................. 29
ARTICLE 9 REPORTS TO LITIGATION TRUST BENEFICIARIES ................. 29
    9.1    Reports. ........................................................................................ 29
ARTICLE 10 TERM; TERMINATION OF THE LITIGATION TRUST ............... 30
    10.1   Term; Termination of the Litigation Trust. ................................... 30
    10.2   Continuance of Trust for Winding Up. .......................................... 31
ARTICLE 11 AMENDMENT AND WAIVER ....................................................... 31
    11.1   Amendment and Waiver. ............................................................... 31
ARTICLE 12 MISCELLANEOUS PROVISIONS ................................................. 32
    12.1   Intention of Parties to Establish the Litigation Trust. ..................... 32
    12.2   Reimbursement of Trust Litigation Costs. ..................................... 32
    12.3   Laws as to Construction. ............................................................... 32
    12.4   Jurisdiction. .................................................................................. 32
    12.5   Dispute Resolution. ...................................................................... 33
    12.6   Severability. ................................................................................. 33
    12.7   Notices. ........................................................................................ 33
    12.8   Fiscal Year. .................................................................................. 35
    12.9   Headings. ..................................................................................... 35
    12.10  Counterparts. ................................................................................ 35
    12.11  Confidentiality. ............................................................................ 35
    12.12  Entire Agreement ......................................................................... 36

This Litigation Trust Agreement (the "Litigation Trust Agreement"), dated as of December 26, 2006, by and among RCM, the Debtors, and Marc S. Kirschner, as the trustee (the "Original Trustee"), is executed in order to establish a liquidating trust (the "Liquidating Trust") in connection with the Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, including, without limitation, any supplement to such Plan and the exhibits and schedules thereto (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan"). Capitalized terms used in this Litigation Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

W I T N E S S E T H

WHEREAS, RCM and certain of the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, on October 17, 2005, with the Bankruptcy Court, and certain other Debtors filed petitions with the Bankruptcy Court thereafter;

WHEREAS, the Creditors' Committee was appointed by the United States Trustee in the Chapter 11 Cases of the Debtors on October 28, 2005, and was reconstituted on March 29 and July 21, 2006;

WHEREAS, pursuant to the Bankruptcy Court's March 22, 2006, Order Authorizing Appointment of Chapter 11 Trustee for Estate of Refco Capital Markets, Ltd., Case No. 05-60018, the U.S. Trustee on April 10, 2006, filed a Notice appointing Marc S. Kirschner as the Chapter 11 trustee for RCM (the "RCM Trustee"), which Notice and appointment was approved by Bankruptcy Court Order dated April 13, 2006, as amended by Orders entered on April 19, 2006, and April 24, 2006;

WHEREAS, on August 3, 2006, the U.S. Trustee filed Notices of Bifurcation of Official Committee of Unsecured Creditors by Further Reconstitution And Amended Appointment, further reconstituting the Creditors' Committee and establishing the Additional Committee;

WHEREAS, on October 6, 2006, RCM and the Debtors filed the initial Plan and related Disclosure Statement, and on October 25, 2006, RCM and the Debtors filed a revised Plan and the related Disclosure Statement;

WHEREAS, on October 20, 2006, the Bankruptcy Court entered an order approving the revised Disclosure Statement;

WHEREAS, on December 4, 2006, RCM and the Debtors filed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries;

WHEREAS, on December 15, 2006, the Bankruptcy Court entered the Confirmation Order approving the Plan;

WHEREAS, the Litigation Trust is created pursuant to, and to effectuate certain provisions of, the Plan and pursuant to which the Litigation Trustee will hold the Contributed Claims (which Contributed Claims, prior to the transfer to the Litigation Trust, are held by the RCM Trustee and the Debtors, as debtors in possession, on behalf of the Litigation Trust Beneficiaries pursuant to the terms of the Plan) and is contemplated by the Confirmation Order;

WHEREAS, the Litigation Trustee was duly appointed as a representative of each of the Estates pursuant to section 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code;

WHEREAS, the Litigation Trust is organized for the primary purpose of liquidating and distributing assets transferred to the Litigation Trustee with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust;

WHEREAS, the Litigation Trust is established for the benefit of the Litigation Trust Beneficiaries;

WHEREAS, the Litigation Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d); and

WHEREAS, the Litigation Trust is established for the pursuit of all Contributed Claims, which excludes any claims, rights of action, suits, or proceedings held by the RCM Estate pursuant to sections 547 and 749, and to the extent a recovery is predicated upon such sections, section 550, of the Bankruptcy Code.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the RCM Trustee, the Debtors, the Committees, and the Litigation Trustee agree as follows:

ARTICLE 1

ESTABLISHMENT OF THE LITIGATION TRUST

1.1    <u>Establishment of Litigation Trust and Appointment of Original Trustee</u>.

(a)    Pursuant to the Plan, the RCM Trustee, the Debtors and the Original Trustee hereby establish a trust which shall be known as the "Refco Litigation Trust" on behalf of the Litigation Trust Beneficiaries.

(b)    The Original Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date of the Plan (the "<u>Effective Date</u>") and agrees to accept and hold the assets of the Litigation Trust in trust for the Litigation Trust Beneficiaries subject to the terms of the Plan and this Litigation Trust Agreement. The Original Trustee and each successor trustee serving from time to time hereunder (the "<u>Litigation Trustee</u>") shall have all the rights, powers and duties set forth herein.

1.2    Transfer of Assets and Rights to the Litigation Trustee.

(a)    As of the Effective Date, (i) the RCM Trustee, on behalf of RCM's Estate, and each of the Debtors, in its respective capacity as a debtor in possession on behalf of its Estate, hereby transfer, assign, and deliver to the Litigation Trustee, without recourse, all of their respective rights, title, and interests in and to the Contributed Claims free and clear of any and all Liens, Claims (other than Claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person or entity (including all Liens, Claims, encumbrances or interests of RCM creditors that were subordinated for purposes of Distributions under the Plan) and (ii) the RCM Trustee, the Debtors and the Committees hereby transfer, assign, and deliver to the Litigation Trustee and the Litigation Trust Committee, without waiver, all of their respective rights, title and interests in and to any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Contributed Claims (collectively, "Privileges"), which shall vest in the Litigation Trustee and the Litigation Trust Committee, in trust, and, consistent with section 1123(b)(3)(B), for the benefit of the Litigation Trust Beneficiaries.  None of the foregoing transfers to the Litigation Trustee and the Litigation Trust Committee shall constitute a merger or consolidation of any of the Estates or any of their Contributed Claims, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.

(b)    On or as promptly as practicable after the Effective Date, the RCM Trustee, the Debtors, and, as applicable, the Committees shall (i) deliver or cause to be delivered to the Litigation Trustee any and all documents in connection with the Contributed Claims (including those maintained in electronic format and original documents) whether held by the RCM Trustee, the Debtors, the Committees, their respective employees, agents, advisors, attorneys, accountants, or any other professionals and (ii) provide access to such employees of RCM or the Debtors, or their agents, advisors, attorneys, accountants or any other professionals hired by RCM, the Debtors or the Committees with knowledge of matters relevant to the Contributed Claims.  Upon the reasonable request of the Litigation Trustee, to the extent permitted by law, the RCM Trustee, the Debtors and the Committees shall provide the Litigation Trustee with a list of all documents in connection with the Contributed Claims known to it but not held by it or any of its employees, agents, advisors, attorneys, accountants or any other professionals.  Such list shall contain a description of each document, to the extent feasible and permitted by law, as well as the name of the entity or Person holding such document.

(c)    At any time and from time to time on and after the Effective Date, the RCM Trustee, the Reorganized Debtors and the Committees to the extent in existence, agree (i) at the reasonable request of the Litigation Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed), (ii) to take, or cause to be taken, all such further actions as the Litigation Trustee may reasonably request in order to evidence or effectuate the transfer of the Contributed Claims and the Privileges to the Litigation Trustee (and, in the case of the Privileges, the Litigation Trust Committee) and

the consummation of the transactions contemplated hereby and by the Plan and to otherwise carry out the intent of the parties hereunder and under the Plan and (iii) to cooperate with the Litigation Trustee in the prosecution of the Contributed Claims.

(d)     The Examiner shall transmit to the Litigation Trustee a copy of the report of his investigation and all attachments thereto promptly after filing that report and attachments with the Bankruptcy Court unless there is pending before the Bankruptcy Court a motion asking that dissemination of the report and attachments be restricted or unless the Court has ordered otherwise.  The Litigation Trustee may seek documents from the Examiner before or after the filing of such report, even if beyond the scope of the foregoing.  If the Examiner and the Litigation Trustee are unable to reach an agreement on what if any other or additional documents should be provided to the Litigation Trustee, either the Examiner or the Litigation Trustee may by motion seek an order from the Bankruptcy Court resolving the issue.  A copy of any such motion shall be served upon the United States Trustee.

