| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK (Manhattan Division) | PROOF OF CLAIM THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Specific Debtor against which this claim is asserted:
Refco Inc.   Case No. 05-60006

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**GRANT THORNTON LLP**

Name and address where notices should be sent:

GRANT THORNTON LLP
C/O WINSTON & STRAWN LLP (NY)
ATTN: DAVID MOLLON
200 PARK AVENUE
NEW YORK, NEW YORK 10166
Email: dmollon@winston.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

Tax Payer Identification #: 36-6055558
OR   Last 4 Digits of Your Social Security #:
TEL: (212) 294-4748

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be mailed to: United States Bankruptcy Court, Southern District of New York, Attn: Refco Inc. Claims Docketing Center, Bowling Green Station, P.O. Box 5175, New York, New York 10274-5175 or hand delivered to: United States Bankruptcy Court, Southern District of New York, Attn: Refco Inc. Claims Docketing Center, One Bowling Green, Room 534, New York, New York 10004-1408. This Proof of Claim must be received no later than July 17, 2006, at 5:00 p.m. prevailing Eastern Time. No facsimiles will be accepted.

Last four digits of account or other number by which creditor identifies debtor: 0026
Check here if this claim ☐ Replaces ☐ Amends   A previously filed claim, dated: __/__/__   Number: _____

**1. Basis for Claim**
☐ Goods sold
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Unpaid compensation for services performed
from (mm/dd/yyyy): __/__/__
to (mm/dd/yyyy): __/__/__
☐ Other: _____

**2. Date debt was incurred:** __/__/__
**3. If court judgment, date obtained:** __/__/__

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ see attached
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☒ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority: $ see attached
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

**Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral: ☐ Real Estate ☐ Motor Vehicle ☒ Other: see attached
Value of Collateral: $ see attached
Amount of arrearage and other charges included at time case filed included in secured claim, if any: $ see attached
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a): (____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $see attached + _____ + _____ = _____
(unsecured)   (secured)   (priority)   (total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Failure to provide appropriate documentation may result in your claim being subject to objection.
**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach power of attorney, if any).

Signature: /s/ Gary Goldman
Date: 07/17/2006
Printed Name: GARY GOLDMAN
Title: PARTNER

RECEIVED JUL 17 2006 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POC0001

## ATTACHMENT TO PROOF OF CLAIM OF
## GRANT THORNTON LLP

The claims of Grant Thornton LLP ("Grant Thornton") arise from and relate to amounts owing to Grant Thornton for services rendered as the independent auditor of Refco, Inc. and several of its subsidiaries (collectively, "Refco").

Grant Thornton reserves its right to assert any of these amounts as post-petition administrative expenses pursuant to 11 U.S.C. §§503, 507.

Grant Thornton further claims costs of collection and enforcement, and prepetition and post-petition interest to the extent provided for at law or in equity.

Grant Thornton further reserves the right to amend, supplement or modify this Proof of Claim at any time.

Supporting documentation with respect to Grant Thornton's claim is (i) in the possession of the Debtors, (ii) too voluminous to attach hereto and/or (iii) is designated "Confidential", and may be obtained by contacting:

>David E. Mollón, Esq.
>200 Park Avenue
>Winston & Strawn LLP
>New York, New York
>(212) 294-4748
>(212) 294-4700 (fax)
>dmollon@winston.com
>
>-and-
>
>Margaret Maxwell Zagel
>Grant Thornton LLP
>175 West Jackson, 20th Floor
>Chicago, Illinois 60604
>(312) 856-0001
>(312) 565-3473 (fax)
>Peggy.Zagel@GT.com

Such additional supporting documentation includes, but is not limited to, statements and accounting records maintained by the Debtors and Grant Thornton that detail some or all of the amounts due to Grant Thornton pursuant to, *inter alia*, certain engagement and other agreements between Refco and Grant Thornton (collectively, the "Engagement Agreements"), including, without limitation, those Engagement Agreements listed on Schedule 1 annexed hereto.

