# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC S. KIRSCHNER, <br> as Trustee of the Refco Litigation Trust, <br><br> Plaintiff, <br><br> -vs- <br><br> GRANT THORNTON LLP, MAYER, BROWN, ROWE & MAW, LLP, ERNST & YOUNG U.S. LLP, PRICEWATERHOUSECOOPERS LLP, CREDIT SUISSE SECURITIES (USA) LLC (f/k/a CREDIT SUISSE FIRST BOSTON LLC), BANC OF AMERICA SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, TONE N. GRANT, REFCO GROUP HOLDINGS, INC., LIBERTY CORNER CAPITAL STRATEGIES, LLC, WILLIAM T. PIGOTT, EMF FINANCIAL PRODUCTS, LLC, EMF CORE FUND, LTD., DELTA FLYER FUND, LLC, ERIC M. FLANAGAN, INGRAM MICRO, INC., CIM VENTURES, INC., BECKENHAM TRADING CO. INC., ANDREW KRIEGER, COAST ASSET MANAGEMENT, LLC (f/k/a COAST ASSET MANAGEMENT LP), CS LAND MANAGEMENT, LLC, and CHRISTOPHER PETITT, <br><br> Defendants. | Case No. 07 C 5306 <br><br> Hon. James F. Holderman <br><br> Magistrate Judge Maria Valdez |

**DECLARATION OF MARC S. KIRSCHNER IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND TO ILLINOIS STATE COURT**

Pursuant to 28 U.S.C. § 1746, Marc S. Kirschner declares as follows:

Background

1. I am an attorney admitted to practice law in the State of New York. I was formerly a partner with the law firm of Jones, Day, Reavis & Pogue, where I was the head of the Bankruptcy and Restructuring group in the New York office.

2. On April 10, 2006 I was appointed the Trustee of Refco Capital Markets, Ltd. ("RCM"), one of Refco's broker-dealers. I subsequently was appointed, effective December 26, 2006, Trustee of the Refco Litigation Trust.

3. On August 21, 2007, in my capacity as Litigation Trustee, I filed a lawsuit on behalf of the Litigation Trust in Cook County, Illinois, against certain Refco insiders and Refco professionals and advisors who actively assisted and were complicit in the fraud and breaches of fiduciary duty perpetuated on Refco by members of its management (the "Cook County Action"). These professionals and advisors include: Grant Thornton LLP; Mayer, Brown, Rowe & Maw LLP; Ernst & Young U.S. LLP; PricewaterhouseCoopers LLP; Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston LLC); Banc of America Securities LLC; Deutsche Bank Securities Inc. and various other parties who participated in fraudulent "round trip loans" that were used to conceal Refco's true financial condition. A true and correct copy of the Cook County Complaint is attached hereto as Exhibit A.

4. I have personal knowledge of the matters set forth herein and make this declaration in support of the Litigation Trustee's motion to remand the Cook County Action to Illinois state court.

Transfer of the Debtors' Litigation Claims to the Refco Litigation Trust

5. On October 17, 2005, Refco Inc. and over 20 of its subsidiaries filed for protection under Chapter 11 of Title 11 of the United States Code.

6. On December 15, 2006, approximately fourteen months after the Refco Chapter 11 cases were filed, the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and

1

Indirect Subsidiaries (the "Refco Plan") was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). A true and correct copy of the Refco Plan and the Findings of Fact, Conclusions of Law, and Order Confirming the Bankruptcy Plan (the "Confirmation Order") are attached hereto as, respectively, Exhibits B and C.

7. The Refco Plan provided for the establishment of a Litigation Trust and the appointment of a Litigation Trustee to pursue "the claims, rights of action, suits, or proceedings, whether in law or equity, whether known or unknown, that any [Refco] Debtor or RCM may hold against any Person . . . ." *See* Refco Plan at § 1.112; *see also* Refco Plan at § 5.7(a).

8. The Refco Plan became effective on December 26, 2006.

9. The establishment of the Litigation Trust was effective December 26, 2006.

10. On December 26, 2006, all litigation claims (termed "Contributed Claims" under the Refco Plan) held by the Refco Debtors were transferred to the Litigation Trust. In exchange, the Debtors received "Litigation Trust Interests for the ratable benefit of the Litigation Trust Beneficiaries." *See* Refco Plan at § 5.7(b) ("Contributed Claims, held by the Debtors and RCM on behalf of the Litigation Trust Beneficiaries [were] transferred to the Litigation Trust in exchange for Litigation Trust Interests for the ratable benefit of the Litigation Trust Beneficiaries.").[1]

11. The Refco Plan expressly provided that this transfer was irrevocable and that the Refco Estate would have no further interest in or right to the Contributed Claims. *See* § 5.7(b) of the Refco Plan ("[u]pon transfer of the Contributed Claims to the Litigation Trust, the Debtors, RCM and the Plan Administrator shall have no interest in or with respect to the Contributed Claims or the Litigation Trust . . . ."). Similarly, section 1.2(a) of the Litigation Trust Agreement, which governs the establishment and operation of the Litigation Trust, provides that "[a]s of the Effective Date . . .

