7CJAAMAGP                    Plea                                    1

1    UNITED STATES DISTRICT COURT
2    SOUTHERN DISTRICT OF NEW YORK
     ------------------------------x
3    UNITED STATES OF AMERICA,
                                                    07 cr 1196 (SHS)
4              v.
                                                    07 SD 312 (RLE)
5    SANTO C. MAGGIO,

6                   Defendant.

7    ------------------------------x

                                        New York, N.Y.
8                                       December 19, 2007
9                                       11:30 a.m.

10
     Before:
11
                        HON. RONALD L. ELLIS,
12

13                                          Magistrate Judge

14
                              APPEARANCES
15
     JAMES B. COMEY
16        United States Attorney for the
          Southern District of New York
17   NEIL BAROFSKY
     CHRISTOPHER GARCIA
18        Assistant United States Attorney

19   PAUL SHECHTMAN
          Attorney for Defendant Maggio
20
     SCOTT E. HERSHMAN
21        Attorney for Defendant Maggio

22

23

24

25

                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

7CJAAMAGP                     Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

             v.                            07 SD 312 (RLE)

SANTO C. MAGGIO,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                        New York, N.Y.
                        December 19, 2007
                        11:30 a.m.

Before:

                HON. RONALD L. ELLIS,

                        Magistrate Judge

                   APPEARANCES

JAMES B. COMEY
      United States Attorney for the
      Southern District of New York
NEIL BAROFSKY
CHRISTOPHER GARCIA
      Assistant United States Attorney

PAUL SHECHTMAN
      Attorney for Defendant Maggio

SCOTT E. HERSHMAN
      Attorney for Defendant Maggio

2

7CJAAMAGP                          Plea

1              (Case called)

2              MR. BAROFSKY:   Neil Barofsky and Christopher Garcia

3      for the government.

4              Good morning, your Honor.

5              MR. SCHECTMAN:   Paul Shechtman, for Mr. Maggio, with

6      Scott Hershman, for Mr. Maggio.

7              THE COURT:   Okay.   I understand that he is going to be

8      pleading to an information.

9              MR. SCHECTMAN:   Correct, your Honor.

10             THE COURT:   Has he waived indictment yet?

11             MR. SCHECTMAN:   You have the paperwork.   We're ready

12     to waive.

13             THE COURT:   We will do those separately.   Treat the

14     waiver as it should be and then I'll consider the taking of the

15     plea.

16             MR. SCHECTMAN:   Sounds right.

17             COURTROOM DEPUTY:   You are Santo Maggio?

18             THE DEFENDANT:   Yes.

19             COURTROOM DEPUTY:   Have you signed this waiver of

20     indictment.

21             THE DEFENDANT:   Yes.

22             COURTROOM DEPUTY:   Before you signed it did you

23     discussion it with your attorney?

24             THE DEFENDANT:   Yes.

25             COURTROOM DEPUTY:   Did he explain it to you?

1        THE DEFENDANT:  Yes.

2        THE COURT:  Do you understand what you are doing?

3        THE DEFENDANT:  Yes.

4        COURTROOM DEPUTY:  Do you understand that you are

5   under no obligation to waive indictment?

6        THE DEFENDANT:  Yes.

7        COURTROOM DEPUTY:  Do you understand that if you do

8   not waive indictment, if the government wants to prosecute you

9   they will have to present this case to a grand jury which may

10  or may not indict you?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Do you realize by that by signing this

13  waiver of indictment you have given up your right to have this

14  case presented to a grand jury?

15       THE DEFENDANT:  Yes, I do.

16       COURTROOM DEPUTY:  Have you seen a copy of the

17  information?

18       THE DEFENDANT:  Yes, I did.

19       THE COURT:  Would you like for me to read it to you?

20       THE DEFENDANT:  No.

21       COURTROOM DEPUTY:  How do you plead?

22       THE DEFENDANT:  Guilty.

23       COURTROOM DEPUTY:  The case has already been assigned

24  to Judge Stein.

