# EXHIBIT 6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re | : Chapter 11 Case |
| | : No. 05-60006 (RDD) |
| Refco Inc., <u>et al.</u>, | : (Jointly Administered) |
| | : |
| Debtors. | : |
| | : |

------------------------------------------------------------ x

| | |
|---|---|
| | : |
| Marc S. Kirschner, | : |
| as Chapter 11 Trustee of | : |
| Refco Capital Markets, Ltd. | : |
| | : |
| Plaintiff, | : |
| | : Adv. Proc. No. 06-01745 (RDD) |
| v. | : |
| | : |
| Bencorp Casa de Bolsa, C.A., | : |
| Emerging Strategies Fund, L.P., | : |
| Debick Partners, LLC, | : |
| and Makor Issues & Rights, Ltd., | : |
| | : |
| Defendants. | : |
| | : |

------------------------------------------------------------ x

## <u>JUDGMENT</u>

This matter came before the Court for trial on December 11, 2006 (the "<u>Trial</u>").

Prior to the Trial, all claims asserted by or against Defendants had been dismissed, with

the exception of the claim for declaratory relief against Makor Issues & Rights, Ltd.

("<u>Makor</u>").[1]    The Court heard and considered evidence presented at Trial by

plaintiff/counterclaim defendant, Marc S. Kirschner, the chapter 11 trustee (the "<u>RCM</u>

---

[1] Makor's third-party claims against Armin Tobaccowala will be addressed in
further proceedings.

Trustee") of Refco Capital Markets, Ltd. ("RCM"), and defendant/counterclaim plaintiff Makor.

The Court made findings and rulings at the conclusion of the hearing pursuant to Fed.R.Bankr.P. 7052, that, as modified by the Court, are attached hereto as Exhibit A. On the basis of the Court's findings and rulings:

1.    Judgment is entered in favor of the RCM Trustee on Count II of his complaint for declaratory judgment against Makor.[2]  The Court declares that Makor has no property interest in any of the "Assets in Place," as the term is defined in and for purposes of the Settlement Agreement dated as of June 29, 2006, as amended, among certain customers and creditors of RCM and the RCM Trustee, which was approved by order of the Court dated September 15, 2006.

2.    Judgment is entered in favor of the RCM Trustee on Counts I-V of the Counterclaim asserted by Makor against the RCM Trustee.

Dated: New York, New York
        December 29, 2006

                        /s/Robert D. Drain_____
                        ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

---

[2]  On December 5, 2006, the Court granted the RCM Trustee's motion for approval of the settlement between the RCM Trustee and defendant Bencorp Casa de Bolsa, C.A. ("Bencorp").  Further, on December 11, 2006, the RCM Trustee and defendants Emerging Strategies Fund, L.P. ("ESF") and Debick Partners, LLC ("Debick") entered into a Stipulation in which, among other things, ESF and Debick dismissed, with prejudice, the counterclaims asserted against the RCM Trustee.  Thus, Counts I, III and IV of the RCM Trustee's complaint for declaratory judgment and the counterclaims asserted by Bencorp, ESF, and Debick have been resolved.

122

1  disparity under the plan between the securities law --

2             MR. GREENWALD:  I understand that.

3             THE COURT:  -- the securities claimants and the

4  unsecured creditors.

5             MR. GREENWALD:  I understand that, Your Honor.

6             THE COURT:  Okay.

7             MR. GREENWALD:  Going to the tracing issue, we

8  acknowledge that we are unable to trace them.  Whether that

9  is -- that is not a requirement under state law, however, it is

10  a requirement under the Bankruptcy Code.  State law is supposed

11  to be applied here, Your Honor.

12             With that being said, Makor asks for judgment in

13  its favor by its counterclaim.

14             THE COURT:  Okay.  All right.  It's 2:00 o'clock

15  and unless -- do you have any further argument?

16             MR. GREENWALD:  No, Your Honor.

17             THE COURT:  Okay.  It's 2:00 o'clock.  I'm going to

18  take a break.  I want to look at the case cited by

19  Mr. Greenwald and I'll be back at 3:00.

20             MR. GREENWALD:  Thank you, Your Honor.

21             (Recess taken.)

22             THE COURT:  Please be seated.  All right.  We

23  have just concluded the trial in respect of adversary

24  proceeding Number 06-01745 as it pertains to the request for a

123

declaratory judgment by Refco Capital Markets' (or "RCM's") Chapter 11 trustee that any property interest claimed by defendant Makor Issues & Rights Limited (or "Makor") in RCM's property is to be disregarded and that Makor should have, instead, only an unsecured claim against RCM.

As noted at the beginning of the trial, the cross-claim of Makor against an individual, Armin Tobaccowala, is severed from this trial and will be dealt with separately. Makor also asserted a counterclaim, in its answer, against RCM's Chapter 11 trustee, which essentially is the flip side of the trustee's request for a declaratory judgment.

Makor asserts that it has legal and equitable title to cash in RCM's estate equal to the positive credit balance in the account statements received by it from RCM, of $1,068,455.22, and that Makor is entitled to a declaration that such funds are its property, not property of the debtor's bankruptcy estate, and that RCM at best holds bare legal title to such property.

Makor couches that claim under various theories, all of an equitable nature, primarily requesting imposition of a constructive trust on such funds, but also asserting a claim based on unjust enrichment generally. This is because Makor does not have a contractual security interest in such funds and consequently it is relying on equitable doctrines or

124

1   alternatively its interpretation of the agreement between RCM

2   and itself and various emails sent by Mr. Tobaccowala under

3   Refco FXA letterhead in respect of accounts established or to

4   be established by Makor. I will address the constructive trust

5   claim first since that is, I believe, what Makor primarily

6   relies upon.

7           With respect to a constructive trust claim,

8   although the trustee has brought a declaratory judgment action,

9   Makor has the burden of proof.  That is the case under New York

10  law (which I conclude to be applicable here). See generally In

11  re: Stylesite Marketing, Inc., 253 B.R. 503, 508 (S.D.N.Y.

12  2000).  And as I'll note in a moment, that burden of proof is

13  heightened by special considerations that apply to the request

14  for imposition of constructive case in a bankruptcy case

15  against a debtor in bankruptcy.

16          Under New York law, generally speaking the party

17  requesting imposition of a constructive trust must prove four

18  elements:  first, a confidential or fiduciary relationship

19  between it and the other party; second, a promise; three, a

20  transfer in reliance on that promise; and four, unjust

21  enrichment.  Id., see also In Re: First Central Financial

22  Corp., 377 F.3d 209, 212 (2d Cir. 2004).

23          The Second Circuit in First Central Financial was

24  careful to state that in the New York cases not all of these

125

1  elements must necessarily be shown and that first and foremost

2  the movant must establish unjust enrichment, which goes beyond

3  mere enrichment and must rise to a level such that equity and

4  good conscience call for the imposition of a constructive

5  trust.

6      Nevertheless, in the absence of the other factors

7  the presence of unjust enrichment must be even stronger.

8      As I noted, moreover, the Second Circuit has

9  recognized that in bankruptcy cases the party requesting

10 imposition of a constructive trust faces a higher burden --

11 given the nature of bankruptcy cases where many similarly

12 situated creditors are equally harmed because they are not, by

13 the nature of bankruptcy, going to be paid in full,and the

14 related principle of ratable distribution to similarly situated

15 creditors. Consequently, the Second Circuit has reiterated that

16 in bankruptcy cases courts should be cautious before imposing a

17 constructive trust.  In Re: First Central Financial Corp., 377

18 F.3d at 217.  See also In Re: Black and Geddes, Inc., 35 B.R.

19 830, 836, (Bankr. S.D.N.Y. 1984) in which it was stated that

20 imposition of constructive trust must include a consideration

21 of the relative equities between the proposed beneficiary and

22 the other creditors.

23      In considering the facts as laid out in the trial

24 today, including not only in the testimony of the three

126

1 witnesses but also in the exhibits, I conclude that a

2 constructive trust should not be imposed upon the estate of RCM

3 to the extent of the positive credit balance in Makor's account.

4  I do so for four separate reasons, each of which, standing

5 alone, would justify my conclusion.

6          The first is that Makor does not meet a

7 requirement sometimes found in the New York cases, but well

8 recognized in bankruptcy cases, which is in addition to the

9 four factors that I have just described.  That requirement,

10 which clearly applies in bankruptcy cases as stated in a number

11 of decisions largely coming out of the Southern District of New

12 York, is that the party requesting imposition of a constructive

13 trust must show the res constituting the trust property, or

14 must be able to trace the res specifically to property in the

15 estate.

