# EXHIBIT 24

BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
(212) 705-7000
Jared R. Clark (JC-6512)
Steven Wilamowsky (SW-9266)
Jeffrey Olinsky (JO-4741)

Attorneys for the Refco Plan Administrator
and the RCM Plan Administrator

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------
|  | ) |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| Refco Inc., et al., | ) | Case No. 05-60006 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
-------------------------------------------------------------

## PROPOSED AGENDA FOR HEARING
## SCHEDULED FOR MAY 13, 2008 AT 10:00 A.M.

**Location of Hearing:**    United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Room 610, One Bowling Green, New York, NY 10004

The matters set for hearing are divided into the following categories for the purposes of this Proposed Agenda:

        A.      Uncontested Matters;

        B.      Contested Matters;

        C.      Adversary Matters;

        D.      Adjourned Matters; and

        E.      Settled Matters.

**A.     UNCONTESTED MATTERS**

1.     Motion of Plan Administrators for Order: (I) Further Extending Deadline to Object to Requests for Payment of Administrative Expense Claims and (II) Further Extending the Claims Objection Deadline [Docket No. 6577]

Related Documents:   None

Response Deadline:    May 6, 2008

Responses Filed:      None

Status:   This matter is going forward.

**B.     CONTESTED MATTERS**

1.     Creditor MacKenzie Wallace & Company's Motion For Enlargement of the Time to File Its Proof of Claim [Docket No. 6564]

Related Documents:   None

Response Deadline:    May 8, 2008.

Responses Filed:

(a)     RCM Plan Administrator's Objection to Motion of MacKenzie Wallace & Company, Ltd. For Enlargement of Time to File Proof of Claim [Docket No. 6587]

(b)     Reply Memorandum of Law in Response to RCM Plan Administrator's Objection to Creditor MacKenzie Wallace & Co.'s Motion For Enlargement of Time to File Proof of Claim [Docket No. 6600]

Status:  This matter is going forward.

2.     Motion of Thomas H. Lee Partners L.P. for an Order Granting Relief from the First Amended Protective Order Governing the Production and Use of Confidential Material [Docket No. 6580]

Related Documents:

(a)     Joinder by the Underwriters in the Motion for an Order Granting Relief from the First Amended Protective Order Governing the Production and Use of Confidential Material [Docket No. 6592]

(b)     Consent to Production of Documents of Beckenham Trading Co., Inc. [Docket No. 6593]

(c)     Notice of Amended Proposed Order [Docket No. 6603]

(d)     Motion to Join in the Motion for an Order Granting Relief from the First Amended Protective Order Governing the Production and Use of Confidential Material [Docket No. 6604]

Response Deadline:    May 8, 2008

Responses Filed:

(a)     Objection of BAWAG P.S.K. to Motion for an Order Granting Relief from the First Amended Protective Order [Docket No. 6597]

(b)     Joinder of McDermott Will & Emery LLP in BAWAG's Opposition to Motion for an Order Granting Relief from the First Amended Protective Order Governing the Protective Order and Use of Confidential Material [Docket No. 6599]

Status:    This matter is going forward.

## C.    ADVERSARY MATTERS

1.    Adversary Proceeding 07-1502

Kirschner v. Sevilleja

Status:    The discovery conference is going forward.

2.    Adversary Proceeding 07-1642

Kirschner v. Stilton International Holdings Limited

Related Matter:

(a)     Notice of Presentment of Order Granting Stilton International Holdings Limited Permission to Review Certain Customer Records [Docket No. 10]

(b)     Order Approving Exchange of Customer Information For Purposes of Trial Discovery [Docket No. 14]

(c)     Order Vacating the Order Approving Exchange of Customer Information For Purposes of Trial Discovery [Docket No. 15]

Response Deadline:    April 28, 2008

Responses Filed:

(a)     Objection of Proventure Ltd. to Proposed Order Granting Stilton International Holdings Limited Permission to Review Certain Customer Records [Docket No. 11]

(b)     Objection of Abu Dhabi Investment Authority [Docket No. 12]

(c)    Withdrawal of Objection to Notice of Presentment of Order Granting Stilton International Holdings Limited Permission to Review Customer Records filed by Abu Dhabi Investment Authority [Docket No. 18]

<u>Status</u>:  This discovery conference and matter are going forward.

3.    Adversary Proceeding 07-2842

Kirschner v. SACO International, Inc.

<u>Related Matter</u>:

(a)    Motion for Default Judgment with Notice of Presentment [Docket No. 9]

<u>Objection Deadline</u>:   May 13, 2008

<u>Objections Filed</u>:       None

<u>Status</u>:   This matter is going forward.

4.    Adversary Proceeding 07-2919

Kirschner v. One Source NY

<u>Related Matter</u>:

(a)    Motion for Default Judgment with Notice of Presentment [Docket No. 9]

<u>Objection Deadline</u>:   May 13, 2008

<u>Objections Filed</u>:       None

<u>Status</u>:   This matter is going forward.

5.    Adversary Proceeding 07-3004

Kirschner v. Farimond Ventures, Ltd.

<u>Related Matter</u>:

(a)    Motion for Default Judgment with Notice of Presentment [Docket No. 9]

<u>Objection Deadline</u>:   May 13, 2008

<u>Objections Filed</u>:       None

<u>Status</u>:   This matter is going forward.

4

**D.**     **ADJOURNED MATTERS**

1.     Adversary Proceeding 07-01646

Kirschner v. RPM Trading

Status:  This pretrial conference has been adjourned to June 12, 2008.

2.     Adversary Proceeding 07-2827

Kirschner v. Exact Solutions, Inc.

Related Matter:

(a)     Motion for Default Judgment with Notice of Presentment [Docket No. 9]

Objection Deadline:    June 12, 2008

Objections Filed:      None

Status:   This matter has been adjourned to June 12, 2008.

3.     Adversary Proceeding 07-2849

Kirschner v. Richard Schneider

Related Matter:

(a)     Motion for Default Judgment with Notice of Presentment [Docket No. 11]

Objection Deadline:    June 12, 2008

Objections Filed:      None

Status:   This matter has been adjourned to June 12, 2008.

4.     Adversary Proceeding 07-02860

Kirschner v. Yahoo!Com

Related Matter:

(a)     Motion of Yahoo! Inc. Pursuant to Rule 7012(e) of the Federal Rules of Bankruptcy Procedure for a More Definite Statement [Adv. Proc. Docket No. 6]

Response Deadline:  June 5, 2008

Responses Filed:  None

Status:  This matter has been adjourned to June 12, 2008.

5.    Adversary Proceeding 07-2957

Kirschner v. Internap Network Services Corp.

Related Matter:

(a)    Motion for Default Judgment with Notice of Presentment [Docket No. 9]

Objection Deadline:    June 12, 2008

Objections Filed:        None

Status:   This matter has been adjourned to June 12, 2008.

6.    Adversary Proceeding 07-03066

Kirschner v. Multi-Bank Securities, Inc.

Related Matter:

(a)    Motion of Multi-Bank Securities, Inc. to Dismiss Adversary Proceeding or Stay Proceedings Pending Arbitration [Adversary Docket No. 5]

Response Deadline:  June 5, 2008

Responses Filed:  None

Status:  This matter has been adjourned to June 12, 2008.

7.    Plan Administrators' Twelfth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 4593] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)    RCM Trustee's Motion for Summary Judgment on Proof of Claim of PlusFunds Group, Inc. [Docket No. 4623]

(b)    PlusFunds Group, Inc.'s Opposition to the RCM Trustee's Motion for Summary Judgment to Disallow its Second Amended Proof of Claim [Docket No. 4752]

(c)    RCM Trustee's Reply in Further Support of Motion for Summary Judgment on Proof of Claim of PlusFunds Group, Inc. [Docket No. 4855]

(d)    Notice of Adjournment of Hearing Solely in Respect of Certain Claims

[Docket No. 4869]

(e)    Supplemental Notice of Adjournment of Hearing Solely in Respect of Certain Claims [Docket No. 4893]

(f)    Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 4937]

(g)    Supplemental Order Disallowing Claims of Miami Children's Hospital Foundations [Docket No. 5142]

(h)    Supplemental Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Pursuant to Plan Administrators' Twelfth Omnibus Motion Regarding Claim Nos. 13157, 13463, 13482 [Docket No. 5167]

(i)    Supplemental Order in Respect of Plan Administrators' Twelfth Omnibus Motion Regarding Claim Nos. 2688, 6707, 12564, 14176, 14236 [Docket No. 5593]

(j)    Order Granting the Plan Administrators' Motion for Summary Judgment on Proofs of Claim of Plusfunds Group, Inc. [Docket No. 5600]

(k)    Plusfunds' Notice of Appeal of Order Granting the Plan Administrators' Motion for Summary Judgment on Proofs of Claim of Plusfunds Group, Inc. [Docket No. 5631]

(l)    Supplemental Order Granting Plan Administrators' Twelfth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim No. 13191 [Docket No. 5684]

(m)    Supplemental Order in Respect of Plan Administrators' Twelfth Omnibus Motion Regarding Claim No. 8904 [Docket No. 5733]

(n)    Supplemental Order in Respect of Plan Administrators' Twelfth Omnibus Motion Regarding Claim No. 2443 [Docket No. 6196]

(o)    Adversary Proceeding 07-03241, Marc S. Kirschner v. NBC Universal, Inc. dba National Broadcasting Company, CNBC, Inc., and CNBC National TV

<u>Response Deadline</u>: As noted below.