1.3     Title to Contributed Claims.

The transfer of the Contributed Claims to the Litigation Trustee shall be made for the ratable benefit of the Litigation Trust Beneficiaries to the extent such Litigation Trust Beneficiaries are entitled to Litigation Trust Interests under the Plan.  In this regard, the Contributed Claims will be treated for tax purposes as being (i) a deemed transfer to the Litigation Trust Beneficiaries in partial satisfaction of Allowed Claims, to be held by RCM and the Debtors on their behalf, and (ii) immediately thereafter, a deemed transfer to the Litigation Trustee in exchange for Litigation Trust Interests for the ratable benefit of the Litigation Trust Beneficiaries, in accordance with the Plan.  Upon the transfer of the Contributed Claims, the Litigation Trustee shall succeed to all of the RCM Trustee's and each of the Debtors' right, title and interest in and to the Contributed Claims and RCM and the Debtors will have no further interest in or with respect to the Contributed Claims or the Litigation Trust.

1.4     Nature and Purpose of the Litigation Trust.

(a)     Purpose.  The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, is to (i) hold the assets of the Litigation Trust and dispose of the same in accordance with this Litigation Trust Agreement and the Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) oversee and direct the expeditious but orderly liquidation of the assets of the Litigation Trust.  Accordingly, the primary purpose of the Litigation Trust is to liquidate the assets transferred to the Litigation Trustee with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the assets of the Litigation Trust, and consistent with, the liquidating purpose of the Litigation Trust.

(b)     Actions of the Litigation Trustee.  The Litigation Trustee, upon direction of the Litigation Trust Committee, and the exercise of their collective

reasonable business judgment, shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the Litigation Trust, make timely distributions and not unduly prolong the duration of the Litigation Trust.  The liquidation of the Contributed Claims may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action, or otherwise. The Litigation Trustee, subject to the approval of the Litigation Trust Committee, except as set forth in Section 3.12 herein, shall have the absolute right to pursue, settle and compromise or not pursue any and all Contributed Claims as it determines is in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and the Litigation Trustee shall have no liability for the outcome of any such decision except for any damages caused by recklessness, gross negligence, willful misconduct, or knowing violation of law.

(c)    Relationship.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee, the Litigation Trust Committee (or any of its members or ex officio members), or the Litigation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Litigation Trust Beneficiaries to the Litigation Trustee and the Litigation Trust Committee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.

1.5    Incorporation of Plan.

The Plan and the Confirmation Order are each hereby incorporated into this Litigation Trust Agreement and made a part hereof by this reference; provided, however, to the extent that there is conflict between the provisions of this Litigation Trust Agreement, the provisions of the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this Litigation Trust Agreement.

1.6    Funding of the Litigation Trust.

On or after the Effective Date, upon the determination of the Litigation Trustee, subject to the approval of the Litigation Trust Committee, the Litigation Trust shall be funded (i) from a loan that is non-recourse to RCM, the Debtors or the Estates, secured only by the proceeds of the Contributed Claims from one or more lenders who agree to make such loan on terms acceptable to the Litigation Trustee and the Litigation Trust Committee, (ii) from reserves maintained from the proceeds of Contributed Claims in accordance with Section 6.1, and (iii) with up to $25 million drawn from the Contributing Debtors Distributive Assets, deducted on a pro rata basis from the Distributions that otherwise would be made to (x) Holders of Contributing Debtors General Unsecured Claims in accordance with the calculation of the Contributing

Debtors General Unsecured Distribution and (y) to the RCM Estate in accordance with the calculation of the RCM Intercompany Claims Distribution in Section 3.1 of the Plan. Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

      1.7   <u>Appointment as Representative</u>.

      Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Plan appointed the Litigation Trustee as the duly appointed representative of each of the Estates, and, as such, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Contributed Claims for the ratable benefit of the Litigation Trust Beneficiaries.  To the extent that any Contributed Claims cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Contributed Claims shall be deemed to have been retained by the applicable Reorganized Debtor or RCM, as appropriate, and the Litigation Trustee shall be deemed to have been designated as a representative of the applicable Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Contributed Claims on behalf of such Estate.  Notwithstanding the foregoing, all net proceeds of the Contributed Claims shall be transferred to the Effective Beneficiaries consistent with the provisions of the Plan and this Litigation Trust Agreement.

ARTICLE 2

LITIGATION TRUST INTERESTS

      2.1   <u>Allocation of Litigation Trust Interests</u>.

      The allocation and Distribution of the Litigation Trust Interests shall be accomplished as set forth in the Plan, including, without limitation, Article III, Section 5.7(c), and Article VI of the Plan.  Any Litigation Trust Interests to be distributed to the RCM Trustee under the Plan shall be deemed distributed to the applicable Effective Beneficiaries having Allowed RCM Securities Customer Claims and Allowed RCM FX/Unsecured Claims against RCM, and the RCM Trustee shall be deemed to hold such interests in trust for such Effective Beneficiaries.  Alternatively, any Litigation Trust Interests to be distributed to the RCM Trustee under the Plan may be directly distributed to the applicable Effective Beneficiaries in such amounts and proportions as may be approved by the RCM Trustee consistent with the terms of the RCM Settlement.  The aggregate number and face value of Litigation Trust Interests to be distributed pursuant to the Plan shall be determined by the Litigation Trustee, subject to approval of the Litigation Trust Committee, consistent with the intent and purposes of the Plan.

      2.2   <u>Interests Beneficial Only</u>.

      The ownership of a Litigation Trust Interest shall not entitle any Litigation Trust Beneficiary to any title in or to the assets of the Litigation Trust as such (which title

6

shall be vested in the Litigation Trustee) or to any right to call for a partition or division of the assets of the Litigation Trust or to require an accounting.

      2.3     <u>Evidence of Beneficial Interests</u>.

      The Litigation Trust Interests may be represented either by book entries on the books and records of the Litigation Trust or by certificates, in either definitive or global form, as shall be determined by the Litigation Trustee upon consultation with and subject to approval of the Litigation Trust Committee.  In the event certificates are created, the Litigation Trustee shall cause to be placed on such certificate such legends as it deems are required or appropriate under tax laws or regulations in connection with tax withholding pursuant to Section 6.1, under securities laws or regulations in connection with registration or reporting requirements, if any, or otherwise.  Any Person to whom a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Litigation Trust Agreement and the Plan.  In the event certificates are issued, the form of such certificates shall be determined by the Litigation Trustee subject to approval of the Litigation Trust Committee.

      2.4     <u>Securities Law Registration</u>.

      To the extent the Litigation Trust Interests are deemed to be "securities," the issuance of Litigation Trust Interests to Holders of Allowed Claims or the Disputed Claims Reserve (or any redistribution of such interests or related interests by the RCM Trustee to the Holders of Allowed RCM Securities Customer Claims and Allowed RCM FX/Unsecured Claims) under the Plan shall be exempt, pursuant to section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended and any applicable state and local laws requiring registration of securities.  If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "<u>Exchange Act</u>"), or the Investment Company Act of 1940, as amended (the "<u>Investment Company Act</u>"), then the Litigation Trustee shall, after consultation with the Litigation Trust Committee, take any and all actions to comply with such registration and reporting requirements, if any, and file periodic reports with the Securities and Exchange Commission (the "<u>SEC</u>").  Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trust Committee and the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act.

      2.5     <u>Transfer and Exchange</u>.

      (a)     No transfer, assignment, pledge, hypothecation or other disposition of a Litigation Trust Interest may be effected until either (i) the Litigation Trustee and the Litigation Trust Committee have received such legal advice or other information that they, in their sole discretion, deem necessary or appropriate to assure that any such disposition shall not require the Litigation Trust to comply with the registration and

reporting requirements of the Exchange Act or the Investment Company Act or (ii) the Litigation Trustee and the Litigation Trust Committee have determined to register and/or make periodic reports in order to enable such disposition to be made.  In the event that any such disposition is allowed, the Litigation Trust Committee and the Litigation Trustee may add such restrictions upon transfer and other terms to this Litigation Trust Agreement as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to permit or facilitate such disposition under applicable securities and other laws.

(b)    The Litigation Trustee shall appoint a registrar, which may be the Litigation Trustee (the "Registrar") for the purpose of recording ownership of the Litigation Trust Interests as herein provided.  The Registrar, if other than the Litigation Trustee, may be such other institution acceptable to the Litigation Trust Committee.  For its services hereunder, the Registrar, unless it is the Litigation Trustee, shall be entitled to receive reasonable compensation from the Litigation Trust as a cost of administering the Litigation Trust.