Damages asserted pursuant to this Proof of Claim are presently only partially liquidated in the amount of approximately $3,042,804.23. Grant Thornton reserves the right to amend, supplement or modify the amount of its damages at any time.

## Claim

1. Grant Thornton was the independent auditor of Refco, Inc. and several of its subsidiaries, performing audits of Refco's financial statements for the fiscal years ending February 28, 2003 and 2005, and February 29, 2004. Grant Thornton subsequently reaudited Refco's 2002 fiscal year-end financial statements.

2. Grant Thornton is owed $242,804.23 in fees and costs for services rendered to Refco prior to the petition date.

3. Although Grant Thornton was a victim of the alleged fraud perpetrated by Refco and certain of its officers and directors of Refco, certain actions (a list of which is attached hereto as Schedule 2) have been commenced and may in the future be commenced against Grant Thornton, and, in certain cases, against the Debtors and certain of their officers and directors, alleging, among other things, that Refco's financial statements contained fraudulent, false and/or misleading material statements or omissions of fact regarding Refco's financial condition and accounting practices. (Collectively, the "Actions").

4. In addition, Grant Thornton has been required to respond to the inquiries of certain regulatory agencies regarding Refco's financial statements as a result of allegations of fraud perpetrated by certain officers and/or directors of Refco.

5. Grant Thornton and Refco entered into Engagement Agreements regarding the scope and terms of the services Grant Thornton provided to Refco. To the extent Grant Thornton is a party to the Actions as a result of the services it provided to Refco, pursuant to, among other things, the Engagement Letters, Grant Thornton is entitled to recover, including without limitation, all costs and expenses (including reasonable attorneys' fees), damages, losses, liabilities, that may be incurred, asserted or awarded in connection with or by reason of the services provided under the Engagement Letters, including, without limitation, any claims, damages, losses, liabilities, costs and expenses that may be incurred, asserted or awarded in connection with the Actions (or actions that may be commenced in the future) as well as complying with regulatory inquiries. Such obligations constitute unsecured obligations. In addition to future claims, damages, losses, liabilities, costs and expenses that may be incurred by or asserted or awarded against Grant Thornton, as of July 17, 2006, Grant Thornton has accrued no less than approximately $2.8 million in legal fees and costs in connection with the Actions and regulatory inquiries. Such amounts accrued to date are neither contingent nor unliquidated.

6. In addition, Grant Thornton has rights to contribution against the Debtor for damages and costs incurred as a result of the Actions and any other actions that have been commenced (or that may be commenced in the future) against it arising out of or related to the services provided, among other things, under the Engagement Letters and hereby asserts such claims against the Debtor for contribution. Grant Thornton further reserves all rights to assert all

claims under federal and state securities and other laws, including, but not limited to, indemnification, contribution and subrogation against the Debtor with respect to all actions brought against them in connection with the Debtor, whether the actions currently are pending or are filed at a future date.

7. Grant Thornton reserves the right to amend or supplement this Proof of Claim as necessary with respect to relief requested by plaintiffs in the Actions, including but not limited to, the filing of amended pleadings in such Actions. Grant Thornton further reserves its right to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees, with respect to any other actions or proceedings commenced against it, including but not limited to those actions or proceedings commenced against it in connection with these Chapter 11 cases, or services provided by it pursuant to the Engagement Letters, whether the actions are currently pending or are filed at a future date.

8. To the extent the Debtor asserts claims against Grant Thornton of any kind, Grant Thornton reserves the right to assert that such claims are subject to rights of setoff and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code and similar state and federal laws as well as in equity. To the extent that the Debtor or any other party take any action that would give rise to a counterclaim or other rights or claims Grant Thornton may have against the Debtor, Grant Thornton reserves all of its respective rights.

9. To the extent that Grant Thornton has rights to set-off or recoupment under 11 U.S.C. § 553 against any claims, defenses, or set-offs the Debtors may have or might assert against Grant Thornton, Grant Thornton asserts a secured claim. In addition, with the filing of this Proof of Claim, Grant Thornton does not waive any of its rights to claim specific assets or any other rights or rights of action that Grant Thornton has or may have against the Debtor, and Grant Thornton expressly reserves such rights.