---

[1] Section 1.48 of the Refco Plan defines "Contributed Claims" as "any and all Litigation Claims of the Debtors, RCM or their estates . . . ."

2

[RCM and the Debtors] hereby transfer, assign, and deliver to the Litigation Trustee, without recourse, all of their respective rights, title, and interest in and to the Contributed Claims free and clear of and all liens, Claims (other than claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person or entity . . . ." A true and correct copy of the Litigation Trust Agreement is attached hereto as Exhibit D.

12. A disclosure statement setting forth the substance of the Refco Plan, including the transfer of Contributed Claims to the Litigation Trust, was served on creditors and published in connection with the confirmation of the Refco Plan. None of the defendants to the Cook County Action objected to this transfer.

<u>The Beneficiaries of the Litigation Trust</u>

13. The beneficiaries of the Litigation Trust are the holders of allowed general unsecured claims against the Refco Debtors. *See* Refco Plan at § 1.115.[2]

14. On the effective date of the Refco Plan, the Litigation Trust Interests were allocated to holders of general unsecured allowed claims against the Refco Debtors.[3]

---

[2] While the Estate of RCM was originally included as a Litigation Trust Beneficiary, the Fourth Amendment to the RCM Settlement Agreement, dated October 11, 2006, added § 10(f)(iii) to the RCM Settlement Agreement. This amendment permitted the RCM Trustee to request that distributions based on RCM claims "be distributed to creditors of the RCM estate directly by the trustee or trustees of the litigation trust as if distributed . . . by the RCM Trustee under this Agreement." A true and correct copy of the Fourth Amendment to the RCM Settlement Agreement is attached hereto as Exhibit E. As confirmed by an Instruction dated September 17, 2007, the RCM plan administrator irrevocably instructed the Litigation Trustee to distribute beneficial interests in the Litigation Trust directly to creditors of RCM. A true and correct copy of this Instruction is attached hereto as Exhibit F.

[3] Section 3.1(c)(ii) of the Refco Plan provides that "on the Effective Date . . . each Holder of an Allowed Class 5(a) Contributing Debtors General Unsecured Claim shall receive, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Contributing Debtors General Unsecured Claim and any and all Other Related Claims, its Pro Rata share of the Contributing Debtors General Unsecured Distribution . . . ." Section 1.57 of the Refco Plan, in turn, provides that in addition to cash distributions of estate property, "[t]he Contributing Debtors General Unsecured Distribution shall also include the Tranche A Litigation Trust Interests set forth in section 5.7 of [the Refco] Plan." Tranche A Litigation Trust Interests are "the Litigation Trust Interests distributed to . . . Holders of Contributing Debtors General Unsecured Claims." Refco Plan at § 1.226.

15. The allocation among beneficiaries of the Litigation Trust is based on the beneficiaries' allowed claims under the confirmed Refco Plan. Section 5.7(c)(i) of the Refco Plan provides in pertinent part that "such Beneficiaries shall share the Tranche A Litigation Trust Interests Pro Rata based on (x) in the case of the RCM Estate, the aggregate amount of Allowed RCM Implied Deficiency Claims and the Allowed RCM FX/Unsecured Claims and (y) in the case of Holders of Contributing Debtors General Unsecured Claims and the Holders of FXA General Unsecured Claims, the amount of each such Holder's Allowed Claim."

16. The Litigation Trust interests were, accordingly, allocated to Trust beneficiaries based on each beneficiary's allowed claims pursuant to the confirmed Refco Plan. While some claims have been disputed and are under review, the Cook County Action has no direct impact on the allowance or disallowance of such claims or the allocation of such claims among creditors pursuant to the Refco Plan. Recovery on the claims asserted in the Cook County Action will only impact the value of the Litigation Trust interests allocated to the Litigation Trust beneficiaries.

17. Grant Thornton filed a proof of claim against the Refco Debtors asserting that it was owed $242,804.23 in pre-petition fees. Subsequently, Grant Thornton amended their proof of claim, presumably to account for unrecoverable post-petition fees and expenses incurred in connection with Grant Thornton's defense of the various actions brought against it. A true and correct copy of Grant Thornton's proofs of claim against Refco Inc. are attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 25, 2007 in Passaic, New Jersey.

Marc S. Kirschner
As Trustee of the Refco Litigation Trust

5