25       MR. SCHECTMAN:  Correct.

7CJAAMAGP                    Plea                                      4

1          MR. BAROVSKY:  Your Honor, we consent to the defendant

2     being released on his own recognizance.

3          MR. SCHECTMAN:  We don't object to that.

4          THE COURT:  Technically to the information you are

5     supposed to plead "not guilty".

6          MR. SCHECTMAN:  I think that is right and it is my

7     apologies.

8          THE DEFENDANT:  I plead not guilty now and then later

9     of guilty.

10         MR. SCHECTMAN:  Not guilty at this time, your Honor,

11    but we will be entering a guilty plea.

12         THE COURT:  Objection.  All right.  Now, the actual

13    plea has been referred by Judge Stein; is that it?

14         MR. BAROFSKY:  Yes, your Honor.

15         THE COURT:  And how many counts in the information?

16         MR. BAROFSKY:  Your Honor, there are four counts.

17         THE COURT:  What is he pleading to?

18         MR. BAROFSKY:  All four counts, Judge.

19         THE COURT:  Okay.  Mr. Maggio, this matter has been

20    referred to me before Judge Stein for the purpose of taking

21    your plea.  Did you consent to proceed before a United States

22    magistrate judge on your felony plea allocution?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Before you signed it did you discuss it

25    with your attorneys?

7CJAAMAGP                    Plea

1         THE DEFENDANT:  Yes, your Honor.

2         THE COURT:  Did they explain it to you?

3         THE DEFENDANT:  Yes.

4         THE COURT:  Do you understand that you have an

5    absolute right to have this proceeding before a United States

6    district judge?

7         THE DEFENDANT:  Yes, I do.

8         THE COURT:  You are voluntarily proceeding before a

9    United States magistrate judge?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Mr. Maggio, you are charged in a four

12    count information.  Count One of the information charges you,

13    well, conspiracy to commit securities fraud, wire fraud, bank

14    fraud and money laundering and to make false filings with the

15    SEC and material misstatements to auditors in violation of

16    Title 18 U.S.C. Sections 371.  This crime carries a maximum

17    sentence of five years imprisonment, a maximum fine which is

18    the greatest of either $250,5000 or twice the gross pecuniary

19    gain derived from the offense or twice the gross pecuniary loss

20    to persons other than yourself as a result of the offense.

21    There is a $100 special assessment and a term of supervised

22    release of three years.

23         Counts Two and Three of the information charge you

24    with securities fraud in violation of Title 15 U.S.C. Section

25    78 (J) (B) and 78 (F) (F) and Title 17 Code of Federal

7CJAAMAGP                    Plea

1    Regulations Section 240, 10 (B) (5) and each of those counts

2    carries a maximum sentence of 20 years imprisonment, a maximum

3    fine which is the greatest of either five million dollars or

4    twice the gross pecuniary gain derived from the offense and

5    twice the gross pecuniary loss of persons other than yourself

6    as a result of the offense.  Each also has a $100 special

7    assessment and a term of supervised release of three years.

8            Count four of the information charges you with wire

9    fraud in violation of Title 18 U.S.C. Section 1343 and carries

10   a maximum sentence of 0 years imprisonment, a maximum fine

11   which is the greatest of either $250,000 or twice the gross

12   pecuniary gain derived from the offense, or twice the gross

13   pecuniary loss to person others than yourself as a result of

14   the offense.  It carries a $100 special assessment and a term

15   of supervised release of three years.

16           A total maximum sentence of incarceration on the

17   information is 65 years imprisonment.  In addition to the

18   foregoing the Court must order restitution with respect to the

19   information and in accordance with U.S.C.

20           In addition, if you are sentenced to any period of

21   supervised release and violate the conditions of your

22   supervised release you may be sentenced to all or part of the

23   supervised release as authorized by statute without any credit

24   for time already served on supervised release.