16          See, for example, In Re: Schick, 234 B.R. 337,

17 343-44 (Bankr. S.D.N.Y. 1999); In Re: St. Teresa Properties,

18 Inc., 152 B.R. 852, 857 (Bankr. S.D.N.Y. 1993); and In Re:

19 United States Lines, Inc., 79 B.R. 542, 544 (Bankr. S.D.N.Y.

20 1997).  This point was made more recently in In Re: Ames

21 Department Stores, Inc., 274 B.R. 600, 625, Note 16, (Bankr.

22 S.D.N.Y. 2002), aff'd 114 Fed. App. 900 (2d Cir. 2005).  Here

23 the record establishes pursuant to plaintiff's, that is, the

24 RCM trustee's Exhibits 9 through 12, that the funds deposited

127

1 by Makor were commingled with other deposits of customers of

2 RCM, as well as other RCM property in a custodial account at

3 HSBC Bank, which had enormous activity averaging roughly 200

4 million dollars to 300 million dollars of transactions a day.

5 It is shown in the foregoing exhibits that at times the HSBC

6 account had a negative balance at the end of each day,

7 reflecting the fact that RCM moved money out of the account on

8 a regular basis overnight to maximize its return on the funds,

9 since, as was testified to by the trustee's witness, the HSBC

10 account did not bear interest.

11          The trustee asserts, relying primarily upon In

12 Re: Drexel Burnham Lambert Group, Inc., 142 B.R. 633, 638

13 (S.D.N.Y. 1992), that the existence of a negative or zero

14 balance where the claimed res has been commingled with other

15 cash precludes any sort of tracing, which would, given the

16 commingling, only have been achievable, in any event, pursuant

17 to the lowest intermediate balance rule described in that case

18 (as well as in the United States Lines case that I cited

19 earlier). That is probably the end of the matter.

20          However, I do note that on the days where there

21 was a negative balance shown, certain of the transfers from the

22 account were not to third parties, but rather, to other RCM

23 accounts.  So, conceivably, one could follow the money from its

24 initial deposit by Makor in October of 2003 through daily

128

1  transfers to the extent that transfers were made to other RCM

2  accounts over the next two years.

3           However, Mr. Brents testified that the other main

4  RCM account to which transfers were made from the HSBC RCM

5  account was a similar type of account in that it had very

6  active daily transactions occur in it, and it was his testimony

7  that, consequently, tracing through that RCM Chase account the

8  money originally deposited in the HSBC account would be

9  impossible.

10          Makor through its counsel, after having conferred

11 with its accountant, has also acknowledged that it cannot trace

12 the funds, which should conclusively resolve this issue.  Let

13 me say, however, that, again, based on my understanding of the

14 discovery schedule, the prominence of the tracing issue in the

15 case law, and the proper production -- as I believe Makor has

16 acknowledged -- that RCM's trustee made of the monthly bank

17 account statements and Makor's opportunity, starting some time

18 ago -- at least a month and a half ago -- to question the RCM

19 trustee or to seek additional discovery in respect of any

20 transfers out of the HSBC account into other RCM accounts, I do

21 not see a basis for extending any further discovery on behalf

22 of Makor to facilitate any further attempt to try to trace the

23 deposited funds.  It was Makor's choice to try to save money in

24 delaying the retention of an accountant and, secondly, I don't

129

1  believe that this issue necessarily had to wait until an

2  accountant was retained for Makor to at least explore and

3  locate the relevant documents, if indeed any are missing (and

4  the trustee's counsel says that he has produced all such

5  documents under his control).

6          So, on the basis of the failure to trace, I

7  conclude that Makor is not able to establish a constructive

8  trust.

9          Secondly, in reviewing the effect of the

10  imposition of a constructive trust upon other similarly

11  situated creditors of RCM I conclude that such a remedy, which

12  effectively would prime those creditors, would be inequitable

13  and, therefore, that it should not be imposed. The creditors

14  that I am referring to are the other general unsecured

15  creditors of RCM, not securities customers or customers who

16  provided identifiable securities or entrusted identifiable

17  securities to RCM, but, rather, general unsecured creditors and

18  also creditors who provided cash to RCM for the purpose of

19  facilitating their trading in foreign exchange.  The testimony

20  in the record today reflects that there were approximately 300

21  to 400 such parties and I believe that singling out and

22  preferring one -- or perhaps two, because there are still

23  pending declaratory judgment actions on somewhat similar facts

24  -- would be to the great detriment of all the other similarly

130

1  situated creditors.

2           I do not believe that the fact that under the

3  current Chapter 11 plan RCM's securities customers are receiving

4  a greater recovery than the general unsecured creditors is

5  relevant here.  Under subpart 3 of Chapter 7 of the Bankruptcy

6  Code, securities customers with  claims to identifiable

7  securities have, as recognized by Congress, explicitly superior

8  rights to general unsecured creditors.  And I do not believe

9  that I am authorized to reduce those rights on equitable

10  grounds, at least based on the facts that are before me today.

11

12           Thirdly, I believe that Makor has not established

13  a basis for a constructive trust, even under New York law --

14  that is, assuming there were no special bankruptcy

15  considerations.  I say that for two reasons.  First, as set

16  forth In Re: First Central Financial Corporation, 377 F.3d at

17  213-14, the existence of a valid and enforceable contract

18  governing a particular subject matter ordinarily precludes

19  recovery for unjust enrichment for events arising out of the

20  same subject matter.  The claim of Makor here is essentially

21  that it entrusted the funds with RCM and that RCM failed to pay

22  them back to Makor when Makor made demand therefor.  The

23  parties set up the relationship between them pursuant to the

24  agreement that was introduced today as Plaintiff's Exhibit

131

1  Number 1, the Foreign Exchange and Options Master Agreement,

2  with the Addendum for Electronic Trading.  And it is

3  essentially a breach of that agreement for failure to return

4  the account balances that Makor complains about.

5              Under First Central Financial and the cases

6  relied upon by it, that fact precludes the imposition of

7  equitable relief based upon a claim of unjust enrichment

8  including the imposition of a constructive trust.  377 F.3d at

9  213-15.

10             Finally, and fundamentally, I do not believe that

11  the four traditional state law elements of a constructive trust

12  here have been sufficiently established.  First, Makor asserts

13  that it and RCM were in a confidential or fiduciary

14  relationship and that RCM was its fiduciary, but this, I

15  believe, runs counter to applicable law, because RCM as per

16  Mr. Myr's testimony and my own review of the agreements

17  introduced today, was solely a prime broker, and the account

18  established by Makor was a nondiscretionary trading account;

19  that is, Makor made the decisions in connection with the

20  foreign exchange trades, rather than RCM.  Under such

21  circumstances, there's authority under New York law that there

22  is no fiduciary duty owed whatsoever to the customer.  See, for

23  example, Perl v. Smith Barney, Inc., 230 A.D.2d 664, 646

24  N.Y.S.2d 678, 680 (1st Dept. 1996), as well as Fesseha v. T.D.

132

1  Waterhouse Investor Services, Inc. 305 A.D.2d 268, 761 N.Y.S.2d

2  22 (1st Dept. 2003).  Nevertheless, certain courts in the Second

3  Circuit have recognized a limited fiduciary duty in such

4  situations, which simply requires completing the transaction

5  entrusted to it, within its role as a broker.  See Press v.

6  Chemical Investment Services Corp., 166 F.3d 529, 536 (2nd Cir.

7  1999), as well as Bissell v. Merrill Lynch & Company, 937

8  F.Supp. 237, 246-47 (S.D.N.Y. 1996), aff'd 157 F.3d 138 (2d

9  Cir. 1998).  In the Bissell decision, the District Court

10 amplified on its rationale for limiting such a duty and said

11 that the relationship between a broker and its customer with

12 respect to credit and debit balances (and that's what we're

13 talking about here.  This was a million dollars that was simply

14 sitting in an RCM account.  It wasn't tied up in a particular

15 trade, and RCM didn't fail to execute a particular prepetition

16 trade), the relationship between broker and customer with

17 respect to credit and debit balances in such accounts, is that

18 of a debtor and creditor.  Bissell noted as authority for that

19 proposition, in addition to numerous cases, commentary by the

20 SEC, which in adopting Rule 153-2 governing the use of free

21 credit balances and customer accounts explained as follows:

22 "Many customers of broker-dealers are not aware (1) that when

23 they leave free credit balances with a broker-dealer, the funds

24 generally are not segregated and held for the customer, but are

133

1  commingled with other assets of the broker-dealer and used in

2  the operation of the business, and (2) that the relationship

3  between the broker-dealer and the customer as a result thereof

4  is that of creditor-debtor."  Bissell, 937 F. Supp. at 246.

5       This comports with the general rule, which I've

6  discussed in other contexts in the Refco LLC and RCM cases,

7  that when funds are deposited with another party, the

8  presumption is that the relationship between the parties is not

9  one of bailor and bailee, but, rather, creditor and debtor.