<u>Responses Filed</u>: As noted below.

<u>Status</u>: This matter has been adjourned solely with respect to those claims listed below:

(a)     Adjourned to June 12, 2008, with responses due by June 5, 2008

    (i)      NBC Universal Corp. (Claim No. 115)

    (ii)     Reuters (Claim No. 10498)

(b)     Adjourned to June 12, 2008 , with responses due by June 6, 2008

    (iii)    Dennis A. Klejna (Claim Nos. 10344-10346)

8.     Plan Administrators' Thirteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 4812] - Only with Respect to the Claims Listed Below

Related Documents:

(a)     Notice of Adjournment of Hearing Solely in Respect of Certain Claims Affected by the Plan Administrators' Thirteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Claims [Docket No. 5121]

(b)     Supplemental Notice of Adjournment of Hearing Solely in Respect of Certain Claims Affected by the Plan Administrators' Thirteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Claims [Docket No. 5127]

(c)     Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 5145]

(d)     Order (a) Sustaining in Part Plan Administrator's Objection to Claim No. 3808 of Antoine Heyward; and (b) Scheduling Pre-Trial Conference with Respect to Remainder of Claim No. 3808 [Docket No. 5376]

(e)     Supplemental Order Regarding Plan Administrators' Thirteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims Regarding Claim No. 5886 [Docket No. 5505]

(f)     Supplemental Order in Respect of Plan Administrators' Thirteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim Nos. 10816, 10817, 13373 [Docket No. 5587]

(g)     Supplemental Order in Respect of Plan Administrators' Thirteenth Omnibus Motion Regarding Claim No. 4782 [Docket No. 5594]

(h)     Scheduling Order Regarding Claim No. 3808 of Antoine Heyward [Docket No. 5596]

(i)     Notice of Filing of Claimant's (Antoine Heyward) First Set of Discovery Requests [Docket No. 5613]

(j)     Supplemental Order signed on 8/10/2007 in Respect of Plan Administrators' Thirteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Disallowing Certain Claims and Classifying Certain Claims Regarding Claim No. 12785 [Docket No. 5712]

(k)     Supplemental Order in Respect of Plan Administrators' Thirteenth Omnibus Motion of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim Nos. 11821 and 11822 (Avery Point CLO Ltd.), 11816 and 11817 (Prospect Harbor Credit Partners LP), 11801-11803, 11805, and 11807-11808 (Sankaty High Yield Partners LP, Sankaty High Yield Partners II LP, and Sankaty High Yield Partners III LP) [Docket No. 5842]

(l)     Supplemental Order in Respect of Plan Administrators' Thirteenth Omnibus Motion of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim No. 10922 of Risk Management International [Docket No. 6191]

(m)     Supplemental Order  in Respect of Plan Administrators' Thirteenth Omnibus Motion of Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim No. 13311 of Fund Managers [Docket No. 6193]

(n)     Supplemental Order in Respect of Plan Administrators' Thirteenth Omnibus Motion of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim No. 3462 of ECCO LLC [Docket No. 6194]

(o)     Stipulation and Agreed Order Resolving Claim of Antoine Heyward (Claim No. 3808) [Docket No. 6320]

Response Deadline:  As noted below.

Responses Filed:  None

Status:  This matter has been adjourned solely with respect to those claims listed below:

(a)     Adjourned to June 12, 2008, with responses due by June 5, 2008

     (i)     Reuters (Claim No. 666)

     (ii)     Deutsche Bank (Claim No. 11254)

9.     Plan Administrators' Fifteenth Omnibus Motion for Entry of an Order

Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 5389] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)    Notice of Adjournment of Hearing Solely in Respect of Certain Claims [Docket No. 5548]

(b)    Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 5598]

(c)    Supplemental Order in Respect of Plan Administrators' Fifteenth Omnibus Motion Regarding Claim No. 14375 [Docket No. 5734]

(d)    So Ordered Stipulation Resolving Claim of Greenwich Capital Financial Products, Inc. [Docket No. 6288]

(e)    Supplemental Order in Respect of Plan Administrators' Fifteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims as it Relates to the Tennessee Department of Revenue [Docket No. 6399]

Response Deadline:  As noted below.

Responses Filed:  As noted below.

Status:  This matter has been adjourned solely with respect to those claims listed below:

(a)    Adjourned to June 12, 2008, with reply to responses due by June 5, 2008

    (i)    Response and Objection of Reuters America LLC to the Plan Administrators' Fifteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 5525, Claim No. 10499]

    (ii)    The City of New York's Response to Motion of Plan Administrator's for Order Disallowing Certain Claims, etc. [Docket No. 5970; Claim No. 14306]

    (iii)    Opposition of Gavin Prentice to Plan Administrators' Fifteenth Omnibus Motion [Docket No. 5526; Claim No. 11282]

10.    Plan Administrators' Seventeenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 5859] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)     Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 6199]

(b)     Supplemental Order in Respect of Plan Administrators' Seventeenth Omnibus Motion Regarding the Claim of Countach Investments Ltd. [Docket No. 6263]

(c)     Supplemental Order in Respect of Plan Administrators' Seventeenth Omnibus Motion Regarding the Claim of Altamonte SA Docket No. 6275]

(d)     Supplemental Order In Respect of RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims [Docket No. 6321]

(e)     Supplemental Order In Respect of RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims [Docket No. 6357]

Response Deadline:  As noted below.

Responses Filed:  None

Status:  This matter has been adjourned solely with respect to those claims listed below:

(a)     Adjourned to June 12, 2008, with responses due by June 5, 2008

        (i)     Dow Jones & Co., Inc. (Claim No. 6256)

        (ii)    CBS Marketwatch Dow Jones (Claim No. 5760)

11.     Plan Administrators' Eighteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 6007] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)     Order Disallowing Certain Claims, Reducing and Allowing Certain Claim and Classifying Certain Claims [Docket No. 6529]

(b)     Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 6259]

Response Deadline:  As noted below.

Responses Filed:  None

11

Status:  This matter has been adjourned solely with respect to those claims listed below:

(a)    Adjourned to June 12, 2008, with responses due by June 5, 2008

    (i)    Reifler Capital Advisors (Claim No. 11123)

12.    Plan Administrators' (I) Motion for Entry of an Order Establishing Certain Procedures Related to Claims Objections and (II) Nineteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims Based on Such Claims Being (A) Duplicate Claims, (B) Late Filed Claims, (C) Claims Asserted in a Manner Inconsistent with the Debtors' Books and Records, and/or (D) Claims that Have Been Released or Otherwise Satisfied During the Chapter 11 Cases [Docket No. 6311] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)    Order Granting Motion to Establish Certain Procedures Related to Omnibus Claims Objections and Granting Nineteenth Omnibus Motion Disallows Certain Claims [Docket No. 6386]

Response Deadline:  As noted below.

Responses Filed:  As noted below.

Status:  This matter has been adjourned solely with respect to those claims listed below:

(a)    Adjourned to June 12, 2008, with reply to responses due by June 5, 2008

    (i)    Response of Steffen Van Keppel [Docket No. 6367; Claim No. 4911]

    (ii)    Response of Timothy Tod Mitchell [Docket No. 6368; Claim No. 49112]

    (iii)    Response of Mark H. Rhynes to Motion [Docket No. 6369; Claim No. 6369]

13.    Plan Administrators' Twenty-First Omnibus Motion For Entry Of An Order Disallowing Certain Claims, Reducing And Allowing Certain Claims, And Classifying Certain Claims Based On such Claims Being (A) Claims Asserted In A Manner Inconsistent With The Debtors' Books And Records, (B) Duplicate Claims, And/Or (C) Claims That Have Been Released Or Otherwise Satisfied During The Chapter 11 Cases [Docket No. 6506]

Related Documents:

12

(a)      Order Granting Plan Administrators' Twenty-First Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims Based on Such Claims Being (A) Claims Asserted in a Manner Inconsistent with the Debtors' Books and Records, (B) Duplicate Claims, and/or (C) Claims That Have Been Released or Otherwise Satisfied During the Chapter 11 Cases [Docket No. 6561]

Response Deadline:  As noted below.

Responses Filed:  None

Status:  This matter has been adjourned solely with respect to the claim listed below:

(a)      Adjourned to June 12, 2008, with response due by June 5, 2008

      (i)      Department of the Treasury (Claim Nos. 14511 and 14513)

14.     Motion for Payment of Administrative Expenses filed by Dennis Klejna [Docket No. 3406]

Related Documents:   None

Response Deadline:   June 6, 2008

Responses Filed:

(a)      Objection and Memorandum of Law of the Refco Plan Administrator and RCM Plan Administrator to Request By Dennis Klejna for Payment of Administrative Expense [Docket No. 4810]

Status:  This matter has been adjourned to June 12, 2008.