(c)    The Litigation Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by them from time to time, a registry of the Litigation Trust Beneficiaries of the Litigation Trust (the "Trust Register") which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee and the Registrar may prescribe.

2.6    Access to the Trust Register by the Litigation Trust Beneficiaries.

Litigation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Litigation Trustee, and in accordance with the reasonable regulations prescribed by the Registrar and the Litigation Trustee, to inspect and, at the sole expense of the Litigation Trust Beneficiary seeking the same, make copies of the Trust Register, in each case for a purpose reasonably related to such Litigation Trust Beneficiary's interest in the Litigation Trust.

2.7    Absolute Owners.

The Litigation Trustee may deem and treat the Litigation Trust Beneficiary of record in the Trust Register as the absolute owner of such Litigation Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever and the Litigation Trustee shall not be charged with having received notice of any claim or demand to such Litigation Trust Interests or the interest therein of any other Person.

2.8    Issuance of Certificates Upon Transfer.

In the event certificates representing Litigation Trust Interests are created, subject to the conditions of Section 2.5(a), whenever any certificate shall be presented for transfer or exchange, the Litigation Trustee shall cause the Registrar to issue, authenticate

and deliver in exchange therefor, the certificate for the Litigation Trust Interest(s) that the person presenting such certificates shall be entitled to receive.

      2.9    <u>Mutilated, Defaced, Lost, Stolen or Destroyed Certificates</u>.

      In the event certificates representing Litigation Trust Interests are created, if a Beneficiary claims that his/her certificate (the "<u>Original Certificate</u>") has been mutilated, defaced, lost, stolen or destroyed, the Litigation Trustee shall issue, and the Registrar shall authenticate, a replacement certificate if such Beneficiary submits a notarized affidavit certifying that  (i) he/she is the true, lawful, present and sole owner of the Original Certificate, (ii) he/she has diligently searched all of his/her financial and other records and the Original Certificate is nowhere to be found, (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the Beneficiary or on his/her behalf, (iv) no other Person or other entity has any right, title, claim, equity or interest in, to, or respecting the Original Certificate and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the Beneficiary will cause the recovered Original Certificate to be returned to the Litigation Trustee, or his or her successor, for cancellation.  In addition, such Beneficiary will indemnify, and if required by the Litigation Trustee or the Registrar, provide a bond or other security sufficient in the reasonable judgment of the Litigation Trustee, the Registrar or any authenticating agent, from any loss which any of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any entity or Person of the right to payment under the Original Certificate.  Such Beneficiary shall pay reasonable charges established by the Litigation Trustee and the Registrar for the purpose of reimbursing the Litigation Trust and the Registrar for the expenses incident thereto, including any tax or other governmental charges.  The Litigation Trustee shall incur no liability to anyone by reason of anything done or omitted to be done by it in good faith under the provisions of this Section 2.9.  All Litigation Trust Interests shall be held and owned upon the express condition that the provisions of this Section 2.9 are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto.  Any duplicate certificate issued pursuant to this Section 2.9 shall constitute original interests in the Litigation Trust and shall be entitled in the manner provided herein to equal and proportionate benefits with all other Litigation Trust Interests issued hereunder in any monies or property at the time held by the Litigation Trustee for the benefit of the Litigation Trust Beneficiaries.  The Litigation Trustee and the Registrar shall not treat the Original Certificate as outstanding.

      2.10    <u>Cash-Out Option</u>.

      The Litigation Trustee, subject to the approval of the Litigation Trust Committee, may negotiate with one or more third parties one or more offers to purchase Litigation Trust Interests from the Litigation Trust Beneficiaries, at the option of each Litigation Trust Beneficiary.

ARTICLE 3

THE LITIGATION TRUSTEE

3.1    Litigation Trust Proceeds.

All Contributed Claims Recoveries shall be added to the assets of the Litigation Trust (the "Litigation Trust Proceeds") and held as a part thereof (and which title shall be vested in the Litigation Trustee).

3.2    Collection of Income.

The Litigation Trustee shall collect all income earned with respect to the assets of the Litigation Trust, which shall thereupon be added to the assets of the Litigation Trust and held as a part thereof (and which title shall be vested in the Litigation Trustee).

3.3    Payment of Litigation Trust Expenses.

(a)    The Litigation Trustee shall maintain a litigation expense fund (the "Litigation Expense Fund") and expend the assets of the Litigation Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay reasonable administrative costs (including but not limited to, the costs and expenses of the Litigation Trustee (including reasonable fees, costs, and expenses of professionals) and the members of the Litigation Trust Committee (but excluding the fees of professionals retained by such members), any taxes imposed on the Litigation Trust or fees and expenses in connection with, arising out of or related to the Contributed Claims, and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Litigation Trust Agreement.

(b)    The Litigation Trustee may retain from the Litigation Trust Proceeds and add to the Litigation Expense Fund, at any time and from time to time, such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Litigation Expense Fund will be adequate to meet the expenses and liabilities described in subsection (a) of this Section.

(c)    Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Litigation Expense Fund for that purpose.

    3.4    <u>Distributions</u>.

        The Litigation Trustee shall distribute the net distributable assets of the Litigation Trust to the Litigation Trust Beneficiaries in accordance with the provisions of <u>Article 6</u>.

    3.5    <u>Tenure, Removal, and Replacement of the Litigation Trustee</u>.

        (a)    Each Litigation Trustee will serve until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, Disability (as defined in <u>Section 3.17(c)(ii)</u>), or death (if applicable).

        (b)    The Litigation Trustee may resign by giving not less than ninety (90) days' prior written notice to the Litigation Trust Committee.  Such resignation will become effective on the later to occur of:  (i) the day specified in such notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment.  If a successor trustee is not appointed or does not accept his or her appointment within ninety (90) days following delivery of notice of resignation, the Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and hearing, for the appointment of a successor trustee;

        (c)    Subject to <u>Section 3.17(b)</u>, the Litigation Trustee may be removed for any reason by vote of the majority of the members of the Litigation Trust Committee;

        (d)    In the event of a vacancy in the position of the Litigation Trustee (whether by removal, resignation, Disability, or death, if applicable), the vacancy will be filled by the appointment of a successor trustee by (i) majority vote and resolution of the Litigation Trust Committee, and by the acceptance of the Litigation Trust by the successor trustee in accordance with <u>Section 3.6</u> or (ii) an order of the Bankruptcy Court after an opportunity for a hearing (<u>provided</u>, <u>however</u>, that only the Litigation Trust Committee shall have standing to seek such an order, except as provided <u>Section 3.5(b)</u>). If a successor trustee is appointed by resolution, as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee, the Litigation Trust Committee shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; provided that the filing of such notice shall not be a condition precedent to the vesting in the successor Litigation Trustee of all the estates, properties, rights, powers, trusts, and duties of his or her predecessor;

        (e)    Immediately upon the appointment of any successor trustee, all rights, powers, duties, authority, and privileges of the predecessor Litigation Trustee hereunder will be vested in and undertaken by the successor trustee without any further act; and the successor trustee will not be liable personally for any act or omission of the predecessor Litigation Trustee;

        (f)    Upon the appointment of a successor trustee, the predecessor Litigation Trustee (or the duly appointed legal representative of a deceased Litigation

Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Litigation Trustee, all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Trust, the Contributed Claims, or the Litigation Trust Interests then in his or her possession and held hereunder; and

(g)     During any period in which there is a vacancy in the position of Litigation Trustee, the Litigation Trust Committee shall appoint one of its members to serve as interim Litigation Trustee, (the "Interim Trustee").  The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Trustee hereunder.  Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Litigation Trust Committee merely by his or her appointment as Interim Trustee.

     3.6     Acceptance of Appointment by Successor Litigation Trustee.

Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Litigation Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of his or her predecessor in the Litigation Trust hereunder with like effect as if originally named herein.

     3.7     Regular Meetings of the Litigation Trustee and the Litigation Trust Committee.

Meetings of the Litigation Trustee and the Litigation Trust Committee are to be held with such frequency and at such place as the Litigation Trust Committee may determine in its sole discretion (but, as to place, in consultation with the Litigation Trustee), but in no event shall such meetings be held less frequently than quarterly.

     3.8     Special Meetings of the Litigation Trustee and the Litigation Trust Committee.

Special meetings of the Litigation Trustee and the Litigation Trust Committee may be held whenever and wherever called for either by the Litigation Trustee or at least two members of the Litigation Trust Committee.