10. By filing this Proof of Claim, Grant Thornton does not waive, and specifically preserves, its respective procedural and substantive defenses to any claim that may be asserted against it by the Debtors, by any trustee of its estates, by any Official Committee appointed in this case, or by any other party.

11. Grant Thornton also reserves all rights accruing to it against the Debtor, and the filing of this Proof of Claim is not intended to be and shall not be construed as an election of remedy or a waiver or limitation of any rights of Grant Thornton. In addition, Grant Thornton reserves the right to withdraw this Proof of Claim for any reason whatsoever.

12. This Proof of Claim shall not be deemed to be a waiver of Grant Thornton's right (i) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge; (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases; (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) to any other rights, claims, actions, setoffs, or recoupments to which Grant Thornton is or may be entitled, in law or in

equity, all of which rights, claims, actions, defenses, set-offs, and recoupments Grant Thornton expressly reserves.

13. All notices, objections or other communications relating to this Proof of Claim should be addressed and sent to:

>David E. Mollón, Esq.
>Winston & Strawn LLP
>200 Park Avenue
>New York, New York 10166
>(212) 294-4748
>(212) 294-4700 (fax)
>dmollon@winston.com
>
>-and-
>
>Margaret Maxwell Zagel
>Grant Thornton LLP
>175 West Jackson, 20th Floor
>Chicago, Illinois 60604
>(312) 856-0001
>(312) 565-3473 (fax)
>Peggy.Zagel@GT.com

## Schedule 1 (Engagement Agreements)

| Date of Letter | Executed By | Engagement |
|---|---|---|
| March 14, 2003 | Robert Trosten on March 28, 2003 | Audit the consolidated statement of financial condition of Refco Group Ltd., LLC and Subsidiaries as of February 28, 2003 and the related consolidated statements of operations, changes in members' equity, and cash flows for the year then ended |
| March 9, 2004 | Robert Trosten on March 9, 2004 | Audit the consolidated statement of financial condition of Refco Group Ltd., LLC and Subsidiaries, as of February 29, 2004 and the related consolidated statements of operations, changes in members' equity, and cash flows for the year then ended |
| June, 8, 2004 | Phil Bennett and Robert Trosten on June 21, 2004 | Reaudit the consolidated statement of financial condition of Refco Group Ltd., LLC as of February 28, 2002 and the related consolidated statements of operations, changes in members' equity, and cash flows for the year then ended |
| November 9, 2004 | Phillip Bennett on December 10, 2004 | Review of Refco Group Ltd., LLC and subsidiaries interim financial information from June 1, 2004 to August 5, 2004, August 6, 2004 to August 31, 2004 and the quarter ended August 31, 2003 on Forms S-4 and S-1 to be filed with the SEC for such periods |
| January 6, 2005 | Phillip Bennett on January 14, 2005 | Review of Refco Group Ltd., LLC and subsidiaries interim financial information for the quarters ended November 30, 2004 and 2003 on Forms S-4 and S-1 to be filed with the SEC for such periods |
| March 21, 2005 | Ronald L. O'Kelley on April 26, 2005 and Gerald Sherer on April 27, 2005 | Audit the consolidated balance sheet of Refco Group Ltd., LLC and subsidiaries as of February 28, 2005 and the related consolidated statements of income, changes in members' capital, and cash flows for the period from August 6, 2004 to February 28, 2005 and for the period from March 1, 2004 to August 5, 2004. |

## Schedule 2 - Civil Litigation

1. <u>In re Refco, Inc. Securities Litigation</u>, No. 05 Civ. 8626 (GEL) (S.D.N.Y.) Relating to 05-CV-08663, 05-CV-08667, 05-CV-08691, 05-CV-08692, 05-CV-08697, 05-CV-08716, 05-CV-07837, 05-CV-08742, 05-CV-08886, 05-CV-08923, 05-CV-08926, 05-CV-08929, 05-CV-09048, 05-CV-09126, 05-CV-09611, 05-CV-09654, 05-CV-09941, 05-CV-10318, and 05-CV-10403

2. <u>In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation</u>, No. 06-CV-643 (GEL) (S.D.N.Y.) Relating to No. 06-CV-3347

3. <u>Bankruptcy Trust of Gerard Sillam v. Refco Group, LLC et al.</u>, No. 05-CV-10072 (GEL) (S.D.N.Y.)