25           Do you understand that?

7CJAAMAGP                          Plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  So you understand these penalties as I've

3    read them to you?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  Have you seen a copy of the information in

6    which the government makes these charges against you?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  Have you discussed it with your attorneys?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Are you prepared to enter a plea today?

11          THE DEFENDANT:  Yes, I am.

12          THE COURT:  Santo Maggio, how do you plead?

13          THE DEFENDANT:  Guilty.

14          THE COURT:  Mr. Maggio, before I can recommend that

15    your plea be accepted I must determine that you understand the

16    plea and its consequences, that the plea is voluntary and that

17    there's a factual basis for the plea.  For that purpose I must

18    ask you a number of questions and your answers must be under

19    oath.  Do you understand that the answers you give under oath

20    may subject you to prosecution for perjury if you do not tell

21    the truth?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  Raise your right hand.

24          (Defendant Santo C. Maggio sworn)

25          THE COURT:  Thank you.  Please state your full name

7CJAAMAGP                         Plea

1   for record.

2                THE DEFENDANT:  Santo C. Maggio.

3                THE COURT:  How far did you go in school?

4                THE DEFENDANT:  I finished high school.

5                THE COURT:  Are you currently being treated by a

6   doctor or psychiatrist for any reason?

7                THE DEFENDANT:  No.

8                THE COURT:  Are you currently on any medications which

9   might effect you in being alert for this proceeding?

10               THE DEFENDANT:  No.

11               THE COURT:  Are you any difficulty seeing, hearing or

12  understanding anything that I am saying?

13               THE DEFENDANT:  No.

14               THE COURT:  Have you had enough time to discuss with

15  your attorneys how you wish to plead?

16               THE DEFENDANT:  Yes.

17               THE COURT:  Are you satisfied with your attorneys?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Do you understand what the government says

20  that you did?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Do you understand that have you a right to

23  plead not guilty?

24               THE DEFENDANT:  Yes.

25               THE COURT:  Do you understand that you have a right to

7CJAAMAGP                    Plea

1   trial by jury on these charges?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand that if you are to plead

4   not guilty and go to trial you would be presumed innocent until

5   the government proved your guilt beyond a reasonable doubt?

6           THE DEFENDANT:  Yes, I do.

7           THE COURT:  Do you understand that if you were to go

8   to trial you would have a number of important constitutional

9   rights including the right to be represented by counsel and to

10  have counsel appointed for you if you cannot afford an

11  attorney?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand that at trial you cannot

14  be forced to testify against yourself?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand at a trial you would

17  have the right to confront and cross-examine witnesses called

18  by the government?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that at a trial you

21  would have the right to testify yourself and to call witnesses

22  on your behalf and to compel their attendance by subpoena if

23  necessary?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand that if your guilty plea

7CJAAMAGP                    Plea

1   is accepted there will be no trial of any kind and the only

2   remaining steps in your case will be a presentence report and

3   sentencing by Judge Stein?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Have you discussed with your attorney the

6   role that the sentencing guidelines play in sentencing?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand that the district judge

9   will retain discretion regardless of what calculations there

10  are under the guidelines?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand that the calculation

13  under the guidelines will take into account a number of factors

14  including the actual conduct in which you engaged, any victims

15  of the offense, the role that you played in the offense,

16  whether or not you have accepted responsibility for your acts,

17  whether you have any criminal history or whether you have

18  engaged in any obstruction of justice; do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Between now and the date of sentencing the

21  probation department will conduct an investigation and will

22  prepare a presentence report.  Your attorney, the government

23  and Judge Stein will receive copies.  Both your attorney and

24  the government will have the opportunity to object if they

25  believe anything in the report is inaccurate; do you understand

7CJAAMAGP                         Plea

1    that?

2                THE DEFENDANT:   Yes.

3                THE COURT:   Do you understand that until the

4    presentence report is prepared neither your attorney nor the

5    government, nor Judge Stein will be able to determine precisely

6    what range of penalties will be calculated under the

7    guidelines.