10  Even if they are deposited for a specific purpose, that is not

11  determinative of the question of whether an account is general

12  or specific.  There needs to be more in the account document or

13  in the relationship between the parties to overcome the general

14  presumption.  See, for example, People's Westchester Savings

15  Bank v. FDIC, 961 F.2d 327, 330 (2d Cir. 1992), which dealt

16  with an IOLA account, and In Re: Black and Geddes, 35 B.R. 830,

17  836 (Bankr. S.D.N.Y. 1984).

18       The presumption, therefore, is that in a

19  situation like this, where a party that desires to trade is

20  setting up a trading account that will have account balances in

21  it from time to time, absent clear evidence to the contrary in

22  the parties' agreements or, under proper circumstances, their

23  own dealings with each other, while the broker clearly has an

24  obligation to return a like amount of money, that obligation is

134

1  one of a debtor as opposed to one of a bailee.

2          The agreement introduced as Plaintiff's Exhibit

3  Number 1 does not alter that presumption.  It clearly does not

4  set forth that RCM, for example, is required to return the same

5  property as provided to it or to keep such property in a

6  separate account of Makor's.  This is different, of course,

7  from reporting to Makor in respect of its funds on account with

8  RCM.  Turning to that reporting, I note that the customer

9  statement sent to Makor consistently stated, starting with what

10 was apparently the first one, dated October 31, 2003, the

11 following: "Refco does not segregate any collateral or other

12 property deposited with it.  Refco's transactions with you are

13 executed in the inter-bank foreign exchange market and these

14 transactions are not subject to the U.S. Commodity Exchange

15 Act.  Accordingly, the segregation requirements of that Act are

16 inapplicable even with respect to funds or property transferred

17 from Refco, Inc."

18         The account statement also refers to the

19 maintenance of an account with Refco and the fact that Refco

20 maintains a general lien on, and in, and in all credit balances

21 in, the account.  It may be suggested by Makor that the

22 existence of that grant of a lien -- as evidenced by the

23 account statement, as well as the last page of the account

24 agreement -- is an acknowledgment that the property in the HSBC

135

1  account "belonged" to Makor.  However, I believe this is a

2  mistake.  The lien, in terms of the credit balance, is a lien

3  that RCM has on its own obligation to Makor, which is the

4  credit balance, and that lien secures any other obligation

5  running the other way from Makor to RCM.

6          Given the general presumption, and the absence in

7  the Foreign Exchange Master Agreement of any agreement altering

8  the general presumption that the parties have a debtor/creditor

9  relationship, Makor relies upon a series of emails that it sent

10  and received when it was setting up the account, the trading

11  account, with RCM.

12          I should note first when referring to these

13  emails, however, that I do not believe they alter the agreement

14  between the parties, because the parties agreed in the Foreign

15  Exchange Master Agreement that they could alter that agreement

16  only in a writing executed by each of the parties.  The emails

17  in my view did not rise to that level. But, equally

18  importantly, I do not believe that the emails, without more,

19  could alter the general presumption pertaining to the nature of

20  the debtor-creditor relationship between the parties. The

21  first, and most important, email in the chain is Defendant's

22  Exhibit Number 2, dated September 2, 2003, from Makor to Armin

23  Tobaccowala, apparently an employee of Refco FX.  In that

24  email, Makor through Mr. Myr asks in Paragraph 3, "Will our

136

1  account have full FDIC account protection?"  The response to

2  that question is found in an email from Mr. Tobaccowala back to

3  Mr. Myr in which he says in Paragraph 6, "Refco is not a bank"

4  or indicates that Refco is not a bank.  In Paragraph 3 he notes

5  that "Your funds are held at HSBC in New York, an FDIC-insured

6  bank."  I believe that it is reasonable to assume that Makor

7  would understand that response to indicate that the money in

8  HSBC, an FDIC-insured bank is protected under the FDIC rules,

9  but that such account is not Makor's account -- as is confirmed

10  by the account statement sent by RCM to Makor -- but that

11  Makor's account relationship is, instead, with RCM, as opposed

12  to HSBC.

13          Paragraph 3 of Mr. Tobaccowala's email then goes

14  on to say, "And it is held in a customer segregated account by

15  Refco."  Again, while I understand that there may be some

16  ambiguity or confusion in that clause, which goes beyond

17  answering the question that was posed by Mr. Myr in his

18  September 2 email to Mr. Tobaccowala, one can read that

19  statement very consistently as saying that Refco is the account

20  party with HSBC, which was in fact the case, not that Makor had

21  a separate account with HSBC.

22          Paragraph 3 of Mr. Tobaccowala's answer then

23  states, "Refco, according to CFTC and NFA regulation needs to

24  keep in excess capital the exact amount of customer segregated

137

funds." Again, given the reference to "customer segregated

funds," I could see some ambiguity in that answer. However, I

believe that a reasonable person reading that sentence would

understand that Tobaccowala was saying that Refco -- that is,

the regulated entity -- is required to keep excess capital as a

credit and regulatory matter to support its obligations to

those of its customers with positive credit balances, again

evidencing a debtor-creditor relationship.

I further note that Mr. Tobaccowala's email

responds to another question raised by Mr. Myr in his September

2 email by telling Mr. Myr that Makor will receive "the prime

U.S. interest rate. Right now, it is 1 percent." That also is

indicative of a debtor-creditor relationship, as opposed to a

custodial relationship, particularly where it is clear (and I

believe it's clear from the customer statements, but also from

the account agreement) that the obligation to pay interest is

Refco's, since that is where the account is, as opposed to

HSBC's.

In addition to those two emails, Makor relies on

two other emails that Mr. Myr sent to Mr. Tobaccowala. The

first was sent on September 7, 2003, in which Mr. Myr said at

paragraph 3, "We need that our money will be separate from

other Refco accounts. Please confirm that we will wire the

money to Makor Issues & Rights Ltd. account in the bank." Mr.

138

1  Myr then testified that he never received any confirmation

2  about Makor's money being separate from all other Refco

3  accounts. Then, shortly before he received the foreign exchange

4  agreement, which is dated September 9th, 2003, Mr. Myr sent a

5  third e-mail to Mr. Tobaccowala which also was not responded to

6  in any way, which asked in paragraph 2, "Please clarify account

7  protection matter.  We understand that if our money will be in

8  Refco account in HSBC, then the money will be fully protected.

9   Please confirm."

10         Again, there was no response, no confirmation in

11  response to that question.  I note further that the question

12  acknowledged that the account at HSBC was a Refco account, as

13  opposed to a Makor account.  And one could read the question,

14  particularly in light of the initial question from the

15  September 2 email as to whether the the account was FDIC-

16  protected and Mr. Tobaccowala's response to that question that

17  the account is in an FDIC-insured bank, that Tobaccowala's

18  prior response was sufficient.

19         It is contended that Mr. Tobaccowala's, and, I

20  guess implicitly, Refco's, silence in response to those last

21  two

22  emails constitutes an admission.  However, the law on this

23  point, even as set forth in the case cited by Makor at oral

24  argument, is not so clear.  As stated in <u>Southern Stone</u>

1  <u>Company, Inc. v. Singer</u>, 665 F.2d 698 (5th Cir. 1982), at page

2  703, "the mere failure to respond to a letter does not indicate

3  an adoption unless it was reasonable under the circumstances

4  for the sender to expect the recipient to respond and to

5  correct erroneous assertions."  See also <u>4 Weinstein's Evidence</u>

6  Paragraph 801(d)(2)(B)(01) at 801-146, which states that

7  whether silence constitutes an admission depends upon whether a

8  denial would be normal under the circumstances.

9        Given the ambiguities in the earlier emails –and,

10 further, the general nature of the relationship between a

11 customer and a broker, and, further, the absence of any

12 variation of that relationship as set forth in the Foreign

13 Exchange Master Agreement that was sent to Makor essentially in

14 response to those emails -- I conclude that the absence of a

15 response to Mr. Myr's September 7th and 9th requests for

16 confirmation was not so misleading as to require the imposition

17 of a constructive trust.

18        Arguably, the relationship between Mr.

19 Tobaccowala and Makor at that point was one that went beyond a

20 mere arm's length relationship, since Mr. Tobaccowala was

21 facilitating setting up the accounts: the transaction entrusted

22 to him.  However, the law in this area is clear, the document

23 that Mr. Tobaccowala returned for purposes of setting up the

24 account speaks for itself, and the absence of any variation of

1  that law in the document I believe also speaks volumes. And

2  finally, the customer statement itself and its clear

3  recitations with regard to non-segregation should have made it

4  clear to Makor as early as the end of October 2003, if not

5  before, when Makor received the Master Agreement, that it had

6  <u>not</u> received assurance that Refco was holding its funds as a

7  custodian or as a bailee as opposed to a debtor.

8        Consequently, while I believe that there is a

9  breach of the obligation to return the amount of money that is

10 shown as a positive account balance, RCM only has an obligation

11 to do that.  That is, Makor only has a claim against RCM for

12 its failure to return the amount that RCM owes, as opposed to

13 an interest in specific funds.