15.     Plan Administrators' Omnibus Motion Objecting to Requests for Payment of Administrative Expense Claims [Docket No. 4594] -- Only with Respect to the Claims Listed Below

Related Documents:

(a)      Notice of Adjournment of Hearing Solely in Respect of Certain Claims [Docket No. 4870]

(b)      Order Denying or Denying in Part Certain Requests for Payment of Administrative Expenses Claims [Docket No. 4938]

(c)      Order Denying or Denying in Part Certain Requests for Payment of Administrative Expense Claim Regarding Claim Nos. 14289, 14290, 14419 and 14485 [Docket No. 5171]

Response Deadline:  As noted below.

Responses Filed:  As noted below.

Status:  This matter has been adjourned solely with respect to the claim listed below:

(a)     Adjourned to June 12, 2008, with reply to response due by June 5, 2008

    (i)     The City of New York Department of Finance's Response to Motion of Plan Administrators' Objection to Request for Payment of Administrative Expense Claims [Docket No. 5971; Claim No. 14298]

16.     RCM Plan Administrator's Omnibus Motion for Entry of and Order Disallowing Certain Claims [Docket No. 4750] - Only with Respect to the Claims Listed Below

Related Documents:

(a)     Exhibit F to RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallow Certain Claims [Docket No. 4751] -- Only with Respect to the Claims Listed Below

(b)     Notice of Adjournment of Hearing Solely in Respect of Certain Claims Affected by the RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims [Docket No. 5126]

(c)     Order Granting RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims [Docket No. 5144]

(d)     Supplemental Order in Respect of RCM Plan Administrator's Omnibus Motion to Disallow Certain Claims(regarding Claim No. 14251) [Docket No. 5504]

(e)     Supplemental Order in Respect of RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims (regarding Claim Nos. 6898, 10113, 10116, 11434, 11433, 11772) [Docket No. 5584]

(f)     Supplemental Order in Respect of RCM Plan Administrator's Omnibus Motion to Disallow Certain Claims (regarding Claim Nos. 6898, 10113, 10116, 11434, 11433, 11772) [Docket No. 5884]

(g)     Supplemental Order in Respect of RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims (regarding Claim No. 12289) [Docket No. 6217]

(h)     Stipulation and Agreed Order Resolving Claim of South Financial Services Corp. [Docket No. 6307]

14

      (i)      Supplemental Order in Respect of RCM Plan Administrator's Omnibus Motion for Entry of an Order Disallowing Certain Claims (regarding Claim Nos. 11906 and 11909) [Docket No.6321]

Response Deadline:  As noted below.

Responses Filed:  None

Status:  This matter has been adjourned solely with respect to the claim listed below:

      (a)      Adjourned to June 12, 2008, with responses due by June 5, 2008

           (i)      Deutsche Bank AG (Claim No. 11253)

## E.    SETTLED MATTERS

1.    Adversary Proceeding 07-01645

Kirschner v. Nikko Futures Fund and Total Alpha Investment Fund Management Company S.A.

Status:  This matter has been settled.

2.    Adversary Proceeding 07-02988

Kirschner v. Salesforce.com LLC

Related Matter:

      (a)      Motion of Salesforce.com, LLC For More Definite Statement [Adv. Proc. Docket No. 10]

Response Deadline:  May 7, 2008

Responses Filed:  None

Status:  This matter has been settled.

3.    Adversary Proceeding 07-03056

Kirschner v. Strategic Legal Resources Inc. *dba* Strategic Workforce Solutions

Related Documents:

      (a)      Notice of Presentment  [Adversary Docket No. 6 ]

      (b)      Application of Plaintiff Marc S. Kirschner for a Default Judgment [Adversary Docket No. 7]

Objection Deadline:  March 13, 2008

Objections Filed:  None

Status:  This matter has been settled.

4.      Plan Administrators' Twelfth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 4593] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)      RCM Trustee's Motion for Summary Judgment on Proof of Claim of PlusFunds Group, Inc. [Docket No. 4623]

(b)      PlusFunds Group, Inc.'s Opposition to the RCM Trustee's Motion for Summary Judgment to Disallow its Second Amended Proof of Claim [Docket No. 4752]

(c)      RCM Trustee's Reply in Further Support of Motion for Summary Judgment on Proof of Claim of PlusFunds Group, Inc. [Docket No. 4855]

(d)      Notice of Adjournment of Hearing Solely in Respect of Certain Claims [Docket No. 4869]

(e)      Supplemental Notice of Adjournment of Hearing Solely in Respect of Certain Claims [Docket No. 4893]

(f)      Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 4937]

(g)      Supplemental Order Disallowing Claims of Miami Children's Hospital Foundations [Docket No. 5142]

(h)      Supplemental Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Pursuant to Plan Administrators' Twelfth Omnibus Motion Regarding Claim Nos. 13157, 13463, 13482 [Docket No. 5167]

(i)      Supplemental Order in Respect of Plan Administrators' Twelfth Omnibus Motion Regarding Claim Nos. 2688, 6707, 12564, 14176, 14236 [Docket No. 5593]

(j)      Order Granting the Plan Administrators' Motion for Summary Judgment on Proofs of Claim of Plusfunds Group, Inc. [Docket No. 5600]

(k)      Plusfunds' Notice of Appeal of Order Granting the Plan Administrators' Motion for Summary Judgment on Proofs of Claim of Plusfunds Group, Inc. [Docket No. 5631]

(l)     Supplemental Order Granting Plan Administrators' Twelfth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims Regarding Claim No. 13191 [Docket No. 5684]

(m)    Supplemental Order in Respect of Plan Administrators' Twelfth Omnibus Motion Regarding Claim No. 8904 [Docket No. 5733]

(n)    Supplemental Order in Respect of Plan Administrators' Twelfth Omnibus Motion Regarding Claim No. 2443 [Docket No. 6196]

(o)    Adversary Proceeding 07-03241, Marc S. Kirschner v. NBC Universal, Inc. dba National Broadcasting Company, CNBC, Inc., and CNBC National TV

Response Deadline: As noted below.

Responses Filed:  As noted below.

Status:  This matter has been settled solely with respect to the claim listed below:

(a)     Response of Schiff Hardin LLP to Motion of Plan Administrator's Twelfth Omnibus Motion for an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 4836; Claim No. 118]

5.     Plan Administrators' Eighteenth Omnibus Motion for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Docket No. 6007] -- Only with Respect to Those Claims Listed Below

Related Documents:

(a)     Order Disallowing Certain Claims, Reducing and Allowing Certain Claim and Classifying Certain Claims [Docket No. 6529]

(b)     Order Disallowing Certain Claims, Reducing and Allowing Certain Claims and Classifying Certain Claims [Docket No. 6259]

Status:  This matter has been settled solely with respect to the claim listed below:

(a)     Iron Mountain Information Management Inc. (Claim Nos. 9823, 14454 and 14455)

Dated: New York, New York
       May 12, 2008

                              BINGHAM McCUTCHEN LLP

                              By:    /s/Jared R. Clark
                                    Jared R. Clark (JC-6512)
                                    Steven Wilamowsky (SW-9266)
                                    Jeffrey Olinsky (JO-4741)
                                    399 Park Avenue
                                    New York, New York 10022
                                    (212) 705-7000

                              Attorneys for the Refco Plan Administrator
                              and the RCM Plan Administrator

18

A/72526260.4

# EXHIBIT 25

Joshua J. Angel (JA-3288)
Frederick E. Schmidt (FS-5277)
Seth F. Kornbluth (SK-4911)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016

Counsel for Marc S. Kirschner, RCM Plan Administrator and
Trustee of Refco Capital Markets, Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                              :    Chapter 11 Case
                                                   :    No. 05-60006 (RDD)
Refco Inc., <u>et al.</u>,                         :    (Jointly Administered)
                                                   :
                        Debtors.                   :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
Marc S. Kirschner, as RCM Plan Administrator and   :
Trustee of Refco Capital Markets, Ltd.,            :
                                                   :
                        Plaintiff,                 :    Adv. Proc. No. 07-_____
                                                   :
           -against-                               :
                                                   :
RPM Trading Ltd.,                                  :
                                                   :
                        Defendant                  :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as RCM Plan Administrator and Trustee (the "<u>RCM Trustee</u>") of

Refco Capital Markets, Ltd. ("<u>RCM</u>"), by his attorneys Herrick Feinstein, LLP, for his complaint

(the "<u>Complaint</u>") against RPM Trading Ltd. ("<u>Defendant</u>") alleges as follows:

## NATURE OF THE ACTION

The RCM Trustee seeks the avoidance and recovery of a Preferential Transfer (defined

below) that was made to the Defendant during the 90-day period (the "<u>Preference Period</u>")

immediately preceding October 17, 2005 (the "Petition Date"). Specifically, the RCM Trustee

seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. § 547(b), avoiding the

Preferential Transfer (hereafter defined); (2) pursuant to 11 U.S.C. § 550(a), directing Defendant

to pay to RCM an amount to be determined at trial that is not less than the amount of the

Preferential Transfer, plus interest and costs; and (3) pursuant to 11 U.S.C. § 502(d), disallowing

any and all of Defendant's claims until such time as Defendant has paid the amount for which it

is liable under 11 U.S.C. § 550.