     3.9     Notice of, and Waiver of Notice for, Litigation Trustee and Litigation Trust Committee Meetings.

Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting will be given to the Litigation Trustee and the members of the Litigation Trust Committee in person or by telephone, or via mail, electronic mail, or facsimile transmission.  Notice to the Litigation Trustee and the

members of the Litigation Trust Committee of any such special meeting will be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten (10) calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail or facsimile transmission, the same is transmitted at least one business day prior to the convening of the meeting, or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the Litigation Trustee and the members of the Litigation Trust Committee or to an adult member of his/her office staff or household, at least one business day prior to the convening of the meeting. The Litigation Trustee and any member of the Litigation Trust Committee may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, as provided by law. Except as provided in the next sentence below, the waiver must be in writing, signed by the Litigation Trustee or the applicable member or members of the Litigation Trust Committee entitled to the notice, and filed with the minutes or records of the Litigation Trust. The attendance of the Litigation Trustee or a member of the Litigation Trust Committee at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

3.10    Manner of Acting.

The Litigation Trustee or any member of the Litigation Trust Committee may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. The Litigation Trustee or any member of the Litigation Trust Committee participating in a meeting by this means is deemed to be present in person at the meeting.

3.11    Role of the Litigation Trustee.

In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, shall have the power to (i) prosecute, compromise and settle, abandon or dismiss for the benefit of the Litigation Trust Beneficiaries all claims, rights and causes of action transferred to the Litigation Trustee (whether such suits are brought in the name of the Litigation Trustee or otherwise), and (ii) to otherwise perform the functions and take the actions provided or permitted in the Plan or in this Litigation Trust Agreement. In all circumstances, the Litigation Trustee shall act in the best interests of all the Litigation Trust Beneficiaries of the Litigation Trust and in furtherance of the purpose of the Litigation Trust.

3.12    <u>Authority of Litigation Trustee</u>.

Subject to any limitations contained herein (including, without limitation, Article 4 hereof) or in the Plan, the Litigation Trustee shall have the following powers and authorities.

(a)     hold legal title to any and all rights of the holders of the Litigation Trust Interests in or arising from the Contributed Claims, including, without limitation, collecting, receiving any and all money and other property belonging to the Litigation Trust and, subject to the approval of the Litigation Trust Committee, the right to vote any claim or interest relating to a Contributed Claim in a case under the Bankruptcy Code and receive any distribution therein;

(b)     in consultation with and subject to the approval of the Litigation Trust Committee, perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims, defenses, offsets and privileges; <u>provided</u>, <u>however</u>, that the Litigation Trustee shall not be required to consult with or obtain approval of the Litigation Trust Committee, to the extent such matters are limited to a claim or cause of action against a person or entity where the amount demanded from such person or entity, in the aggregate, is less than or equal to $100,000 or such other amount as may be approved by a majority of the members of the Litigation Trust Committee (a "<u>De Minimis Claim or Cause of Action</u>");

(c)     in consultation with and subject to the approval of the Litigation Trust Committee, protect and enforce the rights to the Contributed Claims by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(d)     in consultation with and subject to the approval of the Litigation Trust Committee, obtain reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee and the Litigation Trust Committee under this Litigation Trust Agreement (in the form of an errors and omissions policy or otherwise);

(e)     in consultation with and subject to the approval of the Litigation Trust Committee, obtain insurance coverage with respect to real and personal property that may become assets of the Litigation Trust, if any;

(f)     in consultation with and subject to the approval of the Litigation Trust Committee, retain and approve compensation arrangements of such counsel and other professionals, including, without limitation, any professionals previously retained by the Committees, RCM, the RCM Trustee or the Debtors, as the Litigation Trustee shall select to assist the Litigation Trustee in his or her duties, on such terms as the Litigation Trustee and the Litigation Trust Committee deem reasonable and appropriate, without Bankruptcy Court approval; subject to the foregoing, the Litigation Trustee may

14

commit the Litigation Trust to and shall pay such counsel and other professionals reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(g)    in consultation with and subject to the approval of the Litigation Trust Committee, retain and approve compensation arrangements of an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be required by the SEC and applicable securities laws and as may be reasonable and appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns, informational returns, or periodic or current reports as required by applicable securities laws, for the Litigation Trust as may be required; subject to the foregoing, the Litigation Trustee may commit the Litigation Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(h)    in consultation with and subject to the approval of the Litigation Trust Committee, retain and approve compensation arrangements of such third parties to assist the Litigation Trustee in carrying out his or her powers and duties under this Litigation Trust Agreement;  subject to the foregoing, the Litigation Trustee may commit the Litigation Trust to and shall pay all such persons or entities reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred, as well as commit the Litigation Trust to indemnify any such parties in connection with the performance of services (provided that such indemnity shall not cover any losses, costs, damages, expenses or liabilities that result from the recklessness, gross negligence, willful misconduct, or knowing violation of law by such party);

(i)    in consultation with and subject to the approval of the Litigation Trust Committee, waive any privilege (including the Privileges) or any defense on behalf of the Litigation Trust or, with respect to the Contributed Claims, RCM or the Debtors, as applicable; provided, however, that the Litigation Trustee shall not be required to consult with or obtain approval of the Litigation Trust Committee, to the extent such matters are limited to a De Minimis Claim or Cause of Action, and such waiver shall be effectively limited to such matters;

(j)    in consultation with and subject to the approval of the Litigation Trust Committee, compromise, adjust, arbitrate, sue on or defend, pursue, prosecute abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, all causes of action in favor of or against the Litigation Trust; provided, however, that the Litigation Trustee shall not be required to consult with or obtain approval of the Litigation Trust Committee, to the extent such matters are limited to a De Minimis Claim or Cause of Action;

(k)    in consultation with and subject to the approval of the Litigation Trust Committee, avoid and recover transfers of RCM's or the Debtor's property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(l)    in consultation with and subject to the approval of the Litigation Trust Committee, coordinate with the Plan Administrator, the RCM Trustee, or the Reorganized Debtors, as applicable, to execute offsets, assert counterclaims against Holders of Claims, establish reserves for Disputed Claims, and make determinations as to Pro Rata calculations, as provided for in the Plan; provided, however, that the Litigation Trustee shall defer to the RCM Trustee, the Plan Administrator, or the Reorganized Debtors, as applicable, to reconcile customer accounts, loan balances, and ordinary business transactions that may be required to do any of the foregoing, including any litigation relating thereto;

(m)    invest any moneys held as part of the Litigation Trust in accordance with the terms of Section 3.19 hereof, limited, however, to such investments that are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc 94-45, 1994-2 C.B. 684;

(n)    in consultation with and subject to the approval of the Litigation Trust Committee, request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(o)    subject to applicable securities laws, if any, establish and maintain a website for the purpose of providing notice of Litigation Trust activities in lieu of sending written notice to holders of Litigation Trust Interests, subject to providing notice of such website to such holders;

(p)    in consultation with the Litigation Trust Committee, seek the examination of any entity, subject to the provisions of Bankruptcy Rule 2004 or any other applicable law or rule;

(q)    subject to the approval of the Litigation Trust Committee, make one or more loans to the Private Actions Trust to provide funding to such trust secured by liens upon the assets therein; and

(r)    take or refrain from taking any and all other actions that the Litigation Trustee, upon consultation with and subject to the approval of the Litigation Trust Committee, reasonably deems necessary or convenient for the continuation, protection and maximization of the Contributed Claims or to carry out the purposes hereof; provided, however, that the Litigation Trustee shall not be required to (i) consult with or obtain approval of the Litigation Trust Committee, to the extent such actions are limited to a De Minimis Claim or Cause of Action or (ii) consult with or obtain approval of the Litigation Trust Committee, to the extent such actions are purely ministerial in nature.

3.13    Limitation of Litigation Trustee's Authority.

(a)    Notwithstanding anything herein to the contrary, the Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such

actions inconsistent with the orderly liquidation of the assets of the Litigation Trust as are required or contemplated by applicable law, the Plan and this Litigation Trust Agreement, or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

(b)    The Litigation Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an entity that is treated as a partnership for federal income tax purposes, unless such stock, membership interest, or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the assets of the Litigation Trust.

3.14    Books and Records.

(a)    The Litigation Trustee shall maintain books and records relating to the assets of the Litigation Trust and income of the Litigation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting and securities law requirements of the Litigation Trust. Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the assets of the Litigation Trust.

(b)    The Litigation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Litigation Trustee, to inspect and, at the sole expense of such Litigation Trust Beneficiary seeking the same, make copies of the books and records relating to the Litigation Trust on any business day and as often as may be reasonably be desired, in each case for a purpose reasonably related to such Litigation Trust Beneficiary's interest in the Litigation Trust.

3.15    Inquiries into Trustee's Authority.

Except as otherwise set forth in the Litigation Trust or in the Plan, no Person dealing with the Litigation Trust shall be obligated to inquire into the authority of the Litigation Trustee in connection with the protection, conservation or disposition of the Contributed Claims.

3.16    Compliance with Laws.

Any and all distributions of assets of the Litigation Trust and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

3.17    <u>Compensation of the Litigation Trustee</u>.