NY:1044504.1

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT Southern DISTRICT OF New York | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Refco Inc.    Case Number: 05-60006 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Grant Thornton LLP

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and address where notices should be sent:**
Grant Thornton LLP c/o Winston & Strawn LLP
200 Park Avenue, New York, NY 10166
Attn: David Mollon
Telephone number: 212-294-4748

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 0026

Check here ☐ replaces   Claim No. 11527
if this claim ☒ amends   a previously filed claim, dated: 07/17/06

**1. Basis for Claim**
☐ Goods sold
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other ─────────

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)    (date)

**2. Date debt was incurred:** various--see attached

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ See attached
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ See attached

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☒ Other ─ See attached
Value of Collateral: $ See attached

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ See attached

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ See attached
     (unsecured)   (secured)   (priority)   (Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 3/13/07
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Gary Goldman, Partner

U.S. BANKRUPTCY COURT S.D.N.Y. FILED 2007 MAR 16

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official Form 10) (10/05)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Classification of Claim**
   **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

**5. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**7. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

## ATTACHMENT TO AMENDED PROOF OF CLAIM
## OF GRANT THORNTON LLP

Grant Thornton LLP ("Grant Thornton") asserts its right, as reserved in its proof of claim, dated July 17, 2006, Claim No. 11527 ("Proof of Claim"), to amend its Proof of Claim to include additional fees and costs incurred since the Proof of Claim was filed. THIS CLAIM IS AN AMENDMENT AND DOES NOT SUPESEDE ANY OTHER CLAIMS FILED BY CLAIMANT. As described more fully in its Proof of Claim, Grant Thornton's claims arise from and relate to amounts owing to Grant Thornton for services it rendered as the independent auditor of Refco, Inc. and several of its subsidiaries (collectively, "Refco"). Each of the claims set forth in the Proof of Claim are incorporated herein.

Grant Thornton reserves its right to assert any of these amounts as post-petition administrative expenses pursuant to 11 U.S.C. §§ 503, 507.

Grant Thornton further claims costs of collection and enforcement, and pre-petition and post-petition interest, to the extent provided for at law or in equity.

Grant Thornton further reserves the right to amend, supplement or modify this Amended Proof of Claim at any time.

Supporting documentation with respect to Grant Thornton's claim is (i) in the possession of the Debtors, (ii) too voluminous to attach hereto and/or (iii) is designated "Confidential," and may be obtained by contacting:

> David E. Mollón, Esq.
> 200 Park Avenue
> Winston & Strawn LLP
> New York, New York
> (212) 294-4748
> (212) 294-4700 (fax)
> dmollon@winston.com
>
> -and-
>
> Margaret Maxwell Zagel
> Grant Thornton LLP
> 175 West Jackson, 20th Floor
> Chicago, Illinois 60604
> (312) 856-0001
> (312) 565-3473 (fax)
> Peggy.Zagel@GT.com

Such additional supporting documentation includes, but is not limited to, statements and accounting records maintained by the Debtors and Grant Thornton that detail some or all of the amounts due to Grant Thornton pursuant to, *inter alia*, certain engagement and other agreements between Refco and Grant Thornton (collectively, the "Engagement Agreements"), including,

without limitation, those Engagement Agreements listed on Schedule 1, attached to Proof of Claim No. 11527, filed July 17, 2006.

   Damages asserted pursuant to its Amended Proof of Claim are presently only partially liquidated in the amount of approximately $4,356,371.30. Grant Thornton reserves the right to amend, supplement or modify the amount of its damages at any time.