8                THE DEFENDANT:   Yes.

9                THE COURT:   Do you understand than regardless of

10   calculation and the guidelines your sentence cannot exceed the

11   maximums that I advised you of earlier?

12               THE DEFENDANT:   Yes.

13               THE COURT:   Do you understand that under certain

14   circumstances both you and the government may have the right to

15   appeal the sentence imposed.

16               THE DEFENDANT:   Yes.

17               THE COURT:   Do you understand that if the sentence is

18   more severe than you expected you will be bound by your guilty

19   plea and will not be permitted to withdraw it?

20               THE DEFENDANT:   Yes.

21               THE COURT:   You understand that parole has been

22   abolished and that if you are sentenced to any term of

23   imprisonment you will be required to serve the entire term?

24               THE DEFENDANT:   Yes.

25               THE COURT:   Mr. Maggio, are you a citizen of the

7CJAAMAGP                         Plea

1     United States?

2              THE DEFENDANT:  Yes, I am.

3              THE COURT:  Mr. Maggio, I have been handed up a plea

4     agreement from your case.  Have you had an opportunity to

5     review and go over this agreement with your attorneys?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand that one of the

8     provisions in the plea agreement is that you admit the

9     forfeiture allegation in the information and that you agree to

10    forfeit to the United States a sum of money equal to two

11    billion, four hundred million dollars?

12             THE DEFENDANT:  Yes.

13             THE COURT:  That is what it says, right?

14             MR. BAROFSKY:  Yes, your Honor, that number is

15    correct.

16             Your Honor, the plea cooperation agreement also

17    provides, however, that in satisfaction of that amount there

18    are certain schedules attached to the plea agreement which the

19    government will accept in satisfaction of that judgment.

20             MR. SCHECTMAN:  We don't have quite that much, your

21    Honor.

22             THE COURT:  Okay.  I thought had I too many zeros

23    myself at first.

24             MR. SCHECTMAN:  No, you read it right.

25             THE COURT:  That represents the amount of the

7CJAAMAGP                    Plea

1    proceedings obtained as a result of the offense; do you

2    understand that?

3                THE DEFENDANT:  Yes.

4                THE COURT:  You also understand that any forfeiture

5    would not be treated as satisfaction of any fine, restitution,

6    cause of imprisonment or any other penalty the Court may

7    impose?

8                THE DEFENDANT:  Yes.

9                THE COURT:  And as indicated in the agreement, there

10   is a scheduled pay of assets.  You have seen the schedule and

11   you have gone over it with your attorneys?

12               THE DEFENDANT:  Yes.

13               THE COURT:  To make sure that it's accurate?

14               THE DEFENDANT:  Yes.

15               MR. SCHECTMAN:  Judge, I might point out for the

16   record there is a Schedule B as well, which are assets that are

17   in Mrs.~Maggio's name that are being forfeited as part of the

18   plea and there is a separate agreement that need not concern

19   your Honor in this matter involving Mrs.~Maggio.

20               THE COURT:  Is that correct, Mr. Maggio, there is also

21   a Schedule B?

22               THE DEFENDANT:  Yes.

23               THE COURT:  That's Mrs.~Maggio's assets?

24               THE DEFENDANT:  Yes.

25               THE COURT:  That is also covered by the agreement that

7CJAAMAGP                        Plea

1    you made with the government?

2            THE DEFENDANT:   Yes.

3            THE COURT:   You are also understand the agreement

4    provides that you cooperate fully with the United States

5    attorney's office?

6            THE DEFENDANT:   Yes.

7            THE COURT:   And that in exchange for that cooperation,

8    assuming that the office determines that you have made full and

9    accurate disclosures to them, the government has agreed that it

10   will submit a motion pursuant to Section 5K1.1 of the

11   sentencing guidelines in your favor?