14       Essentially for the same reasons as set forth in

15 <u>Black & Geddes</u>, <u>Westchester Savings Bank</u> and numerous other

16 authorities, including <u>Wisetex Trading Limited v. Gindy</u>, 2001

17 U.S.Dist. LEXIS (S.D.N.Y. January 3, 2001), <u>Weststeyn Dairy 2</u>

18 <u>v. Eades Commodities Company</u>, 280 F.Supp.2d 1044, 1080 (E.D.

19 Ca. 2003), and <u>Swan Brewery Company Limited v. U.S. Trust</u>

20 <u>Company of New York</u>, 832 F. Supp. 714, 719-720 (S.D.N.Y. 1993),

21 I also conclude that separate and apart from there being no

22 basis for a constructive trust, there's no basis to hold that

23 Makor owns any property of RCM.  Makor is, instead, limited to

24 a claim.

141

1          So, counsel for the trustee should submit an

2    order to that effect.  As is generally my practice with long

3    bench rulings, I'll go over it, check the cites and make sure I

4    didn't leave anything out or say anything grossly

5    ungrammatical, and, if I correct it, that will be my final

6    ruling on the matter, but the gist of the holding won't change.

7

8          MR. WILLETT:  Thank you, Your Honor.  We'll

9    submit a form of judgment and Your Honor's -- I guess that will

10   be the findings and rulings what you --

11         THE COURT:  Yes.

12         MR. WILLETT:  -- recited.

13         THE COURT:  Correct.

14         MR. WILLETT:  Thank you very much, Your Honor.

15         THE COURT:  Okay.

16         MR. WILLETT:  Wanted to also let you know that we

17   are quite close to an arrangement with PlusFunds that would

18   resolve the matters on for tomorrow.  It's --

19         THE COURT:  Okay.

20         MR. WILLETT:  -- not quite done, but I am very

21   hopeful that it will be.

22         THE COURT:  And I -- we gave them --

23         MR. WILLETT:  You've been giving us --

24         THE COURT:  -- an extension on their -- your time

# EXHIBIT 7

# DOCUMENT REDACTED – FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER

# EXHIBIT 8

# DOCUMENT REDACTED – FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER

# EXHIBIT 9

# DOCUMENT REDACTED – FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER

# EXHIBIT 10

# DOCUMENT REDACTED – FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER

# EXHIBIT 11

# DOCUMENT REDACTED – FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER

# EXHIBIT 12

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                           :

In re                               :   Chapter 11 Case
                                       :   No. 05-60006 (RDD)
Refco Inc., <u>et</u> <u>al.</u>,                   :   (Jointly Administered)
                                       :

Debtors.                            :
                                         :

------------------------------------------------------------ x
                                         :

Marc S. Kirschner, as Plan Administrator and   :
Chapter 11 Trustee of Refco Capital Markets, Ltd.,   :
                                         :   A.P. No. 07-_____
                    Plaintiff,          :
                                         :

                    -against-        :

UBAE Arab Italian Bank,                :

                    Defendant.       :
------------------------------------------------------------ x

**<u>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS</u>**

Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "<u>RCM</u> <u>Trustee</u>") of Refco Capital Markets, Ltd. ("<u>RCM</u>"), by his attorneys Bingham McCutchen LLP, for his complaint (the "<u>Complaint</u>") against UBAE Arab Italian Bank ("<u>Defendant</u>") alleges as follows:

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.      On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.      By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.      On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.      Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the

2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.    This Complaint is brought against UBAE Arab Italian Bank, which, upon information and belief, is an entity with a primary place of business at Via Quintino Sella 2, Rome, Italy, 00187.

6.    Defendant was, at all material times, the holder of an account at RCM.

### JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

8.    This is a core proceeding under 28 U.S.C. §157(b)(2).

9.    Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

10.    This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

### GENERAL ALLEGATIONS

11.    Transfers by Defendant to RCM (credited to Defendant's account number 7007), and transfers out to Defendant from that account, occurred in the following amounts on the following dates:

| Date | Transfers Out to Defendant | Transfers In |
|------|---------------------------|--------------|
| 8/29/2005 | $34,040,359.93 | |
| 8/31/2005 | $34,028,953.50 | |
| 8/31/2005 | | $34,000,000 |
| 9/13/2005 | $34,000,000 | |
| 9/13/2005 | | $33,609,651.67 |
| 9/27/2005 | | $30,000,000 |
| 9/28/2005 | $29,817,994.22 | |
| | Net Out to Defendant: | $34,227,655.98 |

3

12.    As set forth in paragraph 11, during the preference period, RCM transferred a net total out to Defendant of $34,227,655.98 (the "Preferential Transfers").

**COUNT 1**
**AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547**

13.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 12 inclusive as if fully set forth herein.

14.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to the Defendant.

15.    The Preferential Transfer were made to or for the benefit of Defendant, a creditor of RCM.

16.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

17.    The Preferential Transfers were made while RCM was insolvent.

18.    The Preferential Transfers enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

19.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from the Defendant the full amount of the Preferential Transfers, plus interest from the transfer dates.

4

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550

20.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 19 inclusive as if fully set forth herein.

21.    The Defendant is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

22.    The Preferential Transfers are avoidable as a preference pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfers, plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

(1)    pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

(2)    pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)    granting to the RCM Trustee such other further relief as may appear just and proper.

5

Dated: New York, New York
      February 9 , 2007

**BINGHAM McCUTCHEN LLP**

By: _____

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital
Markets, Ltd.

LITDOCS/668997.1

# EXHIBIT 13

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

In re                                    :    Chapter 11 Case
                                         :    No. 05-60006 (RDD)
Refco Inc., et al.,                      :    (Jointly Administered)
                                         :
Debtors.                                 :
                                         :
------------------------------------------------------------ x

Marc S. Kirschner, as Plan Administrator and    :
Chapter 11 Trustee of Refco Capital Markets, Ltd.,  :
                                         :    A.P. No. 07-_____
            Plaintiff,                   :
                                         :
        -against-                        :
                                         :
Metallinvestbank JSCB,                   :
                                         :
            Defendant.                   :
------------------------------------------------------------ x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "RCM

Trustee") of Refco Capital Markets, Ltd. ("RCM"), by his attorneys Bingham McCutchen

LLP, for his complaint (the "Complaint") against Metallinvestbank JSCB ("Defendant")

alleges as follows:

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.    On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.    On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.    Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the

2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.    This Complaint is brought against Metallinvestbank JSCB, which has, upon information and belief, a place of business at 2/5/4 Build 3A, Slavyanskaya Sq., Moscow, Russia, 109074.

6.    Defendant was, at all material times, the holder of an account at RCM.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

8.    This is a core proceeding under 28 U.S.C. §157(b)(2).

9.    Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

10.    This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

11.    Transfers by Defendant to RCM (credited to Defendant's account number 9347), and transfers out to Defendant from that account, occurred in the following amounts on the following dates:

| Date | Transfers Out to Defendant | Transfers In |
|------|---------------------------|--------------|
| 9/7/2005 | $194,650.54 | |
| 9/8/2005 | | $9,145.41 |
| 9/9/2005 | | $45,245.42 |
| 9/12/2005 | $28,138.97 | |

3

| | | |
|---|---|---|
| 9/13/2005 | $91,843.08 | |
| 9/14/2005 | | $323.68 |
| 9/15/2005 | $2,698.86 | |
| 9/16/2005 | $186,415.26 | |
| 9/20/2005 | $224,251.22 | |
| 9/21/2005 | $6,028.33 | |
| 9/22/2005 | | $69,121.86 |
| 9/23/2005 | | $29,373.59 |
| 9/23/2005 | | $29,373.59 |
| 9/26/2005 | $221,612.76 | |
| 9/27/2005 | | $74,835.19 |
| 9/29/2005 | $8,286.58 | |
| 9/29/2005 | $6,651.04 | |
| 9/30/2005 | $3,282.04 | |
| 10/3/2005 | | $55,736.78 |
| 10/05/2005 | $23,574.58 | |
| 10/05/2005 | $11,357.67 | |
| 10/06/2005 | $20,379.81 | |
| 10/07/2005 | | $68,912.08 |
| 10/11/2005 | | $35,269.99 |
| 10/12/2005 | $1,350,000.00 | |
| 10/12/2005 | $27,784.79 | |
| | Net Out to Defendant: | $1,989,617.94 |

4

12.    As set forth in paragraph 11, during the preference period, RCM transferred a net total out to Defendant of $1,989,617.94 (the "Preferential Transfers").

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547

13.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 12 inclusive as if fully set forth herein.

14.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to the Defendant.

15.    The Preferential Transfers were made to or for the benefit of Defendant, a creditor of RCM.

16.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

17.    The Preferential Transfers were made while RCM was insolvent.

18.    The Preferential Transfers enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

19.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from the Defendant the full amounts of the Preferential Transfers plus interest from the transfer dates.