## THE PARTIES

1.      On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates,

including RCM (collectively, the "Debtors"), filed voluntary petitions with this Court for relief

under chapter 11 of title 11 of the United States Code ("the Bankruptcy Code").

2.      By Order entered April 13, 2006 (which was thereafter amended by Orders

entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's

appointment of the RCM Trustee as chapter 11 trustee for RCM.

3.      On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan

of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries dated December 14, 2006 (the

"Plan").

4.      RCM retained all rights to pursue avoidance actions arising under, *inter alia*, 11

U.S.C. §§ 547 and 550, pursuant to sections 1.148, 1.112, 1.197, 5.10(a) of the Plan and Exhibit

K thereto.

5.      The RCM Trustee is authorized to take certain actions on behalf of RCM

including prosecution of avoidance actions such as this one, pursuant to, *inter alia*, sections 5.4,

5.5 and 5.6 of the Plan, paragraphs I(vii) and 40 of the Confirmation Order and Exhibit D thereto

as well as sections 2.1, 3.10, 3.17 and 4.1 of the RCM Plan Administrative Agreement dated as

2

of December 23, 2006 and filed in connection with the Plan and Confirmation Order.

6.    This Complaint is brought against RPM Trading Ltd., which is, upon information and belief, an entity with a place of business at 1 Palm Chambers, P.O. Box 119, Road Town, British Virgin Islands.

7.    Defendant was, at all material times, the holder of an account at RCM.

8.    Defendant filed Proof of Claim No. 10,782 in the Debtors' Chapter 11 case.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. § 157 and § 1334.

10.    This is a core proceeding under 28 U.S.C. § 157(b)(2).

11.    Venue in this district is proper pursuant to 28 U.S.C. § 1409(a) because this is the district where RCM's chapter 11 case is pending.

12.    This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

13.    On October 11, 2005 (the "Transfer Date"), RCM made a transfer of its property to the Defendant.   Specifically, on that date, RCM transferred $1,559,480 (the "Preferential Transfer") from an account at RCM (number 9376) to the Defendant.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS — 11 U.S.C. § 547

14.    The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 13 inclusive as if more fully set forth herein.

15.    RCM made the Preferential Transfer to the Defendant during the Preference Period.

3

16.     The Preferential Transfer was made to or for the benefit of Defendant.

17.     On the Transfer Date, the Defendant was a creditor of RCM.

18.     The Preferential Transfer was made for or on account of an antecedent debt(s) owed by RCM before such Preferential Transfer was made.

19.     The Preferential Transfer was made while RCM was insolvent.

20.     The Preferential Transfer enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfer had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

21.     Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfer should be avoided so that RCM may recover from the Defendant the full amount of the Preferential Transfer, plus interest from the Transfer Date to the date of payment.

**COUNT II**
**RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS — 11 U.S.C. § 550**

22.     The RCM Trustee repeats and realleges the allegations above in paragraphs 1 though 21 inclusive as if more fully set forth herein.

23.     The Defendant is the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer was made.

24.     The Preferential Transfer is avoidable as a preference pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Trustee is entitled to recover from the Defendant the amount of the Preferential Transfer plus interest thereon to the date of payment, and the costs of this action.

4

## COUNT III
## <u>DISALLOWANCE OF CLAIM - 11 U.S.C. § 502(d)</u>

25.     The RCM Trustee repeats and realleges the allegations above in paragraphs 1 through 24 inclusive as if more fully set forth herein.

26.     The Preferential Transfer is recoverable under 11 U.S.C. § 550 and avoidable under 11 U.S.C. § 547 and, accordingly, pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant including, but not limited to, Claim No. 10,782, must be disallowed until such time as Defendant has paid the amount for which it is liable under 11 U.S.C. § 550.

WHEREFORE, the RCM Trustee respectfully requests that this Court enter judgment against the Defendant:

(1)     pursuant to 11 U.S.C. § 547(b), avoiding the Preferential Transfer;

(2)     pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to the RCM Trustee the amount of the Preferential Transfer, plus interest and costs;

(3)     pursuant to 11 U.S.C. § 502(d), disallowing any and all claims of Defendant until such time as Defendant has paid the amount for which it is liable under 11 U.S.C. § 550; and

5

(4)     granting to the RCM Trustee such other further relief as this Court deems just and

proper.

Dated: New York, New York
        March 26, 2007

                                        HERRICK, FEINSTEIN LLP

                                        By   /s/ Joshua J. Angel
                                             Joshua J. Angel (JA-3288)
                                             Frederick E. Schmidt (FS-5277)
                                             Seth F. Kornbluth (SK-4911)
                                             2 Park Avenue
                                             New York, NY 10016
                                             Phone: 212.592.1400

                                             Counsel for Marc S. Kirschner, RCM
                                             Plan Administrator and Trustee of
                                             Refco Capital Markets, Ltd.

HF 3541479v.2 #12786/0002

# EXHIBIT 26

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| REFCO INC., *et al.*, | : Case No. 05-60006 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| MARC S. KIRSCHNER, | : |
| as Plan Administrator of | : Adv. Proc. No. 07-[-----] |
| REFCO CAPITAL MARKETS, LTD., | |
| | : |
| Plaintiff, | : |
| -v- | : |
| | : |
| 2B Investments Ltd., | : |
| | : |
| Defendant. | : |
| | : |

**COMPLAINT (A) TO AVOID TRANSFERS PURSUANT, TO
11 U.S.C. §§544(B), 547 AND 548, (B) TO RECOVER PROPERTY
TRANSFERRED, PURSUANT TO 11 U.S.C. §550 AND (C) OBJECTING
TO THE ALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. §502(D)**

Plaintiff Marc S. Kirschner (the **"Trustee"** or **"Plaintiff"**), in his capacity, as plan

administrator (the **"RCM Plan Administrator"** or **"Plaintiff"**) of Refco Capital Markets, Ltd.

(**"RCM"**), a debtor under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et*

*seq.* (as amended, the **"Bankruptcy Code"**), brings this action based upon personal knowledge

and information and belief to (a) avoid and recover certain transfers made by RCM to the above-

captioned defendant, 2B Investments Ltd., (the **"Defendant"**), and (b) object to the allowance of

any claims asserted by Defendant pending return of the subject transfers, and alleges as follows:

## BACKGROUND

1.      RCM was a company organized and existing under the laws of Bermuda.  At all relevant times RCM had its principal place of business at 200 Liberty Street, Tower A, New York, New York 10281.  RCM was at all relevant times an unregulated securities and foreign exchange broker and a principal operating subsidiary of either Refco Group Ltd. or Refco Inc. (together, **"Refco"**), holding companies that, through their subsidiaries, provided securities brokerage, execution and clearing services for exchange-traded derivatives and prime brokerage services in the fixed income and foreign exchange markets.  On October 17, 2005 (the **"Petition Date"**), Refco Inc. and certain of its direct and indirect subsidiaries, including RCM, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

2.      Plaintiff is Marc S. Kirschner, in his capacity as the RCM Plan Administrator, a citizen of New York.  Mr. Kirschner had been the duly appointed and qualified Chapter 11 trustee in RCM's bankruptcy case (the **"RCM Trustee"**).  Pursuant to the RCM Plan Administration Agreement filed with this Court, the RCM Plan Administrator succeeded to the rights, powers, and duties of the RCM Trustee on behalf of RCM and its estate with respect to the causes of action retained by RCM under the Plan.  Because the claims alleged in this Complaint constitute claims retained by RCM under § 1.112 of the Plan, Mr. Kirschner is authorized to assert these claims in his capacity as RCM Plan Administrator.  As a result of Mr. Kirschner's investigation and analysis of RCM's books and records in his capacity as both RCM Trustee and RCM Plan Administrator, the RCM Plan Administrator is informed and believes that the facts alleged herein are true to the best of his knowledge, information, and belief.

3.      Upon information and belief, at all times relevant hereto, Defendant was an unsecured creditor of RCM.

2

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§ 151, 157 and 1334.

5.      Plaintiff commences this adversary proceeding pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and sections 544, 547, 548, and 550 of the Bankruptcy Code.

6.      Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409, because this adversary proceeding arises under and in connection with a case pending in this District under the Bankruptcy Code.

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (F) and (H).

## COUNT I

### AVOIDANCE AND RECOVERY
### OF PREFERENTIAL TRANSFERS

8.      Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 7 as though fully set forth herein.

9.      Plaintiff has attached hereto and incorporates by reference Exhibit "A," which is a schedule of transfers made to the Defendant on or within the ninety (90) day period prior to the Petition Date (the aggregate amount of such transfers of property is referred to herein as the **"Transfers"**) by RCM.

10.     The Transfers were transfers of an interest in property of RCM.

11.     The Transfers were made to or for the benefit of the Defendant, a creditor of RCM.

12.     The Transfers were made for or on account of an antecedent debt owed by RCM to the Defendant before the Transfers were made.