(a)    The Original Trustee shall be compensated for his services, and reimbursed for his expenses, in accordance with <u>Schedule A</u> attached hereto, as a cost of administering the Litigation Trust.  In the event a successor trustee is appointed, such successor shall be compensated for his or her services, and reimbursed for his or her expenses, as cost of administering the Litigation Trust, in accordance with and pursuant to the terms of, a separate agreement to be negotiated and executed by the Litigation Trust Committee, which agreement shall not be subject to any third-party notice or approval.

(b)    In the event that the Litigation Trustee's appointment terminates by reason of (i) the death of the Litigation Trustee, (ii) the removal of the Litigation Trustee by the Litigation Trust Committee pursuant to <u>Section 3.5(c)</u> by reason of the Litigation Trustee's Disability or (iii) the removal of the Litigation Trustee pursuant to <u>Section 3.5(c)</u> by the Litigation Trust Committee without Cause, the Litigation Trustee, or his or her estate, as applicable, shall be entitled to payment of any earned but unpaid portion of compensation, any earned but unpaid bonus, and any un-reimbursed business expenses incurred prior to such death, Disability, or effective date of removal.

(c)    For purposes of <u>Section 3.17(b)</u>, the following terms shall have the following meanings:

(i)    "<u>Cause</u>" shall mean (a) commission of any act of fraud or dishonesty in connection with his or her appointment by the Litigation Trust Committee; (b) commission of misconduct that adversely affects, as determined in good faith by the Litigation Trust Committee, the assets held by the Litigation Trustee for the benefit of the Litigation Trust Beneficiaries; (c) engaging in conduct constituting a misdemeanor involving moral turpitude or a felony or the indictment of the Litigation Trustee for a felony; or (d) continued failure to perform his or her substantial job functions, after written notice has been delivered by the Litigation Trust Committee to the Litigation Trustee if such failure is not cured within 10 days of such notice; <u>provided</u>, <u>however</u>, that the Litigation Trust Committee may not deliver any such notice in respect of any failure to perform that is the result of absence from duties or incapacity due to a Disability.

(ii)    "<u>Disability</u>" of the Litigation Trustee shall have occurred if, as a result of the Litigation Trustee's incapacity due to physical or mental illness as determined by a physician selected by the Litigation Trustee, and reasonably acceptable to the Litigation Trust Committee, the Litigation Trustee shall have been substantially unable to perform his or her duties hereunder for three consecutive months, or for an aggregate of 180 days during any period of twelve consecutive months.

3.18    Reliance by Litigation Trustee.

Except as otherwise provided herein:

(a)    the Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties; and

(b)    Persons dealing with the Litigation Trustee shall look only to the assets of the Litigation Trust to satisfy any liability incurred by the Litigation Trustee to such Person in carrying out the terms of this Litigation Trust Agreement, and neither the Litigation Trustee nor any member of the Litigation Trust Committee shall have any personal obligation to satisfy any such liability.

3.19    Investment and Safekeeping of Litigation Trust Assets.

The Litigation Trustee shall invest all assets transferred to the Litigation Trustee (other than Contributed Claims), all Litigation Trust Proceeds, the Litigation Expense Fund and all income earned by the Litigation Trust (pending periodic distributions in accordance with the provisions of the Plan) only in cash, cash equivalents, U.S. Treasury securities, money market investments, and similar investments; provided, however, that (a) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the United States Internal Revenue Service (the "IRS") , whether set forth in IRS rulings, other IRS pronouncements or otherwise, (b) the Litigation Trustee may retain any Litigation Trust Proceeds received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets in Cash; and (c) under no circumstances, shall the Litigation Trustee segregate the assets of the Litigation Trust on the basis of classification of the holders of Litigation Trust Interests, other than with respect to Distributions to be made on account of Disputed Claims in accordance with the provisions of the Plan.

3.20    Standard of Care; Exculpation.

Neither the Litigation Trustee nor any of his or her duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Litigation Trustee in good faith, other than acts or omissions resulting from the Litigation Trustee's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Litigation Trustee may, in connection with the performance of his or her functions, and in his or her sole and absolute discretion, consult with his or her attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons.  Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with his or her attorneys,

accountants, financial advisors or agents, and his or her good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

ARTICLE 4

LITIGATION TRUST COMMITTEE

4.1     Litigation Trust Committee.

A litigation trust committee (the "Litigation Trust Committee") shall be established and initially consist of, as set forth on Schedule B attached hereto, five (5) Persons including a representative from VR and four representatives of Holders of Claims against RCM that do not assert Claims against any Contributing Debtor based on guarantees or other direct contractual undertakings.  Other than the VR representative, the remaining four members of the Litigation Trust Committee shall be selected by the Joint Sub-Committee (inclusive of its ex-officio members, but exclusive of Holders of Senior Subordinated Note Claims and the Senior Subordinated Note Indenture Trustee).  Such Litigation Trust Committee members shall have the right to direct and remove the Litigation Trustee, and shall have such other rights to operate and manage the Litigation Trust as are not inconsistent with the terms hereof.  No Holder of Tranche A Litigation Trust Interests (except to the extent such Holder is a member of the Litigation Trust Committee) and no Holder of Tranche B Litigation Trust Interests shall have any consultation or approval rights whatsoever in respect of management and operation of the Litigation Trust.

4.2     Authority of the Litigation Trust Committee.

The Litigation Trust Committee shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 3.5(c) herein.  The Litigation Trustee shall consult with and provide information to the Litigation Trust Committee in accordance with and pursuant to the terms of this Litigation Trust Agreement and the Plan.  The Litigation Trust Committee shall have the authority to select and engage such Persons, and select and engage such professional advisors, including, without limitation, any professional previously retained by the Committees, RCM or the Debtors in accordance with the terms of the Plan and this Litigation Trust Agreement, as the Litigation Trust Committee deems necessary and desirable to assist the Litigation Trust Committee in fulfilling its obligations under this Litigation Trust Agreement and the Plan, and the Litigation Trustee shall pay the reasonable fees of such Persons (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Litigation Trust Agreement.

4.3    Regular Meetings of the Litigation Trust Committee.

Meetings of the Litigation Trust Committee are to be held with such frequency and at such place as the Litigation Trustee and the members of the Litigation Trust Committee may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly.

4.4    Special Meetings of the Litigation Trust Committee.

Special meetings of the Litigation Trust Committee may be held whenever and wherever called for by the Litigation Trustee or any two members of the Litigation Trust Committee.

4.5    Manner of Acting.

(a)    A majority of the total number of members of the Litigation Trust Committee then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Committee.  The affirmative vote of a majority of the members of the Litigation Trust Committee present and entitled to vote at a meeting at which a quorum is present shall be the act of the Litigation Trust Committee except as otherwise required by law or as provided in this Litigation Trust Agreement.  Any or all of the members of the Litigation Trust Committee may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  Any member of the Litigation Trust Committee participating in a meeting by this means is deemed to be present in person at the meeting.  Voting may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trust Committee.

(b)    Any member of the Litigation Trust Committee who is present and entitled to vote at a meeting of the Litigation Trust Committee when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Committee, unless: (i) such member of the Litigation Trust Committee objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Committee before its adjournment.  The right of dissent or abstention is not available to any member of the Litigation Trust Committee who votes in favor of the action taken.

(c)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trust Committee shall report to the Litigation Trust Committee any conflict of interest such

member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a Litigation Trust Beneficiary).  A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum);  the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trust Committee who are not "conflicted members."

      4.6      <u>Litigation Trust Committee's Action Without a Meeting</u>.

      Any action required or permitted to be taken by the Litigation Trust Committee at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Committee as evidenced by one or more written consents describing the action taken, signed by all members of the Litigation Trust Committee and recorded in the minutes or other transcript of proceedings of the Litigation Trust Committee.

      4.7      <u>Tenure, Removal, and Replacement of the Members of the Litigation Trust Committee</u>.

      The authority of the members of the Litigation Trust Committee will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Section 11.1 hereof.  The service of the members of the Litigation Trust Committee will be subject to the following:

      (a)      The members of the Litigation Trust Committee will serve until death or resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below.

      (b)      A member of the Litigation Trust Committee may resign at any time by providing a written notice of resignation to the remaining members of the Litigation Trust Committee.  Such resignation will be effective upon the date received by the Litigation Trust Committee or such later date specified in the written notice.