12           THE DEFENDANT:   Yes.

13           THE COURT:   Do you understand that if for any reason

14   the government determines that it will not file such a motion

15   you will not be allowed to withdraw your plea?

16           THE DEFENDANT:   Yes.

17           THE COURT:   You understand that even if the government

18   files such a motion sentencing will still be at the sole

19   discretion of the Court?

20           THE DEFENDANT:   Yes, I did.

21           THE COURT:   Is there anything else in the agreement

22   that I might want to highlight?

23           MR. BAROFSKY:   No, your Honor.

24           THE COURT:   All right.   Other than the representations

25   in this agreement, have any promises been made to you by anyone

7CJAAMAGP                        Plea

1    to influence you to plead guilty?

2              THE DEFENDANT:  No.

3              THE COURT:   This constitutes the sole agreement that

4    you have?

5              THE DEFENDANT:  Yes.

6              THE COURT:   Has anyone promised you a specific

7    sentence if you plead guilty?

8              THE DEFENDANT:  No.

9              THE COURT:   Has anyone made any threats to you to

10   influence you to plead guilty?

11             THE DEFENDANT:  No.

12             THE COURT:   Are you making this plea voluntarily of

13   your own freewill and choice?

14             THE DEFENDANT:  Yes, I am.

15             THE COURT:   The elements of the offense is?

16             MR. BAROFSKY:   Your Honor, for Counts One defendant's

17   is charged with conspiracy.   The government would be required

18   to prove each of the elements beyond a reasonable doubt.

19   First, that there is an assistance of a an agreement or

20   understanding to commit one of the objects charged in the

21   information.

22             Second, the defendant knowingly became a member of

23   that agreement or understanding.

24             And third, that one of the conspirators or

25   coconspirators or Mr. Maggio knowingly committed at least one

7CJAAMAGP                    Plea

1    overt act in furtherance of the conspiracy during its life.

2            With respect to the securities frauds counts in two

3    and three, first, the defendant in connection with the purchase

4    or sale of securities, here the notes that are described in

5    Count Two and the common stock of Revko that's referenced in

6    Count Three did one or more of the following:  Employed a

7    devise, scheme or artifice to defraud or made an untrue

8    statement of a material fact or admitted to state a material

9    fact which made what was said under the circumstances

10   misleading or engaged in an act, practice or course of business

11   that operated or would operate as a fraud or deceit upon a

12   purchase of a seller for securities.

13           Second the defendant acted knowingly, willfully with

14   the intent to defraud.

15           And third, the defendant used or caused to be used any

16   means or instruments of transportation or communication in

17   interstate commerce or use of the mails in furtherance of that

18   fraudulent conduct.

19           and with respect to the Count Four wire fraud, first,

20   that there was a scheme or artifice to defraud that existence

21   the defendant must have participated in the scheme with the

22   intent to defraud misrepresentations or omissions must have

23   related to a material fact, that the scheme was executed to

24   obtain money or property.

25           And finally, that in execution of the scheme the

7CJAAMAGP                    Plea

1   defendant used or caused to be used interstate wires or that

2   such use was reasonably foreseeable to him.

3         THE COURT:  Mr. Maggio, did you hear that recitation?

4         THE DEFENDANT:  Yes.

5         THE COURT:  Did you understand that if the government

6   were to proceed to trial against you it would have the burden

7   of proving each element for each offense, that is, each count

8   beyond a reasonable doubt.

9         THE DEFENDANT:  Yes.

10        THE COURT:  Did you commit the offenses for which you

11  have been charged, Mr. Maggio?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Tell me what you did.

14        MR. SCHECTMAN:  Judge, if it's acceptable to you

15  Mr. Maggio has written out a statement that I think speaks to

16  all four crimes.

17        THE COURT:  Considering the complexities here I'll

18  allow him to read and then if it's not he could fill in the

19  gaps.