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550

20.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 19 inclusive as if fully set forth herein.

21.    The Defendant is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

22.    The Preferential Transfers are avoidable as preferences pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfers plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

(1)    pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

(2)    pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)    granting to the RCM Trustee such other further relief as may appear just and proper.

6

Dated: New York, New York
     February 9 , 2007

**BINGHAM McCUTCHEN LLP**

By: _____
    Tina L. Brozman (TB-0854)
    Sabin Willett (*pro hac vice*)
    Jared R. Clark (JC-6512)
    399 Park Avenue
    New York, NY 10022
    (212) 705-7000

    Counsel for the Plan Administrator and
    Chapter 11 Trustee of Refco Capital
    Markets, Ltd.

7

LITDOCS/669069.1

# EXHIBIT 14

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re | |
| REFCO INC., et al., | Case No. 05-60006 (RDD) |
| Debtors. | Chapter 11 |
| | Jointly Administered |
| MARC S. KIRSCHNER, as Plan Administrator and Chapter 11 Trustee of Refco Capital Markets, Ltd., | |
| Plaintiff, | |
| -against- | Adv. Proc. No. 07-1476 (RDD) |
| METALLINVESTBANK JSCB, | |
| Defendant. | |

**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**

Upon the Motion of Metallinvestbank JSCB ("Defendant") to Dismiss the Complaint for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Motion to Dismiss"), the opposition filed thereto by Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee of Refco Capital Markets, Ltd. ("Plaintiff"), and Defendant's Reply Memorandum; and the Court having held a the hearing on the Motion on July 17, 2007 (the "Hearing"); and for the reasons stated on the record of the Hearing,

NOW THEREFORE, IT IS HEREBY

ORDERED that Defendant's Motion to Dismiss is GRANTED without prejudice; and it is further

ORDERED that Plaintiff's Complaint To Avoid And Recover Preferential Transfers hereby is

DISMISSED without prejudice for Plaintiff to re-file within thirty (30) days of entry of this

Order; and it is further

ORDERED that, upon the timely re-filing of the Complaint To Avoid And Recover Preferential

Transfers, Plaintiff will be authorized, without further order of this Court, to effect service of

process upon the Defendant by serving Defendant's U.S. counsel, Kenneth E. Lee, Esq., of

Thacher Proffitt & Wood LLP, in accordance with Fed. R. Bankr. P. 7004(a)(1) (incorporating

Fed. R. Civ. P. 4(f)(3)).


Dated: October 12, 2007
      New York, New York

                                      /s/Robert D. Drain_____
                                        Robert D. Drain
                                        United States Bankruptcy Judge

# EXHIBIT 15

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                      :

In re                              :   Chapter 11 Case
                                    :   No. 05-60006 (RDD)
Refco Inc., et al.,               :   (Jointly Administered)
                                    :

Debtors.                          :

-------------------------------------------------------- x
                                        :

Marc S. Kirschner, as Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd., :
                                  :   A.P. No. 07-_____
               Plaintiff,       :

              -against-       :

GAIN Capital, Inc.,             :

              Defendant.     :

--------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER

      Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "RCM Trustee") of Refco Capital Markets, Ltd. ("RCM"), by his attorneys Bingham McCutchen LLP, for his complaint (the "Complaint") against GAIN Capital, Inc. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from a certain transfer ("Preferential Transfer," as defined below) made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfer, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfer, plus interest and costs.

## THE PARTIES

1.    On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.    On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.    Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

2

5.     This Complaint is brought against GAIN Capital, Inc., which, upon information and belief, is an entity with a principal place of business at 550 Hills Drive, Suite 210, Bedminster, New Jersey, 07921.

6.     Defendant was, at all material times, the holder of an account at RCM.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

8.     This is a core proceeding under 28 U.S.C. §157(b)(2).

9.     Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

10.     This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

11.     During the preference period, RCM made a transfer in the amount of $2,279,391.28 (the "Preferential Transfer") from Defendant's account at RCM (number 4903) to the Defendant on October 12, 2005.

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFER - 11 U.S.C. §547

12.     The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 11 inclusive as if fully set forth herein.

13.     Within ninety days prior to the Petition Date, RCM made the Preferential Transfer to the Defendant.

14.     The Preferential Transfer was made to or for the benefit of Defendant, a creditor of RCM.

3

15.    The Preferential Transfer was made for or on account of antecedent debts owed by RCM before such Preferential Transfer was made.

16.    The Preferential Transfer was made while RCM was insolvent.

17.    The Preferential Transfer enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfer had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

18.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfer should be avoided so that RCM may recover from the Defendant the full amounts of the Preferential Transfer plus interest from the transfer date.

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFER - 11 U.S.C. §550

19.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 18 inclusive as if fully set forth herein.

20.    The Defendant is the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer was made.

21.    The Preferential Transfer is avoidable as a preference pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfer plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

4

(1)     pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfer;

(2)     pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfer, plus interest and costs; and

(3)     granting to the RCM Trustee such other further relief as may appear just and proper.

Dated: New York, New York
          February 9, 2007

BINGHAM McCUTCHEN LLP

By: _____

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital
Markets, Ltd.

5

# EXHIBIT 16

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

| | |
|---|---|
| In re | : Chapter 11 Case |
| | : No. 05-60006 (RDD) |
| Refco Inc., et al., | : (Jointly Administered) |
| | : |
| Debtors. | : |
| | : |

-------------------------------------------------------- x

| | |
|---|---|
| Marc S. Kirschner, as Plan Administrator and | : |
| Chapter 11 Trustee of Refco Capital Markets, Ltd., | : |
| | : A.P. No. 07-_____ |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| Aska Futures Co., Ltd., | : |
| | : |
| Defendant. | : |

-------------------------------------------------------- x

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2007 FEB 13  A 11: 17

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "RCM Trustee") of Refco Capital Markets, Ltd. ("RCM"), by his attorneys Bingham McCutchen LLP, for his complaint (the "Complaint") against Aska Futures Co., Ltd. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.      On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.      By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.      On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.      Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan.  Avoidance actions under section 547 of the

2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.    This Complaint is brought against Aska Futures Co., Ltd., which has, upon information and belief, a place of business at 3-14-30 Sakae, Naka-ku, Nagoya, Aichi, Japan, 460-0008.

6.    Defendant was, at all material times, the holder of an account at RCM.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

8.    This is a core proceeding under 28 U.S.C. §157(b)(2).

9.    Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

10.    This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

11.    Transfers by Defendant to RCM (credited to Defendant's account number 4618), and transfers out to Defendant from that account, occurred in the following amounts on the following dates:

| Date | Transfers Out to Defendant | Transfers In |
|---|---|---|
| 7/19/05 | 177,415.00 | |
| 7/25/05 | 179,492.80 | |
| 8/17/05 | | 45,456.60 |
| 8/19/05 | | 45,281.65 |

3

| | | |
|---|---|---|
| 8/23/05 | | 45,514.50 |
| 8/25/05 | | 45,423.55 |
| 8/31/05 | 45,185.45 | |
| 9/7/05 | 45,450.40 | |
| 9/9/05 | 91,170.10 | |
| 9/15/05 | 90,346.40 | |
| 9/21/05 | 89,851.20 | |
| 9/29/05 | 88,519.00 | |
| 9/30/05 | 176,219.20 | |
| 10/11/05 | 174,695.20 | |
| | Net Out to Defendant: | $976,668.45 |

12.    As set forth in paragraph 11, during the preference period, RCM transferred a net total out to Defendant of $976,668.45 (the "Preferential Transfers").

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547

13.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 12 inclusive as if fully set forth herein.

14.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to the Defendant.

15.    The Preferential Transfers were made to or for the benefit of Defendant, a creditor of RCM.

16.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

4

LITDOCS/669076.1

17.    The Preferential Transfers were made while RCM was insolvent.

18.    The Preferential Transfers enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

19.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from the Defendant the full amounts of the Preferential Transfers plus interest from the transfer dates.

**COUNT II**
**RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550**

20.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 19 inclusive as if fully set forth herein.

21.    The Defendant is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

22.    The Preferential Transfers are avoidable as preferences pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfers plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

(1)    pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

5

(2)     pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)     granting to the RCM Trustee such other further relief as may appear just and proper.

Dated: New York, New York
       February 9, 2007

                              BINGHAM McCUTCHEN LLP

                         By: _____
                              Tina L. Brozman (TB-0854)
                              Sabin Willett (*pro hac vice*)
                              Jared R. Clark (JC-6512)
                              399 Park Avenue
                              New York, NY 10022
                              (212) 705-7000

                              Counsel for the Plan Administrator and
                              Chapter 11 Trustee of Refco Capital
                              Markets, Ltd.