3

13.    Upon information and belief, the Transfers were made while RCM was insolvent.

14.    The Transfers were made on or within ninety (90) days before the Petition Date.

15.    Upon information and belief, the Transfers enabled Defendant to receive more than Defendant would have received if (a) RCM's chapter 11 case was a case under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant had received the Transfers to the extent provided by the Bankruptcy Code.

16.    By reason of the foregoing, the Transfers constitute avoidable preferences, and the Plaintiff is entitled to an order and judgment avoiding the Transfers under section 547 of the Bankruptcy Code.

### COUNT II

### AVOIDANCE AND RECOVERY
### OF FRAUDULENT CONVEYANCE - 11 USC § 548 (A) (1)

17.    Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1 through 10 and 13 hereof, as if fully set forth herein and, in the alternative, pleads as follows:

18.    The Transfers were transfers of an interest in property of RCM.

19.    Defendant received the Transfers within ninety (90) days prior to the Petition Date.

20.    RCM received less than reasonably equivalent value in exchange for the Transfers.

21.    Upon information and belief, RCM (i) was insolvent on the date(s) the Transfers were made, (ii) was engaged in business or a transaction, or was about to engage in such business or a transaction, for which any property remaining with RCM was an unreasonably small capital, or (iii) intended to incur, or believed each would incur, debts that would be beyond the ability of RCM to pay as such debts matured.

4

22.    By reason of the foregoing, the Transfers constitute avoidable fraudulent conveyances, and the Plaintiff is entitled to an order and judgment avoiding the Transfers pursuant to section 548(a)(1) of the Bankruptcy Code.

## COUNT III

### AVOIDANCE AND RECOVERY
### OF FRAUDULENT CONVEYANCE - 11 USC § 544 (B)

23.    Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1 through 10 and 13 hereof, as if fully set forth herein and, in the alternative, pleads as follows:

24.    The Transfers were transfers of an interest in property of RCM.

25.    Defendant received the Transfers within ninety (90) days prior to the Petition Date.

26.    RCM received less than reasonably equivalent value in exchange for the Transfers.

27.    Upon information and belief, RCM (i) was insolvent on the date(s) the Transfers were made, (ii) was engaged in business or a transaction, or was about to engage in such business or a transaction, for which any property remaining with RCM was an unreasonably small capital, or (iii) intended to incur, or believed each would incur, debts that would be beyond the ability of RCM to pay as such debts matured.

28.    By reason of the foregoing, the Transfers constitute avoidable fraudulent conveyances, and the Plaintiff is entitled to an order and judgment avoiding the Transfers pursuant to section 544(b) of the Bankruptcy Code.

## COUNT IV

### RECOVERY OF PROPERTY – 11 U.S.C. § 550

29.     Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 28 as though fully set forth herein.

30.     Defendant is the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or the immediate or mediate transferee of the initial transferee receiving such Transfers.

31.     Pursuant to section 550(a) of the Bankruptcy Code and by reason of the foregoing, once the Transfers are avoided, the Plaintiff is entitled to recover, as successor-in-interest to the estate of RCM, the Transfers.

## COUNT V

### OBJECTION TO CLAIM – 11 U.S.C. § 502(D)

32.     Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 31 as though fully set forth herein.

33.     Pursuant to § 502(d) of the Bankruptcy Code, the Court shall disallow any claim of the Defendant because property is recoverable from the Defendant under sections 542, 543, 550, or 553 of title 11, or that is a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of title 11, unless Defendant pays the amount recoverable.

34.     Until such time as Defendant returns the Transfers to the Plaintiff, Defendant's claims, whether previously or subsequently scheduled, filed or otherwise asserted or paid in the Debtor's chapter 11 estates, should be disallowed in its/their entirety.

### RESERVATION OF RIGHTS

35.     The Plaintiff hereby specifically reserves the right to bring any and all other causes of action that it may maintain against Defendant including, without limitation, causes of

6

action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such further causes of action.

**WHEREFORE,** the Plaintiff prays for a judgment granting the relief against the Defendant as set forth below:

A.    Avoidance and recovery of the Transfers, pursuant to sections 547(b) and 550 of the Bankruptcy Code;

B.    Avoidance and recovery of the Transfers, pursuant to sections 548 and 550 of the Bankruptcy Code;

C.    Avoidance and recovery of the Transfers, pursuant to sections 544 and 550 of the Bankruptcy Code;

D.    Disallowing any claims of Defendant, until it turns over any Transfers to the Plaintiff, pursuant to section 502(d) of the Bankruptcy Code;

E.    An award of prejudgment interest at the maximum legal rate as of the date hereof and an award of post-judgment interest at the maximum legal rate;

F.    An award of the costs of the suit herein; and

G.    An award of such other and further relief the Court deems just and proper.

Dated: New York, New York
      October 12, 2007

                      KASOWITZ, BENSON, TORRES
                        & FRIEDMAN LLP

                      By:    /s/ Christopher P. Johnson
                              Christopher P. Johnson (CJ-2054)

                      David S. Rosner (DR-4214)
                      Daniel N. Zinman (DZ-7562)
                      Teresa Matushaj (TM-3067)
                      Alan Lungen (AL-5389)
                      Ross Shank (RS-7677)
                      1633 Broadway
                      New York, New York 10019-6799
                      Tel: (212) 506-1700
                      Fax: (212) 506-1800
                      *Attorneys for Plaintiff Marc S. Kirschner,*
                      *as Plan Administrator of*
                      *Refco Capital Markets, Ltd.*

## Attachment A

**Preference Recipient:**          2B Investments, Ltd.

| Date of Payment | Payment Amount |
|---|---|
| 8/15/2005 | $9,996.92 |
| 9/19/2005 | $16,938.68 |
| **Total Preference Payments** | **$26,935.60** |

# EXHIBIT 27

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------- x
                                   :

In re:                           :       Chapter 11

REFCO INC., *et al.*,          :       Case No. 05-60006 (RDD)

             Debtors.    :       (Jointly Administered)
                                   :
---------------------------------------------------------------------- x
                                   :

MARC S. KIRSCHNER, as Plan Administrator of  :
REFCO CAPITAL MARKETS, LTD.,     :

            Plaintiff,    :

          - against -     :       Adversary Proceeding
                             :       No. 07-03017 (RDD)

2B Investments Ltd.,          :

            Defendant.   :
                                   :
---------------------------------------------------------------------- x

TO:    Clerk, United States Bankruptcy Court
        for the Southern District of New York

**<u>NOTICE OF DISMISSAL</u>**

     **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i),

made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7041,

plaintiff Mark S. Kirschner, as plan administrator of Refco Capital Markets, Ltd., hereby

voluntarily dismisses this action, without prejudice to re-filing.  The complaint was filed with

this Court on October 12, 2007.  Neither an answer nor a motion for summary judgment has been

filed in this action.

Dated: New York, New York
   December 3, 2007

         KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP

        By:   /s/ Christopher P. Johnson
          Christopher P. Johnson (CJ-2054)

         David S. Rosner (DR-4214)
         Daniel N. Zinman (DZ-7562)
         Teresa Matushaj (TM-3067)
         Alan Lungen (AL-5389)
         Ross Shank (RS-7677)
         1633 Broadway
         New York, New York 10019
         Tel.: (212) 506-1700
         Fax: (212) 506-1800
         *Attorneys for Plaintiff Marc S. Kirschner,*
         *as Plan Administrator of*
         *Refco Capital Markets, Ltd.*

# EXHIBIT 28

Sabin Willett (*pro hac vice)*
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

FILED
U.S. BANKRUPTCY COURT

2007 OCT 15 P 12: 59

S.D. OF N.Y.

Counsel for the Plan Administrator of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re                                                    :   Chapter 11 Case
                                                         :   No. 05-60006 (RDD)
Refco Inc., et al.,                                      :   (Jointly Administered)
                                                         :
Debtors.                                                 :
                                                         :
------------------------------------------------------------- x
                                                         :
Marc S. Kirschner, as Plan Administrator                 :
of Refco Capital Markets, Ltd.,                          :
                                                         :   A.P. No. 07-_____
                              Plaintiff,                  :
                                                         :
             -against-                                   :
                                                         :
Metallinvestbank JSCB,                                   :
                                                         :
                              Defendant.                 :
------------------------------------------------------------- x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Marc S. Kirschner, as Plan Administrator (the "RCM Plan Adminsitrator") of

Refco Capital Markets, Ltd. ("RCM"), by his attorneys Bingham McCutchen LLP, for his

complaint (the "Complaint") against Metallinvestbank JSCB ("Defendant") alleges as

follows:

## NATURE OF THE ACTION

By this action, the RCM Plan Administrator seeks a money judgment resulting from certain transfers ("Preferential Transfers," as defined below) that were made to the Defendant during the 90-day period prior to the commencement of the RCM bankruptcy proceeding. Specifically, the RCM Plan Administrator seeks entry of a judgment against the Defendant: (1) pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers, and (2) pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers, plus interest and costs.