      (c)      A member of the Litigation Trust Committee may be removed by the majority vote of the other members of the Litigation Trust Committee, written resolution of which shall be delivered to the removed Litigation Trust Committee member; <u>provided</u>, <u>however</u>, that such removal may only be made for Cause.  For purposes of this <u>Section 4.7(c)</u>, "Cause" shall be defined as:  (a) commission of any act of fraud or dishonesty in connection with his or her appointment to serve on the Litigation Trust Committee; (b) commission of misconduct that adversely affects, as determined in good faith by a majority of the remaining members of the Litigation Trust Committee, the assets held by the Litigation Trustee for the benefit of the Litigation Trust Beneficiaries;

(c) engaging in conduct constituting a misdemeanor involving moral turpitude or a felony or the indictment of such member for a felony; or (d) continued failure to perform his or her substantial job functions, after written notice has been delivered by the Litigation Trust Committee to such member if such failure is not cured within 10 days of such notice.

(d)     In the event of a vacancy on the Litigation Trust Committee (whether by removal, death, or resignation), a new member may be appointed to fill such position by a majority of the remaining members of the Litigation Trust Committee.  Any such appointment of a new member cannot alter the structure or power of the Litigation Trust Committee as set forth in Section 4.1.  In the event that there are no remaining members of the Litigation Trust Committee, appointments to fill such vacancies that would have been made by a majority of the remaining members of the Litigation Trust Committee shall be made upon an order entered after an opportunity for a hearing by the Bankruptcy Court, upon motion of the Litigation Trustee.  The appointment of a successor member of the Litigation Trust Committee will be evidenced by the Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor member of the Litigation Trust Committee.

(e)     Immediately upon the appointment of any successor member of the Litigation Trust Committee, all rights, powers, duties, authority, and privileges of the predecessor member of the Litigation Trust Committee hereunder will be vested in and undertaken by the successor member of the Litigation Trust Committee without any further act; and the successor member of the Litigation Trust Committee will not be liable personally for any act or omission of the predecessor member of the Litigation Trust Committee.

    4.8     Compensation of the Litigation Trust Committee.

    Each member of the Litigation Trust Committee shall be paid, by the Litigation Trust or the Reorganized Debtors, as allocable, the amount of $20,000 annually (in addition to reasonable out-of-pocket expenses reimbursable hereunder) as compensation for its services hereunder, including, without limitation, any services rendered with respect to the Disputed Claims Reserve (all such duties or services are referred to herein as the "Duties").  Additionally, except as set forth herein, all reasonable and documented out-of-pocket fees and expenses incurred by members of the Litigation Trust Committee in connection with the performance of the Duties shall be reimbursed, without duplication, by the Litigation Trust upon demand for payment thereof.

    4.9     Standard of Care; Exculpation.

    None of the Litigation Trust Committee, its members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, agent or representative of the Litigation Trust Committee, nor shall the Litigation Trust Committee or any of its members be

liable for any act or omission taken or omitted to be taken by the Litigation Trust Committee in good faith, other than acts or omissions resulting from the Litigation Trust Committee's own gross negligence, recklessness, willful misconduct, or knowing violation of law. The Litigation Trust Committee and each of its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither the Litigation Trust Committee nor any of its members shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Litigation Trust Committee or, as applicable, its members or designees, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

ARTICLE 5

TAX MATTERS

5.1    Federal Income Tax Reporting.

(a)    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee), the Litigation Trustee shall file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and in accordance with this Article 5. The Litigation Trustee shall also annually send to each Litigation Trust Beneficiary a separate statement setting forth such Litigation Trust Beneficiary's share of items of income, gain, loss, deduction, or credit and will instruct all such holders to report such items on their federal income tax returns.

(b)    As soon as practicable after the Effective Date, but in no event later than sixty (60) days thereafter, (i) the Litigation Trustee, in consultation with the Litigation Trust Committee, the Debtors, and the RCM Trustee will determine the fair market value as of the Effective Date of all assets transferred to the Litigation Trustee, and such determined fair market value shall be used by the Reorganized Debtors, the RCM Trustee, the Litigation Trust, the Litigation Trustee, the Litigation Trust Committee, and the Effective Beneficiaries for all federal income tax purposes, and (ii) the Litigation Trustee shall apprise the Litigation Trust Beneficiaries, in writing of such valuation. The Litigation Trustee shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit and pay taxes, if any, properly payable by the Litigation Trust.

(c)    The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns

filed for, or on behalf of, the Litigation Trust for all taxable periods through the effective date of the dissolution of the Litigation Trust.

(d)     For federal income tax purposes, the Reorganized Debtors, the RCM Trustee, the Litigation Trustee, and the Effective Beneficiaries will treat the transfer of assets to the Litigation Trustee and issuance of Litigation Trust Interests as a deemed transfer by the Debtors and the RCM Trustee of the assets to the Effective Beneficiaries, followed by a deemed transfer of such assets by the Effective Beneficiaries to the Litigation Trustee in exchange for direct or indirect beneficial interests in the Litigation Trust.

(e)     For federal income tax purposes, the Effective Beneficiaries will be treated as the grantors, deemed owners and beneficiaries of the Litigation Trust.

5.2     Allocations of Litigation Trust Taxable Income.

(a)     Allocations of Litigation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restrictions on distributions described in the Plan) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the Litigation Trust Beneficiaries, taking into account all prior and concurrent distributions from the Litigation Trust (including all distributions held in escrow pending the resolution of Disputed Claims). Similarly, taxable loss of the Litigation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Contributed Claims. The tax book value of the Contributed Claims for this purposes shall equal their fair market value on the Effective Date, adjusted in either case in accordance with tax accounting principles prescribed by the United States Internal Revenue Code, the regulations and other applicable administrative and judicial authorities and pronouncements.

(b)     To the extent of any transfers of Litigation Trust Interests in accordance with Section 2.5(a) herein, the Litigation Trustee shall promptly establish a standard convention for allocating and apportioning taxable income and loss between a transferor and its transferee and shall not be required to so allocate and apportion based on the actual Litigation Trust activities prior and subsequent to the date of any transfer. The Litigation Trustee shall notify the Litigation Trust Beneficiaries of the convention adopted promptly after such adoption. The Litigation Trustee shall use his or her discretion to establish a fair and equitable convention to apply and may, but is not required to, adopt a monthly, quarterly or similar record date convention.

ARTICLE 6

DISTRIBUTIONS

6.1     Annual Distribution; Withholding.

The Litigation Trustee shall distribute at least annually to the Litigation
Trust Beneficiaries all net cash income plus all net cash proceeds from the liquidation of
assets; provided, however, that the Litigation Trust may retain such amounts (i) as are
reasonably necessary to maintain reserves for distributions to holders of Disputed Claims
that may be entitled to Litigation Trust Interests upon allowance of such claims, (ii) as are
reasonably necessary to meet contingent liabilities and to maintain the value of the assets
of the Litigation Trust during liquidation, (iii) to pay or reserve for reasonable
administrative expenses (including the costs and expenses of the Litigation Trust, the
Litigation Trustee, and the Litigation Trust Committee and the fees, costs and expenses
of all professionals retained by the Litigation Trustee, and any taxes imposed on the
Litigation Trust or in respect of the assets of the Litigation Trust), and (iv) to satisfy other
liabilities incurred or assumed by the Litigation Trust (or to which the assets are
otherwise subject) in accordance with the Plan or this Litigation Trust Agreement.  All
such distributions shall be pro rata based on the number of Litigation Trust Interests held
by a Litigation Trust Beneficiary compared with the aggregate number of Litigation Trust
Interests outstanding, subject to the terms of the Plan and this Litigation Trust
Agreement.  The Litigation Trustee may withhold from amounts distributable to any
Person any and all amounts, determined in the Litigation Trustee's reasonable sole
discretion, to be required by any law, regulation, rule, ruling, directive or other
governmental requirement.

6.2     Manner of Payment or Distribution.

(a)     All distributions made by the Litigation Trustee to holders of
Litigation Trust Interests shall be payable to the holders of Litigation Trust Interests of
record as of the 20th day prior to the date scheduled for the distribution, unless such day
is not a Business Day, then such day shall be the following Business Day.  If the
distribution shall be in Cash, the Litigation Trustee shall distribute such Cash by wire,
check, or such other method as the Litigation Trustee deems appropriate under the
circumstances.  Notwithstanding anything to the contrary herein, or in the Plan, any
distributions to be made to the RCM Trustee for distribution to holders of Allowed RCM
Securities Customer Claims or Allowed FX/Unsecured Claims shall be made and deemed
made for all purposes directly to such holders as the Effective Beneficiaries.

(b)     Any Contributed Claims Recoveries shall first be used to repay the
funding (including any fees, costs, or interest incurred in connection therewith) described
in Section 5.7(e) of the Plan and then such proceeds shall be transferred to the Disbursing
Agent or the RCM Trustee or to the Effective Beneficiaries directed by the RCM Trustee,
as applicable, for distribution to the Litigation Trust Beneficiaries as provided for herein.
To the extent that the Reorganized Debtors or Post-Confirmation RCM become liable for
the payment of any Claims arising under section 502(h) of the Bankruptcy Code on

26

account of Contributed Claims Recoveries, the Litigation Trustee will be responsible for making Distributions on account of such Claims pursuant to <u>Section 8.2</u>.