20        THE DEFENDANT:  Your Honor, from the late 1990s to

21  October 2005 I was a senior executive at Revko Ink.  During

22  that period I participated with others to hide the true

23  financial health of Revko from banks, counter-parties, auditors

24  and investors.  With my knowledge and active participation

25  Revko's substantial losses were covered up as revenues padded

7CJAAMAGP                    Plea

1    and certain operating expenses were moved off its book.  Among

2    the acts I personally engaged in the signing of loan agreements

3    referencing paragraphs 61-D and 61-P of the indictment.

4           As a result of my conduct and that of my

5    coconspirators false financial statements were issued to obtain

6    debt financing from the public including 9 percent senior

7    subordinated notes referenced in Count Two of the indictment.

8           To consummate the sale of 57 percent of Revko to a

9    group headed by Thomas H. Lee in 2004 and to obtain $800

10   million in bank financing the same year and to effect the Revko

11   initial public offering in 2005.  Moreover, with my knowledge

12   false financial statements were filed with the SEC including

13   form 10K referencing Count Four.  The mails and interstate

14   wires were used as part of the fraudulent scheme.

15          I deeply regret my conduct and the harm that it has

16   caused.

17          THE COURT:  First of all, with respect to all of the

18   activities that you've indicate you participated in it

19   knowingly?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Okay.  Where did this take place.

22          THE DEFENDANT:  In New York, New York.  Manhattan, New

23   York.

24          THE COURT:  You said coconspirators, so other people

25   had agreed with you to effectuate this scheme?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And the intent of this scheme was to

3     defraud?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Now, I know you mentioned the notes and I

6     think you mentioned the 2005 initial offering that was

7     addressed to Count Three of the information, that is, whether

8     or not you had a scheme to defraud people based on the value of

9     the stock?

10         THE DEFENDANT:  Correct, your Honor.

11         THE COURT:  Mr. Maggio?

12         THE DEFENDANT:  Yes.

13         THE COURT:  That did involve false statements?

14         THE DEFENDANT:  Yes.

15         THE COURT:  False filings that you've indicated?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Now, you said you used the mails which

18    interstate -- I mean, you used the mails, a phone?  How did you

19    use --

20         THE DEFENDANT:  Yes, used regular mail.  We used

21    Express Mail.  We used e-mail all to effect the scheme.

22         THE COURT:  You submitted false statements in the

23    mail?

24         THE DEFENDANT:  False statements, loan agreements as

25    referenced here, yes.

7CJAAMAGP                          Plea                                    20

1           THE COURT:  Okay.  Any --

2           MR. BAROFSKY:  Your Honor, I'll just represent to the

3    Court that with respect to Count Four, the wire transmission

4    did in fact originate in the Southern District of New York in

5    Manhattan and was wired outside of the Southern District to

6    Virginia.

7           THE COURT:  Anything else?

8           MR. SCHECTMAN:  Nothing, your Honor.

9           MR. BAROFSKY:  No, your Honor.

10          THE COURT:  I am depending on you here.  Does any

11   either counsel know of any reason why I should not recommend

12   that this plea not be accepted?

13          MR. BAROFSKY:  No, your Honor.

14          MR. SCHECTMAN:  No, your Honor.

15          THE COURT:  Based on defendant's allocution and the

16   recommendations by the government I find that the defendant

17   understands the nature, the charges and consequences of his

18   guilty plea.  I also find that the plea is voluntary and that

19   there is a factual basis for the plea.  I, therefore, recommend

20   that the plea be accepted and direct that a presentence report

21   be reaped.

22          Sentencing will take place before Judge Stein on.

23          MR. BAROFSKY:  May 9, at 2 p.m.

24          THE COURT:  Is there anything else that needs to be

25   addressed today.

7CJAAMAGP                    Plea

1           MR. BAROVSKY:  Not from the government, your Honor.

2           MR. SCHECTMAN:  Not from the offense.

3           THE COURT:  We are adjourned.

4                           o 0 o