LITDOCS/669076.1

# EXHIBIT 17

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case |
|  | : | No. 05-60006 (RDD) |
| Refco Inc., <u>et al.</u>, | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

------------------------------------------------------------- x

|  |  |  |
|---|---|---|
|  | : |  |
| Marc S. Kirschner, as Plan Administrator and | : |  |
| Chapter 11 Trustee of Refco Capital Markets, Ltd., | : |  |
|  | : | A.P. No. 07-01478 |
| Plaintiff, | : |  |
|  | : |  |
| -against- | : |  |
|  | : |  |
| Aska Futures Co., Ltd., | : |  |
|  | : |  |
| Defendant. | : |  |

-------------------------------------------------------------x

## <u>STIPULATION AND ORDER</u>

WHEREAS, by Order entered on December 15, 2006 (the "<u>Confirmation Order</u>"), this Court confirmed the Debtors' Modified Joint Chapter 11 Plan (the "<u>Plan</u>"), and the Plan became effective on December 26, 2006;

WHEREAS, Marc S. Kirschner was the Chapter 11 Trustee for Refco Capital Markets, Ltd. ("<u>RCM</u>") prior to confirmation of the Plan;

WHEREAS, pursuant to the Plan, Marc S. Kirschner was appointed as the plan administrator for RCM (the "<u>RCM Plan Administrator</u>");

WHEREAS, on or about February 13, 2007, the RCM Plan Administrator filed the above adversary proceeding, Adv. Proc. No. 07-01478 (the "<u>Preference Action</u>") against Aska Futures Co., Ltd. ("<u>Aska</u>");

WHEREAS, the RCM Plan Administrator and Aska have settled the Preference Adversary;

NOW, the RCM Plan Administrator and Aska hereby STIPULATE AND AGREE as follows:

1.      The above-captioned Preference Action is dismissed with prejudice and without costs assessed against any party.

2.      Each of the parties hereto represents that he or it has the capacity and authority to enter into this Stipulation and Order and any agreements or transactions contemplated herein.

3.      This Stipulation and Order shall be binding upon the parties hereto and their respective successors and assigns from the date of its execution, but is expressly subject to and contingent upon entry of an order approving this Stipulation by the Court.

4.      The Court shall retain jurisdiction with respect to matters arising from or related to the Stipulation and Order, including, but not limited to, the interpretation and enforcement thereof.

SO STIPULATED BY:


**Bingham McCutchen, LLP**                    **Pick & Zabicki LLP**


By:  /s/ Jared R. Clark_____          By:  /s/ Douglas J. Pick_____
Sabin Willett (*pro hac vice*)                Douglas J. Pick
Jared R. Clark (JC-6512)                      Pick & Zabicki LLP
399 Park Avenue                               369 Lexington Avenue, 12th Floor
New York, NY 10022                            New York, New York  10017
(212) 705-7000                                (212) 695-6000


*Counsel for the Plan Administrator*          *Counsel for Aska Futures Co., Ltd.*
*of Refco Capital Markets, Ltd.*

Dated: New York, NY
        July 20, 2007


SO ORDERED BY:


                        /s/Robert D. Drain_____
                        ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE


Dated: New York, NY
        August 15, 2007

# EXHIBIT 18

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                              :

In re                         :   Chapter 11 Case
                              :   No. 05-60006 (RDD)

Refco Inc., <u>et al.</u>,       :   (Jointly Administered)
                              :

Debtors.                   :
                              :

--------------------------------------------------------- x
                              :

Marc S. Kirschner, as Plan Administrator and  :
Chapter 11 Trustee of Refco Capital Markets, Ltd., :
                              :   A.P. No. 07-_____

            Plaintiff,   :

         -against-     :

Toyko Forex Financial, Inc.,     :
                              :
           Defendant.   :

---------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "<u>RCM</u>

<u>Trustee</u>") of Refco Capital Markets, Ltd. ("<u>RCM</u>"), by his attorneys Bingham McCutchen

LLP, for his complaint (the "<u>Complaint</u>") against Tokyo Forex Financial, Inc.

("<u>Defendant</u>") alleges as follows:

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.      On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.      By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.      On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.      Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the

2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.      This Complaint is brought against Tokyo Forex Financial, Inc., which is, upon information and belief, an entity with a primary place of business at Shinjyuku Oak Tower, 35th floor, 6-8-1 Nishishinjyuku, Shinjyuku-ku, Tokyo, Japan, 163-6035.

6.      Defendant was, at all material times, the holder of an account at RCM.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

8.      This is a core proceeding under 28 U.S.C. §157(b)(2).

9.      Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

10.     This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

11.     During the preference period, RCM made the following transfers (the "Preferential Transfers") from Defendant's account at RCM (number 4521) to the Defendant on the following dates:

| Date of Transfer | Amount |
|---|---|
| 7/20/2005 | $2,660,163 |
| 8/30/2005 | $4,492,965 |
| 10/13/05 | $4,373,110 |
| Total: | $11,526,238 |

3

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547

12.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 11 inclusive as if fully set forth herein.

13.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to the Defendant.

14.    The Preferential Transfers were made to or for the benefit of Defendant, a creditor of RCM.

15.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

16.    The Preferential Transfers were made while RCM was insolvent.

17.    The Preferential Transfers enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

18.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from the Defendant the full amounts of the Preferential Transfers plus interest from the transfer dates.

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550

19.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 18 inclusive as if fully set forth herein.

4

LITDOCS/669010.1

20.     The Defendant is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

21.     The Preferential Transfers are avoidable as preferences pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfers plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

(1)     pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

(2)     pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)     granting to the RCM Trustee such other further relief as may appear just and proper.

Dated: New York, New York
       February 9, 2007

                                    BINGHAM McCUTCHEN LLP

                                    By: _____
                                        Tina L. Brozman (TB-0854)
                                        Sabih Willett (*pro hac vice*)
                                        Jared R. Clark (JC-6512)
                                        399 Park Avenue
                                        New York, NY 10022
                                        (212) 705-7000

                                    Counsel for the Plan Administrator and
                                    Chapter 11 Trustee of Refco Capital
                                    Markets, Ltd.

5

# EXHIBIT 19

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                          :
In re                                                     :    Chapter 11 Case
                                                          :    No. 05-60006 (RDD)
Refco Inc., <u>et</u> <u>al.</u>,                                    :    (Jointly Administered)
                                                          :
Debtors.                                                  :
                                                          :
------------------------------------------------------------- x
                                                          :
Marc S. Kirschner, as Plan Administrator and             :
Chapter 11 Trustee of Refco Capital Markets, Ltd.,       :
                                                          :    A.P. No. 07-01479
                               Plaintiff,                 :
                                                          :
                               -against-                  :
                                                          :
Tokyo Forex Financial, Inc.,                              :
                                                          :
                               Defendant.                 :
-------------------------------------------------------------x

## <u>STIPULATION AND ORDER</u>

      WHEREAS, by Order entered on December 15, 2006 (the "<u>Confirmation Order</u>"),

this Court confirmed the Debtors' Modified Joint Chapter 11 Plan (the "<u>Plan</u>"), and the

Plan became effective on December 26, 2006;

      WHEREAS, Marc S. Kirschner was the Chapter 11 Trustee for Refco Capital

Markets, Ltd. ("<u>RCM</u>") prior to confirmation of the Plan;

      WHEREAS, pursuant to the Plan, Marc S. Kirschner was appointed as the plan

administrator for RCM (the "<u>RCM Plan Administrator</u>");

      WHEREAS, on or about February 13, 2007, the RCM Plan Administrator filed

the above adversary proceeding, Adv. Proc. No. 07-01479 (the "<u>Preference Action</u>")

against Tokyo Forex Financial, Inc. ("<u>Tokyo Forex</u>");

WHEREAS, the RCM Plan Administrator and Tokyo Forex have settled the Preference Adversary;

NOW, the RCM Plan Administrator and Tokyo Forex hereby STIPULATE AND AGREE as follows:

1.      The above-captioned Preference Action is dismissed with prejudice and without costs assessed against any party.

2.      Each of the parties hereto represents that he or it has the capacity and authority to enter into this Stipulation and Order and any agreements or transactions contemplated herein.

3.      This Stipulation and Order shall be binding upon the parties hereto and their respective successors and assigns from the date of its execution, but is expressly subject to and contingent upon entry of an order approving this Stipulation by the Court.

4.      The Court shall retain jurisdiction with respect to matters arising from or related to the Stipulation and Order, including, but not limited to, the interpretation and enforcement thereof.