## THE PARTIES

1.    On October 17, 2005 ("Petition Date"), Refco Inc. and several of its affiliates, including RCM (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    By its Order entered April 13, 2006 (amended by Orders entered on April 19, 2006 and April 24, 2006), this Court approved the United States Trustee's appointment of Marc S. Kirschner as chapter 11 trustee (the "RCM Trustee") for RCM.

3.    On December 15, 2006, the Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan").

4.    Pursuant to Section 5.10(a) of the Plan, the RCM Trustee retained all "Retained Causes of Action" notwithstanding the Confirmation of the Plan and the occurrence of the Effective Date, to be administered and prosecuted after the Effective Date pursuant to the terms of the Plan. Avoidance actions under section 547 of the

2

Bankruptcy Code are "Retained Causes of Action." *See* Plan, §§ 1.48, 1.112, 1.197 & Exhibit K thereto.

5.    Pursuant to Section 3.17(a) of the RCM Plan Administration Agreement, as defined in the Plan, the RCM Plan Administrator is "authorized and empowered to take any and all post-Effective Date actions required or permitted for the RCM Trustee under the Plan or the RCM Settlement Agreement, including consulting with the advisory committees under the RCM Settlement Agreement. All references to the RCM Trustee in Paragraph 40 and Exhibit D to the Confirmation Order, and all references in the Plan to the post-Effective Date rights and obligations of the RCM Trustee under the Plan, include the RCM Plan Administrator acting under this Agreement."

6.    On or about February 9, 2007, Marc S. Kirschner, as RCM Plan Administrator and RCM Trustee, brought a complaint (Adv. Pro. No. 07-1476 (RDD)) (the "Original Action") to recover the Preferential Transfers.

7.    Upon Defendant's motion, by order dated October 12, 2007 (the "Dismissal Order"), the Court dismissed the Original Action for insufficient service of process. The Dismissal Order expressly provides that "upon the timely re-filing of the Complaint To Avoid And Recover Preferential Transfers, Plaintiff will be authorized, without further motion or order of this Court, to effect service of process upon the Defendant by serving Defendant's U.S. counsel, Kenneth E. Lee, Esq., of Thacher Proffitt & Wood LLP, in accordance with Fed. R. Bankr. P. 7004(a)(1) (incorporating Fed. R. Civ. P. 4(f)(3))."

3

8.     This Complaint is brought against Metallinvestbank JSCB, which has, upon information and belief, a place of business at 2/5/4 Build 3A, Slavyanskaya Sq., Moscow, Russia, 109074.

9.     Defendant was, at all material times, the holder of an account at RCM.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §157 and §1334.

11.     This is a core proceeding under 28 U.S.C. §157(b)(2).

12.     Venue in this district is proper pursuant to 28 U.S.C. §1409(a) because this is the district where RCM's chapter 11 case is pending.

13.     This Complaint has been brought in accordance with Fed. R. Bankr. P. 7001 and seeks relief under sections 547 and 550 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

14.     Transfers by Defendant to RCM (credited to Defendant's account number 9347), and transfers out to Defendant from that account, occurred in the following amounts on the following dates:

| Date | Transfers Out to Defendant | Transfers In |
|------|----------------------------|--------------|
| 9/7/2005 | $194,650.54 | |
| 9/8/2005 | | $9,145.41 |
| 9/9/2005 | | $45,245.42 |
| 9/12/2005 | $28,138.97 | |
| 9/13/2005 | $91,843.08 | |
| 9/14/2005 | | $323.68 |

4

| 9/15/2005 | $2,698.86 | |
| 9/16/2005 | $186,415.26 | |
| 9/20/2005 | $224,251.22 | |
| 9/21/2005 | $6,028.33 | |
| 9/22/2005 | | $69,121.86 |
| 9/23/2005 | | $29,373.59 |
| 9/23/2005 | | $29,373.59 |
| 9/26/2005 | $221,612.76 | |
| 9/27/2005 | | $74,835.19 |
| 9/29/2005 | $8,286.58 | |
| 9/29/2005 | $6,651.04 | |
| 9/30/2005 | $3,282.04 | |
| 10/3/2005 | | $55,736.78 |
| 10/05/2005 | $23,574.58 | |
| 10/05/2005 | $11,357.67 | |
| 10/06/2005 | $20,379.81 | |
| 10/07/2005 | | $68,912.08 |
| 10/11/2005 | | $35,269.99 |
| 10/12/2005 | $1,350,000.00 | |
| 10/12/2005 | $27,784.79 | |
| | Net Out to Defendant: | $1,989,617.94 |

15.    As set forth in paragraph 14, during the preference period, RCM transferred a net total out to Defendant of $1,989,617.94.

5

## COUNT 1
## AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. §547

16.    The RCM Plan Administrator repeats and realleges the allegations above in paragraphs 1 though 15 inclusive as if fully set forth herein.

17.    Within ninety days prior to the Petition Date, RCM made the Preferential Transfers to the Defendant.

18.    The Preferential Transfers were made to or for the benefit of Defendant, a creditor of RCM.

19.    The Preferential Transfers were made for or on account of antecedent debts owed by RCM before such Preferential Transfers were made.

20.    The Preferential Transfers were made while RCM was insolvent.

21.    The Preferential Transfers enabled Defendant to recover more than Defendant would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

22.    Accordingly, pursuant to section 547(b) of the Bankruptcy Code, the Preferential Transfers should be avoided so that RCM may recover from the Defendant the full amounts of the Preferential Transfers plus interest from the transfer dates.

6

## COUNT II
## RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS - 11 U.S.C. §550

23.    The RCM Plan Administrator repeats and realleges the allegations above in paragraphs 1 though 22 inclusive as if fully set forth herein.

24.    The Defendant is the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

25.    The Preferential Transfers are avoidable as preferences pursuant to section 547(b) of the Bankruptcy Code and, accordingly, pursuant to section 550(a) of the Bankruptcy Code, the RCM Plan Administrator is entitled to recover from the Defendant the amount of the Preferential Transfers plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the RCM Plan Administrator respectfully requests that this Court enter judgment against the Defendant:

(1)    pursuant to 11 U.S.C. §547(b), avoiding the Preferential Transfers;

(2)    pursuant to 11 U.S.C. §550(a), directing Defendant to pay to the RCM estate the amount of the Preferential Transfers, plus interest and costs; and

(3)    granting to the RCM Plan Administrator such other further relief as may appear just and proper.

7

Dated: New York, New York
       October 15, 2007

                              **BINGHAM McCUTCHEN LLP**


                              By: _____
                                  Sabin Willett (*pro hac vice*)
                                  Jared R. Clark (JC-6512)
                                  399 Park Avenue
                                  New York, NY 10022
                                  (212) 705-7000

                                  Counsel for the Plan Administrator
                                  of Refco Capital Markets, Ltd.

8

# EXHIBIT 29

Sabin Willett (*pro hac vice*)
Jared R. Clark (JC-6512)
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
(212) 705-7000

Counsel for the Plan Administrator and
Chapter 11 Trustee of Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case |
|  | : | No. 05-60006 (RDD) |
| Refco Inc., <u>et al.</u>, | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
|  | : |  |
| Marc S. Kirschner, as Plan Administrator and | : |  |
| Chapter 11 Trustee of Refco Capital Markets, Ltd., | : |  |
|  | : | A.P. No. 07-01476 (RDD) and |
| Plaintiff, | : | A.P. No. 07-03026 (RDD). |
|  | : |  |
| -against- | : |  |
|  | : |  |
| Metallinvestbank JSCB, | : |  |
|  | : |  |
| Defendant. | : |  |

------------------------------------------------------------x

### NOTICE OF SETTLEMENT, DISALLOWANCE OF CLAIM NO. 10887 AND DISMISSAL WITH PREJUDICE OF ADVERSARY PROCEEDING

Pursuant to Sections 4.1(a) and 4.2 of the RCM Plan Administration Agreement of December 23, 2006, which incorporates Section 5.5(h) of the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (as amended, supplemented or otherwise modified), the RCM Plan Administrator and claimant Metallinvestbank JSCB ("<u>Metallinvestbank</u>") have settled and resolved (i) the RCM Plan Administrator's avoidance claim against Metallinvestbank (A.P. No. 07-01476, refiled as No. 07-03026), and (ii) Metallinvestbank's claim (No. 10887) against the RCM Estate.  Pursuant to the settlement, Claim No. 10887 is disallowed in its entirety and expunged, and the avoidance claim, A.P. No.

07-01476, refiled as 07-03026, is hereby dismissed with prejudice in accordance with Bankruptcy Rule 7041 and Fed. R. Civ. P. 41(a)(1)(i).