      (c)    All distributions shall be apportioned by the Litigation Trustee as distributable either to Tranche A Litigation Trust Interests or Tranche B Litigation Trust Interests.

      (d)    All Contributed Claims Recoveries, whether distributable to Tranche A Litigation Trust Interests or Tranche B Litigation Trust Interests shall be distributed Pro Rata to Holders of the beneficial interests in such Tranche.

      (e)    Effective Beneficiaries of Tranche A Litigation Trust Interests shall consist of Holders of RCM Securities Customer Claims, Holders of RCM FX/Unsecured Claims, Holders of Contributing Debtors General Unsecured Claims (excluding the Secured Lender Claims or Senior Subordinated Note Claims), and Holders of FXA General Unsecured Claims (excluding FXA Convenience Class Claims) and such Litigation Trust Beneficiaries shall share the Tranche A Litigation Trust Interests Pro Rata based on (x) in the case of Holders of RCM Securities Customer Claims and RCM FX/Unsecured Claims, the aggregate amount of Allowed RCM Implied Deficiency Claims and the Allowed RCM FX/Unsecured Claims, subject to the distribution scheme set forth in the RCM Settlement Agreement and (y) in the case of Holders of Contributing Debtors General Unsecured Claims and the Holders of FXA General Unsecured Claims, the amount of each such Holder's Allowed Claim.

      (f)    Beneficiaries of Tranche B Litigation Trust Interests shall consist of those Holders of Old Equity Interests that have elected to contribute their Non-Estate Refco Claims and their rights to proceeds of Class Actions Claims to the Private Actions Trust ("<u>Participating Old Equity Interest Holders</u>") in exchange for a portion of the Litigation Trust and Private Actions Trust, and such Litigation Trust Beneficiaries shall share the Tranche B Litigation Trust Interests Pro Rata based on (x) in the case of Holders of common stock of Refco Inc., the aggregate amount of common stock of Refco Inc. held by Participating Old Equity Interest Holders and (y) in the case of Holders of Claims arising from rescission of a purchase or sale of common stock of Refco Inc. or rights relating to such common stock, or any Claim for damages arising from the purchase or sale of common stock of Refco Inc. or any Claim for reimbursement, contribution, or indemnification arising from or relating to any such Claims, the aggregate amount of common stock of Refco Inc. held or previously held by such Holders.  Notwithstanding the contribution of Non-Estate Refco Claims and the rights to proceeds of Class Action Claims, the right of any Participating Old Equity Interest Holder to seek equitable subordination or disallowance of the Old Equity Interests of any other Participating Old Equity Interest Holder pursuant to section 510(c) of the Bankruptcy Code shall be preserved and retained to assert at any time, at its own expense, prior to the final distribution of the Litigation Trust.

6.3    Delivery of Litigation Trust Distributions.

All distributions under this Litigation Trust Agreement to any holder of Litigation Trust Interests shall be made at the address of such holder as set forth in the Trust Register or at such other address or in such other manner as such holder of Litigation Trust Interests shall have specified for payment purposes in a written notice to the Litigation Trustee and the Registrar at least 20 days prior to such distribution date.  In the event that any distribution to any holder is returned as undeliverable, the Litigation Trustee shall be entitled to rely on the most current information available from the Plan Administrator or the RCM Trustee, as applicable, to determine the current address of such holder, but no distribution to such holder shall be made unless and until the Litigation Trustee has determined the then current address of such holder, at which time such distribution shall be made to such holder without interest; provided, however, that such undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution.  The Litigation Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of all other Litigation Trust Beneficiaries in the same tranche.

6.4    Cash Distributions.

No Cash distributions shall be required to be made to any Litigation Trust Beneficiary in an amount less than $100.00.  Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions.  Notwithstanding the foregoing, all cash shall be distributed in the final distribution of the Litigation Trust.


ARTICLE 7

INDEMNIFICATION

7.1    Indemnification of Litigation Trustee and the Litigation Trust Committee.

(a)    To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless the Litigation Trustee and each of the members of the Litigation Trust Committee and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys and other professionals (collectively, the "Indemnified Persons") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does, or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that the loss, cost, damage, expense or liability resulted primarily from the Indemnified Person's recklessness, gross negligence, willful misconduct, or knowing violation of law.  To the extent reasonable, the Litigation Trust shall pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified

Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Trust.

(b)    Any Indemnified Person may waive the benefits of indemnification under this <u>Section 7.1</u>, but only by an instrument in writing executed by such Indemnified Person.

(c)    The rights to indemnification under this <u>Section 7.1</u> are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution. Nothing in this <u>Section 7.1</u> will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Litigation Trust Agreement, or any other agreement or instrument to which that Person is a party.


ARTICLE 8

NET LITIGATION TRUST RECOVERY

8.1    <u>No Effect on Mutuality</u>.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, nothing herein shall affect the mutuality of obligations, if any, of any Holder of any Claim under section 553 of the Bankruptcy Code.

8.2    <u>Section 502(h)</u>.

Notwithstanding anything contained in the Plan or this Litigation Trust Agreement to the contrary, in the event that a compromise and settlement of a Contributed Claim or a Final Order with respect to a Contributed Claim provides for the allowance of a Claim pursuant to section 502(h) of the Bankruptcy Code against one or more of RCM or the Debtors, the Distributions to be made on account of such Claim pursuant to the Plan shall be funded by the Litigation Trust, in the amount(s), from time to time, that all similarly situated Holders of Claims are entitled to receive under the Plan.


ARTICLE 9

REPORTS TO LITIGATION TRUST BENEFICIARIES

9.1    <u>Reports</u>.

(a)    The Litigation Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than annually, financial statements of the Litigation Trust, to be delivered to the Effective Beneficiaries together with annual income tax reporting of the Litigation Trust. To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with

U.S. generally accepted accounting principles.  The materiality and scope of audit determinations shall be established between the Litigation Trustee (in consultation with the Litigation Trust Committee) and the appointed auditors with a view toward safeguarding the value of the assets of the Litigation Trustee, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b)     Within ten (10) Business Days after the end of the relevant report preparation period the Litigation Trustee shall cause any information reported pursuant to Section 9.1(a) to be mailed to such Litigation Trust Beneficiaries and to be filed with the Bankruptcy Court.

(c)     Any report required to be distributed by the Litigation Trustee under Section 9.1(a) hereof shall also be distributed to the Persons listed in Section 12.6 hereof within ten Business Days of his or her distribution to the Litigation Trust Beneficiaries under Section 9.1(a) hereof.  The Litigation Trustee may post any report required to be provided under this Section 9.1 on a web site maintained by the Litigation Trustee in lieu of actual notice to the Litigation Trust Beneficiaries (unless otherwise required by law) subject to providing notice to the Persons listed in Section 12.6 herein.


ARTICLE 10

TERM; TERMINATION OF THE LITIGATION TRUST

10.1     Term; Termination of the Litigation Trust.

(a)     The Litigation Trust shall have an initial term of five (5) years, provided that if reasonably necessary to realize maximum value with respect to the assets in the Litigation Trust and following Bankruptcy Court approval, the term of the Litigation Trust may be extended for one or more one (1) year terms.

(b)     The Litigation Trust may be terminated earlier than its scheduled termination if (i) the Bankruptcy Court has entered a Final Order closing all of or the last of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code and the RCM Case to the extent the RCM Case was converted to chapter 7; and (ii) the Litigation Trustee has administered all assets of the Litigation Trust and performed all other duties required by the Plan and the Litigation Trust.

(c)     Notwithstanding the foregoing, the Bankruptcy Court upon motion by the Litigation Trustee or the Litigation Trust Committee, on notice with an opportunity for a hearing, at least three (3) months before the expiration of the original term or any extended term, may extend, for a fixed period, the term of the Litigation Trust if it is necessary to facilitate or complete the liquidation of the assets of the Litigation Trust.  The Bankruptcy Court may approve multiple extensions of the term of the Litigation Trust.