SO STIPULATED BY:

**Bingham McCutchen, LLP**　　　　　　**Pick & Zabicki LLP**

By:  /s/ Jared R. Clark　　　　　　　　By:  /s/ Douglas J. Pick
Sabin Willett (*pro hac vice*)　　　　　　Douglas J. Pick
Jared R. Clark (JC-6512)　　　　　　　　Pick & Zabicki LLP
399 Park Avenue　　　　　　　　　　　 369 Lexington Avenue, 12th Floor
New York, NY 10022　　　　　　　　　　New York, New York  10017
(212) 705-7000　　　　　　　　　　　　(212) 695-6000

*Counsel for the Plan Administrator*　　 *Counsel for Aska Futures Co., Ltd.*
*of Refco Capital Markets, Ltd.*

Dated: New York, NY
　　　　July 20, 2007

SO ORDERED BY:

/s/Robert D. Drain
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: New York, NY
　　　　August 15, 2007

3

# EXHIBIT 20

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

|  |  |
|---|---|
| In re | : Chapter 11 Case |
|  | : No. 05-60006 (RDD) |
| Refco Inc., <u>et al.</u>, | : (Jointly Administered) |
|  | : |
| Debtors. | : |
|  | : |

-------------------------------------------------------- x

|  |  |
|---|---|
|  | : |
| Marc S. Kirschner, as Plan Administrator and | : |
| Chapter 11 Trustee of Refco Capital Markets, Ltd., | : |
|  | : A.P. No. 07-_____ |
| Plaintiff, | : |
|  | : |
| -against- | : |
|  | : |
| Alphix Co., Ltd., | : |
|  | : |
| Defendant. | : |

--------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "<u>RCM</u> <u>Trustee</u>") of Refco Capital Markets, Ltd. ("<u>RCM</u>"), by his attorneys Bingham McCutchen LLP, for his complaint (the "<u>Complaint</u>") against Alphix Co., Ltd. ("<u>Defendant</u>") alleges as follows:

LITDOCS/669058.1

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.    On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.    On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.    Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the

2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.    This Complaint is brought against Alphix Co., Ltd., which is, upon information and belief, an entity with a place of business at 1-15-2 Nishinakajima, 1 Chome Yodogawa-ku, Osaka-SHI, Japan, 532-0011.

6.    Defendant was, at all material times, the holder of an account at RCM.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

8.    This is a core proceeding under 28 U.S.C. §157(b)(2).

9.    Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

10.    This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

11.    RCM made the following transfers, during the preference period (the "Preferential Transfers"), from Defendant's account at RCM (number 4380) to the Defendant on the following dates:

| Date of Transfer | Amount |
|---|---|
| 9/27/2005 | $1,765,692 |
| 10/7/2005 | $2,633,193 |
| Total: | $4,398,885 |

3

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547

12.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 11 inclusive as if fully set forth herein.

13.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to the Defendant.

14.    The Preferential Transfers were made to or for the benefit of Defendant, a creditor of RCM.

15.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

16.    The Preferential Transfers were made while RCM was insolvent.

17.    The Preferential Transfers enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

18.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from the Defendant the full amounts of the Preferential Transfers plus interest from the transfer dates.

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550

19.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 18 inclusive as if fully set forth herein.

4

20.    The Defendant is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

21.    The Preferential Transfers are avoidable as preferences pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfers plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

(1)    pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

(2)    pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)    granting to the RCM Trustee such other further relief as may appear just and proper.

Dated: New York, New York
      February ___, 2007

                    **BINGHAM McCUTCHEN LLP**

                    By: _____
                      Tina L. Brozman (TB-0854)
                      Sabin Willett (*pro hac vice*)
                      Jared R. Clark (JC-6512)
                      399 Park Avenue
                      New York, NY 10022
                      (212) 705-7000

                    Counsel for the Plan Administrator and Chapter 11 Trustee of Refco Capital Markets, Ltd.

5

# EXHIBIT 21

Joshua J. Angel
Frederick E. Schmidt
Seth F. Kornbluth
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016

Counsel for Marc S. Kirschner, as RCM Plan Administrator
and Trustee of Refco Capital Markets, Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                          :
                                                               :   Chapter 11
Refco Inc., *et al.*,                                          :   Case No. 05-60006 (RDD)
                                                               :   (Jointly Administered)
                                Debtors.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
Marc S. Kirschner, as RCM Plan Administrator and               :
Trustee of Refco Capital Markets, Ltd.,                        :
                                                               :
                                                               :
                                Plaintiff,                     :
                                                               :
                                                               :
-against-                                                      :   Adv. Proc. No. 07-01480 (RDD)
                                                               :
Alphix Co., Ltd.,                                              :
                                                               :
                                Defendant.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF DISMISSAL WITH PREJUDICE

NOTICE IS HEREBY GIVEN that, pursuant to Rule 7041 of the Federal Rules of

Bankruptcy Procedure, Plaintiff Marc S. Kirschner, as RCM Plan Administrator and Trustee of Refco

Capital Markets, Ltd. by his attorneys Herrick, Feinstein LLP, hereby dismisses with prejudice this

adversary proceeding against Alphix Co., Ltd.

Dated: September 19, 2007                    HERRICK, FEINSTEIN LLP
       New York, New York

                                             By   */s/ Joshua J. Angel*
                                             _____
                                                  Joshua J. Angel
                                                  Frederick E. Schmidt
                                                  Seth F. Kornbluth
                                                  2 Park Avenue
                                                  New York, NY 10016
                                                  Phone: 212.592.1400

                                                  Counsel for the Marc S. Kirschner, RCM
                                                  Plan Administrator and Trustee of Refco
                                                  Capital Markets, Ltd.

HF 3784141v.1 #12786/0001

# EXHIBIT 22

Tina L. Brozman (TB-0854)
Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

FILED
U.S. BANKRUPTCY COURT
2007 FEB 16  P 4: 16
S.D. OF N.Y.

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case |
|  | : | No. 05-60006 (RDD) |
| Refco Inc., et al., | : | (Jointly Administered) |
| Debtors. | : |  |

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| Marc S. Kirschner, as Plan Administrator and | : |  |
| Chapter 11 Trustee of Refco Capital Markets, Ltd., | : |  |
|  | : | A.P. No. 07-_____ |
| Plaintiff, | : |  |
|  | : |  |
| -against- | : |  |
|  | : |  |
| Reifler Capital Advisors LLC and | : |  |
| Bradley C. Reifler, | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------ x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as Plan Administrator and Chapter 11 Trustee (the "RCM Trustee") of Refco Capital Markets, Ltd. ("RCM"), by his attorneys Bingham McCutchen LLP, for his complaint (the "Complaint") against Reifler Capital Advisors LLC ("Reifler Capital") and Bradley C. Reifler (together, "Defendants") alleges as follows:

## NATURE OF THE ACTION

By this action, the RCM Trustee seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made for the benefit of Reifler Capital during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Trustee seeks entry of a judgment (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendants to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.     On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.     By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.     On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.     Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retains all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the

LITDOCS/669062.2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.    This Complaint is brought against Reifler Capital, which, upon information and belief, is an entity with a principal place of business at 650 Fifth Avenue, 6th Floor, New York, New York 10019.

6.    This Complaint is also brought against Bradley C. Reifler, an individual who, upon information and belief, has a business and mailing address of 123 Fraleigh Hill Road, Millbrook, New York, 12545.  Upon information and belief, at all material times, Mr. Reifler was a principal of defendant Reifler Capital.

7.    Defendant Reifler Capital was, at all material times, the holder of an account at RCM.

### JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

9.    This is a core proceeding under 28 U.S.C. §157(b)(2).

10.    Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

11.    This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

### GENERAL ALLEGATIONS

12.    Transfers by defendant Reifler Capital to RCM (credited to Reifler Capital's account number 4708), and transfers out for the benefit of Reifler Capital from that account, occurred in the following amounts on the following dates:

3

| Date | Transfers Out | Transfers In |
|---|---|---|
| 8/8/2005 | $200,000 | |
| 8/9/2005 | $89,000 | |
| 8/16/2005 | $200,000 | |
| 8/18/2005 | $400,000 | |
| 8/22/2005 | $400,000 | |
| 8/31/2005 | $100,000 | |
| 9/2/2005 | $479,191.93 | |
| 9/20/2005 | $300,000 | |
| 9/29/2005 | $500,000 | |
| 10/14/2005 | | $189,480.24 |
| | Net Transfer Out: | $2,478,711.69 |

13.    In addition, on July 26, 2005, RCM transferred out from Reifler Capital's account number 4087 at RCM, the amount of $31,000 for the benefit of Reifler Capital.

14.    As set forth in paragraph 12, during the preference period, RCM transferred from account 4708 a net total out for the benefit of Reifler Capital of $2,478,711.69, and as set forth in paragraph 13, transferred out for the benefit of Reifler Capital from account 4087 the amount of $31,000 (such amounts, the "Preferential Transfers"), an aggregate of $2,509,711.69.

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547

15.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 14 inclusive as if fully set forth herein.

4

16.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to Reifler Capital and/or Bradley C. Reifler.

17.    The Preferential Transfers were made to or for the benefit of Reifler Capital, a creditor of RCM.

18.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

19.    The Preferential Transfers were made while RCM was insolvent.

20.    The Preferential Transfers enabled Reifler Capital to recover more than Reifler Capital would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) Reifler Capital received payment of its debt to the extent provided by the Bankruptcy Code.