Dated:  November 13, 2007

**BINGHAM MᴄCUTCHEN LLP**                    **THACHER PROFFITT AND WOOD LLP**

By:  ___/s/Jared R. Clark_____          By:  ___/s/Kenneth E. Lee_____
Sabin Willett (*pro hac vice*)                    Kenneth E. Lee (KL 6718)
Jared R. Clark (JC 6512)                       Lara J. Goldberg (*pro hac vice*)
Jeremy L. Bartell (*pro hac vice*)                2 World Financial Center
399 Park Avenue                              New York, NY 10281
New York, New York 10022                      Direct: (212) 912-7938
(212) 705-7000

*Counsel for the RCM Plan Administrator*          *Counsel for Metallinvestbank JSCB*

SO ORDERED:

Dated:  _____, 2007
        New York, New York

                                        _____
                                        United States Bankruptcy Judge

# EXHIBIT 30

## Collins, Joseph P.

**To:**    Yorke, Thomas

**Cc:**    Santo Maggio

**Subject:** RE: PCMG XII, KP I, KP II - Qualified Custodians

Tom,

Here are some preliminary thoughts on this matter:

1. The new IA registration rules do not go into effect until 2/1/06.

2. The IA Custody Rule applies now to any registered IA. The new February 2006 registration date does not change the obligation for already registered advisers.

3. Client assets (cash and securities but not futures, swaps, or FX contracts) have to be held at a qualified custodian.

4. RCM could be a qualified custodian if it customarily holds financial assets for its customers, provided that the adviser's client assets must be segregated from RCM's proprietary assets in accounts that contain only those clients' assets and under the name of the adviser as agent or trustee for its clients.

5. In order to use RCM, the adviser must have a reasonable belief that RCM will provide a level of asset safety similar to that which would be provided by a qualified US custodian. The adviser also has to inform its clients about any material risks relating to the use of RCM as a custodian. Such disclosure can be a one time disclosure if multiple custodians are used.

6. The preliminary solutions seem to be:

 A. Stall on the IA registration and avoid immediate application of the rule;

 B. Segregate the funds and make the necessary disclosures;

 C. Keep the funds at RSL or Refco,LLC;

 D. Convince the adviser that its clients assets are the derivatives, not securities, and that the cash deposits support such trading and therefore are beyond the scope of the Custody Rule;or

 E.

 Use some RGL credit support agreement or guaranty to allieviate any concerns over the foreign nature of the custodian and do the segregation required by the Rule.

We can discuss this matter further to arrive at a satisfactory solution.

-----Original Message-----
**From:** Yorke, Thomas [mailto:TYorke@refco.com]
**Sent:** Monday, January 24, 2005 10:28 AM
**To:** Collins, Joseph P.
**Subject:** PCMG XII, KP I, KP II - Qualified Custodians

Joe

Walt has been discussing some new guidelines for Funds and/or CTA's concerning entities that are considered official "Custodians". I understand the determination has been made Refco Capital Markets can't be a qualified "custodian" due in part to the Non Segregation of customer funds. We have some larger accounts who are operated as Investment Advisors and will now be looking to transfer funds from RCM to Refco Securities LLC as a result of this change.

When will this change take affect ?

When is the effective date, i.e.: the date funds would need to move assets or positions to be in compliance with the rule change.

Could RCM qualify if we maintained two separate accounts at Chase for RCM ?

This change could mean an extremely large asset transfer away from RCM.

Thanks

MB02173877

1/25/2005

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP

MB02173878

1/25/2005

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP

# EXHIBIT 31

Draft: 10/11/05

# MEMORANDUM

October ____, 2005

**TO:**     Stephen Keating

**FROM:**   Joseph Collins
            Ross Pazzol

**RE:**     Refco Capital Markets, Ltd.

---

## I.     Background.

Refco Securities, LLC. ("RSL") is registered as a broker-dealer with the Securities and Exchange Commission (the "SEC") under the Securities Exchange Act of 1934, as amended (the "Act") and is a member of the National Association of Securities Dealers, Inc., the Chicago Board Options Exchange, Incorporated, the Pacific Exchange and the Philadelphia Stock Exchange. Refco Capital Markets, Ltd. ("RCM") is organized under the laws of Bermuda and acts principally as a broker and as a dealer in foreign currency and in structured derivative products.

RCM executes transactions with, and provides prime brokerage and financing services for, certain non-U.S. accounts introduced to it by RSL. More specifically, RCM engages in the following activities:

### A.     Foreign Exchange ("FX").

RCM engages in FX trading as a dealer and maintains trading lines with leading dealers in the interbank FX market. RCM also provides FX clearing, margining and custodial facilities for Refco FX Associates, LLC and for other smaller FX dealers.

### B.     Derivative Trading.

RCM provides secured loans and conducts the derivative trading often associated with structured transactions. Most of the derivatives used are total return swaps on baskets and indices of securities. Some long-dated options are written on these same indices and baskets.

### C.     Emerging Market Debt.

RCM's trades emerging market debt and engages in related lending and borrowing transactions. All of the customers in these transactions are non-U.S. persons, and a registered broker-dealer in Miami generally acts as an agent for both RCM and the customer in these

**MB02441374**

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP

Stephen Keating
October __, 2005
Page 2

transactions. There are no common customers of RCM and RSL for these transactions, and all of the RCM customers are non-U.S. persons.

**D.    Financing.**

RCM provides financing for some non-U.S. persons on equity portfolios by means of total return swaps written on these portfolios. The portfolios contain some U.S. equities.

**E.    Equity Trading.**

For a small portion of clients (principally an Italian institutional client), RCM buys and sells securities (including U.S. securities) and serves as the prime broker for those clients.

**F.    Convertible Trading.**

RCM trades convertible debt securities for some non-U.S. customers. The activities consist of selling stock or a convertible debt instrument under Regulation D, Regulation S, or an existing shelf registration or pursuant to a prospectus in a registered offering.

**II.    Operations.**

RSL provides RCM with the personnel, data-processing services and other facilities required to permit RCM to carry customer and proprietary accounts and clear the securities transactions effected in these accounts.    In this regard, RSL issues and delivers trade confirmations and reviews documentation necessary to complete comparisons of transactions listed on RCM's end-of-day records. RSL also computes and produces calculations of RCM's customers' current and pending settlement obligations, and all other calculations as are necessary to permit RCM to balance, monitor and reconcile all positions for RCM's customer and proprietary accounts.    Further, RSL monitors RCM's customer accounts for purposes of requiring customers to remit payment for purchases, deliver securities sold and transfer securities to and from their accounts against payment or receipt of funds. RSL also provides RCM with custody services for U.S. securities which RCM may require from time to time. All of these accounts are carried on the books of RCM, and RSL acts as a liaison between RCM and these accounts.

RCM no longer maintains any personnel or operations in Bermuda, and that all of its functions and operations are performed by RSL personnel that are located in the United States. In view of this development, you have inquired whether RCM may continue to operate in the manner described above without registering as a broker-dealer with the Securities and Exchange Commission (the "SEC").

**III.    Discussion.**

Section 15 of the Act generally provides that it is unlawful for any broker or dealer to make use of the mails or any other means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security unless such broker or dealer is registered as such with the SEC. By its terms, this registration requirement is

CHDB03 9044938.5  11-Oct-05 12:00

**MB02441375**

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP



Stephen Keating
October __, 2005
Page 3

applicable even to brokers and dealers that do not conduct business from a physical location in the United States. However, the broad scope of this requirement is limited by Section 30(b) of the Act which provides, in relevant part, that "the provisions of this title or of any rule or regulation thereunder shall not apply to any person insofar as he transacts a business in securities without the jurisdiction of the United States, unless he transacts such business in contravention of such rules and regulations as the SEC may prescribe as necessary or appropriate to prevent the evasion of his title." Thus, to the extent that RCM is deemed to be conducting a business in securities "without the jurisdiction" of the United States, it will not be required to register under the Act.

To date, the SEC has not promulgated any rules or regulations pursuant to Section 30(b) of the Act. It also has not provided any guidance on the circumstances under which a person will be deemed to be conducting a securities business "without the jurisdiction" of the United States. As a general matter, the courts that have considered this issue use a "conduct" or "effects" test to analyze whether a person's activities are subject to the provisions of the Act. As discussed below, these courts generally have held that where a person: (1) has engaged in "significant" conduct in the United States; or (2) has engaged in conduct outside the United States that has a "significant" effect in the United States, then that person will be subject to the provisions of the Act.

For example, in <u>SEC v. United Financial Group, Inc.</u>, [1972-1973 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,747 (9th Cir. 1973), the court analyzed whether the activities of certain offshore investment companies controlled by a United States-based holding company were subject to the provisions of the Act. In making this determination, the court noted that the activities of these companies were directed and controlled by their United States-based holding company. Further, the United States mails and other facilities of interstate commerce were used to prepare and distribute prospectuses for the investment companies, to set up sales meetings and to consummate investment transactions. Moreover, these investment companies advertised their securities for sale in overseas editions of United States newspapers, and sold their securities to United States citizens living abroad. Accordingly, the court held that the investment companies were engaged in "significant" conduct within the United States and were thus subject to the provisions of the Act.