10.2    Continuance of Trust for Winding Up.

After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until his or her duties have been fully performed.  Prior to the final distribution of all of the remaining assets of the Litigation Trust and upon approval of the Litigation Trust Committee, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for his or her own costs and expenses, in accordance with Section 3.17 herein, until such time as the winding up of the Litigation Trust is completed.  Upon termination of the Litigation Trust, the Litigation Trustee shall retain for a period of two years, as a cost of administering the Litigation Trust, the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee.  At the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and winding up of the affairs of the Litigation Trust.  Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

ARTICLE 11

AMENDMENT AND WAIVER

11.1    Amendment and Waiver.

(a)    The Litigation Trustee, with the prior approval of the majority of the members of the Litigation Trust Committee, may amend, supplement or waive any provision of, this Litigation Trust Agreement, without notice to or the consent of any Litigation Trust Beneficiary or the approval of the Bankruptcy Court:  (i) to cure any ambiguity, omission, defect or inconsistency in this Litigation Trust Agreement provided that such amendments, supplements or waivers shall not adversely affect the distributions to be made under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust"; (ii) to comply with any requirements in connection with the U.S. Federal income tax status of the Litigation Trust as a "liquidating trust"; (iii) to comply with any requirements in connection with maintaining that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act; (iv) to make the Litigation Trust a reporting entity and, in such event, to comply with or seek relief from any requirements in connection with satisfying the registration or reporting requirements of the Exchange Act or the Investment Company Act; and (v) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Litigation Trust Agreement and the Plan.

(b)    Any substantive provision of this Litigation Trust Agreement may be amended or waived by the Litigation Trustee, subject to the prior approval of two-thirds vote of the members of the Litigation Trust Committee, with the approval of the

Bankruptcy Court upon notice and an opportunity for a hearing; provided, however, that no change may be made to this Litigation Trust Agreement that would adversely affect the distributions to be made under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, or adversely affect the U.S. Federal income tax status of the Litigation Trust as a "liquidating trust." Notwithstanding this Section 11.1, any amendments to this Litigation Trust Agreement shall not be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Contributed Claims in accordance with Treasury Regulation Section 301.7701-4(d).

ARTICLE 12

MISCELLANEOUS PROVISIONS

12.1    Intention of Parties to Establish the Litigation Trust.

This Litigation Trust Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended in accordance with Section 11.1 to comply with such federal income tax laws, which amendments may apply retroactively.

12.2    Reimbursement of Trust Litigation Costs.

If the Litigation Trustee, the Litigation Trust Committee, or the Litigation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Litigation Trust Agreement or the enforcement thereof, the Litigation Trustee, the Litigation Trust Committee or the Litigation Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.  To the extent that the Litigation Trust has advanced such amounts, the Litigation Trust may recover such amounts from the non-prevailing party.

12.3    Laws as to Construction.

THIS LITIGATION TRUST AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO WHETHER ANY CONFLICTS OF LAW WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

12.4    Jurisdiction.

Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Litigation Trust Agreement and to decide any claims or disputes which may arise or result from, or

be connected with, this Litigation Trust Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties, including the Litigation Trust Beneficiaries, and Holders of Claims and Equity Interests, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

12.5    Dispute Resolution.

In the event of any unresolved dispute between the Litigation Trustee and the Litigation Trust Committee, such dispute shall be resolved by the Bankruptcy Court upon motion by the Litigation Trustee or the Litigation Trust Committee, which motion shall be filed under seal, to the extent permitted by the Bankruptcy Court, unless otherwise agreed by the Litigation Trustee and a majority of the members of the Litigation Trust Committee.

12.6    Severability.

If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

12.7    Notices.

All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

If to the Litigation Trustee, to:

Marc S. Kirschner
1120 Park Ave
Suite 18 A
New York, New York 10128
Facsimile:  (212) 996-4849
E-mail:  msk18a@yahoo.com

With a copy to:

Susheel Kirpalani

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Facsimile:  (212) 530-5219
E-mail:  skirpalani@milbank.com


If to the Litigation Trust Committee, to:

Refco Litigation Trust Committee
c/o Ira S. Greene, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022
Facsimile:  (212) 918-3100
E-mail:  isgreene@hhlaw.com


If to the Reorganized Debtors, to:

Refco Plan Administrator

RJM, LLC
8 Hunting Court
New Vernon, New Jersey 07976
Facsimile:  (973) 425-8999
E-mail:  rmanzo@capstoneag.com


With a copy to:

Edwin E. Smith, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
Facsimile:  (212) 752-5378
E-mail:  edwin.smith@bingham.com


If to the RCM Trustee, to:

Marc S. Kirschner
1120 Park Ave
Suite 18 A
New York, New York 10128
Facsimile:  212 996 4849

E-mail: msk18a@yahoo.com

With a copy to:

Tina L. Brozman, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
Facsimile: (212) 752-5378
E-mail: tina.brozman@bingham.com

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

12.8    Fiscal Year.

The fiscal year of the Litigation Trust will begin on the first day of January and end on the last day of December of each year.

12.9    Headings.

The section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof.

12.10   Counterparts.

This Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

12.11   Confidentiality.

The Litigation Trustee and each successor trustee and each member of the Litigation Trust Committee and each successor member of the Litigation Trust Committee (each a "Covered Person") shall, during the period that they serve in such capacity under this Litigation Trust Agreement and following either the termination of this Litigation Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Litigation Trust relates or of which it has become aware in its capacity (the "Information"), except to the extent disclosure is required by applicable law, order,

35

regulation or legal process.  In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Litigation Trust Committee reasonably promptly (unless prohibited by law) so that the Litigation Trust Committee may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section (and if the Litigation Trust Committee seeks such an order, the relevant Covered Person will provide cooperation as the Litigation Trust Committee shall reasonably request).  In the event that no such protective order or other remedy is obtained, or that the Litigation Trust Committee waives compliance with the terms of this Section and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Litigation Trust Committee written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

     12.12   <u>Entire Agreement</u>.

     This Litigation Trust Agreement (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Litigation Trust Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Litigation Trust Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Litigation Trust Agreement.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**REORGANIZED DEBTORS**

_____

By:
Title:

**RCM TRUSTEE**

_____

By:
Title:

**LITIGATION TRUSTEE**:

_____

By:
Title:

**SCHEDULE A**

**COMPENSATION TERMS OF ORIGINAL TRUSTEE**
**(INCLUSIVE OF COMPENSATION FOR SERVING AS PRIVATE ACTIONS TRUSTEE)**

The Original Trustee shall receive reasonable compensation for serving as Litigation Trustee and Private Actions Trustee, and reimbursement of reasonable out-of-pocket costs, in accordance with the following contingency-based schedule:

- The following percentage of aggregate net recoveries of the Litigation Trust and Private Actions Trust, which, for the avoidance of doubt, shall be calculated after all costs of litigation and collection, including attorneys' fees, experts, and consultants --

  - 0.5% of the first $100,000,000 of net recoveries

  - 1.0% of net recoveries in excess of $100,000,000 but less than or equal to $250,000,000

  - 2.0% of net recoveries in excess of $250,000,000 but less than or equal to $400,000,000

  - 2.5% of net recoveries in excess of $400,000,000

- Reimbursement of reasonable out-of-pocket expenses (excluding overhead for office space and secretarial assistance) on a monthly basis. Significant costs may be advanced from the assets of the Litigation Trust with the approval of the Litigation Trust Committee.

- Any and all net recoveries actually received by the Litigation Trust, whether by judgment or settlement, during the tenure of the Original Trustee or the Applicable Period (as defined below) following the Original Trustee's termination in accordance with Section 3.17(b) of the Litigation Trust Agreement (a "Qualifying Termination") shall be deemed earned and unpaid compensation or bonus for purposes of such section. Any such actual recoveries shall also include any deferred payment recovery from defendant(s) or putative defendant(s) that is agreed to in writing within the Applicable Period by such defendant(s) or putative defendant(s), even if not paid or payable until after the Applicable Period, provided that such deferred payment recovery is in fact realized by the Litigation Trust (collectively, "Qualifying Recoveries"); provided, however, that the Original Trustee will only receive his or her percentage of Qualifying Recoveries as, if, and when such deferred payment is actually received by the Litigation Trust.

  - "Applicable Period" shall mean a minimum period of six (6) months after a Qualifying Termination, and if the Litigation Trustee has worked for more than six (6) months in that position, such period shall increase by one day for each day the Litigation Trustee works as Litigation

A

Trustee after the initial six (6) months up to a maximum period of twenty-four (24) months; <u>provided</u>, <u>however</u>, that any fees payable to the Original Trustee on account of Qualifying Recoveries occurring after twelve (12) months following a Qualifying Termination shall be reduced by fifty percent (50%) of the calculation set forth above.

- The compensation of the Original Trustee shall be payable in connection with each distribution made to the Litigation Trust Beneficiaries and the Private Action Litigation Trust Beneficiaries and shall be allocated in the same proportion to the Litigation Trust and the Private Actions Trust as the proceeds are allocated to such trusts.

B

**SCHEDULE B**

**LIST OF INITIAL MEMBERS OF THE LITIGATION TRUST COMMITTEE**

- VR Global Partners, L.P.

- Premier Bank International, N.V.

- Lyxor/Beach Discretionary Fund Ltd.

- Capital Management Select Fund, Ltd.

- Abadi & Co.