21.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from Reifler Capital and/or Bradley C. Reifler, the full amounts of the Preferential Transfers plus interest from the transfer dates.

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550

22.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 21 inclusive as if fully set forth herein.

23.    Reifler Capital is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

5

24.    Upon information and belief, defendant Bradley C. Reifler was the initial transferee of the Preferential Transfers or the immediate or mediate transferee of the initial transferee.

25.    The Preferential Transfers are avoidable as preferences pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendants the amount of the Preferential Transfers plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendants:

(1)    pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

(2)    pursuant to 11 U.S.C. §550(a), directing Defendants to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)    granting to the RCM Trustee such other further relief as may appear just and proper.

Dated: New York, New York
February 16, 2007

BINGHAM McCUTCHEN LLP

By: _____
    Tina L. Brozman (TB-0854)
    Sabin Willett (*pro hac vice*)
    Jared R. Clark (JC-6512)
    399 Park Avenue
    New York, NY 10022
    (212) 705-7000

    Counsel for the Plan Administrator and
    Chapter 11 Trustee of Refco Capital
    Markets, Ltd.

6

# EXHIBIT 23

Joshua J. Angel (JA-3288)
Frederick E. Schmidt (FS-5277)
Seth F. Kornbluth (SK-4911)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY  10016

Counsel for Marc S. Kirschner,
RCM Plan Administrator and Trustee of
Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| Refco Inc., <u>et al</u>. | Chapter  11 |
|  | Case No 05-60006 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| Marc S. Kirschner, as RCM Plan Administrator and Trustee of Refco Capital Markets, Ltd., |  |
| Plaintiff, | Adv. Proc. No. 07-_____ |
| - against - |  |
| Nikko Futures Fund, and Total Alpha Investment Fund Management Company S.A., |  |
| Defendants. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### <u>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER</u>

Marc S. Kirschner, as RCM Plan Administrator and Trustee (the "RCM Trustee") of

Refco Capital Markets, Ltd. ("RCM"), by his attorneys Herrick, Feinstein LLP, for his complaint

(the "Complaint") against Nikko Futures Fund, and Total Alpha Investment Fund Management

Company S.A. ("Defendants"), alleges as follows:

HF 3541478v.2 #12786/0003

## NATURE OF THE ACTION

The RCM Trustee seeks the avoidance and recovery of a Preferential Transfer (defined below) that was made to the Defendants during the 90-day period (the "Preference Period") immediately preceding October 17, 2005 (the "Petition Date"). Specifically, the RCM Trustee seeks entry of a judgment against both of the Defendants: (1) pursuant to 11 U.S.C. § 547(b), avoiding the Preferential Transfer (hereafter defined); (2) pursuant to 11 U.S.C. § 550(a), directing Defendants to pay to RCM an amount to be determined at trial that is not less than the amount of the Preferential Transfer, plus interest and costs; and (3) pursuant to 11 U.S.C. § 502(d), disallowing any and all of Defendants' claims until such time as Defendants have paid the amount for which they are liable under 11 U.S.C. § 550.

## THE PARTIES

1.      On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions with this Court for relief under chapter 11 of title 11 of the United States Code ("the Bankruptcy Code").

2.      By Order entered April 13, 2006 (which was thereafter amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.      On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries dated December 14, 2006 (the "Plan").

4.      RCM retained all rights to pursue avoidance actions arising under, *inter alia*, 11 U.S.C. §§ 547 and 550, pursuant to sections 1.148, 1.112, 1.197, 5.10(a) of the Plan and Exhibit K thereto.

HF 3541478v.2 #12786/0003

5.      The RCM Trustee is authorized to take certain actions on behalf of RCM including prosecution of avoidance actions such as this one, pursuant to, *inter alia*, sections 5.4, 5.5 and 5.6 of the Plan, paragraphs I(vii) and 40 of the Confirmation Order and Exhibit D thereto as well as sections 2.1, 3.10, 3.17 and 4.1 of the RCM Plan Administrative Agreement dated as of December 23, 2006 and filed in connection with the Plan and Confirmation Order.

6.      This Complaint is brought against Nikko Futures Fund ("Nikko"), which is, upon information and belief, an entity with a place of business at 233 S. Wacker Drive Suite 2300, Chicago, Illinois, and also at 9A, rue Robert Stumper, L-2557 Luxembourg.

7.      This Complaint is also brought against Total Alpha Investment Fund Management Company S.A. ("Total Alpha"), which is, upon information and belief, an entity with a place of business at 112, route d'Arlon, L-1150, R.C. Luxembourg. Total Alpha has filed with this Court a proof of claim against RCM (claim number 10,015) on behalf of Nikko.

8.      Defendant Nikko was, at all material times, the holder of an account at RCM.

9.      Defendant Nikko filed Proof of Claim No. 10,015 in the Debtors' Chapter 11 Case.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. § 157 and § 1334.

11.     This is a core proceeding under 28 U.S.C. § 157(b)(2).

12.     Venue in this district is proper pursuant to 28 U.S.C. § 1409(a) because this is the district where RCM's chapter 11 case is pending.

13.     This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

- 3 -

**GENERAL ALLEGATIONS**

14.     On October 12, 2005 (the "Transfer Date"), RCM made a transfer of its property in the amount of $1,500,000 from an account at RCM (number 9448) to Nikko and/or Total Alpha (the "Preferential Transfer").

**COUNT I**
**AGAINST NIKKO FUTURES FUND**
**AVOIDANCE OF PREFERENTIAL TRANSFER - 11 U.S.C. § 547**

15.     The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 14 inclusive as if more fully set forth herein.

16.     RCM made the Preferential Transfer to Nikko and/or Total Alpha within the Preference Period.

17.     The Preferential Transfer was made to or for the benefit of Nikko and/or Total Alpha.

18.     On the Transfer Date, Nikko and/or Total Alpha was a creditor of RCM.

19.     The Preferential Transfer was made for or on account of an antecedent debt(s) owed by RCM to Nikko and/or Total Alpha before such Preferential Transfer was made.

20.     The Preferential Transfer was made while RCM was insolvent.

21.     The Preferential Transfer enabled Nikko and/or Total Alpha to recover more than it would have received if (a) the Preferential Transfer had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) it received payment of its debt to the extent provided by the Bankruptcy Code.

22.     Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfer should be avoided so that RCM may recover from the Defendants the full amount of the Preferential Transfer, plus interest from the Transfer Date to the date of payment.

- 4 -

**COUNT II**
**AGAINST BOTH DEFENDANTS**
**RECOVERY OF AVOIDED PREFERENTIAL TRANSFER - 11 U.S.C. § 550**

23.     The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 22 inclusive as if more fully set forth herein.

24.     Nikko and/or Total Alpha is the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer was made.

25.     The Preferential Transfer is avoidable as a preference pursuant to section 547(b) of the Bankruptcy Code and, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendants the amount of the Preferential Transfer plus pre- and post-judgment interest thereon from the Transfer Date to the date of payment, and the costs of this action.

**COUNT III**
**AGAINST BOTH DEFENDANTS**
**DISALLOWANCE OF CLAIM - 11 U.S.C. § 502(d)**

26.     The RCM Trustee repeats and realleges the allegations above in paragraphs 1 through 25 inclusive as if more fully set forth herein.

27.     The Preferential Transfer is recoverable under 11 U.S.C. § 550 and avoidable under 11 U.S.C. § 547 and, accordingly, pursuant to 11 U.S.C. § 502(d), any and all of the Defendants' claims including, but not limited to, Claim No. 10,015, must be disallowed until such time as Defendants have paid the amount for which they are liable under 11 U.S.C. § 550.

HF 3541478v.2 #12786/0003

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against both Defendants as follows:

(1)     pursuant to 11 U.S.C. § 547(b), avoiding the Preferential Transfer;

(2)     pursuant to 11 U.S.C. § 550(a), directing Defendants to pay to the RCM Trustee the amount of the Preferential Transfer, plus interest and costs;

(3)     pursuant to 11 U.S.C. § 502(d), disallowing any and all claims of Defendants until such time as Defendants have paid the amount for which they are liable under 11 U.S.C. § 550; and

(4)     granting to the RCM Trustee such other further relief as this Court deems just and proper.

Dated: New York, New York
       March 26, 2007

                                HERRICK, FEINSTEIN LLP

                                By:    /s/ Joshua J. Angel
                                       Joshua J. Angel  (JA -3288)
                                       Frederick E. Schmidt (FS-5277)
                                       Seth F. Kornbluth (SK-4911)
                                       2 Park Avenue
                                       New York, NY  10016
                                       Phone:  212.592.1400


                                       Counsel for Marc S. Kirschner, RCM Plan
                                       Administrator and Trustee of Refco Capital
                                       Markets, Ltd.

- 6 -

HF 3541478v.2 #12786/0003