A person also may be engaged in "significant" conduct in the United States when it repeatedly uses the United States mails and other facilities of interstate commerce to communicate with others with respect to a securities transaction and the transaction is closed in the United States, even if the securities in question are foreign securities. In <u>Travis v. Anthes Imperial Limited, et al.</u>, 473 F.2d 515 (8th Cir. 1973), United States resident shareholders of a Canadian corporation successfully brought a Rule 10b-5 action against another Canadian corporation for making misleading statements in connection with the corporation's tender offer for their shares. The court noted that although some significant steps in the defendant's fraudulent scheme took place in Canada, the defendant also repeatedly made misleading statements to the plaintiff about the tender offer by using the United States mails and other instrumentalities of interstate commerce and that the sale of the plaintiff's shares to the defendant

**MB02441376**

CHDB03 9044938.5  11-Oct-05 12:00

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP

Stephen Keating
October __, 2005
Page 4

closed in the United States. Accordingly, the court held that the defendant engaged in "significant" conduct in the United States and was thus subject to the provisions of the Act.

Conversely, a defendant may not be engaged in "significant" conduct in the United States where the transaction in question is "predominantly foreign." In Fidenas AG v. Compagnie Internationale, 606 F.2d 5 (2nd Cir. 1979), the court analyzed whether it had jurisdiction over a case in which a Swiss company sold phony securities to another Swiss company in a series of transactions consummated in Switzerland. The court noted that the defendant's only connection to the United States was based on the plaintiff's contention that the defendant's main office was located in the United States and that persons working in that office knew of the fraudulent transactions. The court stated that, even assuming the defendant's assertion were true, jurisdiction would be lacking because the transaction was "predominantly foreign." In particular, the court noted that the plaintiff and defendant were foreign and that any activities in the United States were essentially ancillary to the fraudulent conduct that occurred in Switzerland. Accordingly, the court held that any minor activity which may have occurred in the United States did not justify subjecting the defendant to the provisions of the Act, particularly where the defendant's alleged misconduct took the form of culpable nonfeasance.

Finally, it is important to note that in analyzing whether a person has engaged in fraudulent conduct under Rule 10b-5, one court has held that an analysis of whether a person engaged in "significant" conduct in the United States depends on whether the persons affected by such conduct are United States citizens or foreigners. In Bersch v. Drexel Firestone, Inc., 519 F.2d 974 (1975), the court analyzed whether certain activity conducted in the United States to prepare for a public offering of a Canadian corporation's stock to overseas investors was sufficient to subject the defendants to the provisions of the Act. The court stated that "[while merely preparatory activities in the United States are not enough to trigger application of the securities laws for injury to foreigners located abroad, they are sufficient when the injury is to Americans so resident." Id. at 992. Accordingly, the Court held that the Act did not apply to the sale of the company's stock to foreign purchasers.

Although we have not engaged in an exhaustive review of the relevant case law, it appears that RCM will be deemed to be engaged in "significant" conduct in the United States. Similar to the situation in United Financial Group, RCM's activities are directed and controlled by persons that are located in the U.S. In this regard, all transactions conducted by RCM are negotiated and executed by RSL personnel in the name of RCM without the need for further approval by RCM personnel that are located outside the U.S. Moreover, all RCM operations are conducted by RSL and RCM does not posses any operations or facilities which are available to assist RCM in conducting these transactions. Because RCM personnel located outside the U.S are not involved in these transactions in any respect, it seems difficult to avoid the conclusion that RCM is engaged in significant conduct within the United States. Therefore, it appears that the exemption from broker-dealer registration provided under Section 30(b) of the Act will not be available to RCM.

Given the limited amount of guidance available with respect to the scope of Section 30(b), it may be useful to analyze other guidance the SEC staff has provided in similar, but not identical, situations. For example, in a 1986 exemptive order issued to Citicorp and its registered

CHDB03 9044938.5  11-Oct-05 12:00

MB02441377

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP

Stephen Keating
October ___, 2005
Page 5

broker-dealer subsidiary Vickers da Costa Securities, Inc. ("Vickers"),[1] the SEC permitted various Citicorp subsidiaries that were unregistered foreign broker-dealers ("Citicorp's Foreign Dealers") and Vickers to enter into an arrangement in which Vickers would act as a broker or as riskless principal in transactions ultimately between Vickers' U.S. customers and Citicorp's Foreign Dealers.

Vickers was a NASDAQ market-maker in certain foreign securities and American Depositary Receipts on such securities. As such, Vickers was required to continuously display bid and ask quotations for these securities and buy and sell these securities for its own account at its displayed quotations. For each security in which Vickers acted as a market maker, Citicorp's Foreign Dealers would place standing purchase and sale orders with Vickers each week before the opening of trading in the United States. Thus, the quotations Vickers published in the NASDAQ system always reflected the orders placed with Vickers by Citicorp's Foreign Dealers. As a result, Vickers' activities were limited to executing any orders received from U.S. customers against the standing orders placed by Citicorp's Foreign Dealers.

In its exemptive order, the SEC allowed Citicorp's Foreign Dealers to buy and sell securities through Vickers without requiring them to register as broker-dealers in the United States. However, the SEC required Citicorp's Foreign Dealers to limit their control over the price and size of their standing orders in order to permit Vickers to have some discretion over the execution of these orders. The purpose of this restriction was to permit Vickers to take independent positions and thus preclude it from acting as a mere conduit for Citicorp's Foreign Dealers.

In the Citicorp/Vickers letter, the SEC staff did not require Citicorp's Foreign Dealers to register as broker-dealers with the SEC on the grounds that Vickers exercised some independent control over its operations. In contrast, RSL personnel make all of the trading decisions and perform all of the operations for RCM. Accordingly, we believe that the SEC staff would not be likely to take the view that RCM's operations are separate and distinct from those of RSL.

Further, in analyzing RCM's operations, Refco must consider previous statements made by the SEC staff regarding the use of foreign entities as "booking" locations to avoid U.S. regulatory requirements. For example, the application of certain SRO transaction reporting rules and SEC transaction fee requirements vary depending on whether a transaction is deemed to have been effected in the United States.

The SEC staff has stated that it would be a violation of these requirements for persons located in the United States to negotiate all of the terms of a transaction in the U.S. and then "book" the transaction to a foreign entity in order to avoid these requirements.[2] While we cannot be certain, it seems likely that the SEC staff would take a similar view with respect to the arrangement between RSL and RCM.

---

[1]    See Vickers De Costa/Citicorp, SEC Lexis 2305 (August 13, 1986).
[2]    See Securities Exchange Act Release No. 28899 (February 20, 1991).

**MB02441378**

CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP

Stephen Keating
October __, 2005
Page 6

## IV.    Rule 15a-6.

Assuming that RCM is operating within the jurisdiction of the United States, the next question is whether it is exempt from broker-dealer registration under Rule 15a-6. As you know, SEC Rule 15a-6 may permit RCM to deal directly with persons that are physically located in the United States under certain circumstances. For example, under Rule 15a-6(a)(1), a foreign broker-dealer may effect unsolicited transactions without registering as a broker-dealer under the Act. In addition, under Rule 15a-6(a)(4)(i), a foreign broker-dealer may deal with a registered broker-dealer acting for its own account or as agent for customers without registering as a broker-dealer under the Act.

Under Rule 15a-6(b)(3), a "foreign broker-dealer" is a broker-dealer that is a non-U.S. resident person (including any U.S. person engaged in business as a broker-dealer entirely outside the United States) and is not an office or branch of a U.S. broker-dealer. The SEC has not defined what it means to be a resident of the U.S. under Rule 15a-6. Moreover, the SEC has stated that it would not be appropriate to establish a separate standard of residency for purposes of Rule 15a-6 which differs from those generally established under state or federal law.

We have not undertaken an analysis of the various residency requirements that apply under federal and state law to determine whether RCM would be deemed to be a resident of the U.S. under these standards. As a practical matter, it seems clear that RCM's current structure and operations weigh in favor of a determination that RCM is a resident of the U.S., not Bermuda. Further, the parenthetical clause set forth in the preceding paragraph indicates that the SEC would take the position that the geographical location in which broker-dealer actually conducts its business, rather than the jurisdiction of its organization, is the relevant factor in determining where the broker-dealer resides. Accordingly, it does not appear that RCM will be able to rely on the exemption provided by Rule 15a-6 because it is not a "foreign broker-dealer" under that Rule.

## V.    Conclusion.

Generally, the FX and derivatives trading and financing activities of RCM are not subject to the federal securities laws and would not require RCM to register as a broker-dealer. However, certain aspects of RCM's operations likely do fall within the reach of the federal securities laws. Specifically, the purchase and sale of options on baskets or indices of securities will be considered subject to such laws. Similarly, RCM's convertible securities and emerging market debt activities likely would be deemed the conduct of a brokerage business subject to the federal securities laws. It may be prudent, therefore, for RCM to consider terminating its securities related activities and transfer its securities trading operations and customers to RSL.

*        *        *        *        *

**MB02441379**

CHDB03 9044938.5  11-Oct-05 12:00

**CONFIDENTIAL TREATMENT REQUESTED BY WILLIAMS AND CONNOLLY LLP**

Stephen Keating
October __, 2005
Page 7

     After you have reviewed this Memorandum, we can discuss this matter further at your convenience.

                    J.P.C
                    R.P.

**MB02441380**

CHDB03 9044938.5   11-Oct-05 12:00

**CONFIDENTIAL TREATMENT
REQUESTED BY
WILLIAMS AND CONNOLLY LLP**